

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

April 15, 2005

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

> Re: Nokia Corporation and Nokia Inc. v.
> Interdigital Communications and Interdigital Technology Corporation
> C. A. No. 05-16 (JJF)

Dear Judge Farnan:

Pursuant to Local Rule 7.1.2(c), Defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") submit this letter to inform this Court of the United States Court of Appeals for the Federal Circuit's recent decision in *Apotex Inc. v. Pfizer Inc.*, 2005 U.S. App. LEXIS 5930 (Fed. Cir. Apr. 11, 2005) (per curiam) (not designated for publication) (attached as Exhibit "A"). The Federal Circuit's decision vacates a district court decision cited by InterDigital on pages 17 and 21 of the Opening Brief in Support of Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). *See* Opening Br., pp. 17, 21 (citing *Torpharm, Inc. v. Pfizer Inc.*, 2004 U.S. Dist. LEXIS 11930 (D. Del. June 28, 2004)).

*Torpharm, Inc.* was a declaratory judgment action brought by Torpharm against Pfizer in which Torpharm sought a declaratory judgment that Torpharm did not infringe a patent held by Pfizer. *Torpharm, Inc.*, 2004 U.S. Dist. LEXIS 11930, at *1. The district court dismissed Torpharm's declaratory judgment action for lack of jurisdiction, and Torpharm appealed. *Id.* at *42. Less than one week before oral argument in the appeal, Pfizer covenanted not to sue Torpharm for infringement of the patent in question. *Apotex Inc.*, 2005 U.S. App. LEXIS 5930, at *1. The Federal Circuit held that such a covenant not to sue moots an action for declaratory judgment. *Id.* The Federal Circuit thus vacated the district court's judgment and opinion and remanded the case with instructions to dismiss for lack of jurisdiction. *Id.* at *1-*2.

The Honorable Joseph J. Farnan, Jr.
April 15, 2005
Page 2

      Because the Federal Circuit determined that the covenant not to sue mooted the appeal, it did not address the merits of the opinion on which InterDigital relied in support of its motion to dismiss. Nevertheless, we are submitting the decision to fully apprise Your Honor of this development in one of the cases cited in our papers.

                                                  Respectfully,

                                                  Richard L. Horwitz

678242
Enclosure

cc:    Jack B. Blumenfeld (via efiling and hand delivery)(w/enc.)
       Peter Kontio (via facsimile)(w/enc.)
       Robert S. Harrell (via facsimile)(w/enc.)

# EXHIBIT A

1 of 1 DOCUMENT

**APOTEX INC. (formerly known as TorPharm, Inc.) and APOTEX CORP., Plaintiffs-Appellants, v. PFIZER INC. and WARNER-LAMBERT COMPANY (now known as Warner-Lambert Company LLC), Defendants-Appellees.**

04-1463

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

*2005 U.S. App. LEXIS 5930*

**April 11, 2005, Decided**

**DISPOSITION:** [*1] Vacated and remanded with instructions to dismiss.

**JUDGES:** Before MAYER, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

**OPINION:** PER CURIAM.

Apotex Inc. and Apotex Corp. (collectively "Apotex") appeal the judgment of the district court, which dismissed Apotex's declaratory judgment action for lack of jurisdiction. Torpharm, Inc. v. Pfizer, Inc., No. 03-*CV-990, 2004 WL 1465756* (D. Del. June 28, 2004). Because Apotex's appeal is moot, we vacate and remand with instructions to dismiss.

Less than one week before oral argument, Pfizer covenanted not to sue Apotex for infringement of U.S. Patent No. 4,743,450. A covenant not to sue, such as that provided by Pfizer, moots an action for declaratory judgment. See *Amana Refrigeration, Inc v. Quadlux, Inc., 172 F.3d 852, 855 (Fed. Cir. 1999)* ("[A] covenant not to sue ... is sufficient to divest a trial court of jurisdiction over a declaratory judgment action."). As a result, the judgment and opinion of the district court are vacated and the case is remanded with instructions to dismiss for lack of jurisdiction. See *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 23, 130 L. Ed. 2d 233 (1994)* [*2] ("Vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court."); *Najjar v. Ashcroft, 273 F.3d 1330, 1340 (11th Cir. 2001)*; *Mayfield v. Dalton, 109 F.3d 1423, 1427 (9th Cir. 1997)*.

COSTS

Apotex shall have its costs.