# EXHIBIT D



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICSSON RADIO SYSTEMS, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. 3-93CV1809-H |
| | § | (Consolidated with |
| INTERDIGITAL COMMUNICATIONS CORPORATION, ET AL., | § | C.A. NO. 3:93CV2119-H) |
| | § | |
| Defendants. | § | |

**AGREED ORDER**

With the agreement of the parties, it is, therefore,

ORDERED that the Special Master's Final Report and Recommendations on Claim Construction be and hereby is unsealed and available on the public record.

SIGNED this 15 day of Sept., 2000.

UNITED STATES DISTRICT JUDGE

ENTERED ON DOCKET
SEP 18 2000
U S DISTRICT CLERK'S OFFICE

861796 1

489

AGREED AS TO FORM AND CONTENT:

D. DUDLEY OLDHAM
FULBRIGHT & JAWORSKI L.L.P.
State Bar No. 15248000
ROBERT S. HARRELL
State Bar No. 09041350
LINDA L. ADDISON
State Bar No. 00903700
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 - Telephone
(713) 651-5246 - Facsimile

DAN D. DAVISON
State Bar No. 05590900
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 855-8000 - Telephone
(214) 855-8200 - Facsimile

ATTORNEYS FOR INTERDIGITAL COMMUNICATIONS CORPORATION, *et al.*

MIKE MCKOOL, JR.
MCKOOL SMITH, P.C.
State Bar No. 13732100
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000 - Telephone
(214) 978-4044 - Facsimile

THOMAS C. CRISMAN
State Bar No. 05080000
JERRY R. SELINGER
State Bar No. 18008250
SHARON A. ISRAEL
State Bar No. 00789394
SUSAN E. POWLEY
State Bar No. 00784785
J. PAT HEPTIG
State Bar No. 00793940
JENKENS & GILCHRIST,
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
(214) 855-4500 - Telephone
(214) 855-4300 - Facsimile

GORDON WHITE
State Bar No. 21330000
HOWREY, SIMON, ARNOLD & WHITE, L.L.P.
750 Bering Drive
Houston, Texas 77057
Telephone: 713/787-1400
Facsimile: 713/787-1440

ATTORNEYS FOR ERICSSON RADIO SYSTEMS, INC., *et al.*

# EXHIBIT E



Interdigital - Press Room Page 1 of 1

InterDigital® Wireless technologies to move your ideas™ As of Apr IDCC: 22.

Profile | Press Room | Technologies & Products | Investing | Careers | Contact
Home | Gl

InterDigital In The News | Events | Current News | News Archive | Media Coverage | White Papers | Contacts

< Back

**6/3/2002 7:24:00 PM - InterDigital Updates Status of Ericsson Litigation**

KING OF PRUSSIA, Pa., Jun 3, 2002 (BUSINESS WIRE) -- InterDigital Communications Corporation (Nasdaq:IDCC), a leading architect, designer and provider of wireless technology and product platforms, today announced that certain pre-trial motions have been ruled upon by the presiding Federal District Court Judge in the patent infringement lawsuit involving the Company, its wholly-owned subsidiary, InterDigital Technology Corporation and Ericsson Inc.

As previously reported in the Company's filings with the Securities and Exchange Commission, each party has filed pre-trial motions with the Court under seal seeking to limit issues at trial and to dismiss the other party's case in whole or in part. The Judge has ruled on portions of the pre-trial motions of both parties, removing certain patent claims from further consideration with regard to the infringement issues in the District Court case, the effect of which is to narrow the issues remaining for trial. The Company believes these rulings, which remain under Court seal, do not materially affect the relief sought by InterDigital Technology Corporation. Court ordered mediation continues and no trial date has been set.

InterDigital architects, designs and provides advanced wireless technologies and products that drive voice and data communications. The Company offers technology and product solutions for mainstream wireless applications that deliver cost and time-to-market advantages for its customers. InterDigital has a strong portfolio of patented technologies covering 2G, 2.5G and 3G standards, which it licenses worldwide. For more information, please visit InterDigital's web site: www.interdigital.com. InterDigital is a registered trademark of InterDigital Communications Corporation.

This press release contains a forward-looking statement reflecting InterDigital's current belief that the Court's rulings do not materially affect the relief sought by InterDigital Technology Corporation. Such a statement is subject to a variety of risks and uncertainties including, but not limited to, the potential that a reduction in the number of asserted patent claims could adversely impact a jury's view of appropriate relief, any future rulings on remaining pre-trial motions which are adverse to InterDigital, and other uncertainties associated with any litigation.

