

# Potter
# Anderson
# &Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

June 3, 2005

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
Lock Box 27
844 King Street
Wilmington, DE 19801

    Re: **Nokia Corporation and Nokia Inc. v.**
           **Interdigital Communications and Interdigital Technology Corporation**
           **C. A. No. 05-16 (JJF)**

Dear Judge Farnan:

      Pursuant to Local Rule 7.1.2(c), Defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") inform the Court of the Federal Circuit's decision in *MedImmune, Inc. v. Centocor, Inc.*, which was issued on June 1, 2005, and a copy of which is attached hereto as Exhibit "A." In *MedImmune*, the Federal Circuit affirmed the district court's dismissal of the plaintiff's patent declaratory judgment action for lack of subject matter jurisdiction because the plaintiff was a licensee of the patent at issue and, thus, failed to establish that an actual controversy existed between it and the defendant as the Declaratory Judgment Act requires. *MedImmune* directly supports InterDigital's motion to dismiss Plaintiffs Nokia Corporation and Nokia, Inc.'s declaratory judgment action on the grounds set forth at pages 10 to 14 of InterDigital's opening brief in support of its motion to dismiss and pages 1 to 4 of InterDigital's reply brief in support of its motion to dismiss.

      First, the Federal Circuit stated that its prior decision in *Gen-Probe, Inc. v. Vysis, Inc.*, 359 F.3d 1376 (Fed. Cir. 2004) conclusively establishes the absence of an actual controversy when the declaratory judgment plaintiff is a licensee of the patents at issue:

> We agree with the district court that *Gen-Probe* is determinative of this case. Any controversy that may have existed between MedImmune and Centocor prior to and during their various negotiations vanished when MedImmune executed the license agreement, which is a

The Honorable Joseph J. Farnan, Jr.
June 3, 2005
Page 2

> covenant by Centocor not to sue. Quite simply, once the license agreement was in place and MedImmune was in compliance with the terms of the agreement, MedImmune could not be under a reasonable apprehension that it would face an infringement suit by Centocor.

Slip Op., p. 6. This language further confirms that any purported disputes between Nokia and InterDigital prior to entering into the January 1999 patent license agreement do not constitute evidence of an actual controversy during the term of such agreement.

Second, the Federal Circuit expressly distinguished *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed. Cir. 1983), a case that Nokia relied upon in its brief in opposition to InterDigital's motion to dismiss in response to *Gen-Probe*. Nokia's Br. in Opposition, p. 19.

Respectfully,

Richard L. Horwitz

RLH/sdl
Enclosure
cc: Jack B. Blumenfeld, Esquire (via efiling and hand delivery and with enclosure)
      Peter Kontio (via facsimile and with enclosure)
      Robert S. Harrell (via facsimile and with enclosure)

684893 / 28840