

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

June 13, 2005

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

    Re:    <u>**Nokia Corporation and Nokia Inc. v.**
**Interdigital Communications and Interdigital Technology Corporation**
**C. A. No. 05-16 (JJF)**</u>

Dear Judge Farnan:

    InterDigital submits this brief reply to Nokia's June 8, 2005 letter regarding the Federal Circuit's recent decision in *MedImmune, Inc. v. Centocor, Inc.* and Nokia's new "evidence" purporting to support this Court's jurisdiction over Nokia's declaratory judgment action.

    First, Nokia contends that *MedImmune* is distinguishable from this case in part because the declaratory judgment plaintiff in *MedImmune* "was an 'exclusive licensee of the patent, with the right to sublicense the patent to others.'" That is incorrect. MedImmune – the declaratory judgment plaintiff – was not an exclusive licensee of the patent in question. Centocor – the declaratory judgment defendant – was the exclusive licensee of the patent in question, and MedImmune took a license from Centocor. Slip Op., p. 2. But even if MedImmune had been an exclusive rather than nonexclusive licensee, that is a distinction without meaning given that the declaratory judgment plaintiff in *Gen-Probe*, like Nokia, was a nonexclusive licensee of the patent in question. *Gen-Probe, Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1377-78 (Fed. Cir. 2004).

    Second, Nokia submits new "evidence" purporting to show that "InterDigital continues to make threats against Nokia concerning patent litigation." Such "evidence" consists of a posting on an Internet message board by an unknown person simply identified as "KAJ07710," who asserts that Harry Campagna – the Chairman of the Board of InterDigital – allegedly made certain oral statements after InterDigital's shareholder meeting on June 2, 2005. While InterDigital disagrees with Nokia's characterization of those alleged statements, it is black-letter law that a declaratory judgment plaintiff's

The Honorable Joseph J. Farnan, Jr.
June 13, 2005
Page 2

reasonable apprehension of suit (for the purpose of establishing an actual controversy) must be based on the facts *at the time suit is filed*. Indeed, the Federal Circuit in *MedImmune* made this very point in rejecting the relevance of Centocor's subsequent declaratory judgment action against MedImmune. Slip Op., p. 9 ("The fact that Centocor *did* sue MedImmune, *after* MedImmune filed its declaratory judgment action does not alter the analysis. The presence or absence of a case or controversy is based on the facts at the time the complaint was filed") (emphasis in original & citation omitted). It is obvious that a hearsay statement made on June 2, 2005, months after suit was filed, does not support Nokia's alleged apprehension of suit as of January 12, 2005.

                                                   Respectfully,

                                                   Richard L. Horwitz

686252

cc:    Jack B. Blumenfeld (via efiling and hand delivery)
        Peter Kontio (via facsimile)
        Robert S. Harrell (via facsimile)