**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOKIA CORPORATION and<br>NOKIA, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C. A. No. 05-16-JJF<br>)<br>) **JURY TRIAL DEMANDED** |
| INTERDIGITAL COMMUNICATIONS<br>CORPORATION and INTERDIGITAL<br>TECHNOLOGY CORPORATION, | )<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR
COMPLEX DESIGNATION PURSUANT TO LOCAL RULE 16.1**

Defendants InterDigital Communications Corporation ("IDCC") and InterDigital Technology Corporation ("ITC") file their Original Answer to Plaintiffs' Complaint for Declaratory Judgment of Patent Invalidity and Noninfringement and Violations of the Lanham Act Relating to 3G Mobile Phone Technology (the "Complaint") and Request for Complex Designation Pursuant to Local Rule 16.1 and for same would show the Court as follows:.

**I.
NOTICE OF INTENT PURSUANT TO LOCAL RULE 16.1(A)**

Defendants hereby give Notice of Intent to seek certification of this case as a complex case pursuant to Local Rule 16.1(a). The present case is one of several actions that Nokia has filed against Defendants and involves Nokia's claim under §43(a) of the Lanham Act, which Nokia asserts "focuses on InterDigital's entire patent portfolio" of over 1600 patents. (*See* Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3) ("Nokia's Brief") at pp.27-28, 32-33.) Specifically, Nokia alleges that it has been

damaged because InterDigital's statements have "deterred Nokia's customers from purchasing standards-compliant products." *Id.* at 30.

Defendants maintain that Nokia's remaining claim should be dismissed and will be the subject of summary adjudication following focused discovery. In addition, Defendants maintain that discovery in the sole remaining Lanham Act claim should be limited to issues relevant only to the Lanham Act claim. Nevertheless, Nokia's broad allegations make this case particularly appropriate for designation as a complex case. Designation of this case as a complex case is appropriate in light of the considerations set forth in Local Rule 16.1(a)(2) because:

> 1. This case is one of several interrelated actions filed by Nokia against Defendants.
>
> 2. Nokia's allegations in this case unnecessarily implicate the production and review of vast quantities of documents by all parties in this case.
>
> 3. Nokia is a massive, complex organization, with entities, personal, customers, and documents scattered throughout the world.
>
> 4. Plaintiff Nokia Corporation is a Finish Corporation, which gives rise to the inevitable need for foreign discovery.
>
> 5. Nokia's allegations gives rise to the need for substantial third party discovery, including potential discovery from all United States cellular service providers and cellular service providers located throughout the world.
>
> 6. The requirements of 3G Standards and the application of patents to such 3G Standards present technically complex questions, which will necessitate expert testimony.
>
> 7. Nokia is challenging patent portfolios that contain over **1600** issued patents.
>
> 8. The challenged patent portfolios includes patents issued throughout the world and, if Nokia's claims are read literally, requires an analysis and determination that none of the patents are "essential."

For these reasons, certification of this case as a complex case and the provisions for efficiently handling same as set forth in Local Rule 16.1(b) is appropriate. A focused discovery schedule that addresses dispositive issues such as the specific bases for Nokia's claim and its alleged harm will inevitably result in summary disposition of this case, thereby saving judicial resources and avoiding unnecessary costs and expenses by the parties.

## II.
## ORIGINAL ANSWER

### NATURE AND BASIS OF ACTION

1.  Defendants admit that this is purportedly an action arising under the Lanham Act, 15 U.S.C. 1501 *et seq*. Defendants incorporate the Court's Memorandum and Order Granting Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Over the Subject Matter Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3) as to the Declaratory Judgment Claims (Docket Entries Nos. 25 and 26) (the "Court's Order") and otherwise denies the averments of Paragraph 1.

### THE PARTIES

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2.

3.  Admit.

### JURISDICTION AND VENUE

4.  Defendants admit that this court has jurisdiction over Nokia's Lanham Act claim pursuant to 28 U.S.C. §1331. Defendants otherwise incorporate the Court's Order and deny the averments of Paragraph 4.

5.  Admit.

6.  Admit.

**FACTS PURPORTEDLY GIVING RISE TO THIS ACTION**

7.  Because of the vagueness of the allegations contained in Paragraph 7, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny same.

