IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-16 (JJF) ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF INTENT REGARDING "COMPLEX" DESIGNATION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
jheaney@mnat.com
(302) 658-9200
  *Attorneys for Nokia Corporation and Nokia Inc.*

OF COUNSEL:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

February 13, 2006

Plaintiffs Nokia Corporation and Nokia Inc. (collectively, "Nokia") oppose the request of defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") to designate this case as "complex" for the purposes of D. Del. L. R. 16.1 and 28 U.S.C. § 473(a)(2)(B).

InterDigital's Notice of Intent makes clear that its interest in a complex designation is unrelated to the complexity of this case. Instead, InterDigital seeks a complex designation to force Nokia to produce information through discovery before InterDigital must likewise produce information. This strategy conflicts with the provisions of Rule 16.1 and 28 U.S.C. § 473, which are not intended to shift burdens *between* the parties but instead are designed to address complexity through longer discovery with more supervision from the court. In particular, the complex-case designation is designed to effectuate the efficient management of litigation, not afford one party a tactical advantage.

The gravamen of this case is a Lanham Act claim for false representations. The management of this case should not be any more complex than the many multi-patent cases routinely handled by this Court. If this case is complex, many of the patent cases in this Court would be complex. That is simply not the case.

Moreover, the eight factors listed in Rule 16.1 militate against a "complex" designation.[1]

*First*, this case involves a single Lanham Act claim. The Court granted InterDigital's motion to dismiss the other *twenty* claims in Nokia's complaint. Moreover, this case does not involve, as InterDigital's claims, more than 1600 patents. Nokia has alleged that InterDigital violated the Lanham Act by claiming that *certain* of its U.S. patents are necessary for practicing

---

[1] InterDigital claims in its Notice of Intent that "[t]his case is one of several interrelated actions filed by Nokia against [InterDigital]." Nokia disagrees that this action is related in any procedurally significant way to any other dispute between the parties. More importantly, the existence of other disputes is not one of the factors listed in L.R. 16.1.

the 3G wireless telecommunications standards. Only the U.S. patents that InterDigital contends cover the 3G standards are germane to this suit.

Tellingly, InterDigital does not say in its Notice of Intent how many patents are *actually* involved in this case. Indeed, InterDigital indicates that determining which of its patents cover 3G standards would be exceptionally burdensome to InterDigital (*see* InterDigital's Notice of Intent (D.I. 31) at 2). Through some of its broad claims of essentiality, however, InterDigital has put this burden of identifying essential patents on other entities, including Nokia. What InterDigital has used as a sword, it cannot now use as a shield.

*Second*, this case effectively involves only four parties. Even this statement exaggerates the complexity of this case: Nokia Inc. is the wholly owned subsidiary of Nokia Corporation, and InterDigital Technology Corporation is the wholly owned subsidiary of InterDigital Communications Corporation.

*Third*, this case involves a single claim under the Lanham Act and therefore does not present exceptionally complex legal issues.

*Fourth*, the factual issues in this case will largely focus on the representations made by InterDigital and the relationship between certain U.S. patents and the 3G wireless standards. The development of these factual issues does not require continuous involvement from the Court, including conferences and review of quarterly reports, as required with a "complex" case. D. Del. L.R. 16.1(b). "Although numerous factual issues need to be resolved in the litigation, there is nothing atypical about these issues." *United States v. Diamond Indus., Inc.*, 145 F.R.D. 48, 50 (D. Del. 1992).

*Fifth*, discovery in this case does not require exceptional court involvement. As noted by InterDigital, Nokia and InterDigital, represented by the same counsel involved in this case, have

2

been adversaries before and did not require extraordinary guidance during discovery. As sophisticated companies, litigation is not unfamiliar to Nokia and InterDigital. Furthermore, InterDigital's request for unilateral discovery into "the specific bases for Nokia's claim and its alleged harm" (D.I. 31 at 3), would create more problems, not fewer. Such one-sided discovery would lack the normal give and take between parties in the exchange of documents and deposition testimony that allows for negotiation and compromise.

InterDigital also exaggerates the impact on discovery of Nokia Corporation being a Finnish company. Nokia Inc. is a domestic corporation and is Nokia Corporation's wholly owned subsidiary. Much of the discovery material InterDigital might seek will therefore be available through normal means of discovery. Moreover, most of the factual materials that will be central to this case are either possessed by InterDigital, such as information regarding which of InterDigital's U.S. patents it contends cover the 3G standards, or publicly available, such as the text and file histories for those patents, prior art relevant to those patents, and the 3G standards themselves. Contrary to InterDigital's claims, the extent to which third parties possess discoverable information is unclear.

*Sixth*, the need for expert evidence in this case, while likely, is not unusually complex. InterDigital has not identified any particularly problematic aspect of the expert testimony in this case, other than its focus on wireless telecommunications standards and patents. "Most cases in the district courts rely, to some extent, on expert testimony, however, this does not render a case complex." *Id.*

*Seventh*, InterDigital has identified no special issues needing pretrial determination.

*Eighth*, InterDigital has identified no special difficulties in pretrial preparation.

3

InterDigital seeks an unusual amount of court involvement that would limit reasonable and appropriate discovery at the outset and give InterDigital the benefit of developing evidence on its defenses first without having to respond to discovery requests from Plaintiffs. Although any party would enjoy that benefit, that is hardly a basis to designate the case as complex. For the foregoing reasons, Nokia respectfully requests that this Court deny InterDigital's request for designation as a complex case.

                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                          */s/ Jack B. Blumenfeld*

                          Jack B. Blumenfeld (#1014)
                          Julia Heaney (#3052)
                          1201 N. Market Street
                          Wilmington, DE 19801
                          (302) 658-9200
                          jheaney@mnat.com
                            *Attorneys for Nokia Corporation and Nokia Inc.*

OF COUNSEL:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

February 13, 2006
506478

## CERTIFICATE OF SERVICE

  I, Jack B. Blumenfeld, hereby certify that on February 13, 2006 I electronically filed Plaintiffs' Response To Defendants' Notice Of Intent Regarding "Complex" Designation with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> rhorwitz@potteranderson.com

  I also certify that copies were caused to be served on February 13, 2006 upon the following in the manner indicated:

### BY HAND

> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> D. Dudley Oldham
> Fulbright & Jaworski
> 1301 McKinney
> Suite 5100
> Houston, TX  77010

> /s/    *Jack B. Blumenfeld (#1014)*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jblumenfeld@mnat.com