IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and            :
NOKIA INC.,                      :
                                 :
    Plaintiff,                  :
                                 :
v.                               :     Civil Action No. 05-016-JJF
                                 :
INTERDIGITAL COMMUNICATIONS and  :
INTERDIGITAL TECHNOLOGY CORP.,   :
                                 :
    Defendants.                 :

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, by Order dated September 15, 2004, the Court established a Special Master Panel; and

WHEREAS, consistent with the requirements expressed in the referenced Order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned case;

NOW THEREFORE, this 22 day of March, 2006, it is HEREBY ORDERED that:

1. Collins J. Seitz, Jr., Esquire is appointed as Special Master.

2. As required by Rule 53(b)(2), the Special Master shall proceed with all reasonable diligence and, as provided by Rule 53 (c), shall have the authority to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same.

3. The Special Master shall, after consulting with the parties, establish procedures for the handling of discovery

disputes. The Special Master shall have the duty and authority to require the submission of reports, call conferences, and hold hearings in order to determine the status of discovery, to issue orders requiring the parties to adhere to discovery and case management dates set by the Court.  He shall hear, resolve and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings.

     4.   Except as otherwise ordered by the Special Master, the filing, service and hearing of discovery-related motions shall be governed by the Rules of this Court.

     5.   The Special Master shall hear matters promptly and at such times as may be convenient, at the discretion of the Special Master.  All hearings and conferences before the Special Master shall be held in the J. Caleb Boggs Federal Building or at an alternate location approved by the Special Master.  The party presenting a motion shall arrange for a court reporter to transcribe the proceeding. A copy of the transcript shall be provided to the Special Master, if requested.  The parties shall equally bear the costs of the court reporter and transcript provided to the Special Master.

     6.   The Special Master shall not communicate <u>ex parte</u> with a party without a consent of all of the parties.  The Special master may communicate <u>ex parte</u> with the Court.

     7.   The Special Master shall preserve all materials received or issued in connection with any dispute regarding

discovery. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that he shall file any orders entered setting forth his rulings and any opinions prepared supporting his rulings.

8. The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. The Special Master and those persons him shall preserve and protect the confidentiality of all such information.

9. The rulings of the Special master shall be subject to review by the Court, consistent with Rule 53(g)(3)-(5).

10. The Special Master shall be compensated for his services at his usual hourly rate. Others assisting the Special Master shall be compensated at their usual hourly rates. The Special Master shall send statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally be the parties. In this regard, if in the Special Master's opinion, a party engages in behavior that hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs and expenses. Any objections or disputes regarding compensation and/or expenses of the Special

Master shall be presented to the Court in a timely application.

JOSEPH J. FARNAN, JR.
United States District Judge