IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and<br>NOKIA INC.,<br><br>        Plaintiffs,<br><br>        vs.<br><br>INTERDIGITAL COMMUNICATIONS<br>CORPORATION and INTERDIGITAL<br>TECHNOLOGY CORPORATION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) C. A. No. 05-16 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REVISED RULE 16 SCHEDULING ORDER

Following the Court's March 1, 2006 hearing, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f) and consistent with the directives given during the March 1, 2006 hearing, the Court enters the following Rule 16 Scheduling Order.

IT IS ORDERED that:

1. **Complex Designation.** This matter is hereby designated as complex in accordance with D. Del. LR 16.1.

2. **Pre-Discovery Disclosures.** The parties will exchange by March 31, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

3. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before June 15, 2006.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the

- 2 -

parties shall contact Magistrate Judge Thynge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

    5.    <u>Interim Status Report.</u>  On September 25, 2006, the parties shall file with the Court an interim report on the nature of the matters in issue and the progress of discovery to date.  At this time, the parties shall not be required to file quarterly reports under L.R. 16.1(b)(1).  The Court shall have a status conference with the parties on October 5, 2006 at 12:30 p.m., at which time it shall determine the necessity for and frequency of any future reports regarding discovery.

    6.    <u>Discovery.</u>

    (a)    Exchange and completion of interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by December 29, 2006.  All fact discovery, including depositions, shall be completed by February 15, 2007.

    (b)    Maximum of 50 interrogatories, including contention interrogatories, for each side.

    (c)    Maximum of 75 requests for admission by each side.

    (d)    Maximum of 20 depositions by plaintiff and 20 by defendant. Depositions shall not commence prior to May 1, 2006.

    (e)    Opening expert reports under Rule 26(a)(2) that relate to issues on which a party has the burden of proof are due on May 1, 2007.  Reports under Rule 26(a)(2) that relate to issues on which a party does not have the burden of proof are due on June 15, 2007.  Expert discovery will close on July 15, 2007.

(f)     Any party desiring to depose an expert witness shall provide notice no later than 15 days after receiving the expert's report, and complete said deposition no later than July 15, 2007 unless otherwise agreed in writing by the parties or ordered by the Court.

(g)     The parties shall meet and confer and file a proposed Protective Order governing the protection of discovery materials from public disclosure by March 31, 2006.

7.     <u>Discovery Disputes</u>.  By Order dated March 22, 2006 (D.I. 40), discovery disputes have been referred to a Special Master.

8.     <u>Amendment of the Pleadings</u>.  All motions to amend the pleadings shall be filed on or before January 15, 2007.

9.     <u>Case Dispositive Motions</u>.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed on or before August 15, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

10.     *<u>Markman</u>*.

If necessary, a *Markman* hearing will be held beginning on August 2, 2007. Briefing on the claim construction issues shall be completed prior to the hearing and according to the following schedule.  The Court may set a limitation on the number of claim terms to be submitted for construction.

(a)     Parties agree on disputed claim terms by April 15, 2007.

(b) Parties file a joint claim construction statement by May 15, 2007. The statement shall include the construction of those claim terms on which the parties agree and each party's proposed construction of each disputed claim term, together with an identification of all the intrinsic evidence known to the party on which it intends to rely.

(c) *Markman* opening briefs due by June 15, 2007.

(d) *Markman* answering briefs due by July 16, 2007.

The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

11. <u>Applications by Motion</u>.

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (amended effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

12. <u>Pretrial Conference and Trial.</u>

The final pretrial conference will be held on November 15, 2007 at 11:00 a.m. A jury trial will be held commencing within 60 to 90 days thereafter at a date to be set by the Court.

13. Consistent with the statements made during the March 1, 2006 hearing, this Rule 16 Scheduling Order is subject to future amendment or modification upon a showing of good cause.

_____          _____
            Date                              United States District Court Judge