IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and )
NOKIA, INC., )
                                          )
       Plaintiffs, )
                                          )       C.A. No. 05-16-JJF
       v. )
                                          )
INTERDIGITAL COMMUNICATIONS )
CORPORATION and INTERDIGITAL )
TECHNOLOGY CORPORATION, )
                                          )
      Defendants. )

## FIRST DISCOVERY ORDER

The Special Master, having considered the submissions of the parties on InterDigital Communication Corporation's and Interdigital Technology Corporation's (collectively "InterDigital") motion to compel supplementation of Nokia Corporation's and Nokia, Inc.'s (collectively "Nokia") Federal Rule of Civil Procedure 26(a)(1) initial disclosures, it is ordered as follows:

     1.     InterDigital has filed a motion to compel supplementation of Nokia's F.R.Civ.P. 26(a)(1) initial disclosures. It claims that Nokia has failed to identify with the required specificity the "individuals likely to have discoverable information that the disclosing party may use to support its claim or defense." Although Nokia has identified several individuals in its supplemental initial disclosures,[1] InterDigital claims that there must be additional individuals with personal knowledge of statements allegedly made by InterDigital that support Nokia's Lanham Act claim. InterDigital also claims that Nokia

---

[1] Nokia served its initial disclosures on March 31, 2006. InterDigital conferred with Nokia about alleged deficiencies in Nokia's initial disclosures, and Nokia served supplemental initial disclosures on April 21, 2006.

did not provide either the basis or theory for its damage claim, as allegedly required by F.R.Civ.P. 26(a)(1)(C), and should be ordered to supplement this disclosure as well.

2. Nokia responds that its supplemental disclosures are sufficient for the early stages of this litigation because it has provided "basic" information from the information it has to date. Nokia also asserts that its Lanham Act claims are based on allegedly false statements about the applicability of InterDigital's patents to 3G wireless standards. Therefore Nokia identified individuals involved with the prosecution of the underlying InterDigital patents, including the inventors, as well as InterDigital employees who made comments on InterDigital's patent portfolio. Because the allegedly false statements underpinning the Lanham Act claim were made by InterDigital representatives, Nokia also identified six InterDigital directors, officers, or employees. Regarding Nokia's lack of disclosure of its damage theories or claims, Nokia contends that its damage claims will be the subject of expert discovery and reports, and therefore it is premature to respond to this initial disclosure.

3. The duty to provide initial disclosures is not co-extensive with the duty to respond to interrogatories and document requests. Initial disclosures are just that - initial. A party must disclose the basic information it has for each of the categories set forth in Rule 26(a)(1). The initial disclosures should contain sufficient information to direct formal discovery in an efficient manner. *See Self v. Equilon Enters., LLC*, 2005 WL 3763533 (E.D. Mo. 2005)(initial disclosures are intended to supply basic information). With regard to damage information, where the calculation will be the subject of expert reports and testimony, it is appropriate to defer damages calculations to a later time in the proceedings. 6 James Wm. Moore et al, *Moore's Federal Practice* § 26.22[4][c][ii] (3d

ed. 2005). After reviewing Nokia's initial disclosures, as later supplemented, I find that they are spartan, but meet the minimum initial disclosure requirements. Nokia's disclosures appear to provide the basic information required by Rule 26(a)(1), and deferring detailed damages disclosures and information is appropriate where as here damages will be the subject of expert testimony. Therefore InterDigital's motion is denied.

4. Although I have denied InterDigital's motion, given this initial skirmish I fully anticipate disputes over discovery relating to the basis for Nokia's Lanham Act claims. Therefore, to assist the parties with their discovery obligations, I order the following actions (which are supplemental to, and not in place of, any existing discovery requests and responses served and answered by the parties):

A. On or before June 30, 2006, Nokia shall provide verified responses to the following questions: Paragraph 143 of the January 12, 2005 complaint states that "InterDigital has repeatedly made public statements that its patent portfolio covers the practice of 3G wireless phone systems and the sale of 3G compliant products." Nokia shall identify separately (a) each public statement that it relies upon for this allegation, (b) the date of the public statement, and (c) the identity of anyone who made the statement. For each public statement, Nokia shall also provide a detailed response why each statement is false.

B. On or before July 14, 2006, InterDigital shall provide verified responses to the following questions: InterDigital shall identify separately (a) each public statement it has made regarding its patent portfolio and whether the portfolio covers the

3

practice of 3G wireless phone systems and the sale of 3G compliant products, (b) the date of the public statement, and (b) the identity of anyone who made the statement.

5. The Special Master shall be served with the foregoing responses to ensure that the responses are as complete as possible.

Dated: June 12, 2006

_____
Special Master

4