IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) C. A. No. 05-16 (JJF) ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, | ) ) ) ) |
| Defendants. | ) |

**AGREED PROTECTIVE ORDER**

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ., P. 26(c), it is hereby ORDERED THAT:

**INFORMATION SUBJECT TO THIS ORDER**

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents or the factual knowledge of persons, and which has been so designated by the producing party. Subject to paragraph 2 below, any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigaion shall be used only for purposes of preparation and trial of this matter and for no other purpose, suit, arbitration, or proceeding.

2. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Nor is any person or party subject to this order prevented from seeking, in another proceeding and through proper discovery procedures in that other proceeding, any information disclosed in this proceeding, including but not limited to documents, pleadings, witness statements, depositions or other testimony, and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

3. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

4. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. In the case of deposition upon oral examination or written questions, such testimony shall be deemed "ATTORNEYS' EYES ONLY" until the expiration of fourteen (14) days after receipt of the deposition transcript unless otherwise designated at the time of the deposition or during the fourteen (14) day period.

5. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 3, shall be designated by the producing party by informing the receiving party of the designation in writing.

6. Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION prior to furnishing copies to the receiving party.

7. The following information is not CONFIDENTIAL INFORMATION

Any information which at the time of disclosure to a receiving party is in the public domain;

Any information which, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

Any information that the receiving party can show was already known to it and was in its rightful and lawful possession at the time of disclosure;

Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION.

## NO WAIVER OF PRIVILEGE

8. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents to the producing party. Upon request by the producing party, the receiving party immediately shall return all copies of such inadvertently produced document(s). Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court.

## DISCOVERY RULES REMAIN UNCHANGED

9. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's Orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of

discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, and the deadlines set forth in the Court's Orders.

### INFORMATION DESIGNATED ATTORNEYS' EYES ONLY

10.     CONFIDENTIAL INFORMATION may be additionally designated ATTORNEYS' EYES ONLY.  The ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary financial or technical data or commercially sensitive competitive information, including, without limitation CONFIDENTIAL INFORMATION obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  Documents designated ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

a.     outside litigation counsel of record and supporting personnel employed by those attorneys as described in paragraph 13 (not including in-house counsel of a party), and

b.     technical advisers about whom the receiving party has provided notice pursuant to paragraphs 14-16 herein and who have signed the form attached hereto as Attachment A;

Except that documents produced by a party and designated ATTORNEYS' EYES ONLY and information contained therein shall also be available to up to three (3) in-house attorneys (including support staff as reasonably necessary) for each party who act in a legal capacity for that party, who have signed the form attached hereto as Attachment A, who are responsible for and/or working directly in the prosecution or defense of this action, and who, prior to any disclosure, are identified in writing to the producing party, and provide their respective qualifications, job responsibilities and title, together with the persons to whom they report..

11.     No individual, including, but not limited to outside counsel who is involved in patent prosecution for any of the parties or their related companies, or who prosecutes patents specific to the 3G technology at issue in this litigation, may view information designated as Attorneys' Eyes Only by the other party.  Any individual who gains access to ATTORNEYS'

EYES ONLY information of an opposing party may not engage in patent prosecution for any of the parties or their related companies, or prosecute patents specific to that 3G technology at issue in this litigation, until after a period of one (1) year following the conclusion of this litigation. "Patent prosecution" shall mean the preparation and filing of applications for a utility patent, responses to office actions issued by a patent office, or amendments to a pending utility patent application and any pre- or post-grant patent office proceedings including but not limited to opposition proceedings in the EPO, and reissue and reexamination proceedings in the USPTO.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION
## COUNSEL

12. Counsel for a receiving party shall have access to the producing party's information designated CONFIDENTIAL. The term "counsel" shall mean attorneys for the parties working on this litigation, including both outside and in-house counsel, and including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, independent legal translators retained to translate in connection with this action, independent shorthand reporters retained to record and transcribe testimony in connection with this action, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions, and non–technical jury or trial consulting services, including mock jurors, retained by counsel.

## TECHNICAL ADVISERS

13. Information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers. The term "technical adviser" shall mean an expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

14. Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION to a technical adviser, the receiving party shall first give written notice to the producing party. Such written notice shall include the technical adviser's resume,

curriculum vitae or other information adequate to identify the individual's current employer and employment history for the past five (5) years, including consulting relationships.

15. The producing party may object to the disclosure of the information to such technical adviser by notifying the receiving party of any objection within (five) 5 business days of receiving written notice of the receiving party's request to disclose the CONFIDENTIAL or ATTORNEYS' EYES ONLY information to a technical adviser and by filing a motion showing good cause why the information or portions thereof should not be disclosed to such person within ten (10) business days of receiving such written notice. Except by further order of this Court, no CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be disclosed to such technical adviser until after the expiration of a 10-business day period commencing with the receipt by the opposing party of such notice or, if a motion is made within that period, until the matter has been ruled upon by this Court or otherwise resolved. No disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be made to any technical adviser unless the person to whom the disclosure is to be made shall first have signed the form attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. Identification of a technical adviser under this Protective Order is not a waiver of any applicable consultant or work product privilege, and does not by itself subject the technical adviser to any discovery.

