IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION,<br><br>Defendants. | C.A. No. 05-16-JJF |

**NOKIA'S OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION OF HARRI HONKASALO AND SUBPOENA DUCES TECUM**

Plaintiffs Nokia Corp. and Nokia Inc. ("Nokia") hereby serve on Defendants InterDigital Communications Corp. and InterDigital Technology Corp. ("InterDigital") Nokia's Objections to Defendants' Notice of Deposition of Harri Honkasalo and Subpoena Duces Tecum. In making these objections, counsel for Nokia acts on behalf of Nokia as well as on behalf of Mr. Honkasalo.

**I.     OBJECTIONS TO NOTICE OF DEPOSITION**

1.     Nokia objects to InterDigital's statement that the deposition "continue from day to until completed." The deposition will be limited to one day of seven hours, pursuant to Federal Rule of Civil Procedure 30(d).

2.     Nokia objects to InterDigital's statement that the deposition "may be attended by a corporate representative of [InterDigital]" to the extent that such disclosure would violate the Agreed Protective Order. For example, documents and testimony designated "Attorney's Eyes Only" may not be disclosed to InterDigital's

corporate witness if the requirements of Paragraphs 10 and 11 of the Agreed Protective Order are not satisfied.

## II.     OBJECTIONS TO SUBPOENA DUCES TECUM

1.      Nokia and Mr. Honkasalo object to the Subpoena Duces Tecum as not being properly served.  Nokia and Mr. Honkasalo further object to the Subpoena Duces Tecum on the grounds that it does not contain information required by Federal Rule of Civil Procedure 45.  Moreover, the documents targeted by the Requests for Production in Attachment A to the alleged "subpoena" are in the possession, custody, or control of Nokia, not that of Mr. Honkasalo in his personal capacity.  Consequently, Mr. Honkasalo will not be producing any documents at his deposition.

2.      Nokia further objects to the "subpoena" as an improper attempt to circumvent the procedures of Federal Rule of Civil Procedure 34, which guarantee Nokia thirty days, i.e., until December 17, to respond to the "Requests for Production" in Attachment A.  Because Rule 34 would not require objections and responses (and thus production of documents) until *after* Mr. Honkasalo's deposition, Mr. Honkasalo will not be producing any documents at his deposition.

3.      Moreover, because Attachment A is directed to Mr. Honkasalo, Nokia does not interpret Attachment A as a document request consistent with Rule 34.  Even if it were a document request of Nokia, it is objectionable on the grounds that it is highly duplicative of discovery already served on Nokia.  Request for Production Nos. 1 through 60 listed in Attachment A are duplicative of requests for production presented in InterDigital's First Set of Requests for Production to Plaintiffs and InterDigital's Second Set of Requests for Production to Plaintiffs ("InterDigital's RFPs").  Nokia has served

objections to InterDigital's First Set of Requests for Production and will be serving objections to InterDigital's Second Set of Requests for Production on or before December 4, 2006. The remaining Requests for Production, Nos. 61 through 65, are also objectionable for the reasons stated in the Reservations of Rights and General Objections contained in Nokia's objections to InterDigital's RFPs and for the more particular grounds stated below.

**REQUEST FOR PRODUCTION NO. 61:**

All documents reflecting, referring to, or relating to "Project Stockholm[.]"

**RESPONSE:**

Nokia objects to Request No. 61 to the extent that it seeks the production of documents protected by the Attorney/Client privilege or Work Product immunity. Nokia further objects to the term "Project Stockholm" as too vague and ambiguous to respond to without guessing at InterDigital's meaning and intent.

**REQUEST FOR PRODUCTION NO. 62:**

All documents reflecting, referring to, or relating to communications with Broadcom, Texas Instruments, Ericsson, Panasonic, or NEC related [sic] essential patents.

**RESPONSE:**

Nokia objects to Request No. 62 to the extent that it seeks the production of documents protected by the Attorney/Client privilege or Work Product immunity. Nokia also objects to this request because it is overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Moreover, the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 63:**

All documents reflecting, referring to, or relating to communications with Broadcom, Texas Instruments, Ericsson, Panasonic, or NEC related to the ETSI IPR Policy.

**RESPONSE:**

Nokia objects to Request No. 63 to the extent that it seeks the production of documents protected by the Attorney/Client privilege or Work Product immunity. Nokia also objects to this request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 64:**

All documents reflecting, referring to, or relating to communications with Broadcom, Texas Instruments, Ericsson, Panasonic, or NEC related to the declaration of essential patents to ETSI.

**RESPONSE:**

Nokia objects to Request No. 64 to the extent that it seeks the production of documents protected by the Attorney/Client privilege or Work Product immunity. Nokia also objects to this request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 65:**

All documents reflecting, referring to, or relating to the Minimum Change Optimum Impact ("MCOI") proposal made to the ETSI Ad Hoc Group.

**RESPONSE:**

Nokia objects to Request No. 65 to the extent that it seeks the production of documents protected by the Attorney/Client privilege or Work Product immunity. Nokia also objects to this request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the burden or expense of the proposed discovery outweighs its likely benefit.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
Attorneys for NOKIA CORPORATION and NOKIA INC.

OF COUNSEL:

ALSTON & BIRD LLP
Peter Kontio
Randall L. Allen
Lance A. Lawson
William R. Hubbard
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7000

November 30, 2006

5

CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on November 30, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> Potter Andersoon & Corroon LLP
> rhorwitz@potteranderson.com

I also certify that copies were caused to be served on November 30, 2006 upon the following in the manner indicated:

> BY HAND AND E-MAIL
>
> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801
>
> BY FEDERAL EXPRESS AND E-MAIL
>
> Dan D. Davison
> Fulbright & Jaworski LLP
> 2200 Ross Avenue
> Suite 2800
> Dallas, TX 75201-2784

*/s/ Julia Heaney*
Julia Heaney

547636