IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOKIA CORPORATION and NOKIA, INC., | ) ) ) | C. A. No. 05-16-JJF |
| Plaintiffs, | ) ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, | ) ) ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE OF COURT TO FILE
MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: December 1, 2006
Public Version Dated: December 6, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants,
Interdigital Communications
Corporation and Interdigital Technology
Corporation*

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court's April 26, 2006 Revised Scheduling 16 Order, and comments made by the Special Master at a November 2, 2006 hearing, Defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") hereby request leave of Court to file Defendants' Motion for Summary Judgment and Brief in Support of Defendants' Motion for Summary Judgment, attached hereto at Tabs 1 and 2 respectively. *See* Revised Scheduling Order at ¶ 9 (expressly authorizing parties to seek leave to file dispositive motions before the dispositive motion date).

For the reasons explained below, and more fully set forth in the attached Brief in Support, this cause is ripe for summary judgment and therefore, there is "good cause" to grant this motion for leave. Fed. R. Civ. P. 16(b) (scheduling order can be modified upon showing of "good cause"); *see also* Fed. R. Civ. P. 56(b) (defending party may move "at any time" for summary judgment). Nokia's single remaining cause of action is foreclosed by settled law. Accordingly, the passage of time, or the opportunity for further discovery, will serve no purpose and will instead be wasteful of judicial resources and cause unnecessary substantial expense.

### RELEVANT BACKGROUND AND REASONS FOR GRANTING RELIEF REQUESTED

This case was filed by Plaintiffs Nokia Corporation and Nokia, Inc. (collectively "Nokia") on January 12, 2005. Nokia originally sought a declaratory judgment that certain claims of InterDigital's patents are invalid and that Nokia does not infringe certain claims of those patents. Complaint, 8-34 (D.I. 1). Nokia also alleged that InterDigital violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). *Id.* at 34-

35. On December 21, 2005, the Court dismissed all of Nokia's claims except its Lanham Act claim. *See* Memorandum Opinion at 13 (D.I. 25).

On June 30, 2006, pursuant to an Order by the Special Master, Nokia identified the categories of statements on which it relies for its Lanham Act allegations. Pursuant to that same Order, Nokia's list of statements supporting its Lanham Act claim is exhaustive. *See* Ex. B to Defendants' Brief in Support of Motion for Summary Judgment. (All Exhibits cited in this motion are exhibits filed in support of InterDigital's summary judgment motion.) ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Therefore, Nokia's written discovery responses contain the universe of allegedly actionable statements in this case. *See* Ex. B at 1-5, Plaintiffs' Statement Pursuant to First Discovery Order; *see also* Ex. E at 6, Plaintiffs' Supplemental Objections and Responses to Defendants' First Set of Interrogatories.

On November 2, 2006, during a hearing with the Special Master, Nokia made clear its intentions to conduct discovery on approximately 195 patents listed in InterDigital's European Telecommunications Standards Institute ("ETSI") declarations. Ex. C at 32:10-33:21, Transcript of November 2 Hearing Before the Special Master. The Special Master stated that with regard to whether those statements are actionable under the Lanham Act, "it may be prudent to brief the issue to see whether the claim, in fact, is

2

defective or not as alleged in InterDigital's papers." *Id.* at 35:23-36:8. InterDigital agrees that not only is it prudent to provide the Court with briefing, but that it would be imprudent to wait until the dispositive motion date set forth in the Revised Scheduling Order (August 5, 2007) to file the attached dispositive motion. Nothing will change between now and then other than that substantial costs will be incurred by the parties and the resources of this Court will be unnecessarily taxed. Nokia's Lanham Act claim will be just as groundless as a matter of law in August 2007, as it is now.

On November 17, 2006, InterDigital filed with this Court a Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration (D.I. 75).

Therefore, the motions presented by InterDigital provide the Court with two choices. First, the Court can stay the entire case pending arbitration of whether Nokia can use confidential information in this litigation. *See generally Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 898 (5th Cir. 2005) (defendant's filing of a dispositive summary judgment motion contemporaneously with its motion to compel arbitration did not affect district court's ability to grant motion to compel arbitration). If the Court grants the stay, after the arbitration panel determines whether Nokia can use the confidential information, Nokia will press forward its Lanham Act claim either (1) with or (2) without those documents.

