IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and NOKIA,
INC.,

      Plaintiffs,

         v.

INTERDIGITAL COMMUNICATIONS
CORPORATION and INTERDIGITAL
TECHNOLOGY CORPORATION,

      Defendants.

C.A. No. 05-16-JJF

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

Attorneys for NOKIA CORPORATION and
NOKIA, INC.

OF COUNSEL:

ALSTON & BIRD LLP
Peter Kontio
Patrick Flinn
Randall Allen
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7000

December 15, 2006

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................I

NATURE AND STAGE OF THE PROCEEDING.......................................... 1

SUMMARY OF ARGUMENT ...................................................................... 1

STATEMENT OF FACTS ............................................................................. 4

ARGUMENT ................................................................................................. 5

    I.      A SUBSTANTIAL AMOUNT OF NECESSARY DISCOVERY
           REMAINS TO BE COMPLETED AND PRECLUDES INTERDIGITAL'S
           REQUEST TO FILE ITS MOTION FOR SUMMARY JUDGMENT ...............5

        A.  The So-Called Universe of Actionable Statements Is Not Complete
            Given That InterDigital Has Not Provided Full Discovery. .............................5

        B.  Substantial Relevant Discovery Remains to be Completed..............................6

        C.  InterDigital Should Not Be Rewarded For Failing to Timely Provide
            Discovery. ........................................................................................................8

    II.     INTERDIGITAL HAS NOT SHOWN GOOD CAUSE SUFFICIENT TO
           AMEND THE REVISED SCHEDULING ORDER AND ALLOW EARLY
           FILING OF ITS MOTION FOR SUMMARY JUDGMENT .............................9

        A.  The Special Master Did Not Grant "Good Cause" to InterDigital or
            Request InterDigital File a Motion for Summary Judgment. ...........................9

        B.  InterDigital's Motion for Summary Judgment Would Not Succeed at
            This Stage or Bring Early Resolution to This Case. .......................................10

CONCLUSION........................................................................................... 16

ii

## TABLE OF AUTHORITIES

### CASES

*Alston v. Parker,*
  363 F.3d 229 (3rd Cir. 2004) ............................................................................ 8

*Avon Products, Inc. v. S.C. Johnson & Son, Inc.,*
  984 F.Supp. 768 (S.D.N.Y. 1997) .................................................................... 15

*Enzo Life Sciences, Inc. v. Digene Corp.,*
  295 F.Supp.2d 424 (D. Del. 2003).................................................................... 12

*Moody v. Kearney,*
  380 F.Supp.2d 393 (D. Del. 2005)...................................................................... 8

*Ollman v. Evans,*
  750 F.2d 970 (D.C. Cir. 1984).......................................................................... 14

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.,*
  227 F.3d 489 (5th Cir. 2000) ............................................................................ 13

*Zenith Electronics Corp. v. Exzec, Inc.,*
  182 F.3d 1340 (Fed. Cir. 1999) ........................................................................ 13

**NATURE AND STAGE OF THE PROCEEDING**

On December 1, 2006, Defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") sought leave from this Court to file a motion for summary judgment (D.I. 86), eight months before the time for filing case-dispositive motions set forth in the Court's April 26, 2006 Revised Scheduling Order (the "Scheduling Order") (D.I. 51). Plaintiffs Nokia Corporation and Nokia Inc. (collectively, "Nokia") oppose InterDigital's request as a motion for summary judgment would be entirely premature at this point given: (a) the Court's well-reasoned Scheduling Order setting dispositive motions for August of next year; (b) the significant amount of relevant discovery that remains outstanding as recently recognized in Special Master Seitz's November 14, 2006 Second Discovery Order ("Second Discovery Order") (D.I. 71); and (c) the fact that InterDigital's proposed motion for summary judgment, if filed, would not be granted or allow early resolution of this action.

