# EXHIBIT A

# REDACTED

# EXHIBIT B

# REDACTED

# EXHIBIT C

REDACTED

# EXHIBIT D

Case 1:05-cv-00016-JJF   Document 100-2   Filed 12/22/2006   Page 7 of 16

# REDACTED

# EXHIBIT E

```
                                                              1


              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE


     NOKIA CORPORATION and     )
     NOKIA, INC.,              )
                               )
              Plaintiffs,      )
                               ) C.A. No. 05-16-JJF
     v.                        )
                               )
     INTERDIGITAL              )
     COMMUNICATIONS CORPORATION)
     and INTERDIGITAL          )
     TECHNOLOGY CORPORATION,   )
                               )
              Defendants.      )




                    Wednesday, March 1, 2006
                    4:35 p.m.
                    Courtroom 4B


                    844 King Street
                    Wilmington, Delaware


     BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
             United States District Court Judge



     APPEARANCES:



                MORRIS, NICHOLS, ARSHT & TUNNELL
                BY:  KAREN JACOBS LOUDEN, ESQ.

                       -and-

                ALSTON & BIRD, LLP
                BY:  PATRICK J. FLINN, ESQ.
                BY:  LANCE A. LAWSON, ESQ.
```

13

```
1                THE COURT:  Sure.
2                MR. DAVISON:  Where I see, Your
3    Honor, the major areas of disagreement are with
4    the deadline to amend the need for a Markman
5    hearing, the completion of document production,
6    and then, lastly, the summary judgment date.
7                With regard to the amendment,
8    counsel, I think, was up front in that when she
9    talked about the reason they want to have the
10   amendment date 30 days before the close of
11   discovery is because the license agreement
12   between my client and Nokia expires at the end of
13   '06.  As the Court is aware, they've originally
14   brought 18 declaratory judgment causes of action
15   for invalidity and infringement, which this Court
16   dismissed.  Leaving only one Lanham Act claim.
17               What we believe is, quite frankly,
18   going to -- overarching some of our differences
19   is their attempt to have a redo of this Court's
20   ruling come January.  They want the ability to
21   come in on or before, between the 1st of January
22   and the 15th of January to file a motion to amend
23   their pleadings to reassert declaratory actions
24   this Court dismissed 30 days before the discovery
```

14

```
 1   cut-off.
 2               We don't believe that, one, they
 3   would have standing.  But, two, we don't believe
 4   that that's appropriate.
 5               Our proposed amendment date is early
 6   in the fall.  That's after there have been
 7   depositions, completion of document or
 8   substantial document completion.
 9               And yet would allow either party, if
10   we were to amend and add new claims, or if they
11   were to amend and add new claims, still allows
12   four months for substantive discovery prior to
13   the completion of discovery.
14               The possibility, in fact, I think
15   the telegraphed reality of Nokia attempting to
16   rebring in 18 declaratory judgment causes of
17   action 30 days before the discovery cut-off makes
18   that amendment date unworkable.
19               With regard to the Markman hearing,
20   we believe that the case law, Your Honor, is
21   clear that there is no need for a Markman
22   hearing.  And we realize that this issue was not
23   briefed in any of the pleadings that were before
24   the Court, with the exception of it was addressed
```

37

```
 1   understand --
 2              THE COURT:  But I bet you've tried a
 3   couple patent cases.
 4              MR. DAVISON:  I have tried a couple,
 5   Your Honor.
 6              THE COURT:  I suspect that's why you
 7   may be retained.  I don't know.
 8              MR. DAVISON:  I'm just a good trial
 9   lawyer.  I'm just a good trial lawyer that was in
10   the arbitration, Your Honor.
11              THE COURT:  Oh, yeah.  But any way,
12   here's the thing you've got.  You know, when you
13   hear that background, --
14              MR. DAVISON:  Yes, sir.
15              THE COURT:  -- it kind of makes you
16   just want to wait until December 31st of 2006,
17   when you're the judge, because I could do a
18   little bit of work between now and December 31st
19   and have, which I think you both recognize.
20              But with different perspective, have
21   a different case on January 1 of 2007 if only by
22   motion.
23              MR. DAVISON:  Maybe or maybe not.
24              THE COURT:  Yeah.
```

38

```
 1                MR. DAVISON:  But I don't know that
 2     I entirely agree.
 3                THE COURT:  No.  And --
 4                MR. DAVISON:  Yes, Your Honor.
 5                THE COURT:  But it could be is what
 6     I'm saying.  But it wouldn't be, in any way, cast
 7     in stone even then.  It would be by motion.
 8                Folks would be -- and this is not
 9     meant to be perjorative posturing -- by motion,
10     to get the case where it made some business sense
11     to their side of the case.
12                MR. DAVISON:  Your Honor --
13                THE COURT:  Now, you know, the
14     vengeful way to attack this is, if you're a
15     judge, is tell you you're in the Eastern District
16     of Virginia, and this case is going to trial in
17     August and work out your schedule.  But as I've
18     gotten older, I've tried to hold back my
19     vengeance.
20                And I know that you do have serious
21     legal positions today that you want to put forth.
22     And maybe the least vengeful thing to do is to
23     let Interdigital move ahead like it wants to with
24     the huge warning that I'm kind of thinking on
```

                                                              39

 1    January 1 a declaratory judgment action, since I
 2    have you both here and kind of got to know you
 3    since last January, wouldn't be a bad thing.
 4              Without -- you know, it's kind of,
 5    like, not even a tentative ruling.  It's just
 6    kind of like a persuasion I might entertain,
 7    because you want to make sense out of this.
 8              But you don't want to spin your
 9    wheels, as a judge.  I'm being very selfish.
10              I'm looking at it from -- you know,
11    I've got patent cases.  I've got, like, serious
12    first amendment cases, and I'd like to work on
13    rewriting that amendment a little bit.
14              I've got some serious anti-trust
15    cases going on.  So I don't know where to be,
16    which doesn't hurt you and disadvantage you, and
17    yet gives some consideration to my time and
18    abilities, you know, to deal with you.
19              And, again, I say this, you know,
20    without in any way, you know, trying to be
21    clever, or nasty, or anything like that.  But if
22    you really want to keep going at each other, and
23    that would basically be in Interdigital's
24    bailiwick to move the thing, kind of to move the

```
1    case along, kind of like the way you've
2    discussed, and to tell Nokia that I'm probably
3    going to be sympathetic to when your license
4    expires, what you may want to bring, again, is to
5    set some discovery, appoint a Special Master, and
6    let you have at each other for some period of
7    time.  And then talk to you, like, October of
8    2006 to see where you are.
9              And if you're still on a head-on
10   collision start telling you that the case is
11   going to have a different complexion, at least by
12   motion practice, for the last part of 2006 and
13   the early part of 2007.  And that would keep me
14   from being too stressed, and would keep you from
15   being too stressed with your client.
16             But if that's not the case, tell me
17   why.  And I'll take you first.
18             MR. DAVISON:  I appreciate that,
19   Your Honor.
20             We certainly don't want to stress
21   the Court, and we don't want to stress ourselves
22   or Mr. Flinn.  But what I do think the prudent
23   course and what I hear -- what I think I hear the
24   Court saying is, Let's move forward on the case
```