# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOKIA CORPORATION and | ) | |
| NOKIA, INC., | ) | C. A. No. 05-16-JJF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| INTERDIGITAL COMMUNICATIONS | ) | **PUBLIC VERSION** |
| CORPORATION and INTERDIGITAL | ) | |
| TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION PENDING COMPLETION OF ARBITRATION

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants,*
*InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

Dated: December 20, 2006
Public Version Dated: December 28, 2006
769622/28840

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ................................................................................................... 1

ARGUMENT.......................................................................................................... 4

      I.      INTERDIGITAL'S REQUESTS FOR RELIEF ARE
            CONSISTENT ....................................................................................... 4

      II.     INTERDIGITAL IS ENTITLED TO A COMPLETE STAY
            UNDER SECTION 3 ............................................................................. 7

            A.     The Court Would Be Well Within its Discretion to Order a
                  Complete Stay.............................................................................. 7

            B.     Nokia's No Stay Argument Is Untenable ..................................... 10

      III.    INTERDIGITAL'S PRODUCTION OF "DISCOVERY
            VERSIONS" OF THE CONFIDENTIAL PRESENTATIONS
            DOES NOT IMPAIR ITS RIGHT TO DEMAND ARBITRATION...... 13

CONCLUSION...................................................................................................... 15

i

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*CTF Hotel Holdings, Inc. v. Marriott Intern'l, Corp.,*
381 F.3d 131 (3d Cir. 2004)..............................................................10, 11

*Cybertek, Inc. v. Bentley Sys., Inc.,*
182 F. Supp. 2d 864 (D. Neb. 2002).........................................................7

*Digene Corp. v. Ventana Med. Sys., Inc.,*
316 F. Supp. 2d 174 (D. Del. 2004).........................................................7

*Enzo Life Scis., Inc. v. Digene Corp.,*
295 F. Supp. 2d 424 (D. Del. 2003).........................................................8

*Genesco, Inc. v. T. Kakiuchi & Co.,*
815 F.2d 840 (2d Cir. 1987).....................................................................8

*Keytrade USA, Inc. v. Ain Temouchent M/V,*
404 F.3d 891 (5th Cir. 2005) ...................................................................4

*Professional Sound Servs., Inc. v. Guzzi,*
159 Fed. App'x 270 (2d Cir. 2005) ........................................................10

*United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.,*
46 F. App'x 412 (9th Cir. 2002)...............................................................7

*Zenith Elecs. Corp. v. Exzec, Inc.,*
182 F.3d 1340 (Fed. Cir. 1999).................................................................8

**STATUTES**

9 U.S.C. § 3................................................................................... *passim*

Defendants InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital") file their Reply to Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration (hereafter "Plaintiffs' Opp.") to demonstrate that they are entitled to all the relief sought in the Motion to Compel, including a complete stay of the litigation pending completion of the pending ICC arbitration. Alternatively, for the reasons set forth below, the Court can grant InterDigital's Motion for Leave to File Summary Judgment and grant InterDigital's Motion for Summary Judgment, which would obviate the need for any stay in this case.[1]

## INTRODUCTION

Nokia's Opposition focuses largely on the scope of the stay the Court should grant while the arbitration proceeds. Nokia even argues that no stay should issue. Nokia's arguments are without merit.

***Nokia's arguments for a limited stay are without merit.*** First, Nokia argues that InterDigital has been inconsistent about whether it wants a stay of all or part of the case. *E.g.*, Plaintiffs' Opp. at 3, 6-7, 9.[2] InterDigital's request for a complete stay from this

---

[1] After InterDigital filed its Motion to Compel, the Special Master issued an Order staying discovery related to the Confidential Presentations pending resolution of arbitration proceedings. Exhibit 1 at 12 hereto. Discovery, however, including depositions, continues to proceed forward in light of the Court's February 15, 2007 discovery cut-off.

[2] Nokia misstates the sequence of events. It argues that after obtaining relief from the Special Master on its motion for stay, InterDigital "changed course" by seeking an expanded stay. Plaintiffs' Opp. at 6-7. InterDigital filed its Motion to Compel Arbitration on November 17, 2006. The Special Master issued his Decision on Plaintiffs' Motion for Declaration That Documents Are Discoverable and Defendants' Cross Motion to Stay Discovery pending Resolution of Arbitration Proceedings (hereafter "Special Master's Decision") on December 1, 2006.

