# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., | ) )   C. A. No. 05-16-JJF |
| Plaintiffs, | ) ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, | ) **PUBLIC VERSION** ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE <u>TO FILE MOTION FOR SUMMARY JUDGMENT</u>**

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants,*
*InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

Dated: December 21, 2006
Public Version Dated: January 2, 2007
769935/28840

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 4

    I.    BECAUSE INTERDIGITAL'S SUMMARY JUDGMENT MOTION IS BASED ON LEGAL ARGUMENTS, NOKIA'S REQUEST FOR MORE DISCOVERY IS FUTILE .................................. 4

        A.    Nokia Attempts to Mislead the Court About the Pending Discovery .................................................................................. 4

        B.    Whether InterDigital Believes the Patents Are Essential Or Not Is Irrelevant to the Issues That Form the Basis of InterDigital's Summary Judgment Motion .................................... 8

        C.    The ICC Arbitration Panel's Ruling On Nokia's Use of the Confidential Presentations Is Also Not a Basis for Delaying Summary Judgment ............................................................. 9

    II.    GOOD CAUSE EXISTS FOR GRANTING LEAVE ............................ 10

        A.    Granting Leave Allows the Court to Rule on a Potentially Case Dispositive Motion, Or At Least Narrow the Scope of the Litigation ............................................................................ 10

        B.    InterDigital Never Said the Special Master Made a Good Cause Finding ...................................................................... 10

        C.    Nokia's Merits Based Arguments Are Untenable ...................... 11

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Dowling v. City of Philadelphia,*
  855 F.2d 136 (3d Cir. 1998) ...................................................................................... 7

*Lewis v. Time, Inc.,*
  710 F.2d 549 (9th Cir. 1983) ..................................................................................... 7

*Miller v. Daimler Chrysler Corp.,*
  219 F.R.D. 331 (D. Del. 2003) .................................................................................. 7

*Pfizer, Inc. v. Ranbaxy Labs., Ltd.,*
  321 F. Supp. 612 (D. Del. 2004) ............................................................................... 8

*Zenith Elecs. Corp. v. Exzec, Inc.,*
  182 F.3d 1340 (Fed. Cir. 1999) ................................................................................. 4

## STATUTES AND RULES

Fed. R. Civ. P. 11(b)(3) ........................................................................................................ 5

Fed. R. Civ. P. 56(f) ..................................................................................................... 3, 7, 8

## OTHER AUTHORITIES

3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
  § 27:109 (4th ed. 2006) ......................................................................................... 7, 8

# INTRODUCTION

Defendants InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital") file their Reply to Plaintiffs' Answering Brief in Opposition to Defendants' Motion for Leave to File Motion for Summary Judgment (hereafter "Plaintiffs' Opp."). In their Opposition, Nokia Corporation and Nokia, Inc. ("Nokia") raise no colorable argument that warrants delay of the Court's consideration of InterDigital's summary judgment motion. The Motion for Leave is well taken and should be granted.

***The Court's Scheduling Order contemplated the possibility that a summary judgment motion would be appropriate before August 5, 2007.*** The gravamen of Nokia's argument is temporal. Nokia advocates unbending adherence to the Court's scheduling order, which provides that dispositive motions be filed no earlier than August 5, 2007. However, the scheduling order also expressly contemplated that circumstances might justify deviation from that date. The circumstances here, and the record before the Court, present the paradigm situation for allowing a case dispositive motion to be heard now. That Nokia believes more discovery is needed does not change the threshold legal question that the Court can and should consider now: whether, assuming all facts in Nokia's favor, any of the statements upon which Nokia bases its entire action against InterDigital are actionable as a matter of law. InterDigital's Motion for Summary Judgment demonstrates that they are not actionable as a matter of law and that this case can, and should, be dismissed now.

***Good cause exists for departing from the scheduling order.*** Any fair reading of the Special Master's on-the-record statement to the parties is that he was affirmatively inviting InterDigital to brief its legal argument now. From a case management

standpoint, and in seeking to shape the metes and bounds of discovery, the Special Master's rationale is obvious. Regardless of the Special Master's direct suggestion, good cause exists for hearing InterDigital's potentially case dispositive motion sooner rather than later. Again, why put the parties through the expense of discovery, and unnecessarily tax the resources of this Court and the Special Master, when the case is ripe for disposition now?

***Nokia's discovery related arguments are without merit.*** Nokia filed this lawsuit in January 2005. Nokia was not able to find any evidentiary support for its allegations before filing this lawsuit, nor has it been able to do so in the nearly two years that have elapsed since Nokia filed its Complaint. Nokia's consistent answer to its inability to identify "evidence" supporting its claim or alleged damages is to blame InterDigital.

