IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, <br><br> Defendants. | C.A. No. 05-16-JJF <br><br> **REDACTED** <br> **PUBLIC VERSION** |

**EXHIBIT B TO
PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

                                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                Jack B. Blumenfeld (#1014)
                                                Julia Heaney (#3052)
                                                1201 N. Market Street
                                                Wilmington, DE 19801
                                                (302) 658-9200

                                                Attorneys for NOKIA CORPORATION and
                                                NOKIA, INC.

OF COUNSEL:

ALSTON & BIRD LLP
Peter Kontio
Patrick Flinn
Randall Allen
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7000

Original Filing Date: December 15, 2006
Redacted Filing Date: January 4, 2007



Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

November 8, 2006

**VIA EMAIL AND HAND DELIVERY**

Collins J. Seitz, Jr., Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899

    Re:    **C.A. No. 05-16 (JJF),** *Nokia Corp, et al. v. InterDigital Comms., et al.,* **in the United States District Court, District of Delaware.**

Dear Special Master Seitz:

    Pursuant to your request during the November 2, 2006 hearing, we have reviewed the briefing related to InterDigital's *Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter* to determine whether the issue of whether ETSI declarations are statements of fact or opinion was briefed to the Court. As we advised you during the course of Thursday's hearing, and as the parties now apparently agree, this issue was *not* raised or briefed with Judge Farnan during the Motion to Dismiss because Nokia had not yet identified the statements which formed the basis of its Lanham Act claim. It was not until the June 30, 2006 Plaintiff's Statement Pursuant to the First Discovery Order that Nokia first identified the ETSI statements as forming in part the basis of its claims against InterDigital.

    As always, if you have any questions, we remain available at your convenience.

                            Respectfully,

                            Richard L. Horwitz

RLH/760843
cc:    Lance A. Lawson (via electronic mail)
       Peter Kontio (via electronic mail)
       Jack Blumenfeld (via electronic mail)
       Dan D. Davison (via electronic mail)

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

November 9, 2006

**BY EMAIL AND HAND DELIVERY**

Collins J. Seitz, Jr, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899

    Re: *Nokia Corporation, et al. vs. InterDigital Communications Corporation., et al.,*
       C.A. No. 05-16 (JJF)

Dear Special Master Seitz:

    During the hearing on Thursday, November 2, 2006, you requested that the parties send you a brief letter explaining whether InterDigital raised in its initial Motion to Dismiss the claims appearing in its recent filing that its declarations to ETSI are opinions and thus not actionable as commercial advertising and promotions. Those issues are raised at page 4 of Mr. Horwitz's November 1 letter to you. InterDigital did make the argument that the ETSI declarations were not commercial advertising and promotions in its Opening Brief in Support of Motion to Dismiss at pages 34-35. InterDigital previously did not raise its recent claim that its declarations that it owns 195 U.S. patents that are "essential" to the 3G standard are nothing more than opinions.

    In an effort to oppose discovery, InterDigital argues that ETSI IPR Guide Section 3.2.2 supports its view that public declarations of essentiality are merely statements of opinion. This section relates to "Update Procedure for ETSI IPR Online Database." *See* ETSI IPR Guide § 3.2.2. This statement, however, must be read in context and particularly in the light of the preceding paragraph 3.2.1. Paragraph 3.2.1 of the ETSI Guide reads:

    3.2.1 Assessment of IPR rights

    As a general principle, ETSI does not perform any check on the status and
    validity of any Essential IPRs notified to ETSI.

    In addition, ETSI does not perform any search for Essential IPRs which
    may exist and have not been notified.

Collins J. Seitz, Jr., Esquire
November 9, 2006
Page 2

Thus, paragraphs 3.2.1 and 3.2.2 (Exhibit A) read together and in context make clear that the reference to which InterDigital refers, i.e., the word "only," is there to make clear that the declarations are the views of the members and not of ETSI. The point is also discussed in a similar manner in paragraph 3.2 of the ETSI Guide, which makes clear that ETSI itself does not conduct an investigation into the truth of the declarations of essentiality made by a member and, therefore, ETSI cannot confirm or deny that the patents are essential.

As is clear from its text, the provision imposes on ETSI members the obligation to update the ETSI database based on "information concerning studies performed on the essentiality of an IPR." *Id.* InterDigital does not and cannot explain why, if the initial declaration were no more than a statement of opinion, ETSI would require that it be updated in light of subsequent studies on essentiality.

Indeed, the declarations that InterDigital executed for worldwide publication by ETSI state:

> The SIGNATORY has notified ETSI that it is the proprietor of the IPRs [appended to the Declaration] and has informed ETSI that it believes that the IPRs may be considered ESSENTIAL to the Standards listed above.

InterDigital's declarations to ETSI dated April 10, 2001 and April 8, 2004 (Exhibits B and C without attachments) (capitalized terms in original).

By declaring its patents to be essential to the 3G standard, InterDigital informs ETSI, its members, and the world that "it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, or otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing" InterDigital's IPR. *See* ETSI IPR Policy at 15. InterDigital's statement that it is not possible to manufacture a product without infringing InterDigital's IPR is a statement of fact, the basic truth or falsity of which can be proven or disproved.

There are several more reasons why InterDigital did not raise this issue in its initial motion and why InterDigital's current argument is wholly lacking in merit. First, the law is well settled that representations in the marketplace regarding the scope of coverage of one's patents are actionable under the Lanham Act. Indeed, in its Motion to Dismiss, InterDigital relied on the seminal Federal Circuit case so holding. *See* InterDigital's Brief in Support of Motion to Dismiss at 28-30 relying on, among other cases, *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F. 3d 1340 (Fed. Cir. 1999) and this Court's opinion in *Enzo Life Science, Inc. v. Digene Corp.*, 295 F. Supp. 2d. 424 (D. Del. 2003) (Farnan, J.) (denying motion to dismiss and recognizing that statements in the marketplace concerning a party's patents can be actionable under the Lanham Act). Second, InterDigital's interpretation of the ETSI IPR Guide and Policy contradicts public policy because it would deprive ETSI and its members the reliability necessary to incur

# TWO PAGES OF EXHIBIT REDACTED AS CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I, Julia Heaney, hereby certify that on January 4, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horwitz
>Potter Andersoon & Corroon LLP
>rhorwitz@potteranderson.com

I also certify that copies were caused to be served on January 4, 2007 upon the following in the manner indicated:

>BY E-MAIL
>
>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE  19801
>
>BY E-MAIL
>
>Dan D. Davison
>Fulbright & Jaworski LLP
>2200 Ross Avenue
>Suite 2800
>Dallas, TX 75201-2784

>*/s/ Julia Heaney*
>Julia Heaney