IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOKIA CORPORATION and NOKIA INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-16 (JJF) |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DECISION ON PLAINTIFFS' MOTION FOR
RECONSIDERATION AND CLARIFICATION
OF SECOND DISCOVERY ORDER**

Jack B. Blumenfeld and Julia Heaney of MORRIS, NICHOLS, ARSHT & TUN-NELL, for Plaintiffs, Nokia Corporation and Nokia, Inc.

Richard L. Horwitz and David E. Moore of POTTER ANDERSON & COR-ROON, LLP for Defendants, InterDigital Communications Corporation and Inter-Digital Technology Corporation

Collins J. Seitz, Jr., Special Master

On November 29, 2006, Nokia Corporation and Nokia, Inc. ("Nokia") moved for reconsideration and clarification of the November 14, 2006 Second Discovery Order. Nokia seeks reconsideration of one aspect of the ruling where I determined that "InterDigital need not respond to discovery, including depositions, relating to on-going licensing negotiations." Nokia also seeks clarification of two issues – the scope of the limitation against discovery relating to "ongoing license negotiations," and whether InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital") must disclose which patents it contends are "technically" essential and which patents it contends are only "commercially" essential.

Regarding Nokia's request for reconsideration and clarification, such requests are for the most part unproductive and therefore discouraged. The requests end up in a never-ending back and forth on the meaning of discovery orders. There is, however, room for clarification of certain rulings in the Second Discovery Order, in the hope that the parties will accept the additional guidance offered by this decision and will move forward in a cooperative fashion with their discovery obligations.

Nokia claims that InterDigital has used the Second Discovery Order to block discovery of the vast majority of InterDigital's recent or current marketing activities. If Nokia has accurately characterized InterDigital's position, then InterDigital

is in error. The Second Discovery Order was intended to protect from discovery only confidential substantive communications specific to a potential licensee that are truly ongoing in nature. The Second Discovery Order was not intended to shield from discovery information relating to potential licensees where the negotiations resulted in a completed license agreement or where licensing negotiations have terminated.[1] It was also not intended to shield from discovery recent or current marketing or licensing information that is not specific to a potential licensee who is engaged with InterDigital in ongoing licensing discussions. With this guidance on the intent of the Second Discovery Order, and the clarification of the meaning of "ongoing licensing negotiations" set forth below, the remainder of Nokia's request for reconsideration and clarification on this issue is denied.[2]

Regarding Nokia's request for clarification of the definition of "ongoing license negotiations," the same interpretation should be applied as set forth in the

---

[1] Because the Second Discovery Order provided that "statements made during settlement negotiations are considered unreliable and therefore irrelevant to other litigation…" Order at ¶12, InterDigital need only produce completed license agreements and not the underlying exchange of documents preceding the completed agreement.

[2] Nokia points to the Court's decision in *Constar Int'l, Inc. v. Continental Pet Tech., Inc.*, C.A. No. 99-234-JJF (D. Del. July 3, 2003), where the Court held that settlement discussions may be discoverable when a "greater, more particularized showing" is made that the information is relevant. In *Constar*, the Court specifically noted that "[t]here is nothing in the record to support Continental's contention that allowing production of the settlement documents will disrupt any ongoing settlement negotiations." *Id.* at 7. I understand this statement as the Court's acknowledgment that circumstances do exist where ongoing settlement negotiations should be protected from discovery. I believe this is such a case. With the temporal and substantive limitations placed on the "ongoing" nature of InterDigital's licensing negotiations, the public policy of encouraging settlements and the liberal discovery rules are taken into account, and the policies behind each doctrine are respected.

3

Decision on Defendants' Motion to Compel Compliance with Discovery Obligations Regarding Electronic Information and Plaintiffs' Cross-Motion to Compel Electronic Discovery. "On-going" licensing negotiations are protected from discovery only where InterDigital has met with, or exchanged correspondence with, a potential licensee within the last three months, and where the parties during the three month time period substantively addressed a license under the patents at issue in this litigation.[3]

Finally, regarding Nokia's request that InterDigital designate each of its patents as either "technically essential" or "commercially essential," InterDigital does not claim that such designation would be burdensome. Instead, it contends that the designation is a technical matter under ETSI standards, is a legal question, and therefore should not be resolved by the Special Master.

If InterDigital internally classifies its patents as either technically essential or commercially essential, it should use the same nomenclature and classification in its discovery responses. Along with the responses, InterDigital should set forth the definitions it uses for its internal designations. To the extent there is a future disagreement about the effect of these designations under ETSI, InterDigital will

---

[3] Nokia argues that all license negotiations are not necessarily settlement negotiations, and therefore Nokia should not be precluded from discovery to determine the status of each negotiation. *See Rates Tech., Inc. v. Cablevision Sys. Corp.*, 2006 WL 3050879 (EDNY). InterDigital should provide Nokia with a log subject to the protective order setting forth each of InterDigital's ongoing licensing negotiations that meet the definition of "on-going" as clarified in this order, with sufficient information in the log for Nokia to challenge the status of the negotiations. If a challenge is made, the documents will be reviewed *in camera* by the Special Master.

have set forth its internal designations and nomenclature, and will have preserved its legal arguments about the meaning of such designations under ETSI.[4]

_____
Special Master

Dated: January 3, 2007

---

[4] I have not relied on Nokia's argument regarding InterDigital's discovery directed to Nokia's licensing efforts, and therefore need not consider InterDigital's December 21, 2006 request to file a sur-reply.