IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION,<br><br>Defendants. | C.A. No. 05-16-JJF |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
<u>MOTION FOR EXTENSION OF DISCOVERY DEADLINE</u>**

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        Jack B. Blumenfeld (#1014)
        Julia Heaney (#3052)
        1201 N. Market Street
        Wilmington, DE 19801
        (302) 658-9200

        Attorneys for NOKIA CORPORATION
        and NOKIA INC.

OF COUNSEL:

ALSTON & BIRD LLP
Patrick Flinn
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
(404)881-7000

January 9, 2007

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Nokia Corporation and Nokia Inc. (collectively "Nokia") have moved for a four month extension of the discovery deadlines in this case. Written discovery was scheduled to end on December 29, 2006.[1] As set forth below, Defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively "InterDigital") have, over the course of the last eight months, refused to provide Nokia with even basic information about (i) which patents InterDigital has declared to be essential; (ii) which patents it actually believes to be essential; and (iii) the factual basis for its claims of essentiality. InterDigital has been ordered by the Special Master to provide that information on January 15, 2007. In light of InterDigital's repeated efforts to impede Nokia from obtaining reasonable discovery on its Lanham Act claim, Nokia respectfully requests that this Court extend the deadlines set forth in its Revised Rule 16 Scheduling Order by four months.

## II. SUMMARY OF THE ARGUMENT

The gravamen of Nokia's Complaint is that InterDigital has repeatedly misled the marketplace regarding (i) the supposed "essentiality" of InterDigital's patent portfolio to 3G mobile telephones and telephone network products; and (ii) InterDigital's right to royalties from the industry on these products. Almost nine months ago, on April 13, 2006, Nokia served interrogatories on InterDigital asking it to identify the patents it declared essential to the UMTS standard, as well as those it actually believed to be

---

[1] Nokia originally filed its Motion For Extension of Discovery Deadline on December 28, 2006 (D.I. 103) and has refiled the motion today pursuant to the Court's Standing Order Regarding Non-Dispositive Motions and the docket notation relating to the motion that was entered today.

essential, and to explain why. Rather than respond to this request, InterDigital engaged in a systematic effort to avoid answering these basic questions and to thwart Nokia's efforts at conducting necessary discovery in support of its Lanham Act claim. Although InterDigital has declared 195 patents as essential to ETSI (the relevant standards body), it carefully selected and identified only 11 patents in response to Nokia's Interrogatories, all of which are licensed to Nokia. Faced with InterDigital's stonewalling in written discovery, Nokia attempted to depose InterDigital on these issues pursuant to Fed. R. Civ. P. 30(b)(6), only to have counsel for InterDigital instruct the witness not to answer questions targeted at the heart of the allegations in the Complaint on the grounds that such questions were not relevant. Nokia moved to compel InterDigital's designee to answer the questions, and the Special Master granted Nokia's request to reconvene the deposition.

Nokia also moved to compel InterDigital to respond completely to Nokia's interrogatories. The Special Master has ruled that InterDigital must respond to the interrogatories on January 15, 2007. InterDigital has also indicated that it did not want to reconvene the deposition of its 30(b)(6) witness until after its January 15 submission. In short, InterDigital will not be forced to stake out a position on the primary question in this case – whether its public essentiality declarations to ETSI are false or misleading – until two weeks after the close of written discovery under the Court's Revised Rule 16 Scheduling Order. This delay has substantially hampered Nokia's ability to examine and test InterDigital's defenses through discovery. InterDigital should not be allowed to undermine the discovery process by refusing to provide Nokia with relevant, responsive information simply because it hurts InterDigital's case. A four-month extension will

impose absolutely no hardship on InterDigital, and will allow Nokia to finally conduct the discovery denied to it by InterDigital.

### III. FACTUAL BACKGROUND

Nokia's Lanham Act claim is based on InterDigital's public misrepresentations about patents related to a third generation ("3G") wireless telephony technology including those relating to "UMTS" (Universal Mobile Telecommunications System). Like other mobile communications technology, UMTS is standardized, so that all UMTS handsets and infrastructure can function seamlessly, regardless of manufacturer. In order to facilitate this process, a standard setting organization ("SSO") promulgates the technical standards by which all UMTS products must abide in order to function interoperably. Members of the SSOs who hold patents that are "essential" to that standard are typically required to publicly declare those patents. In the context of the UMTS standard, the declarations of essentiality are filed with the European Telecommunications Standards Institute ("ETSI") in France. Essentiality declarations filed with ETSI are published on a searchable online database.

Declaring a patent as essential to UMTS is significant – it announces to the world that the applicable standard cannot be practiced without infringing the declared patent, and that both the industry and particular sellers of standard compliant products (such as Nokia) must pay the patentee royalties.

