IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C. A. No. 05-16-JJF <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' ANSWERING BRIEF IN RESPONSE TO PLAINTIFFS'
OBJECTIONS TO SPECIAL MASTER'S DECEMBER 1, 2006 DECISION**

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: January 12, 2007
772116/28840

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants,
InterDigital Communications Corporation
and InterDigital Technology Corporation*

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDING..................................................1

II.  SUMMARY OF THE ARGUMENT..........................................................................1

III. RELEVANT FACTUAL BACKGROUND...................................................................2

IV.  ARGUMENT.................................................................................................................4

V.   CONCLUSION.............................................................................................................7

I.  **NATURE AND STAGE OF THE PROCEEDING**

On January 12, 2005 Nokia Corporation and Nokia Inc. (collectively "Nokia") filed their Original Complaint seeking: (1) a declaratory judgment of non-infringement and invalidity as to certain patents held by InterDigital; and (2) relief under Section 43 of the Lanham Act (15 U.S.C. § 1125(a)). On December 21, 2005, the Court dismissed Nokia's invalidity or non-infringement claims, but it Lanham Act claim remained.[1]

Special Master Seitz has been appointed to handle various discovery matters. Pursuant to the Revised Rule 16 Scheduling Order entered April 26, 2006 all fact discovery, including depositions, is scheduled to be completed by February, 15, 2007 and a final pretrial conference is scheduled for November 15, 2007. Nokia has recently filed a motion to extend the discovery deadline as well as a motion to amend its Complaint.

II. **SUMMARY OF THE ARGUMENT**

Nokia asks the Court to vacate a discovery order issued by Special Master Seitz on December 1, 2006. The December 1, 2006 Order grants InterDigital's requests for a limited discovery stay regarding two confidential documents pending resolution by arbitration of whether Nokia may use the documents in this litigation. Nokia argues that the Special Master applied the wrong legal standard to analyze the parties' dispute.

---

[1] Nokia's Lanham Act claim is defective as a matter of law. *See* Defendants' Motion for Leave of Court to File Motion for Summary Judgment at 4-5. The issue raised in InterDigital's Summary Judgment Motion is whether Nokia's Lanham Act claim fails as a matter of law because the statements Nokia has identified as supporting its claim are not actionable statements under the Act for one or more of the following reasons: (1) none of the statements were statements made in commercial advertising or promotion, which is an essential element of a Lanham Act claim; (2) none of the statements qualify as "commercial speech," which is also a requirement of a Lanham Act claim; (3) many of the statements are mere statements of opinion, not "representations of fact," a required element of a Lanham Act claim; and (4) some of the statements are barred by the applicable statute of limitations.

Nokia is wrong. Special Master Seitz applied the correct legal standards in his decision and his decision should stand and should not be vacated. Further, InterDigital has filed a Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration with this Court. Therefore, the issue of the whether Nokia should be compelled to arbitrate this dispute is already before the Court, as is InterDigital's requests for a stay of the entire litigation pending completion of the pending arbitration. Nokia's objections to the December 1, 2006 discovery order should be overruled.

### III.  RELEVANT FACTUAL BACKGROUND

On March 22, 2006 the Court appointed Collins J. Seitz, Jr. as Special Master and provided him with the authority to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and make rulings. Special Master Seitz has been faced with several discovery disputes between these parties and, while InterDigital may not have agreed with each decision, each time he has ruled the Special Master has rendered well-reasoned, legally sound and fair decisions. Despite these facts Nokia objects to the December 1, 2006 decision of Special Master Seitz ("Nokia's Objections") and asks the Court to find that Special Master Seitz has made a fundamental misapplication of the law and misconstruction of contract issues. Nokia's Objections are without merit and should be overruled.

To support its Lanham Act claim, Nokia attempts to use two confidential Power Point presentations ("Confidential Presentations") produced by InterDigital to Nokia in private licensing negotiations and under the protection of confidential non-use and disclosure contract provisions negotiated between the parties. When confronted with Nokia's improper use of the Confidential Presentations, InterDigital filed a motion with

2

the Special Master to stay discovery regarding the Confidential Presentations pending a ruling by an arbitration panel as to whether Nokia was permitted to use the documents outside of the parties' licensing discussions. After a series of motions, cross-motions, responses and replies, the issue was fully briefed and argued before the Special Master. The Special Master's December 1, 2006 decision grants InterDigital's request for a limited discovery stay regarding the Confidential Presentations pending a resolution of the "use" issue by an arbitration panel. ("December 1, 2006 Decision").

Despite Nokia's contractual agreement to arbitrate this issue, Nokia refused to arbitrate. On November 17, 2006 InterDigital filed with this Court its Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration ("Motion to Compel Arbitration"). On December 12, 2006 Nokia filed its Opposition and on December 20, 2006 InterDigital filed its Reply to Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration ("InterDigital's Reply"). The Motion to Compel Arbitration is now fully briefed and awaiting a ruling by the Court.

The fact that the arbitration issue is now before this Court renders Nokia's objection to the Special Master's December 1 Order procedural at best and most likely moot. If the Court grants InterDigital's Motion to Compel Arbitration in whole or in part Nokia's Objections are moot. If the Court denies InterDigital's Motion to Compel Arbitration it will effectively have sustained Nokia Objections.

What is conspicuously missing from Nokia's Objections is the target of its complaint – a copy of the Special Master's well-reasoned and legally sound fourteen page December 1, 2006 Decision (a copy is attached hereto as Exhibit A).

