IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, <br><br> Defendants. | C.A. No. 05-16-JJF |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF OBJECTIONS
TO THE DECEMBER 1, 2006 DECISION OF THE SPECIAL MASTER**

                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                    Jack B. Blumenfeld (#1014)
                    Julia Heaney (#3052)
                    1201 N. Market Street
                    Wilmington, DE 19801
                    (302) 658-9200
                      *Attorneys for NOKIA CORPORATION*
                      *and NOKIA INC.*

OF COUNSEL:

Patrick Flinn
Lance Lawson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

January 22, 2007

i.

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| | A.   The Special Master Failed to Apply The Proper Test | 2 |
| | B.   The Equities Point In Nokia's Favor, Not InterDigital's | 3 |
| III. | CONCLUSION | 4 |

## **TABLE OF AUTHORITIES**

*CTF Hotel Holdings, Inc. v. Marriott Intern. Corp.*,
    381 F.3d 131 (3d. Cir. 2004)      2

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)      2

## I.    INTRODUCTION

Defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively "InterDigital") do not contest the fact that the Special Master, in deciding whether to issue the stay, was required to balance the prejudice to Nokia if a stay was entered, the prejudice to InterDigital in the absence of a stay, and the harm a stay would cause to principles of judicial economy. InterDigital argues that the Special Master applied this test. But, InterDigital cannot cite a single part of the December 1, 2006 Decision in which the Special Master articulated the proper standard, much less applied it. It appears from any fair reading of the Decision at issue that, instead of balancing the equities against the interest in judicial economy, the Special Master concluded that a stay was necessary because a confidentiality provision in the 1999 contract between Nokia and InterDigital (hereinafter the "Master Agreement") created an arbitrable question regarding possible limitations on Nokia's right to use the Presentations. As fully set forth in Nokia's Opposition to InterDigital's Motion to Stay, currently pending before this Court, the mandatory stay provision of the Federal Arbitration Act is inapplicable to this dispute, and thus the Special Master's apparently exclusive reliance on the existence of a potentially arbitrable dispute as the basis for his Decision was wrong as a matter of law. The Special Master's Decision should therefore be vacated.

2.

## II.    ARGUMENT

### A.    The Special Master Failed to Apply the Proper Test.

Nokia has previously argued to this Court that the only provision of the Federal Arbitration Act that could require a stay in favor of arbitration (9 U.S.C. § 3) is wholly inapplicable to the facts of this case. *See* Nokia's Opp. to Mot. to Compel (D.I. 92) at 11-14 (incorporated by reference herein). Accordingly, in order for the Special Master to stay discovery, he was required to engage in a careful balancing test in which he weighed the following factors: (i) the hardship or inequity that InterDigital would face if the case were to proceed; (ii) the injury that a stay would inflict on Nokia; and (iii) judicial economy. *See CTF Hotel Holdings, Inc. v. Marriott Intern., Corp.*, 381 F.3d 131, 140 (3d. Cir. 2004) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)).

The Special Master's Decision does not mention or apply this well-settled equitable test. InterDigital's argument to the contrary is unavailing. Indeed, in an attempt to find something in the Special Master's Decision showing that he applied the proper test, InterDigital cites to language conclusively showing that Special Master stayed discovery because he believed that Nokia's use of the Presentations presented an arbitrable dispute:

> Looking within the four corners of the Master Agreement the dispute raised by InterDigital falls squarely within [the arbitration clause] of the Master Agreement. Nokia intends to use the Presentations to support its Lanham Act claims, and has also sought discovery related to the Presentations. Whether Nokia's intended use of the Presentations would violate § 5.1 of the Master Agreement qualifies as a dispute "arising under" the [arbitration clause in the] Master Agreement, and therefore should be decided through the contractually-agreed dispute resolution procedure.

Defs.' Opp. At 4-5. InterDigital does not explain *how* this language constitutes a balancing of the equities, nor could it; there is simply no way to read this paragraph and conclude that the Special Master did anything other than conclude that discovery must be stayed because of the

3.

existence of a potentially arbitrable dispute. But merely identifying a potentially arbitrable dispute is not, as a matter of law, sufficient grounds for staying this case. The Special Master was obligated to engage in the proper balancing test not reflected in his Decision.

### B. The Equities Point in Nokia's Favor, Not InterDigital's.

InterDigital contends that even if the Special Master had applied the proper test, the equities weigh in favor of a stay because "Nokia's [sic] created the timing issue that it complains about by its refusal to respond to InterDigital's request to arbitrate and ultimate refusal to do so willingly." Defs.' Opp. at 6. This argument is both factually wrong and legally irrelevant. First, as Nokia has repeatedly pointed out, InterDigital has been on notice that Nokia would seek to use these Presentations – and therefore could have initiated arbitration regarding Nokia's use of the documents – at least since March 2006, when Nokia attached the Presentations as exhibits to a witness statement in litigation between Nokia and InterDigital in the United Kingdom. InterDigital was put on notice again on June 30, 2006, when Nokia identified the Presentations as documents evidencing InterDigital's misrepresentations and attached copies of the Marketing Versions Presentations in response to an order from the Special Master.

Second, InterDigital's fixation on the timing of its arbitration demand ignores the relevant test that the Special Master was required to apply. The Special Master was required to decide whether the hardship placed on Nokia by the imposition of a stay outweighs the hardship placed on InterDigital if the stay were denied. There can be no question that it does. Denying the stay and allowing discovery to proceed while the parties arbitrate any use restrictions on the Presentations would impose no hardship on InterDigital. The Presentations would be protected from disclosure during the arbitration by the terms of the parties' Protective Order. If InterDigital were to prevail in the arbitration, the only conceivable harm would be that

4.

InterDigital was forced to engage in minimal, completely confidential discovery regarding two documents.

If, on the other hand, a stay is imposed, Nokia will be limited in its ability to prosecute its case. Nokia will be forced to depose critical witnesses without the benefit of these Presentations, only to take the depositions a second time once Nokia prevails in the arbitration. Thus a stay would invariably waste judicial resources, alter the Court's schedule, and needlessly halt a case that has been pending for two years. This waste of judicial resources is only compounded by the fact that the arbitrable dispute will not dispose of a single claim in this case. It would turn the principles of judicial economy on their head to stay Nokia's substantive case in favor of an unrelated, nondispositive arbitration. Thus all the applicable factors – factors that the Special Master was required to apply but did not – counsel against imposing a stay.

### III.   CONCLUSION

For the reasons stated above, Nokia respectfully asks this Court to vacate the December 1, 2006 Decision of the Special Master.

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> */s/ Julia Heaney*
>
> _____
> Jack B. Blumenfeld (#1014)
> Julia Heaney (#3052)
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347
> (302) 658-9200
> jheaney@mnat.com
>    *Attorneys for NOKIA CORPORATION*
>    *and NOKIA INC.*

5.

OF COUNSEL:

Patrick Flinn
Lance Lawson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

January 22, 2007
697550.3

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 22, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP

I also certify that copies were caused to be served on January 22, 2007 upon the following in the manner indicated:

### BY HAND AND E-MAIL

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801
rhorwitz@potteranderson.com


### BY E-MAIL

Dan D. Davison
Fulbright & Jaworski LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201-2784
ddavidson@fulbright.com


*/s/ Julia Heaney*
_____
Julia Heaney (#3052)