CONTACT: InterDigital Media Contact: Susan Sutton, (610) 878-7800 susan.sutton@interdigital.com or Investor Contact: Janet Point, (610) 878-7800 janet.point@interdigital.com

< Back

Copyright © 2003 InterDigital Communications Corporation
781 Third Avenue, King of Prussia, PA 19406 USA
InterDigital is an equal opportunity employer supporting diversity in the workplace.
For more information **contact InterDigital**.
All Rights Reserved, see important **legal notices**.
Contact the **webmaster** with all comments and questions about the website.

http://www.interdigital.com/press_room_news_archive_detail.jsp?releaseId=302396&cb=... 4/30/2003

# EXHIBIT F



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICSSON INC., *Plaintiff*, | § | |
| VS. | § | **Civil Action No. 3:93-CV-1809-M Consolidated With Civil Action No. 3:93-CV-2119-M** |
| INTERDIGITAL COMMUNICATIONS CORPORATION, and INTERDIGITAL TECHNOLOGY CORPORATION, *Defendants*. | § | |

## ERICSSON'S RESPONSE IN OPPOSITION TO NOKIA CORPORATION'S MOTION TO INTERVENE AND FOR ACCESS TO SEALED RECORD

Ericsson Inc. ("Ericsson") files this Response in Opposition to Nokia Corporation's Motion to Intervene and for Access to Sealed Record ("Nokia's Motion").

Rather than try on the merits an action originally filed in 1993, and face the possibility of further appeal, Ericsson and InterDigital entered into agreements that resolved this suit and other long standing disputes between the parties (the "Settlement Agreements"). Ericsson entered into the Settlement Agreements solely to resolve the disputes between InterDigital and Ericsson. Ericsson denied and continues to deny that any Ericsson equipment infringed any of InterDigtal's patents. Neither Ericsson's reasons for entering into the Settlement Agreements nor Ericsson's payment obligations are specific to an unique Ericsson design or implementation.

Ericsson is a leading manufacturer and marketer of telecommunications equipment in the United States and throughout the world. InterDigital purports to be a technology development company. Ericsson and InterDigital are not competitors. In stark contrast, Nokia is both a manufacturer and marketer of telecommunications equipment and a major competitor of Ericsson.

Throughout the ten years that this litigation was pending, Ericsson produced massive quantities of confidential, internal business records, technical documentation, and competitive information (the "Ericsson Confidential Information"). Ericsson produced the Ericsson Confidential Information in response to InterDigital's discovery requests and subject to the Court's protective order. At all times, Ericsson relied on the continued enforcement of this Court's protective order to safeguard its confidential information. Nothing could be more harmful to Ericsson's competitive position and viability, or more burdensome, than permitting the revelation to Nokia of Ericsson Confidential Information.

Equally important, it does not appear from the Nokia Motion that Nokia seeks access to the Ericsson Confidential Information for legitimate purposes. Nokia has not produced any evidence nor advanced any argument that the Ericsson Confidential Information is pertinent to the pending arbitration between Nokia and InterDigital. Indeed, Nokia does not even raise a legitimate argument that any sealed orders on claim construction, validity, or infringement are pertinent to the arbitration. The Court vacated these orders, which deprived them of any legal consequences.[1]

Because of the detrimental impact to Ericsson, and for the reasons stated in InterDigital's Response, Ericsson respectfully requests that this Court deny Nokia Corporation's Motion to

---

[1] *See, e.g.*, *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. . . . That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment…"); *United States v. Lacey*, 982 F.2d 410, 412 (10th Cir. 1992) ("A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel. The same is true, of course, of a judgment vacated by a trial court"); *Savidge v. Fincannon*, 836 F.2d 898, 906 (5th Cir. 1988) ("A decree that has been vacated or nullified by an appellate court cannot be given res judicata effect."); *Kelso v. United States Dept. of State*, 13 F. Supp. 2d 12, 17 (D.D.C. 1998) ("[B]asic understandings of vacatur dramatize that by definition, that which is vacated loses the ability to 'spawn[] any legal consequences.' . . . . 'As a general matter a judgment which is vacated, for whatever reason, is deprived of its conclusive effect, both as collateral estoppel and res judicata.'") (citing cases); *Zeneca Ltd. v. Novapharm Ltd.*, 919 F. Supp. 193, 196 (D. Md. 1996), *aff'd*, 111 F.3d 144 (Fed. Cir. 1997) ("As a general rule, a vacated judgment and the factual findings underlying it have no preclusive effect; the judgment is a legal nullity.").

Intervene and for Access to Sealed Record.

Respectfully submitted,

By ______________________

MIKE MCKOOL, JR.
State Bar No. 13732100
Douglas A. Cawley
State Bare No.04035500
Jeffrey A. Carter
State Bar No. 03919400
300 Crescent Court, Suite 1500
Dallas, Texas 75201
214/978-4000 - Telephone
214/978-4044 - Facsimile
MCKOOL SMITH, P.C.

Jerry R. Selinger
State Bar No. 18008250
Susan E. Powley
State Bar No. 00784785
J. Pat Heptig
State Bar No. 00793940
JENKENS & GILCHRIST
A Professional Corporation
1445 Ross Avenue, Suite 3200
(214) 855-4500 - Telephone
(214) 855-4300 - Facsimile

Sharon A. Israel
State Bar No. 00789394
JENKENS & GILCHRIST
A Professional Corporation
1100 Louisiana, Suite 1800
Houston, Texas 77002-5213
Telephone: (713) 951-3300
Facsimile: (713) 951-3314

GORDON WHITE
State Bar No. 21330000
MCKOOL SMITH
1501 S. Mopac, Suite A200
Austin, Texas 78746
Telephone: (512) 314-8400
Facsimile: (512) 314-8425

ATTORNEYS FOR ERICSSON INC.

**CERTIFICATE OF SERVICE**

This pleading was served on all counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on August 27, 2003.