8.  Defendants admit that the IS-54/136 and GSM standards are implemented through so-called 2G mobile phone systems using Time Division Multiple Access ("TDMA") technology. Because of the vagueness of the other allegations contained in Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of the other averment of Paragraph 8, and therefore deny same.

9.  Defendants admit that Defendants asserted certain 2G patents in court against Ericsson, Inc. and ITC asserted certain 2G patents in court against Motorola, Inc. Defendants otherwise deny the allegations contained in Paragraph 9.

10. Deny.

11. Defendants admit that the WCDMA and cdma2000 standards are implemented through 3G mobile systems using Code Division Multiple Access ("CDMA") technology. Because of the vagueness of the allegations regarding Defendants' "allegations" and "contentions," Defendants are without knowledge or information sufficient to form a belief as to the truth of those statements and therefore deny same. Defendants otherwise deny the remaining allegations contained in Paragraph 11.

12. Defendants admit that Nokia Corporation and Defendants are parties to three expressly interrelated agreements. Defendants otherwise deny the allegations contained in Paragraph 12.

13.     Defendants incorporate the Court's Order and deny the allegations contained in Paragraph 13.

14.     Defendants admit that Nokia has, to date, refused to pay the fees Defendants are demanding. Defendants admit that the parties were, at the time the Complaint was filed, involved in an ICC arbitration as alleged in the last sentence of Paragraph 14 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 14.

15.     Defendants admit that Nokia is licensed to ITC's 3G patents through the end of 2006. Because of the vagueness of the allegations regarding Defendants' "contentions," Defendants are without knowledge or information sufficient to form a belief as to the truth of those statements and therefore deny same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore deny same.

16.     Defendants incorporate the Court's Order and deny the allegations contained in Paragraph 16.

17.     Defendants admit that a copy of a *Forbes Magazine* article is attached as Exhibit S. Defendants otherwise deny the allegations contained in Paragraph 17.

18.     Defendants admit that a copy of a purported transcript of an August 13, 2003, investor conference call is attached as Exhibit T. Defendants otherwise deny the allegations contained in Paragraph 18.

19.     Defendants incorporate the Court's Order and deny the allegations contained in Paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny same.

21. Defendants incorporate the Court's Order and deny the allegations contained in Paragraph 21.

22. Defendants admit that the previously pending arbitration did not involve 3G products. Because of the vagueness of the remaining allegations contained in Paragraph 22, Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the statements and therefore deny same.

### COUNT I

23. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 22 to the Complaint as if fully set forth herein.

24. Defendants incorporate the Court's Order dismissing Count I and therefore no answer is required.

25. Defendants incorporate the Court's Order dismissing Count I and therefore no answer is required.

26. Defendants incorporate the Court's Order dismissing Count I and therefore no answer is required.

### COUNT II

27. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 26 as if fully set forth herein.

28. Defendants incorporate the Court's Order dismissing Count II and therefore no answer is required.

29. Defendants incorporate the Court's Order dismissing Count II and therefore no answer is required.

### COUNT III

30. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 29 as if fully set forth herein.

31. Defendants incorporate the Court's Order dismissing Count III and therefore no answer is required.

32. Defendants incorporate the Court's Order dismissing Count III and therefore no answer is required.

33. Defendants incorporate the Court's Order dismissing Count III and therefore no answer is required.

### COUNT IV

34. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 33 as if fully set forth herein.

35. Defendants incorporate the Court's Order dismissing Count IV and therefore no answer is required.

36. Defendants incorporate the Court's Order dismissing Count IV and therefore no answer is required.

37. Defendants incorporate the Court's Order dismissing Count IV and therefore no answer is required.

38. Defendants incorporate the Court's Order dismissing Count IV and therefore no answer is required.

## COUNT V

39. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 38 as if fully set forth herein.

40. Defendants incorporate the Court's Order dismissing Count V and therefore no answer is required.

41. Defendants incorporate the Court's Order dismissing Count V and therefore no answer is required.

42. Defendants incorporate the Court's Order dismissing Count V and therefore no answer is required.

## COUNT VI

43. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 42 as if fully set forth herein.