### CONTROL GROUP OF EMPLOYEES / MANAGERS / MEMBERS OF THE CORPORATE BOARD OF DIRECTORS

16. Subject to the provisions of paragraph 10 hereto, CONFIDENTIAL INFORMATION of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a receiving party to a control group of no more than two (2) individuals who are employees, managers and/or members of the corporate board of directors of such receiving party with responsibility for maintaining, defending or evaluating this litigation (and supporting personnel).

17. Should counsel for a receiving party find it necessary to maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL INFORMATION to a control group, counsel for the receiving party shall first obtain from all such individuals a signed statement, in the form attached hereto as Attachment A, stating that he

6

or she has read and understands this Order and agrees to be bound by its terms.  Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

18.     The parties shall use reasonable care when designating documents or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation with respect to any document or information contained therein.

19.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the receiving party may request that the Court cancel or modify a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

20.     Subject to paragraph 2 above, CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any other  purpose, suit, arbitration or legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

21.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL and ATTORNEYS' EYES ONLY information of which such person has prior knowledge.

Without in any way limiting the generality of the foregoing:

    a.    A present director, officer, and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL and ATTORNEYS' EYES ONLY information which has been produced by that party;

    b.    A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all CONFIDENTIAL and ATTORNEYS' EYES ONLY information of which he or she has prior knowledge, including any CONFIDENTIAL and ATTORNEYS' EYES ONLY information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

    c.    Non-parties may be examined or testify concerning any document containing CONFIDENTIAL and ATTORNEYS' EYES ONLY information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive CONFIDENTIAL and ATTORNEYS' EYES ONLY information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of CONFIDENTIAL and ATTORNEYS' EYES ONLY information disclosed during the course of the examination. In the event that such attorney declines to sign such a signed statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing CONFIDENTIAL and ATTORNEYS' EYES ONLY information.

22. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information or which contain information so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER," and a statement substantially in the following form:

This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

23. Nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL or ATTORNEYS' EYES ONLY information between or among qualified recipients

    a. By hand delivery;

    b. In sealed envelopes or containers via mail or an established freight, delivery or messenger service; or

    c. By telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

24. CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL or ATTORNEYS' EYES ONLY information for use in this litigation and such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL or ATTORNEYS' EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information,

in whatever form stored or reproduced, shall be limited to qualified recipients and used only for the purpose of this litigation subject to paragraph 2 above.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

25.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to the terms of this Protective Order.

26.     A non-party's use of this Protective Order to protect its CONFIDENTIAL or ATTORNEYS' EYES ONLY information does not entitle that non-party access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced by any other party in this case.

## MISCELLANEOUS PROVISIONS

27.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

28.     Inadvertent or unintentional production of documents or information containing CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information which are not designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

29.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each

party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody CONFIDENTIAL or ATTORNEYS' EYES ONLY information which were received from the producing party, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided, that all CONFIDENTIAL and ATTORNEYS' EYES ONLY information, not embodied in physical objects and documents, shall remain subject to this Order.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial.

      30.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

      Subject to paragraph 2 above, (a) the United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order; and (b) all disputes concerning CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced in this matter and under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.

      SIGNED this the _____ day of _____, 2006.


                                          _____

                                              United States District Court Judge

AGREED:

| | |
|---|---|
| /s/ Julia Heaney (#3052) | /s/ David E. Moore (#3983) |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| Jack B. Blumenfeld (#1014) | Richard L. Horwitz (#2246) |
| Julia Heaney (#3052) | David E. Moore (#3983) |
| 1201 N. Market Street | 1313 N. Market Street |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 658-9200 | (302) 948-6000 |
| | |
| ALSTON & BIRD LLP | FULBRIGHT & JAWORSKI LLP |
| Peter Kontio | Dan D. Davison |
| Randall L. Allen | 2200 Ross Avenue |
| Lance A. Lawson | Suite 2800 |
| William R. Hubbard | Dallas, TX 75201-2784 |
| 1201 West Peachtree Street | (214) 855-8000 |
| Atlanta, GA 30309 | |
| (404) 881-7000 | Attorneys for Defendants InterDigital Communications Corporation and InterDigital Technology Corporation |
| Attorneys for Plaintiffs Nokia Corporation and Nokia Inc. | |

CLT01/4808662v4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) C. A. No. 05-16 (JJF) ) ) ) ) ) ) ) |

**ATTACHMENT A TO THE AGREED
PROTECTIVE ORDER CONFIDENTIALITY AGREEMENT**

I, \_\_\_\_ , state:

1. I reside at \_\_\_\_ .

2. My present employer is _____ .

My present occupation or job description is _____ .

I have read the Stipulated Protective Order dated _____ 2006, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled Nokia, Inc., *et al.* v. InterDigital Communications Corporation, *et al*.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic

or clerical personnel who are required to assist me of the terms of said Order.

      6.      In accordance with paragraph thirteen (13) of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past five (5) years, including all consulting relationships.

      7.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2006.