InterDigital respectfully submits that an equally proper means to proceed is to consider and rule on its case dispositive motion. If the Court grants InterDigital's summary judgment motion, the arbitration will proceed because the issue to be decided is one that transcends this litigation – it will impact other ongoing litigation (discussed

3

below), but the parties will be spared the unnecessary and substantial expense of conducting discovery on 195 patents and a final judgment can be entered in this cause.

Although InterDigital believes that summary judgment on Nokia's entire Lanham Act claim is appropriate, in the unlikely event this Court were to determine that InterDigital is entitled only to partial summary judgment rather than a full and final summary judgment (*i.e.*, the Court determines that only some of the statements at issue are actionable under the Act), granting partial summary judgment at this stage of the case would save the parties and the Court a significant amount of work and substantial cost.

To be clear, there is no conflict between the relief sought in this Motion for Leave and in the previously filed Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration. The arguments set forth in InterDigital's Summary Judgment Motion are distinct from any issue to be decided by the arbitration panel. The only issue to be decided by the arbitration panel is whether Nokia can use in this litigation, and in litigation between these parties pending in the United Kingdom, certain confidential information provided by InterDigital. In contrast, the issue raised in InterDigital's Summary Judgment Motion is whether Nokia's Lanham Act claim fails as a matter of law because the statements Nokia has identified as supporting its claim are not actionable statements under the Act for one or more of the following reasons: (1) none of the statements were statements made in commercial advertising or promotion, which is an essential element of a Lanham Act claim; (2) none of the statements qualify as "commercial speech," which is also a requirement of a Lanham Act claim; (3) many of the statements are mere statements of opinion, not "representations of fact," a required

element of a Lanham Act claim; and (4) some of the statements are barred by the applicable statute of limitations.

Finally, as explained above, any argument by Nokia that it should be allowed more time to conduct discovery before answering a summary judgment motion would be futile. InterDigital's grounds for summary judgment involve questions of law that will not be affected by further discovery. *See* Brief in Support of Motion for Summary Judgment, Tab B. Additionally, this is not a nascent case. This case has been pending for almost two full years. The Court would be well within its discretion in granting this motion for leave. *See generally Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) (district court did not abuse its discretion in granting defendant's motion for summary judgment nine months after case was filed despite plaintiff's argument that discovery was ongoing).

## CONCLUSION

InterDigital therefore respectfully requests that the Court grant it leave to file the Motion for Summary Judgment and Brief in Support. InterDigital requests all other relief to which it may be entitled.

\*   \*   \*

Counsel for InterDigital conferred with counsel for Nokia on the foregoing motion and no agreement could be reached thereon. Counsel for Nokia advised InterDigital that it needed additional time to determine if it would agree to or oppose the requested relief. Given Nokia's earlier position regarding the timing of summary judgment motions, InterDigital assumes that Nokia will oppose the motion for leave to file a summary judgment at this time. Thus, the motion is presented to the Court for

determination. If Nokia subsequently advises InterDigital that it does not oppose the requested relief, InterDigital will immediately advise the Court of same.

                Respectfully submitted,

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| D. Dudley Oldham<br>Linda L. Addison<br>Richard S. Zembek<br>FULBRIGHT & JAWORSKI L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Tel: (713) 651-5151<br><br>Dan D. Davison<br>FULBRIGHT & JAWORSKI L.L.P.<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201-2784<br>Tel: (214) 855-8000<br><br>Dated: December 1, 2006<br>Public Version Dated: December 6, 2006 | By: /s/ David E. Moore<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, Delaware 19801<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Defendants,*<br>*Interdigital Communications*<br>*Corporation and Interdigital Technology*<br>*Corporation* |

765930 / 28840

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 6, 2006, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on December 6, 2006, I have Electronically Mailed the documents to the following:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com

A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

713935