**SUMMARY OF ARGUMENT**

The basis for Nokia's Lanham Act claim is that InterDigital has made significant false and misleading statements that its patent portfolio is essential to the operation of so-called 3G (Third Generation) mobile telephones and that equipment manufacturers require a license from InterDigital. InterDigital's proposed motion for summary judgment apparently assumes for purposes of the motion that the many statements InterDigital made are in fact false and misleading, but nevertheless immune from this action on several legal theories. *See* Exhibit 2 to InterDigital's Motion at n. 4. InterDigital's proposed exemption from truthfulness is not supported by relevant law. Moreover, the primary argument in InterDigital's proposed motion for summary judgment, that its presently identified statements do not constitute commercial

advertising (*see* Exhibit 2 to InterDigital's Motion at p. 9), already has been made, and lost, in InterDigital's motion to dismiss. *See* InterDigital's March 15, 2005 Opening Brief in Support of Motion to Dismiss at pp. 34-35 (D.I. 11). The argument lost before, and must lose again, because all of InterDigital's statements that have been identified by Nokia (and statements that will be identified as InterDigital completes its discovery obligations) exist for the purpose of promoting InterDigital's patent portfolio and making clear that InterDigital seeks to license that portfolio to the marketplace. InterDigital's voluminous statements are plainly actionable commercial speech.

Additionally, substantial discovery remains to be completed regarding the statements InterDigital has made of which Nokia is aware, and the statements InterDigital has made of which Nokia is not yet aware. InterDigital's present Motion, along with its November 17, 2006 Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration ("Motion to Stay") (D.I. 75), is yet another attempt by InterDigital to forestall answers to previously served and ordered discovery in this case. Specifically, InterDigital's 30(b)(6) witness was instructed not to answer numerous questions regarding InterDigital's representations of essentiality and the actual essentiality of its patents. Out of the 195 U.S. patents InterDigital claims to be essential, InterDigital would only answer deposition questions and written discovery about 11 patents – of its own choosing. InterDigital has now been ordered by the Special Master to state for the first time whether it truly claims its patent portfolio is essential and explain why. *See* Second Discovery Order, ¶ 9 (D.I. 71). InterDigital has also been ordered to reappear for deposition given the numerous instructions not to answer at its

first 30(b)(6) deposition. *See* Excerpts from Transcript of October 13, 2006 Hearing Before Special Master Seitz, 93:16-24, attached hereto as Exhibit A.

Now, on the eve of being required to finally respond to written and oral discovery, InterDigital has filed both its Motion to Stay the case and its present Motion for Leave to File Motion for Summary Judgment. The fact that InterDigital would file two such contradictory motions (arguing in the present Motion that the Court has the necessary facts and authority to resolve this litigation, while arguing in the Motion to Stay that there is a discovery matter subject to arbitration that is so important to this case that the Court should defer to the arbitrator and stay the entire case) further illustrates InterDigital's desperation to avoid its remaining discovery obligations.

The remaining discovery that InterDigital seeks to avoid is material to its proposed summary judgment motion that is entirely based on Nokia's current Lanham Act allegations. These allegations were made without the benefit of full discovery from InterDigital or potential licensees of InterDigital.

Finally, InterDigital has shown no "good cause" to modify the Scheduling Order as required by Federal Rule of Civil Procedure 16(b). InterDigital argues that it satisfies good cause because it has a meritorious motion that will allow early resolution of this case. However, the motion is not meritorious and regardless, should not be ruled upon by the Court given the significant amount of relevant, remaining discovery. There would be no benefit to allowing InterDigital's early filing as it would merely further delay this matter and unnecessarily distract the parties and the Court. Consequently, Nokia requests that InterDigital's Motion for Leave to File Motion for Summary Judgment be denied.

### STATEMENT OF FACTS

On April 26, 2006, the Court issued its Scheduling Order (D.I. 51). Paragraph 9 provides that case-dispositive motions may only be filed in August 2007. During August and October 2006, both Nokia and InterDigital filed motions to compel interrogatory answers, and in October 2006 Nokia filed a motion to compel discovery after InterDigital's 30(b)(6) designee, Donald Boles, was repeatedly instructed not to answer at his deposition. Special Master Seitz partially resolved these motions in open court during the hearing on these motions and in his Second Discovery Order issued on November 14, 2006 (D.I. 71).