Court is appropriate now that Nokia is seeking to use Confidential Presentations[3] to "justify" discovery of all of InterDigital's private licensing negotiations.

Second, Nokia presumes that InterDigital is trying to frustrate its efforts to amend its Complaint. *E.g.*, Plaintiffs' Opp. at 11. This is not true. Nokia can move to amend its Complaint at any time and has been free to do so for many months. That Nokia has not sought to amend its Complaint as of today is telling. That Nokia evidently plans to seek leave to amend its Complaint on the eve of the January 15, 2007 deadline is a problem of its own making, which cannot be laid at InterDigital's door. Relatedly, Nokia also argues it will be prejudiced by a full stay of the case pending resolution of the ICC arbitration. Every opponent to arbitration could make the same argument. Arbitration means that a party, who after agreeing to arbitrate its disputes later decides it prefers to litigate, is denied that right. Nokia's prejudice argument is therefore baseless. Conversely, if a complete stay of the litigation is denied, InterDigital will be prejudiced far greater than any possible prejudice to Nokia associated with a grant of the requested stay.

Third, Nokia argues that because the stay provided in the Federal Arbitration Act ("FAA") applies to "suits actually premised upon an arbitrable issue," and because the arbitrable issue here concerns only Nokia's ability to use the Confidential Presentations in the litigation, the requested stay should be denied. Plaintiffs' Opp. at 2, 8-9. However, Nokia simultaneously argues that the Confidential Presentations prove the elements of its Lanham Act claim. *Id.* at 5, 7. This is exactly why a stay is appropriate. Nokia cannot have it both ways. According to Nokia and its discovery responses to date, its Lanham Act claim is premised in part on the Confidential Presentations and the issue of whether

---

[3] "Confidential Presentations" refers to the Power Point presentations made by InterDigital to Nokia in confidential licensing negotiations during 2002 and 2003.

Nokia can rely on those Presentations as a basis of its claim (and alleged damages) must be decided in arbitration pursuant to the parties' broad arbitration agreement and the plain language of Section 3 of the FAA.

Nokia's efforts to fold in merits-related arguments by previewing its Lanham Act claim (*e.g.*, Plaintiffs' Opp. at 3-5), misses the point. Whether Nokia's Lanham Act claim has strength or not (*see* Defendants' Motion for Summary Judgment as to why it does not) is irrelevant to arbitrability.

***Nokia's argument for no stay is without merit.*** Nokia's argument that InterDigital is not entitled to any stay while the arbitration proceeds (Plaintiffs' Opp. at 2, 12), is based on case law addressing a district court's inherent powers. InterDigital has not invoked the Court's inherent powers in seeking the stay (although the Court certainly can invoke its inherent powers and stay the entire case on that basis). Rather, InterDigital is relying on Section 3 of the FAA.

***Nokia's arguments against arbitration also fail.*** While Nokia's Opposition is almost entirely devoted to the issue of whether a stay should issue, and if so the scope of that stay, Nokia does advance one argument pertaining to arbitrability. Nokia argues that by producing "Discovery Versions" of the Confidential Presentations, InterDigital sacrificed the right to demand arbitration. Plaintiffs' Opp. at 3, 6-7, 13-15. As discussed below, the Special Master has already rejected this precise argument, and rightly so.[4]

---

[4] Nokia does not dispute the strong presumption in favor of arbitrability, arbitration's favored status, or that the parties agreed to a broad arbitration clause. Nokia describes the contract containing the arbitration provision as the "so-called 'Master Agreement.'" Plaintiffs' Opp. at 1. To the extent this label is meant to be pejorative, InterDigital would merely note for the Court that the contract is titled "Master Agreement."

## ARGUMENT

### I.    INTERDIGITAL'S REQUESTS FOR RELIEF ARE CONSISTENT

Nokia has confused the issue about the relief that InterDigital is seeking. InterDigital currently has two motions pending before the Court: (1) Motion to Compel Arbitration and Stay Litigation Pending Completion of the Arbitration and (2) Motion for Leave to File Summary Judgment Motion. The motions are not related although a ruling on either may, as a practical matter, impact the other. In the latter Motion, InterDigital outlined for the Court the procedural choices available to it in light of the pending motions, making clear that there was no inconsistency in InterDigital's position. Specifically, the first option available to the Court is for the Court to consider and rule on InterDigital's motion for summary judgment. If the Court ultimately grants InterDigital's summary judgment motion, the arbitration will still proceed because the issue to be decided is one that transcends this litigation – it will impact the parties' United Kingdom litigation, but the parties will be spared the unnecessary and substantial expense of conducting discovery on 195 patents and a final judgment can be entered in this cause.