The "discovery issues" raised by Nokia in attempt to delay consideration of the summary judgment motion are nothing more than redherrings. No discovery is needed to determine the issues raised by InterDigital in its summary judgment motion. No amount of discovery will transform non-actionable, time-barred statements of opinion into actionable statements of fact. Nokia has misled the Court about the status of discovery and, equally important, has overstated the relationship between the "discovery disputes" and the legal issues that form the basis of InterDigital's summary judgment motion.

Nokia claims that summary judgment is inappropriate because it does not know the universe of potentially actionable statements. What Nokia fails to disclose, however, is that on July 14, 2006 in response to the Special Master's First Discovery Order, InterDigital identified (1) each and every public statement it has made regarding its patent portfolio and whether the portfolio covers the practice of 3G wireless phone

2

systems and the sale of 3G compliant products, (2) the date of each public statement and (3) the identity of anyone who made the statement. Nokia has never complained about or questioned the completeness or adequacy of the disclosure provided by InterDigital in response to the Special Master's First Discovery Order and clearly had the opportunity to examine Mr. Boles on this subject in his deposition. Thus, since mid-summer Nokia has had the very information it now claims it needs to respond to the requested summary judgment motion. Additionally, and perhaps most tellingly, Nokia does not identify the specific discovery it claims to need and therefore has failed to satisfy Rule 56(f)'s clear requirements. Since January 12, 2005, Nokia has requested only one deposition. InterDigital, on the other hand, has taken four (4) depositions and requested seven (7) more. Indeed, it appears that Nokia's discovery-related arguments are included in its response for the sole purpose of concocting arguments to delay summary judgment. The Court has appointed a Special Master to deal with all discovery disputes and he is well familiar with the frustrations encountered by InterDigital in trying to prepare its case for trial, assuming a trial is necessary. InterDigital will not undertake to provide the Court with a detailed response to Nokia's discovery complaints as they are totally irrelevant to the issue before the Court.

***Nokia's merits related arguments put the cart before the horse.*** The last portion of Nokia's opposition addresses, in shotgun fashion, the substantive merits of InterDigital's summary judgment motion. As Nokia acknowledges, whether leave to file the summary judgment motion should be granted is a separate issue from whether the motion for summary judgment should or should not be granted. Nokia's effort to collapse the two separate issues is improper. InterDigital clearly disagrees with the

3

substantive issues raised by Nokia and continues to believe that as a matter of law Nokia's claims cannot survive the motion for summary judgment. When the motion for summary judgment is filed (either now or later), Nokia will have the opportunity to file a full substantive response. InterDigital will then promptly and fully respond to each argument raised by Nokia.

***Misstatements in Nokia's opposition.*** Nokia's Opposition is punctuated with several misstatements that warrant correction. First, InterDigital has **not** repackaged its dismissal arguments as a summary judgment motion. Second, InterDigital has **not** filed contradictory motions. The two motions pending before the Court (InterDigital's Motion to Compel Arbitration and Stay Litigation and Motion for Leave to File Motion for Summary Judgment) seek separate relief; although they may impact one another, and one may obviate the need for the other. Third, InterDigital has never taken the position that it is exempt from truthfulness. If necessary, at the appropriate time, and to the extent that the subject statements are actionable statements of fact, InterDigital will demonstrate that Nokia cannot establish that the statements complained of by Nokia were not true and/or were made in bad faith. *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347-48 (Fed. Cir. 1999); *see also* Ex. 2 at 8 n.4.[1]

---

[1] Unless otherwise stated, citation herein to "Ex." herein are to those exhibits filed in support of InterDigital's Motion for Summary Judgment.

## ARGUMENT

### I. BECAUSE INTERDIGITAL'S SUMMARY JUDGMENT MOTION IS BASED ON LEGAL ARGUMENTS, NOKIA'S REQUEST FOR MORE DISCOVERY IS FUTILE

#### A. Nokia Attempts to Mislead the Court About the Pending Discovery

Nokia's argument that significant outstanding discovery, and yet-to-be conducted unspecified discovery, militates in favor of adhering to the Court's original scheduling order is without merit. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Of course, Nokia should have had a factual basis for a lawsuit before filing it. *See generally* Fed. R. Civ. P. 11(b)(3).

As a preliminary matter it should be noted that the Second Discovery Order is not the operative order with respect to the summary judgment issues. Rather, the First Discovery Order, which Nokia failed to mention or discuss, is dispositive of Nokia's discovery objection. In his First Discovery Order, the Special Master required Nokia to:

> [I]dentify separately (a) *each* public statement that it relies upon for this allegation, (b) the date of the public statement, and (c) the identity of anyone who made the statement. For each public statement, Nokia shall also provide a detailed response why each statement is false.