Nokia brought this suit against InterDigital on January 12, 2005, asserting claims under Section 43 of the Lanham Act. Nokia's Lanham Act claim is based, in part, on InterDigital's public declarations to ETSI that its patents are essential to the UMTS standard. Although InterDigital has declared over 195 U.S. patents to be essential to that

4

standard, InterDigital has produced documents to Nokia demonstrating that it never considered many of these patents to be essential at all to any implemented 3G standard.

On April 26, 2006, this Court issued a Revised Rule 16 Scheduling Order requiring the parties to exchange and complete Interrogatories, identify all fact witnesses, and produce all documents by December 29, 2006. April 26, 2006 Order (D.I. 51) ¶ 6(a). The Court further ordered that the parties complete any remaining fact discovery, including depositions, by February 15, 2007. *Id*. As described above, Nokia's efforts to complete discovery within the time directed by the Court have been frustrated by InterDigital's refusal to provided any substantive discovery on the issue of "essentiality" until January 15, 2007.

## IV. ARGUMENT

An extension of the discovery period in this case is necessary because InterDigital for the last <u>eight months</u> has refused to provide Nokia with basic information about which patents InterDigital has actually declared essential, and which patents it actually believes are essential. It finally took an Order from the Special Master to get InterDigital to respond to Nokia's legitimate discovery requests. But under the Order, InterDigital will not respond to Nokia's initial discovery requests until January 15, 2007 – well after the Court-ordered deadline for written discovery in this case.

Nokia does not seek this extension because it has carelessly frittered away the discovery period. To the contrary, Nokia has aggressively sought basic information about InterDigital's essentiality declarations through depositions and written discovery, only to have InterDigital refuse. The information that InterDigital has been ordered to produce by January 15, 2007 is so basic – which patents InterDigital has declared

essential and why it believed them to be essential – that Nokia's case cannot really even begin until InterDigital produces it.

Information on InterDigital's essentiality declarations was literally the <u>first</u> thing Nokia requested in this case. On April 13, 2006, Nokia served its First Interrogatories on InterDigital. In its very first Interrogatory, Nokia asked InterDigital to identify:

> [E]very patent that InterDigital has declared to any person or entity to be essential to a 3G standard (the "declared InterDigital patents"), indicating in claims charts the essential claims in the patent and the specific provision of every 3G standard, including WCDMA and/or CDMA2000, to which that claim is essential, with specific citations to standards documents, such as those made available by ETSI, 3GPP, and 3GPP2.

Nokia's First Interrogatories (attached hereto as Exhibit "A") no. 1 (emphasis added). Nokia also asked InterDigital to identify:

> [E]very patent that InterDigital currently contends to be essential to a 3G standard, indicating in claims charts the essential claims in the patent and the specific provision of every 3G standard, including WCDMA and/or CDMA2000, to which that claim is essential, with specific citations to standards documents, such as those made available by ETSI, 3GPP, and 3GPP2.

*Id*. at Inter. No. 2 (emphasis added).

InterDigital has declared at least 195 U.S. patents as essential to the UMTS 3G standard. Yet InterDigital responded to Nokia's Interrogatories by carefully selecting and identifying just 11 patents that it claims it declared to be – or actually are – essential to a 3G standard. *See* InterDigital's Answers and Objections to Plaintiffs' First Set of Interrogatories, attached hereto as Exhibit "B," at 6, 14.[2] It offered absolutely no

---

[2] InterDigital identified the following patents as either declared essential, potentially essential or actually essential: 5,093,840; 5,179,571; 5,228,056; 5,345,467; 5,631,921; 5,974,039; 6,771,632; 6,873,643; 6,956,889; 6,993,063; and RE38627. See Ex. B at 6.

6

explanation for how those patents were chosen, or why they refused to identify any of the other 195 patents it publicly declared to ETSI.

InterDigital's selection of these 11 patents was not arbitrary – to the contrary, InterDigital intentionally selected 11 patents to which Nokia already had a license, knowing full well that identifying these patents would provide Nokia with absolutely no information about whether its other 185 declared-essential patents are actually essential.[3]

Nokia was left with no choice but to seek this information through depositions. On June 14, 2006, Nokia served InterDigital with a 30(b)(6) deposition notice that directed InterDigital to produce a witness who could testify regarding every patent that InterDigital declared to ETSI as essential to 3G, and specifically listed each of the patents. When the deposition could not be scheduled until late August 2006, Nokia renoticed the deposition on August 14, 2006. *See* Nokia's Second Notice, attached hereto as Exhibit "C." InterDigital served Objections to Nokia's 30(b)(6) Notice of Deposition on August 21, 2006, and acknowledged that the deposition topics encompassed the 180 patents InterDigital declared to ETSI as essential to 3G.[4] *See* InterDigital's Objections (attached hereto as Exhibit "D") at 6. Although InterDigital argued that any information

---

[3] On information and belief, the vast majority of the industry either has a license, through existing agreements, to InterDigital's 11 patents or the patents cover a technology (time division duplexing, or "TDD") that is simply not being implemented.