3

## IV.  ARGUMENT

The Special Master's December 1, 2006 Decision considered all of the equities Nokia argues that he ignored.

Nokia argues that the Special Master applied the wrong law in staying discovery regarding the Confidential Presentations. Nokia admits however that it is just guessing as to whether the Special Master considered the "equities" Nokia argued in its brief. The evidence of Nokia's speculation is stated in its brief to this Court when it claims that the "Special Master **apparently** applied the wrong law" and he "**seemingly** concludes...". Nokia's Objections at p. 6. Nokia points to no interpretation by the Special Master of the Federal Rules or the case law to which Nokia disagrees. Essentially, Nokia's objection is that it did not persuade the Special Master in its favor, not that the law was misapplied.

In an effort to justify its objections, Nokia claims, without support, that the Special Master failed "to balance the relevant equities". Nokia's Objections at p. 1.[2] This argument is not only unsupported by the Special Master's December 1, 2006 Decision, it is contrary to his findings. The Special Master was fully briefed on Nokia's equity arguments, as well as the contractual arguments that prevent Nokia from using the Confidential Presentations in this litigation.

The Special Master found that:

> Looking within the four corners of the Master Agreement the dispute raised by InterDigital falls squarely within § 4.1 of the Master Agreement. Nokia intends to use the Presentations to support its Lanham Act claims, and has also sought discovery related to the Presentations. Whether

---

[2] InterDigital has fully briefed the standard for applying a stay of litigation pending arbitration in its Motion to Compel Arbitration and its Reply Brief. It will not repeat that briefing here but adopts the arguments and authority cited in its Motion to Compel Arbitration and Reply Brief as if fully stated herein.

4

> Nokia's intended use of the Presentations would violate § 5.1 of the Master Agreement qualifies as a dispute "arising under" the Master Agreement, and therefore should be decided through the contractually-agreed dispute resolution process.

*See* Ex. A at p. 10.

Also, the Special Master correctly held that "[p]erhaps more significantly, what Nokia asked the Court to do, is to ignore a freely-negotiated restriction on use provision in an agreement between two highly sophisticated commercial parties. InterDigital should not be deprived of the benefit of its bargain." *See* Ex. A at p. 14.

Nokia asks this Court to overturn the Special Master's decision and ignore a freely-negotiated restriction on use because it claims the "equities" against a discovery stay weigh in its favor. These arguments were considered and rejected by the Special Master.[3] There is no evidence that the Special Master failed to consider Nokia's "equitable" argument or applied the wrong standard. To the contrary, the Special Master routinely cites to Nokia's briefs in his December 1 Decision. The Court should overrule Nokia's Objections.

To the extent Nokia wants to reargue the same equities, the record should be set straight. While Nokia filed its Lanham Act claim in January 2005, it refused to identify the factual basis of that claim with any specificity until ordered to do so by the Special Master. It was not until May 1, 2006 and in Nokia's answers to InterDigital's interrogatories that Nokia revealed for the first time that it intended to use the

---

[3] In Nokia's opening brief to Special Master Seitz, dated September 1, 2006, Nokia included an argument titled, "The Equities Weigh Against Withholding the Presentation From the Finder of Fact". *See* Nokia's Motion for Declaration that Documents Are Discoverable, attached hereto as Exhibit B at p. 7. In this section, Nokia argued that "[t]he equities favor allowing Nokia to use the Presentations consistent with the parties' Agreed Protective Order." *Id.*

5

Confidential Presentations in this litigation. InterDigital timely began the contractually proscribed arbitration process on August 18, 2006 after the executive meetings which are a prerequisite to any arbitration failed to resolve the dispute. Nokia's finger-pointing that InterDigital should have begun arbitration earlier so that it would now be complete, is in the wrong direction. Nokia's created the timing issue that it complains about by its refusal to respond to InterDigital's request to arbitrate and ultimate refusal to do so willingly. The parties' arbitration agreement has certain prescribed time periods and procedures that prevent a party from initiating arbitration until the parties have exchanged information and met and conferred. Had Nokia agreed to honor its contractual obligation to arbitrate this issue when InterDigital sought to, Nokia is right – this issue would be closer to resolution by now. However, Nokia chose not to do so, and Nokia's lack of cooperation is not an equitable argument that supports allowing discovery on the Confidential Presentations before an arbitration panel determines if Nokia is permitted to use them in this litigation.

To reward Nokia for its breach of contract by lifting a stay would tilt the equity scales in favor of the wrong party.

Finally, the Special Master was not persuaded by Nokia's argument that InterDigital's producing the Confidential Presentations in response to Nokia's discovery requests and marking them as "Attorneys Eyes Only" somehow changed the nature and character of the documents. The Special Master found that when the presentations were marked confidential and produced in discovery they maintained their confidentiality under the Protective Order and, therefore, confidential information was exchanged well

within § 5.1 of the Master Agreement. Nokia offers no explanation how it claims this decision by the Special Master was legally wrong. It was not.

## V. CONCLUSION

InterDigital requests that Nokia's Objections to the Special Master's December 1, 2006 Decision be overruled.

Respectfully Submitted,

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: January 12, 2007
772116 / 28840

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants,*
*InterDigital Communications Corporation and*
*InterDigital Technology Corporation*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 12, 2007, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on January 12, 2007, I have Electronically Mailed the documents to the following:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com

A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

713935