44. Defendants incorporate the Court's Order dismissing Count VI and therefore no answer is required.

45. Defendants incorporate the Court's Order dismissing Count VI and therefore no answer is required

46. Defendants incorporate the Court's Order dismissing Count VI and therefore no answer is required.

47. Defendants incorporate the Court's Order dismissing Count VI and therefore no answer is required.

48. Defendants incorporate the Court's Order dismissing Count VI and therefore no answer is required.

49. Defendants incorporate the Court's Order dismissing Count VI and therefore no answer is required.

## COUNT VII

50. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 49 as if fully set forth herein.

51. Defendants incorporate the Court's Order dismissing Count VII and therefore no answer is required.

52. Defendants incorporate the Court's Order dismissing Count VII and therefore no answer is required.

53. Defendants incorporate the Court's Order dismissing Count VII and therefore no answer is required.

54. Defendants incorporate the Court's Order dismissing Count VII and therefore no answer is required.

55. Defendants incorporate the Court's Order dismissing Count VII and therefore no answer is required.

56. Defendants incorporate the Court's Order dismissing Count VII and therefore no answer is required.

## COUNT VIII

57. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 56 as if fully set forth herein.

58. Defendants incorporate the Court's Order dismissing Count VIII and therefore no answer is required.

59. Defendants incorporate the Court's Order dismissing Count VIII and therefore no answer is required.

60. Defendants incorporate the Court's Order dismissing Count VIII and therefore no answer is required.

61. Defendants incorporate the Court's Order dismissing Count VIII and therefore no answer is required.

### COUNT IX

62. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 61 as if fully set forth herein.

63. Defendants incorporate the Court's Order dismissing Count IX and therefore no answer is required.

64. Defendants incorporate the Court's Order dismissing Count IX and therefore no answer is required.

### COUNT X

65. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 64 as if fully set forth herein.

66. Defendants incorporate the Court's Order dismissing Count X and therefore no answer is required.

67. Defendants incorporate the Court's Order dismissing Count X and therefore no answer is required.

68. Defendants incorporate the Court's Order dismissing Count X and therefore no answer is required...

69. Defendants incorporate the Court's Order dismissing Count X and therefore no answer is required.

70. Defendants incorporate the Court's Order dismissing Count X and therefore no answer is required.

71. Defendants incorporate the Court's Order dismissing Count X and therefore no answer is required.

72. Defendants incorporate the Court's Order dismissing Count X and therefore no answer is required.

### COUNT XI

73. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 72 as if fully set forth herein.

74. Defendants incorporate the Court's Order dismissing Count XI and therefore no answer is required.

75. Defendants incorporate the Court's Order dismissing Count XI and therefore no answer is required.

76. Defendants incorporate the Court's Order dismissing Count XI and therefore no answer is required.

77. Defendants incorporate the Court's Order dismissing Count XI and therefore no answer is required.

### COUNT XII

78. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 77 as if fully set forth herein.

79. Defendants incorporate the Court's Order dismissing Count XII and therefore no answer is required.

80. Defendants incorporate the Court's Order dismissing Count XII and therefore no answer is required.

81. Defendants incorporate the Court's Order dismissing Count XII and therefore no answer is required.

82. Defendants incorporate the Court's Order dismissing Count XII and therefore no answer is required.

83. Defendants incorporate the Court's Order dismissing Count XII and therefore no answer is required.

84. Defendants incorporate the Court's Order dismissing Count XII and therefore no answer is required.

85. Defendants incorporate the Court's Order dismissing Count XII and therefore no answer is required.

## COUNT XIII

86. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 85 as if fully set forth herein.

87. Defendants incorporate the Court's Order dismissing Count XIII and therefore no answer is required.

88. Defendants incorporate the Court's Order dismissing Count XIII and therefore no answer is required.

89. Defendants incorporate the Court's Order dismissing Count XIII and therefore no answer is required.

90. Defendants incorporate the Court's Order dismissing Count XIII and therefore no answer is required.

91. Defendants incorporate the Court's Order dismissing Count XIII and therefore no answer is required.

## COUNT XIV

92. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 91 as if fully set forth herein.