The Second Discovery Order, among other things, recognized that Nokia's statements "set forth in Nokia's supplemental responses represent the current state of Nokia's knowledge of the facts supporting Nokia's Lanham Act claims, ***without the benefit of complete discovery from InterDigital***." Second Discovery Order at ¶ 6 (emphasis added). The Second Discovery Order also ordered that Nokia must explain its basis for alleging that InterDigital's 3G declared patents are not essential (¶¶ 7-9), and in return, that InterDigital "must state for each patent whether the patent is 'essential' as that term 'essential' is used by ETSI, and the basis for its defense that its statements regarding essentiality are true statements." Second Discovery Order, ¶ 9. The Second Discovery Order required Nokia to provide its supplemental responses first (as it did yesterday), and InterDigital to respond in kind within thirty days (an obligation it now seeks to avoid). There is no indication from the Special Master's Second Discovery Order that discovery in this matter is complete, or anywhere near complete, and indeed, it is not complete.

The Special Master's Second Discovery Order also stated that Nokia was not entitled to discover InterDigital's statements made in promoting its patent portfolio in on-

going licensing negotiations. InterDigital argued that on-going negotiations between

InterDigital and potential licensees were shielded from discovery under Federal Rule of

Evidence 408, even though that rule deals with admissibility rather than expressly with

discovery. *See* Second Discovery Order, ¶¶ 11-12. On November 26, 2006, Nokia asked

the Special Master for reconsideration of the portion of the Second Discovery Order

related to statements made to potential license targets and for clarification regarding

certain other portions of the Second Discovery Order. InterDigital served its opposition

to reconsideration on December 13, 2006, and the Special Master has yet to rule on it.

Finally, on November 17, 2006, InterDigital filed its Motion to Stay, and filed its

present Motion for Leave to File Motion for Summary Judgment on December 1, 2006.

## ARGUMENT

**I.    A SUBSTANTIAL AMOUNT OF NECESSARY DISCOVERY REMAINS TO BE COMPLETED AND PRECLUDES INTERDIGITAL'S REQUEST TO FILE ITS MOTION FOR SUMMARY JUDGMENT**

> **A.    The So-Called Universe of Actionable Statements Is Not Complete Given That InterDigital Has Not Provided Full Discovery.**

InterDigital claims that Nokia's "written discovery responses contain the universe

of allegedly actionable statements in this case," and bases its entire proposed summary

judgment motion on arguing that those, and only those, identified statements are not

actionable. Although the question of what statements are actionable under the Lanham

Act is addressed briefly below in Part II(B) (full briefing is inappropriate given, as argued

here, that the proposed motion for summary judgment is premature), it is clear from the

Special Master's Second Discovery Order that Nokia's written statements are not

necessarily the entire universe of statements. Specifically, Special Master Seitz

recognized that "the statements set forth in Nokia's supplemental responses represent the current state of Nokia's knowledge of the facts supporting Nokia's Lanham Act claims, ***without the benefit of complete discovery from InterDigital***." Second Discovery Order at ¶ 6 (emphasis added).

The Special Master's statement is telling because it recognizes both that discovery from InterDigital is incomplete, and that this incompleteness affects the so-called universe of actionable statements. Moreover, if the Special Master reconsiders (as Nokia has requested) the matter of the on-going negotiations, or the Court eventually considers it, and Nokia is allowed to discover additional statements made to potential InterDigital customers, there may be numerous additional statements that are potentially actionable under the Lanham Act. Because InterDigital's proposed summary judgment motion teeters on the now-existing universe of statements, and that universe of statements was made without the benefit of complete discovery from InterDigital or regarding potential licensees, InterDigital's proposed summary judgment motion is premature.