A second option is for the Court to stay the entire case pending the ICC arbitrators' decision whether Nokia can use the Confidential Presentations in this litigation. *See generally Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 898 (5th Cir. 2005) (defendant's filing of a dispositive summary judgment motion contemporaneously with its motion to compel arbitration did not affect district court's ability to grant motion to compel arbitration). If the Court grants the stay, after the arbitration panel determines whether Nokia can use the confidential information, Nokia will press forward its Lanham Act claim either (1) with or (2) without the Confidential Presentations.

To be absolutely clear, the arguments set forth in InterDigital's Summary Judgment Motion are distinct from any issue to be decided by the arbitration panel. The only issue to be decided by the arbitration panel is whether Nokia can use in this litigation, and in litigation between these parties pending in the United Kingdom, certain confidential licensing information provided by InterDigital to Nokia. In contrast, the issue raised in InterDigital's Summary Judgment Motion is whether Nokia's Lanham Act claim fails as a matter of law because each and every statement Nokia has identified as supporting its claim is not actionable under the Act for one or more of the following reasons: (1) none of the statements were statements made in commercial advertising or promotion, which is an essential element of a Lanham Act claim; (2) none of the statements qualify as "commercial speech," which is also a requirement of a Lanham Act claim; (3) many of the statements are mere statements of opinion, not "representations of fact," a required element of a Lanham Act claim; and (4) some of the statements are barred by the applicable statute of limitations.

A third option, advocated by Nokia, is to have the litigation and the arbitration proceed simultaneously. Nokia argues that this course is required because, among other reasons, InterDigital's argument to the Special Master is supposedly inconsistent with the relief InterDigital seeks now. The relief InterDigital seeks from the Court now and the relief it sought from the Special Master are appropriate in their respective contexts and not inconsistent. InterDigital sought from Special Master Seitz a limited stay of discovery related to the Confidential Presentations pending an executive meeting between principals of InterDigital and Nokia under the Master Agreement and its prompt filing of a Motion to Compel Arbitration if that meeting failed to resolve the proposed use of the

Confidential Presentations. The narrowly tailored relief sought from the Special Master was so that the required meeting could occur without a change in the status quo and so that the Court could consider the broader implications of Nokia's actions in seeking to use confidential documents it is contractually prohibited from using. ███████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████ Exhibit 2 hereto.

On November 14, 2006, Special Master Seitz issued his Second Discovery Order. Exhibit 3 hereto. In Nokia's November 29 request that the Special Master reconsider his Second Discovery Order, Nokia states:



Exhibit 2 (emphasis added). Therefore, based on the Confidential Presentations and Nokia's "assumptions," it now seeks to expand discovery into areas (InterDigital's private confidential negotiations with non-parties) which it otherwise would never be entitled to know or explore. So not only is the relief InterDigital now seeks from the Court consistent with the powers and authority of the Court, the facts have changed and now Nokia seeks to discover otherwise irrelevant documents based on Nokia's suspicions which flow from the two confidential documents presented to Nokia. A stay of the entire proceeding is now appropriate until the ICC arbitration panel determines if Nokia is entitled to use the Confidential Presentations.

## II.    INTERDIGITAL IS ENTITLED TO A COMPLETE STAY UNDER SECTION 3

### A.    The Court Would Be Well Within its Discretion to Order a Complete Stay

Nokia begins its argument by attacking a straw man.  InterDigital never argued that the FAA "mandates" a stay of the entire case.  Plaintiffs' Opp. at 8.  Rather, InterDigital very plainly argued that the Court would be well within its discretion in staying the entire litigation pending completion of the arbitration.  Brief in Support of Motion to Compel at 19-20.  The cases cited by InterDigital demonstrate that it is not necessary for the arbitrated issue to be case dispositive for a stay of the entire litigation to be appropriate.  Rather, the decision axis is whether a complete stay of the litigation pending arbitration would facilitate judicial economy.  *E.g.*, *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412  (9th Cir. 2002); *Digene Corp. v. Ventana Med. Sys., Inc.*, 316 F. Supp. 2d 174, 185 (D. Del. 2004) (because results of arbitrable claims would "be relevant" to nonarbitrable disputes, proceeding stayed to further judicial economy); *Cybertek, Inc. v. Bentley Sys., Inc.*, 182 F. Supp. 2d 864, 871-72 (D. Neb. 2002) ("Section 3 also is broad enough to permit the stay of an entire action even though ***only some of the issues*** in the lawsuit are referable to arbitration" and also noting that "it is within the court's inherent power to grant a stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.") (emphasis added).