Ex. A to Brief in Support of Defendants' Motion for Summary Judgment (emphasis added). Notably, the Special Master did not order Nokia to identify only some of the statements that support its Lanham Act claim, but required it to identify "*each*" statement that formed the basis of its claim. The First Discovery Order also required InterDigital to provide information regarding every public statement made regarding its patents:

5

>B.  On or before July 14, 2006, InterDigital shall provide verified responses to the following questions: InterDigital shall identify separately (a) **each** public statement it has made regarding its patent portfolio and whether the portfolio covers the practice of 3G wireless phone systems and the sale of 3G compliant products, (b) the date of the public statement and (c) the identity of anyone who made the statement.

InterDigital made the verified disclosure as ordered by the Special Master and Nokia has never questioned the sufficiency of InterDigital's disclosure. Therefore, Nokia cannot now claim that InterDigital has not identified each public statement that might be actionable, that Nokia has not identified the universe of statements upon which it sues or that InterDigital has somehow misrepresented to the Court that the statements, which are discussed in its summary judgment motion, are the only allegedly actionable statements relied upon by Nokia.

Nokia's specific discovery arguments are also unavailing, one-sided, and designed solely to divert the Court's attention from the issue related to the current motion. Nokia's argument regarding the Boles deposition is both incomplete and misleading. The pleadings and the conduct of the parties both during and after the Boles deposition reveal that Nokia continues to fish for any facts that might support its claims (assuming Nokia's Lanham Act claim is indeed actionable) and, more importantly for purposes of *this* motion, that such discovery is totally irrelevant to the issues raised in InterDigital's proposed motion for summary judgment given that the summary judgment motion assumes all such facts in favor of Nokia.

Conspicuously absent from Nokia's Response is any description of the discovery it seeks and why such unspecified discovery would defeat InterDigital's pure legal arguments. Asserting that more unspecified discovery could be conducted is an unsatisfactory reason to delay consideration of the summary judgment motion when, as

6

here, Nokia fails to show any connection between the potential discovery and the summary judgment motion. "Rule 56(f) of the Federal Rules of Civil Procedure requires a party seeking further discovery in response to a summary judgment motion to submit an affidavit stating with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not been previously obtained." *Miller v. Daimler Chrysler Corp.*, 219 F.R.D. 331 (D. Del. 2003) (quotations and citations omitted); *see also Dowling v. City of Philadelphia*, 855 F.2d 136, 139-140 (3d Cir. 1998) ("This court has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.") (quotations and citations omitted).

For example, the Special Master's Order requires InterDigital to respond to Nokia's December 14, 2006 disclosure identifying specific statements within the ETSI declarations that Nokia believes are false. InterDigital's response, due January 16, as to why it believes such patents are essential, is wholly irrelevant to the disposition of InterDigital's summary judgment motion.

Whether InterDigital believes that its patent portfolio is essential (and the basis for such belief) does not transform non-commercial speech into commercial speech, does not transform a statement of opinion into a representation of fact, and does not make the statute of limitations magically disappear. Whether a statement is actionable is a question of law that no amount of discovery can transform. *E.g., Lewis v. Time, Inc.*, 710 F.2d 549, 553 (9th Cir. 1983); 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair*

7

*Competition* § 27:109 (4th ed. 2006). Therefore, questioning witnesses about the essentiality determinations made by InterDigital, or the process InterDigital follows in making such declarations, will not shed any light on whether the statements qualify as statements of fact rather than statements of opinion or are otherwise actionable. *See e.g., Pfizer, Inc. v. Ranbaxy Labs., Ltd.,* 321 F. Supp. 612 (D. Del. 2004) (granting partial summary judgment and denying Rule 56(f) motion on issue that presented a purely legal question because additional factual discovery is not relevant).

Nokia's argument goes something like this: because Nokia might uncover something more in unspecified discovery, the Court should not consider InterDigital's summary judgment motion until it has had a full opportunity to finish fishing. Nokia also ignores the issues raised in the motion for summary judgment. Nokia ignores that no amount of discovery can defeat InterDigital's pure legal arguments. The simple fact remains that but for the Boles deposition, Nokia has not requested a single deposition, has posed only one set of written discovery and frankly has shown little effort to comply with its own discovery obligations. In any event, Nokia's failure to identify the discovery it needs fails to meet the threshold of a Rule 56(f) motion.

### B. Whether InterDigital Believes the Patents Are Essential Or Not Is Irrelevant to the Issues That Form the Basis of InterDigital's Summary Judgment Motion

Nokia next argues that leave to file the summary judgment motion should be denied because InterDigital has not yet answered discovery about whether the patents are essential and the basis for such allegations. Plaintiffs' Opp. at 7. If the basis of the summary judgment motion were that InterDigital's patents were essential and that the statements had not been made in bad faith, then this open discovery issue would be an impediment to a summary judgment motion at this time. However, the issue of whether

the patents identified by Nokia are "essential" or if the statements were made in bad faith are not issues raised by the summary judgment motion.