[4] Since the time that Nokia served its interrogatories in April, 2006, 15 additional U.S. patents issued to InterDigital for which InterDigital had previously declared the patent applications to be essential to UMTS. Thus, the total number of issued U.S. patents InterDigital declared to be essential to UMTS increased from 180 to 195.

regarding those patents was irrelevant, it did not seek a protective order limiting the scope of the deposition. *Id*.

Instead, in violation of the Federal Rules of Civil Procedure, counsel for InterDigital instructed its 30(b)(6) witness (Mr. Donald Boles) not to respond to any question that was not related to 11 patents that InterDigital identified in its Interrogatory responses:

> MR. DAVISON:  In the answer to Interrogatory #1 we identified [11] specific patents.  If you want to ask about those specific patents, that's fine.  Anything else is outside the course and scope of the Deposition Notice, and I'm instructing the witness not to answer.

Trans. of Aug. 9, 2006 Depo. of Donald Boles (attached hereto as Exhibit "E") at 158:10-15.  Counsel for InterDigital did so, even though it never sought a protective order to limit the scope of the deposition, as required by Federal Rule of Civil Procedure 30. Counsel for InterDigital instructed Mr. Boles not to answer a question no fewer than 14 times.  *See id.* at 30:7-10, 99:2, 115:24, 119:13-16, 155:23-156:2, 158:2-4; 177:2-10; 195:15-17, 234:15-17, 397:12-15, 426:8-10, 430:11-14, 430:23, 469:24-25.

Faced with InterDigital's second refusal to respond to legitimate discovery, Nokia filed a Motion to Compel with the Special Master on October 4, 2006. *See* Nokia's Mot. to Compel, attached hereto as Exhibit "F."  More than a month later, on November 14, 2006, the Special Master ordered InterDigital to provide Nokia the information that it has sought since April and that Nokia needs to take further discovery and complete its case.  The Special Master ordered InterDigital to supplement its responses to Nokia's Interrogatories 1, 3-4, 6, and 11 by January 15, 2007 –after the Court's December 29, 2006 deadline for responding to Interrogatories.  *See* Second Discovery Order ¶ 9 (attached as Exhibit "G").  He also directed InterDigital to serve on

8

Nokia by January 15, 2007 a sworn statement stating "for each patent whether the patent is 'essential' as that term 'essential' is used by ETSI, and the basis for its defense that its statements regarding essentiality are true statements." *Id.*

The Special Master also allowed Nokia to reconvene the deposition of InterDigital's 30(b)(6) witness in light of InterDigital's counsel's improper instructions not to answer. *See* Oct. 13, 2006 Trans. (attached hereto as Exhibit "H") at 93: 16-24. Nokia served its notice of the reconvened deposition on October 23, 2006. Once again, InterDigital delayed, this time informing Nokia that it did not want to make Mr. Boles available until some time after its January 15, 2007 submission.

Thus, InterDigital will not even be forced to stake out a position on whether its declared-essential patents are actually essential – a predicate issue in Nokia's Lanham Act claim – until after the close of written discovery. Thus, Nokia will have access to basic information about InterDigital's essentiality declarations <u>9 months</u> after it first requested it, and then only because InterDigital was ordered to produce it. This was not by accident. InterDigital has embarked on a plan to delay producing responsive, relevant information. Then, when Nokia asked InterDigital to consent to a reasonable extension of the discovery period, InterDigital refused. This Court should not reward InterDigital for its delay, and should exercise its broad discretion to control discovery in this case. *See, TriStrata Technology, Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997). An extension of the Court's discovery deadlines by four months would impose no burden on InterDigital, and would allow Nokia to take the discovery that InterDigital has denied it. On the other hand, if an extension is not granted, Nokia will have been effectively blocked, by InterDigital's delay, from conducting proper

discovery of InterDigital's position on the facts regarding the true essentiality of its patent portfolio.

## V. CONCLUSION

For the reasons stated above, Nokia respectfully asks that this Court extend the deadlines set forth in its Revised Rule 16 Scheduling Order by four months.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

Attorneys for NOKIA CORPORATION
and NOKIA INC.

OF COUNSEL:

ALSTON & BIRD LLP
Patrick Flinn
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
(404)881-7000

January 9, 2007
550005

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 9, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horwitz
>Potter Anderson & Corroon LLP

I also certify that copies were caused to be served on January 9, 2007 upon the following in the manner indicated:

>BY HAND AND E-MAIL
>
>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE  19801
>rhorwitz@potteranderson.com
>
>BY E-MAIL
>
>Dan D. Davison
>Fulbright & Jaworski LLP
>2200 Ross Avenue
>Suite 2800
>Dallas, TX 75201-2784
>ddavidson@fulbright.com

>*/s/ Julia Heaney*
>_____
>Julia Heaney (#3052)