93. Defendants incorporate the Court's Order dismissing Count XIV and therefore no answer is required.

94. Defendants incorporate the Court's Order dismissing Count XIV and therefore no answer is required.

95. Defendants incorporate the Court's Order dismissing Count XIV and therefore no answer is required.

96. Defendants incorporate the Court's Order dismissing Count XIV and therefore no answer is required.

### COUNT XV

97. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 96 as if fully set forth herein.

98. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

99. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

100. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

101. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

102. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

103. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

104. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

105. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

106. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

107. Defendants incorporate the Court's Order dismissing Count XV and therefore no answer is required.

### COUNT XVI

108. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 107 as if fully set forth herein.

109. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

110. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

111. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

112. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

113. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

114. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

115. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

116. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

117. Defendants incorporate the Court's Order dismissing Count XVI and therefore no answer is required.

### COUNT XVII

118. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 117 as if fully set forth herein.

119. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

120. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

121. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

122. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

123. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

124. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

125. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

126. Defendants incorporate the Court's Order dismissing Count XVII and therefore no answer is required.

## COUNT XVIII

127. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 126 as if fully set forth herein.

128. Defendants incorporate the Court's Order dismissing Count XVIII and therefore no answer is required.

129. Defendants incorporate the Court's Order dismissing Count XVIII and therefore no answer is required.

130. Defendants incorporate the Court's Order dismissing Count XVIII and therefore no answer is required.

131. Defendants incorporate the Court's Order dismissing Count XVIII and therefore no answer is required.

132. Defendants incorporate the Court's Order dismissing Count XVIII and therefore no answer is required.

## COUNT XIX

133. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 132 as if fully set forth herein.

134. Defendants incorporate the Court's Order dismissing Count XIX and therefore no answer is required.

135. Defendants incorporate the Court's Order dismissing Count XIX and therefore no answer is required.

136. Defendants incorporate the Court's Order dismissing Count XIX and therefore no answer is required.

137. Defendants incorporate the Court's Order dismissing Count XIX and therefore no answer is required.

## COUNT XX

138. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 137 as if fully set forth herein.

139. Defendants incorporate the Court's Order dismissing Count XX and therefore no answer is required.

140. Defendants incorporate the Court's Order dismissing Count XX and therefore no answer is required.

## COUNT XXI

141. To the extent not inconsistent, Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 140 as if fully set forth herein.

142. Deny.

143. Because of the vagueness of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 143. Defendants deny the remaining allegations contained within Paragraph 143.

144. Deny.

145. Deny.

146. Deny.

147. To the extent not inconsistent and expressly admitted above, Defendants deny the factual allegations contained within the Complaint.

## JURY DEMAND

Defendants admit that Nokia has demanded a trial by jury.

## III.
## DEFENSES

1. Nokia has failed to state a claim on which relief may be granted.

2. Nokia has waived any claim it may have had.

3. Nokia's claims are barred by the equitable doctrine of laches.

4. Nokia's claims are barred by equitable estoppel.

5. Nokia's claims are barred by acquiescence.

6. Nokia's claims are barred in whole and/or in part by the applicable statute of limitations.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that upon final trial a judgment be entered and that the following relief be granted:

(1) Plaintiffs' Complaint be dismissed with prejudice;

(2) Defendants be awarded their reasonable attorneys' fees and costs; and

(3) Defendants be granted such other and further relief, general and special, at law or in equity, to which they may be justly entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | POTTER, ANDERSON & CORROON LLP |
| D. Dudley Oldham<br>Linda L. Addison<br>Richard S. Zembek<br>FULBRIGHT & JAWORSKI L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Tel: (713) 651-5151 | By: */s/ David E. Moore*<br>   Richard L. Horwitz  (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, Delaware 19801<br>   Tel: (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com |
| Dan D. Davison<br>FULBRIGHT & JAWORSKI L.L.P.<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201-2784<br>Tel: (214) 855-8000 | *Attorneys for Defendants Interdigital Communications Corporation and Interdigital Technology Corporation* |
| Dated: January 26, 2006 |  |

716968

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 26, 2006, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on January 26, 2006, I have Emailed Expressed the documents to the following non-registered participants:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424

By:  /s/ David E. Moore
     Richard L. Horwitz
     David E. Moore
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware 19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

673950