### B.       Substantial Relevant Discovery Remains to be Completed.

In addition to the potential for a change in the universe of actionable statements as discovery continues, there also is a significant amount of discovery remaining regarding the falsity of the statements at issue and other issues.[1] Special Master Seitz ruled in the Second Discovery Order that "Nokia, as the plaintiff," must set forth its position related to the falsity of InterDigital's statements by December 14, 2006, and Nokia has done so. Second Discovery Order, ¶ 8. However, the Special Master did not relieve InterDigital

---

[1]       Even InterDigital admits that discovery in this matter is an involved and complicated process. *See* Original Answer and Request for Complex Designation Pursuant to Local rule 16.1 (D.I. 31) at p. 2 (arguing for complex designation given "the vast quantities of documents" to be produced by all

of its obligations to explain whether it believes the patents at issue are essential and ruled

that InterDigital must "respond in kind," to Nokia's supplemented responses within thirty

days of service, stating for each patent "whether the patent is 'essential' as that term

'essential' is used by ETSI," and the basis for the truth of such an allegation of

essentiality. *Id.* at ¶ 9. Therefore, far from finding discovery complete, Special Master

Seitz recognized that there is a substantial amount of remaining discovery.[2]

Another category of pending, material discovery involves licensing presentations

presented by InterDigital to Nokia (and produced by InterDigital in this litigation) and

Nokia's questioning of InterDigital and other witnesses regarding the same. InterDigital

claims in its Motion to Stay that the use of these presentations is controlled by a contract

between the parties and is a proper matter for arbitration. In support of its Motion to

Stay, InterDigital argues that it "is difficult to imagine how this litigation could proceed

simultaneously with the arbitration." Opening Brief in Support of Motion to Stay (D.I.

76) at p. 20. InterDigital argues on the one hand pending discovery, specifically

discovery related to the licensing presentations, is material to this litigation, and in fact so

material, that it argues the litigation cannot proceed. On the other hand, InterDigital

would have this Court believe that no discovery is necessary before considering its early

motion for summary judgment. Clearly, if the litigation should not even proceed without

resolving this discovery issue, it truly is "difficult to imagine" how this litigation could be

---

parties, "the need for substantial third party discovery" and existence of "technically complex
questions, which will necessitate expert testimony").

[2]   Nokia also is waiting for the resolution of its motion for reconsideration regarding Special
Master's Seitz's preclusion from discovery of on-going licensing statements. Nokia's
presumption is that numerous statements have been made to potential licensees, which InterDigital
seeks to shield, that will support Nokia's Lanham Act claims, either as actionable statements, or as
proof of falsity of other statements.

resolved by InterDigital's premature motion for summary judgment.  This is tactical gamesmanship that should not be countenanced by this Court.

Defendants' motions "for summary judgment [are] premature" where "[f]act discovery is not scheduled to be completed until" months into the future because "plaintiff is 'entitled to discovery before being put to [his burden of] proof.'"  *Moody v. Kearney*, 380 F.Supp.2d 393, 395 n. 4 (D. Del. 2005) (J. Robinson) (quoting *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3rd Cir. 2004)).  Nokia is entitled to discovery, especially the detailed discovery recently ordered in the Second Discovery Order, before being put to its burden of proof, and consequently, InterDigital's motion should be denied.

**C.    InterDigital Should Not Be Rewarded For Failing to Timely Provide Discovery.**

Nokia has deposed only one witness in this matter - Donald Boles as InterDigital's 30(b)(6) designee – and seeks many additional depositions before discovery is complete.  These depositions, however, have effectively been put on hold because InterDigital's initial 30(b)(6) deposition is still ongoing.  Given the frequent instructions not to answer on the basis of 30(b)(6) notice scope, Special Master Seitz ordered the deposition reconvened after service of an additional, detailed 30(b)(6) notice. *See* Exhibit A at 93:16-24.  Although the notice of the reconvened 30(b)(6) deposition was served on InterDigital on October 23, 2006, in the nearly two months since then, InterDigital has refused to confirm a date for the continuation of the deposition.  In fact, InterDigital has represented to Nokia that it will not provide Mr. Boles for the continued deposition until *after* its statements pursuant to the Second Discovery Order (statements it is currently seeking to avoid through its motion for stay) are filed in mid-January 2007.