In *Digene*, plaintiff sued two defendants for patent infringement.  Both defendants moved to compel arbitration.  Judge Jordan found that one defendant had sustained its burden of proving a right to arbitrate the plaintiff's claims and that the other defendant had not.  316 F. Supp. 2d at 183.  Nonetheless, Judge Jordan stayed the entire case

pending arbitration, reasoning that "information presented and conclusions reached at the arbitration" would "be relevant" to the plaintiff's patent infringement claim against the defendant who had no right to arbitration. *Id.* at 185. The same reasoning applies here. Whether Nokia can use the Confidential Presentations, or not, are "information" and "conclusions" that are at least relevant to Nokia's Lanham Act claim. Under Nokia's own characterization of its case, the Confidential Presentations are "powerful" evidence. Plaintiffs' Opp. at 9; *see also id.* at 5 (claiming that the Confidential Presentations are relevant to Nokia's claim that InterDigital acted in bad faith, an essential element of Nokia's Lanham Act claim).[5]

Nokia's case authorities do not advance its argument. For example, in *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840 (2d Cir. 1987), the district court granted defendants' motion to compel two of the five pleaded claims to arbitration and refused to stay the litigation pending completion of the arbitration. *Id.* at 844. The Second Circuit held that more of the claims pleaded by plaintiff were arbitrable, but not all. On the scope of the stay, the Second Circuit remanded the issue to the district court, confirming that this is an issue that rests squarely in the court's discretion. *Id.* at 856.

---

[5] To establish a claim under Subsection (B) of the Lanham Act, Nokia must prove each of the following elements: (1) the defendant made a false or misleading statement of fact in commercial advertising or promotion about the plaintiff's goods or services; (2) the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant caused the statement to enter interstate commerce; and (5) the statement results in actual or probable injury to the plaintiff. *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348 (Fed. Cir. 1999). When, as here, a plaintiff's claim under Section 43(a) of the Lanham Act is based on a defendant's alleged misrepresentations regarding the scope of its patents and the applicability of its patents to the plaintiff's products, the plaintiff must prove a sixth element – that the defendant made the alleged misrepresentations in "bad faith." *Id.* at 1353; *Enzo Life Scis., Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 427 (D. Del. 2003).

The Court also need not linger long over Nokia's distinction between a "claim" and an "issue." Plaintiffs' Opp. at 8 (arguing that Section 3's mandatory stay applies only to arbitrable claims). The law is settled that if "any issue" is referable to arbitration, a stay of the litigation on that *issue* must be ordered. The statute's plain wording refers to "any issue" and does not contain the word "claim." 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States *upon any issue referable* to arbitration under an agreement in writing for such arbitration, *the court . . . shall on application of one of the parties stay the trial . . . .*") (emphasis added).

Nokia's efforts to distance itself from the position it took in its dispute with Qualcomm (Plaintiffs' Opp. at 11), should not be countenanced. Although it is true that Nokia argued in *Qualcomm* that its affirmative defenses were arbitrable, and the issue in this case concerns whether Nokia can use certain evidence to support its claims for affirmative relief, that factual distinction is one that makes no difference. As Nokia has previously recognized:

> Section 3 of the FAA mandates that courts stay actions to the extent they implicate arbitrable issues . . . Once an issue referable to arbitration is identified, *courts are obligated to grant a stay of all litigation implicating the arbitrable issue*.

Ex. K at 19-20 (emphasis added).[6] While Nokia's affirmative defenses in *Qualcomm* were potentially case dispositive, that argument only bolstered its request for a stay; it was not the sole basis on which Nokia sought a stay.