  C. **The ICC Arbitration Panel's Ruling On Nokia's Use of the Confidential Presentations Is Also Not a Basis for Delaying Summary Judgment**

InterDigital never argued that "pending discovery" is "material to this litigation." Plaintiffs' Opp. at 7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

If this Court were to determine that the statements in the Confidential Presentations are not actionable because they were made during private, confidential negotiations and therefore do not constitute commercial speech, then InterDigital agrees there is no reason for the Court to stay the litigation pending completion of the arbitration. There is no inconsistency in the relief sought by InterDigital. There is certainly no "tactical gamesmanship" being played by InterDigital. The use of pejorative terms in an Opposition cannot conceal the absence of a meritorious response as to why leave to consider the motion now should not be granted.

9

## II.   GOOD CAUSE EXISTS FOR GRANTING LEAVE

### A.   Granting Leave Allows the Court to Rule on a Potentially Case Dispositive Motion, Or At Least Narrow the Scope of the Litigation

If the Court allows InterDigital to present its motion for summary judgment at this time (and assuming that it is granted in whole or in part), the current litigation between the parties will be dismissed or greatly reduced in scope. The parties are engaged in expensive litigation (designated Complex by the Court) that involves the full-time participation of many attorneys (both inside and outside the respective companies), experts, consultants and various third parties and vendors. The parties have filed (and will likely continue to file) discovery motions with the Special Master that are both expensive and time consuming to prepare and pursue. Indeed, while there is a dispute as to the need for a *Markman* hearing, one is currently on the Court's calendar and, as of December 14, 2006, Nokia has recently implicated more than 190 patents that it may contend require claim construction. Considering a summary judgment motion that resolves the case (or significantly reduces the scope of the proceedings) is certainly in the best interests of the parties, the Court, the interests of justice, and constitutes undeniable good cause for hearing InterDigital's summary judgment motion now.

### B.   InterDigital Never Said the Special Master Made a Good Cause Finding

Nokia cannot plausibly dispute that at least one of the arguments advanced in InterDigital's motion for leave to file the summary judgment motion was at the Special Master's suggestion these issues should be heard by the Court now. Plaintiffs' Opp. at 9-10 (quoting Special Master's statement at the hearing that it would be prudent for the Court to address the issue now whether the statements at issue are actionable representations of fact, or non-actionable statements of opinion). Unable to contest this

fact, Nokia sets up a straw man to knock it down: it argues that the Special Master never "grant[ed] InterDigital good cause and never stated that good cause existed for departing from the Scheduling Order." That is true. InterDigital never stated that he did. Rather, InterDigital simply apprised the Court of the Special Master's statements and expressed its agreement with his recommendation.

### C. Nokia's Merits Based Arguments Are Untenable

Nokia's "preview" of its summary judgment response (Plaintiffs' Opp. at 10-15) falls far short of establishing that leave to file the motion should not be granted. Nokia effectively argues that the proposed summary judgment cannot be granted so the Court should not bother even considering the motion. It should come as no surprise that InterDigital disagrees with Nokia's position, disagrees with Nokia's interpretation of the law, and strongly believes that the summary judgment motion is well-founded and should be granted. InterDigital will respond to Nokia's merits-based arguments as to why the underlying motion should be granted when leave to file the motion is granted and Nokia files its substantive response thereto.

## CONCLUSION

For the reasons stated above and in its Motion for Leave to File Summary Judgment Motion, Defendants InterDigital Communications Corporation and InterDigital Technology Corporation request that this Court grant the Motion and permit InterDigital to file the Motion for Summary Judgment as this time. InterDigital further requests all other relief, general and special, at law or in equity, to which it may be justly entitled.

    Respectfully submitted,

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: December 21, 2006
Public Version Dated: January 2, 2007
769935/28840

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants,*
*InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 2, 2007, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on January 2, 2007, I have Electronically Mailed the documents to the following:

| | |
|---|---|
| Peter Kontio<br>Patrick J. Flinn<br>Gardner S. Culpepper<br>Keith E. Broyles<br>Randall L. Allen<br>Lance Lawson<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>pkontio@alston.com<br>pflinn@alston.com<br>gculpepper@alston.com<br>keith.broyles@alston.com<br>rallen@alston.com<br>llawson@alston.com | A. William Urquhart<br>Marshall M. Searcy<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>billurquhart@quinnemanuel.com<br>marshallsearcy@quinnemanuel.com |

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

713935