It is both unfair, and improper, for InterDigital to refuse to provide discovery and then to seek leave of this court to move for summary judgment, arguing that there has been sufficient discovery to resolve this matter.  Given that InterDigital has precluded the completion of depositions in this matter and that, as described above, InterDigital has provided written discovery responses for only 11 of the 195 patents at issue in this matter, it should not now be rewarded with an early motion for summary judgment.

## II.    INTERDIGITAL HAS NOT SHOWN GOOD CAUSE SUFFICIENT TO AMEND THE REVISED SCHEDULING ORDER AND ALLOW EARLY FILING OF ITS MOTION FOR SUMMARY JUDGMENT

### A.    The Special Master Did Not Grant "Good Cause" to InterDigital or Request InterDigital File a Motion for Summary Judgment.

Federal Rule of Civil Procedure 16(b) provides that scheduling orders shall "not be modified except upon a showing of good cause …"

InterDigital cites a comment from the Special Master at a November 2, 2006 hearing to give the impression that good cause exists for the early filing of InterDigital's motion for summary judgment.  *See* Exhibit C, attached to Exhibit 2, to InterDigital's Motion.  The Special Master's statement, however, was in the context of a much more limited issue - whether a certain fact versus opinion argument had previously been raised in InterDigital's Motion to Dismiss.  The Special Master's entire statement was:

> I would ask both of you to follow up for me on the [opinion] issue of whether or not that issue was considered by Judge Farnan when he denied the motion to dismiss.  And the reason I think it's important is because if it wasn't before him it may be prudent - and I'm not going to stop discovery while we do this - but it may be prudent to brief the [opinion] issue to see whether the claim, in fact, is defective or not as alleged in InterDigital's papers.

*Id*. at 35:24 to 36:8.

The requested follow up was provided to Special Master Seitz in a November 8, 2006 letter from InterDigital, a November 9, 2006 response from Nokia, and a November 10, 2006 reply from InterDigital. *See* letters, without exhibits, attached hereto as Exhibit B (the November 10, 2006 letter is misdated on its first page as November 8, 2006). Despite his request for this follow up, the Special Master took no action and made no recommendations following the submissions. Special Master Seitz's statements at the November 2, 2006 hearing and the following letters were clearly limited to one issue and are far from even suggesting, much less a finding of, good cause to file an early motion for summary judgment without the benefit of discovery.

**B.    InterDigital's Motion for Summary Judgment Would Not Succeed at This Stage or Bring Early Resolution to This Case.**

InterDigital argues that it has good cause to file its motion for summary judgment eight months early because its proposed motion has merit and will resolve the case quickly.  InterDigital's proposed motion for summary judgment, however, is without merit and will not resolve this action.  As described above in Part I, the unresolved discovery issues would prevent the Court from ruling on the motion for summary judgment even if the Court granted leave for early filing.  Moreover, the motion for summary judgment, even taken at this early stage, would be defeated by Nokia. Although full briefing of the arguments raised in the proposed summary judgment motion is inappropriate in this response to InterDigital's Motion for Leave to File its Motion for Summary Judgment, Nokia previews here the flaws in InterDigital's arguments.

**1.    InterDigital's Statements Do Propose Commercial Transactions.**

InterDigital argues that the statements Nokia has already identified in discovery are not commercial advertising that propose commercial transactions.  As an initial point,

this argument has been brought, and lost, before in this case.  *See* InterDigital's March 15, 2005 Opening Brief in Support of Motion to Dismiss at pp. 34-35 (D.I. 11).  It is hardly surprising that InterDigital, a company that, unlike Nokia, does not actually produce any real products and must rely on licensing its intellectual property for income, makes numerous commercial advertising statements touting the breadth of its intellectual property portfolio and proposing licensing transactions related to the same.