Moreover, in response to the Special Master's First Discovery Order and an interrogatory asking that Nokia identify the statements by InterDigital that forms the

---

[6] Unless otherwise stated, citation herein to "Ex." herein are to those exhibits provided in support of InterDigital's Brief in Support of Motion to Compel.

basis of its Lanham Act claim, Nokia identified the Confidential Presentations. Ex. H at 6. Therefore, the Confidential Presentations form the basis of its cause of action and it necessarily follows that the ICC arbitrators' determination that Nokia cannot use the Confidential Presentations to advance its claim is the functional equivalent of the affirmative defenses at issue in *Qualcomm*. Stated differently, Nokia's ability to use the Confidential Presentations is as outcome determinative of its Lanham Act claim insofar as Nokia is relying on the Confidential Presentations, as was its affirmative defenses in *Qualcomm*. *See generally Prof'l Sound Servs., Inc. v. Guzzi*, 159 Fed. App'x 270, 271-72 (2d Cir. 2005) (affirming dismissal of Lanham Act claim with respect to three statements of opinion and allowing claim to proceed on remaining statement of fact). Therefore, Nokia is wrong that the arbitrable issues have no potential to be, at least in part, dispositive.

### B.    Nokia's No Stay Argument Is Untenable

As noted above, the Special Master has Ordered a stay of discovery on the Confidential Presentations, pending the ICC arbitrators' determination of whether Nokia can use the Confidential Presentations in this litigation. Exhibit 1 at 12, 14. Nonetheless, Nokia argues that no stay should be granted, and evidently, it plans to appeal the Special Master's Order although it has not yet done so. Plaintiffs' Opp. at 7 n.4.

Nokia relies on *CTF Hotel Holdings, Inc. v. Marriott International, Corp.*, 381 F.3d 131 (3d Cir. 2004), for its argument that even a limited stay is not warranted. *CTF Hotel Holdings, Inc.* is wholly inapposite. In that case, the district court held that the plaintiff was not required to arbitrate its dispute with defendant Marriott. The district court nonetheless stayed the litigation between plaintiff and Marriott until after plaintiff's arbitration with another entity (not a party to the litigation) had concluded. *Id.* at 134-35.

The Third Circuit affirmed the district court's order refusing to compel arbitration, but it reversed the granting of the stay, reasoning that there was no basis to abridge the plaintiff's right to litigate its claims against Marriott (with whom it had no arbitration agreement) and Marriott had not shown any inequity or hardship in being required to litigate. *Id.* at 139-40. However, the *CTF Hotel Holdings, Inc.* district court had not granted a stay pursuant to Section 3 of the FAA. Instead, it had granted a stay under its inherent powers. *Id.* InterDigital has not invoked the Court's inherent powers (although the Court certainly can do so), but instead relies on Section 3 of the FAA.

However, even if the criteria for a stay pursuant to the Court's inherent powers as set forth in *CTF Hotel Holdings, Inc.* is determined to be applicable, and assuming the Court were to disturb the Special Master's Order, a stay would be warranted here. If InterDigital is compelled to respond to discovery on the Confidential Presentations while the arbitration is pending, InterDigital will be undoubtedly and irreparably prejudiced. Indeed, Nokia will have succeeded in effectively bypassing the prohibitions on use of the Confidential Presentations and the mandatory arbitration provisions contained in the Master Agreement. The relief InterDigital is seeking from arbitration is an award declaring Nokia unable to use the Confidential Presentations. If InterDigital has to respond to discovery about the Confidential Presentations, then the ability of the arbitrators to award InterDigital meaningful relief is compromised. Furthermore, staying the case pending a decision by the arbitration panel will not harm Nokia. If the arbitrators ultimately decide that Nokia can use the Confidential Presentations in this litigation, then Nokia can retake any depositions and/or conduct discovery as appropriate. (Of course, a complete stay of the case, pending resolution of the arbitration, would avoid

even the necessity of re-taking depositions or other discovery.) Nokia's argument that any potential prejudice to InterDigital is minimal because of the Protective Order (Plaintiffs' Opp. at 13), misses its mark. The Master Agreement negates Nokia's right to use the Confidential Presentations. There is no "Attorney's Eyes Only" exception to the parties' agreement. Ex. 1 at § 5.1.