Moreover,  InterDigital ignores the fact that its ETSI declarations include a promise to license its declared patents on fair, reasonable, and non-discriminatory terms ("FRAND").  *See* ¶ 6.1 in the ETSI Intellectual Property Rights Policy, attached hereto as Exhibit C, at p. 20.  Additionally, InterDigital's statements in press releases boasting about its essential patents often appear immediately after the announcement of new licenses granted by InterDigital.  Consequently, the context of those announcements clearly suggests that InterDigital is proposing a transaction in licensing its intellectual property.  Licenses to its patents are the only products InterDigital sells.  InterDigital's statements are clearly calculated to maximize the sales of its wares.

Thus, InterDigital's proposed summary judgment motion would not succeed.

2.      InterDigital's Securities Statements Are Actionable.

InterDigital argues that its public statements pursuant to Securities and Exchange Commission ("SEC") regulations are not actionable because they are compelled statements.  InterDigital curiously cites to cases involving Food and Drug Administration petitions, product recall notices, and submission of an academic research proposal to a government funding agency.  Here, InterDigital's SEC statements were not merely made to the government to petition some action or seek some benefit, but are statements directed to the investing public and to potential licensees.  These statements are different

in kind from those cited by InterDigital and notably, InterDigital cites to no cases holding

that public SEC filings, directed towards and intended to inform the public, are not

actionable under the Lanham Act.  Moreover, even if InterDigital's SEC filings are taken

as compulsory, further discovery is required to determine whether InterDigital's inclusion

of statements about its essential patents was a matter of choice or, as InterDigital implies,

a government mandate.

3.      As This Court Has Held, Statements in Press Releases Can
        be Actionable Under the Lanham Act.

InterDigital claims that statements to the press about patents are not actionable,

but cites *Enzo Life Sciences, Inc. v. Digene Corp.*, 295 F.Supp.2d 424, 428 (D. Del. 2003)

(J. Farnan), a decision where this Court allowed a Lanham Act claim to proceed based on

statements made in press releases.  According to this Court, the Lanham Act claim could

proceed because the releases "were commercial speech," the parties were "competitors,

[and the statements] were disseminated sufficiently to the relevant public."  InterDigital

attempts to distinguish *Enzo* by claiming the content in InterDigital's releases was less

patent specific.  InterDigital, however, cannot escape this Court's prior holding that press

releases can be actionable under the Lanham Act.  At a minimum, additional discovery is

needed to determine if the press statements in this action were made, and received, in a

similar way as the actionable statements at issue in the *Enzo* case.

4.      InterDigital Misrepresents the Opinion Versus Fact
        Distinction.

InterDigital argues that many of its statements are merely non-actionable opinions

and attempts to define opinions strictly as statements that cannot be proven.

InterDigital's argument, however, overstates the opinion determination in Lanham Act

jurisprudence.  Courts regularly allow Lanham Act claims on marketplace statements

about patents even when the statements are something other than statements that strictly can be proven as fact. For example, in *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999), the Federal Circuit found that statements that a patent could not be designed around were actionable even though such statements were "nearly impossible to confirm *a priori*." Given that the statements in *Zenith* still were Lanham Act actionable despite the fact they were nearly impossible to confirm, it is clear that InterDigital's strained reading of the law can at best be characterized as an overstatement.

More specifically, the fact versus opinion cases cited by InterDigital focus on opinion statements that are clear puffery or were made in such a way that it was clear to the recipients that the statements were opinion and therefore would not be relied upon. For example, in one case cited by InterDigital, *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, the Fifth Circuit overturned a jury verdict for Pizza Hut because in Papa John's advertising slogan "Better Ingredients. Better Pizza," each "half of the slogan amounts to little more than an ***exaggerated opinion of superiority that no consumer would be justified in relying upon***." 227 F.3d 489, 499 (5th Cir. 2000) (emphasis added). InterDigital's ETSI statements, however, are an entirely different type of statement on which InterDigital fully intended recipients to rely – to InterDigital's economic benefit. InterDigital has declared to ETSI for publication to the world marketplace that it is essential for any manufacturer of 3G telecommunication equipment to utilize the technology captured by InterDigital's vast portfolio. InterDigital is not simply claiming that it has some interesting patents, it is informing the global market place that they cannot proceed in the 3G realm with out first stopping to pay a toll to InterDigital. Hardly, "Better Pizza."