Judicial economy is an important factor that weighs in favor of expanding the stay, not denying the stay, for all the reasons set forth above and in InterDigital's Brief in Support of its Motion to Compel Arbitration. Indeed, Nokia makes the point itself when it laments that if it is prohibited from using the Confidential Presentations in discovery, and the arbitrators rule in its favor, depositions may need to be reconvened. Plaintiffs' Opp. at 13. That is precisely the reason to stay the entire litigation pending the arbitration (so as to avoid unnecessary and wasteful inefficiency); it is not a reason to deny a Section 3 stay entirely.

Nokia's arguments that InterDigital's request for arbitration is untimely and that it delayed in disputing Nokia's ability to use the Confidential Presentations (Plaintiffs' Opp. at 2, 7, 12), if reached, are insubstantial. As set forth in InterDigital's opening brief, InterDigital has long-disputed Nokia's right to use the Confidential Presentations in several forums across the globe. *See also* Exhibit 1 at 6-7 (the Special Master's Order discussing the U.K. and New York proceedings). Moreover, by Nokia's own account of events, within a few weeks of Nokia making known that it relied on the Confidential Presentations as a basis for its Lanham Act claim, InterDigital moved to stay discovery relating to the Confidential Presentations pending the arbitration. Plaintiffs' Opp. at 12.

In sum, InterDigital is entitled to a complete stay of the litigation pending completion of the arbitration.

### III.    INTERDIGITAL'S PRODUCTION OF "DISCOVERY VERSIONS" OF THE CONFIDENTIAL PRESENTATIONS DOES NOT IMPAIR ITS RIGHT TO DEMAND ARBITRATION

Nokia's last argument is that the Court should not compel arbitration because the issue of whether Nokia can use the discovery versions of the Confidential Presentations is not subject to the Master Agreement's arbitration clause or confidentiality provision. Plaintiffs' Opp. at 13-15.[7] Of course, if Nokia believed this argument had merit, it would have led with it rather than put it at the end of its Opposition. Nokia's decision to place this argument at the end of its Opposition is a strong indication that even Nokia is doubtful about its validity. Nokia's arbitrability argument has no validity and can be quickly rejected.

According to Nokia, because InterDigital produced the Confidential Presentations in discovery, InterDigital cannot now claim that Nokia's use of the Confidential Presentations is foreclosed by the confidentiality provision in the Master Agreement and instead the permissible use of the documents is governed by the Protective Order. Unable to dispute that under the Master Agreement, arbitrability in this case is a question for the arbitrators, Nokia argues that InterDigital's request for arbitration, after producing the discovery versions, is "groundless," and therefore an issue for the Court to decide. *Id.* at 14.

Nokia previously made its "discovery version" *quasi*-waiver argument to the Special Master (Nokia's Ex. A). InterDigital responded (Nokia's Ex. B). The Special

---

[7] Earlier in its Opposition, Nokia appeared to assume, for purposes of its response, that the question of its use of the Presentations "is arbitrable." Plaintiffs' Opp. at 7.

Master rejected Nokia's argument.  Exhibit 1 at 12 (noting "that the Presentations were marked confidential and continue to maintain their confidentiality under the Protective Order").  As the Special Master noted, the "Presentations produced in discovery were the same presentations attached to Nokia's statement, except that InterDigital placed document identification numbers on each page."  Exhibit 1 at 5.  If Nokia cannot use the Confidential Presentations that were provided in 2002 and 2003 under the Master Agreement, it necessarily follows that it also cannot use the same Confidential Presentations that were provided in 2006.

## CONCLUSION

For the reasons stated above and in its Motion to Compel Arbitration and for Stay Pending Completion of Arbitration and Supporting Brief, Defendants InterDigital Communications Corporation and InterDigital Technology Corporation request that this Court (1) grant its motion to compel arbitration and (2) stay this cause pending completion of the arbitration. Alternatively, InterDigital requests that the Court grant its motion for leave to file summary judgment motion and after considering the brief filed in support and opposition thereof, grant that motion.

InterDigital further requests all other relief to which it may be entitled.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:  (713) 651-5151

By:  */s/ David E. Moore*
     Richard L. Horwitz  (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware 19801
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel:  (214) 855-8000

*Attorneys for Defendants,*
*InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

Dated:  December 20, 2006
Public Version Dated:  December 28, 2006
769622/28840

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on December 28, 2006, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on December 28, 2006, I have Electronically Mailed the documents to the following:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com

A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

By:  /s/ David E. Moore
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

713935