14

Finally, the fact versus opinion analysis is one that requires additional discovery. For example, one test for opinion versus fact that originally arose in a defamation setting, but has been cited in Lanham Act cases, requires the fact finder to: (1) analyze the common usage or meaning of the statement; (2) decide the verifiability of the challenged statement; (3) examine the challenged statement in the context of the writing or speech as a whole; and (4) consider the broader social context in which the statement fits. *Ollman v. Evans*, 750 F.2d 970, 979 (D.C. Cir. 1984) (cited in *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914 (3rd Cir. 1990)). At a minimum, how InterDigital's statements were made and received is a fact issue and yet another reason to conduct discovery rather than allowing a premature motion for summary judgment.

    5.    InterDigital's Licensing Presentations to the Relevant
          Industry May Constitute Commercial Advertising.

InterDigital argues in its proposed summary judgment motion that presentations made to Nokia during licensing negotiations are not actionable under the Lanham Act. Nokia has sought to establish throughout discovery whether InterDigital widely disseminated statements the same as or similar to the licensing presentations InterDigital shared with Nokia. InterDigital, however, has refused to provide licensing presentations it made to other potential licensees, and, consequently, a fact issue remains regarding dissemination of these statements.

This fact issue is material because licensing presentations, if given to multiple licensees, may be considered commercial advertising actionable under the Lanham Act. *See Avon Products, Inc. v. S.C. Johnson & Son, Inc.*, 984 F.Supp. 768, 795 (S.D.N.Y. 1997) (treating dissemination of information as a fact issue because "level of dissemination required to constitute advertising and promotion will vary from industry to

industry and case to case" and holding that, on the facts of the particular industry at issue, distribution of 100 defamatory lists was sufficient to state false advertising claim even where target audience was in the millions). Therefore, licensing presentations and dissemination of the same are yet another area where significant fact issue discovery remains before summary judgment could be appropriate.

      6.      InterDigital Ignores Statute of Limitations Tolling and Continuing Offense Arguments.

Finally, InterDigital claims that certain of its statements are non-actionable because they were made more than three years before this case was filed. InterDigital fails to consider whether the statements were incorporated again in later statements, or whether the statements were continuing, such that the statute of limitations would not begin to run until a later date. InterDigital also fails to consider when the harm arising from these statements occurred and whether that harm, or Nokia's discovery of the same, tolled the statute of limitations. The matters of reincorporation, continuing wrong, or late-discovered harm are, at a minimum, additional matters of fact about which discovery is required before summary judgment could be appropriate.

16

## CONCLUSION

For the foregoing reasons, Nokia respectfully requests that this Court deny InterDigital's Motion for Leave to File Motion for Summary Judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
OF COUNSEL:                          Wilmington, DE 19801
(302) 658-9200
ALSTON & BIRD LLP                    jheaney@mnat.com
Peter Kontio
Patrick Flinn                        Attorneys for NOKIA CORPORATION and
Randall Allen                        NOKIA, INC.
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7000

December 15, 2006
549306

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on December 15, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> Potter Andersoon & Corroon LLP
> rhorwitz@potteranderson.com

I also certify that copies were caused to be served on December 15, 2006 upon the following in the manner indicated:

> BY HAND AND E-MAIL
>
> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801
>
> BY FEDERAL EXPRESS AND E-MAIL
>
> Dan D. Davison
> Fulbright & Jaworski LLP
> 2200 Ross Avenue
> Suite 2800
> Dallas, TX 75201-2784

> */s/   Julia Heaney*
> Julia Heaney