IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and<br>NOKIA, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>INTERDIGITAL COMMUNICATIONS<br>CORPORATION and INTERDIGITAL<br>TECHNOLOGY CORPORATION,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)  C. A. No. 05-16-JJF<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFF'S OPENING BRIEF IN SUPPORT OF
<u>MOTION FOR LEAVE TO AMEND THEIR COMPLAINT</u>**

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: January 24, 2007

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants,
InterDigital Communications Corporation
and InterDigital Technology Corporation*

## TABLE OF CONTENTS

INTRODUCTION AND STATEMENT OF INTERDIGITAL'S POSITION ................... 1

COURSE OF PROCEEDINGS ........................................................................................ 2

DISCUSSION ................................................................................................................... 5

    I.      InterDigital Requests that the Court First Rule on Its Pending Motions, Which May Obviate the Need for the Court to Consider Nokia's Motion for Leave To Amend Its Complaint .................................. 5

    II.    InterDigital Reserves Its Right to Seek Dismissal of Nokia's Newly Asserted Claims ................................................................................ 6

CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

## FEDERAL STATUTES

Fed. R. Civ. P. 10(c) ..................................................................................................5

Fed. R. Civ. P. 12 .......................................................................................................6

Fed. R. Civ. P. 56 .......................................................................................................6

Fed. R. Civ. P. 56(f) ...................................................................................................6

15 U.S.C. § 1125(a) ...................................................................................................3

## INTRODUCTION AND STATEMENT OF INTERDIGITAL'S POSITION

Defendants InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital") file their Response to Plaintiffs' Opening Brief in Support of Motion for Leave to Amend Their Complaint.

InterDigital's Motion for Summary Judgment, which was invited by the Special Master, thoroughly debunked Nokia's single remaining claim in this case and demonstrated that the case should be dismissed as a matter of law. Nokia, in desperation, now seeks leave to file an Amended Complaint that would propose to: (1) seek relief for claims previously dismissed by the Court[1] and (2) add wholly new theories of liability under three different states' laws. In other words, Nokia seeks to change this cause from one requiring the adjudication of a single federal claim (violation of the Lanham Act) to one that will involve the adjudication of numerous business torts asserted under three different states' laws (Delaware, Texas, and Pennsylvania).

Nokia's motive for seeking leave to file its Amended Complaint is obvious: to survive InterDigital's case dispositive motion for summary judgment. Nokia's method, however, is more impenetrable. Notwithstanding the fact that the Court previously dismissed all of Nokia's claims seeking declaration that eighteen (18) InterDigital patents were invalid and not infringed by Nokia's products, Nokia's Amended Complaint effectively asks the Court yet again for a declaratory judgment on patent essentiality, infringement, and validity on the same patents, plus 175 more. In addition, Nokia now

---

[1] Nokia's Original Complaint asserted a claim against InterDigital under Section 43 of the Lanham Act and sought a declaration that eighteen (18) InterDigital patents were invalid and not infringed by Nokia's products. On December 21, 2005, the Court dismissed all of Nokia's claims regarding non-infringement and invalidity. Nokia's only remaining claim against InterDigital is a single claim arising under the Lanham Act.

apparently seeks to expand the list of purportedly actionable statements in support of its Lanham Act claim despite the existence of two prior Court orders requiring Nokia to disclose the allegedly actionable statements on which its claim was predicated.

Nevertheless, *subject to* InterDigital's pending Motion to Compel Arbitration and Stay Litigation Pending Completion of the Arbitration (D.I. 75-77), and InterDigital's Motion for Leave to File Motion for Summary Judgment (D.I. 86), InterDigital does not oppose Nokia's motion for leave to amend its complaint. Consistent with InterDigital's prior motions, and as discussed below, InterDigital believes this case can and should be resolved based on motions filed in late 2006 and which remain pending.

## COURSE OF PROCEEDINGS

In an effort to justify its last minute filing, Nokia weaves a story of discovery abuse by InterDigital that is false and misleading at best. To set the record straight, InterDigital is compelled to provide the Court with a brief overview of the course of proceedings. Simply put, there has been no discovery "stonewalling" by InterDigital; neither has InterDigital "hid[den]" information from Nokia during discovery. Nokia's Brief in Support of Motion to Amend at 6, 8. Nokia, not InterDigital, is the only party that has been sanctioned by the Special Master for discovery abuse.

From January 12, 2005 when it filed this lawsuit, until January 9, 2007, Nokia sought to depose only one witness and then waited four months after taking that deposition – and until the eve of the amendment and discovery cut-off and after InterDigital had filed a case dispositive motion – to request leave to amend its complaint. As will be fully demonstrated at the appropriate time (in a to-be-filed Rule 12b motion to

dismiss), Nokia's new claims in its proposed amended complaint are the legal equivalent of a Hail Mary.[2]

This case was filed by Nokia on January 12, 2005. Nokia originally sought a declaratory judgment that certain InterDigital's patents were invalid and that Nokia did not infringe certain patents. Complaint, 8-34 (D.I. 1). Nokia also alleged that InterDigital violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). *Id.* at 34-35. On December 21, 2005, the Court dismissed all of Nokia's claims except its Lanham Act claim. *See* Memorandum Opinion at 13 (D.I. 25).

On June 30, 2006, pursuant to an Order by the Special Master entered in response to a motion filed by InterDigital, Nokia finally identified the statements on which it relies for its Lanham Act allegations. Nokia did not, however, as required by the order, provide a detailed statement as to why each statement was false or misleading. Pursuant to that same Order, Nokia confirmed that its list of statements supporting its Lanham Act claim is exhaustive. On December 15, 2006, in response to the Second Discovery Order, again entered in response to a motion filed by InterDigital, Nokia finally provided an explanation as to why it believed the statements identified in the response to the First Discovery Order were false.

On July 14, 2006, also in response to the Special Master's First Discovery Order, InterDigital identified (1) each and every public statement it has made regarding its

---

[2] Nokia's argument that its motion is timely raises more questions than it answers. There is an inherent conflict in Nokia's arguments. On the one hand, it wants to greatly expand this case to assert additional causes of action presumably because those new claims add something to the case. On the other hand, Nokia repeatedly states that there is great factual overlap between its existing cause of action and the new causes of action without ever explaining what additional relief it would be entitled to which is not afforded under its pending claim. Moreover, if there is such great overlap between the factual bases that support the new and the old claim, then why did it take Nokia two years to ask for leave?

3

patent portfolio and whether the portfolio covers the practice of 3G wireless phone systems and the sale of 3G compliant products, (2) the date of each public statement, and (3) the identity of anyone who made the statement. Nokia has never complained about or questioned the completeness or adequacy of the disclosure provided by InterDigital in response to the Special Master's First Discovery Order.

On November 17, 2006, InterDigital filed with this Court a Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration (D.I. 75), which motion is opposed by Nokia (D.I. 92). This motion has not yet been ruled upon by the Court.

On December 1, 2006, InterDigital filed with this Court a Motion for Leave to File Motion for Summary Judgment (D.I. 86), which motion is opposed by Nokia (D.I. 94). This motion has not yet been ruled upon by the Court.

On January 9, 2007, Nokia filed its Motion for Leave to Amend its Complaint (D.I. 120). Nokia seeks to add a virtual laundry list of state law business torts, including common law unfair competition, intentional interference with prospective business opportunities, injurious falsehood, unjust enrichment, violation of Delaware's, Pennsylvania's, and Texas' Deceptive Trade Practices Act, common law fraud, common law unfair competition, and commercial disparagement. Nokia may still be holding back. It states in its motion for leave that it may yet seek a further amendment based on InterDigital's filing pursuant to the Second Discovery Order due on January 26, 2007.

## DISCUSSION

I.  **InterDigital Requests that the Court First Rule on Its Pending Motions, Which May Obviate the Need for the Court to Consider Nokia's Motion for Leave To Amend Its Complaint**

For the reasons set forth in previous pleadings filed by InterDigital (D.I. 75, 86) and incorporated herein by reference (*see* Fed. R. Civ. P. 10(c)), InterDigital respectfully suggests that the most appropriate course of proceedings in this case is for the Court to (1) grant InterDigital's Motion for Leave to File its Summary Judgment Motion and grant InterDigital's summary judgment motion on the one remaining claim asserted by Nokia in this case *or* (2) grant InterDigital's Motion to Compel Arbitration and Stay Litigation Pending Completion of the Arbitration. After these motions are decided, the Court can consider and rule upon, if necessary, Nokia's motion for leave to amend.

This course, previously suggested by InterDigital (D.I. 86, 97), continues to make imminent sense. According to Nokia, "the same basic facts that gave rise to Nokia's Lanham Act Claim (*e.g.*, InterDigital's essentiality declarations to ETSI) also give rise to the new claims..." and "the purpose of the amendment is to "state the Lanham Act claim with more clarity and specificity."" Nokia's Brief in Support of Motion to Amend at 3-4. Nokia further states that the same facts that inform its Lanham Act claim, also inform its putative state law claims. *Id.* at 4-5. No matter how dressed up – whether asserted as a federal statutory claim, a Pennsylvania claim, a Texas claim or a Delaware claim – Nokia's claim(s) against InterDigital fail. In this regard, it should be noted that Nokia agrees that its state law claims are closely tied to its Lanham Act claim by representing that its state law claims will likely not call for discovery beyond what it is necessary to prove its Lanham Act claim. *Id.* at 9. Nokia, however, currently seeks a four month extension of the discovery cut-off. For a number of reasons, InterDigital is not convinced

5

that four months is enough additional time to complete fact discovery. (*See* InterDigital's Response to Motion to Extend Discovery Deadline.) In these circumstances, it is far more efficient for the Court to first decide whether Nokia's Lanham Act claim can survive InterDigital's summary judgment motion before deciding whether to allow Nokia to assert new state law claims. If as Nokia's Lanham Act claim goes, so go its pendent state law claims, why not proceed first on InterDigital's summary judgment motion? It is no answer for Nokia to say that discovery in this case is just beginning when Nokia failed to identify what additional information it would need to respond to InterDigital's summary judgment motion, a point made by InterDigital in its reply to Nokia's response to InterDigital's motion for leave to file summary judgment motion. D.I. 97 at 3 (citing Fed. R. Civ. P. 56(f) and noting that "[a]dditionally, and perhaps most tellingly, Nokia does not identify the specific discovery it claims to need and therefore has failed to satisfy Rule 56(f)'s clear requirements.").

## II.    InterDigital Reserves Its Right to Seek Dismissal of Nokia's Newly Asserted Claims

In the event that the Court exercises its discretion and grants Nokia's motion for leave to file an amended complaint, InterDigital reserves the right to move to dismiss the newly added claims pursuant to Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 or otherwise. Such grounds for dismissal would include, but would not be limited to, the following: (1) Nokia's Lanham Act claim should be dismissed for the reasons set forth in InterDigital's summary judgment motion; and (2) the doctrine of the law of the case bars Nokia's request for relief insofar as Nokia seeks in its prayer for relief the very declaratory judgment that this Court has previously dismissed.

## CONCLUSION

For the reasons stated above and in its Motion for Leave to File Summary Judgment Motion and Motion to Compel Arbitration, Defendants InterDigital Communications Corporation and InterDigital Technology Corporation request that prior to ruling on the Motion for Leave to Amend that the Court decide whether to stay this case pending the arbitration and/or grant InterDigital leave to file its summary judgment motion and then grant that motion. Only in the event that both motions are denied, should the Court consider Nokia's Motion for Leave to Amend.

                                                                          Respectfully submitted,

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| D. Dudley Oldham<br>Linda L. Addison<br>Richard S. Zembek<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Tel: (713) 651-5151<br><br>Dan D. Davison<br>Fulbright & Jaworski L.L.P.<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201-2784<br>Tel: (214) 855-8000<br><br>Dated: January 24, 2007<br>774123 / 28840 | By: /s/ David E. Moore<br>     Richard L. Horwitz (#2246)<br>     David E. Moore (#3983)<br>     Hercules Plaza, 6th Floor<br>     1313 N. Market Street<br>     Wilmington, Delaware 19801<br>     Tel: (302) 984-6000<br>     rhorwitz@potteranderson.com<br>     dmoore@potteranderson.com<br><br>*Attorneys for Defendants,*<br>*InterDigital Communications Corporation*<br>*and InterDigital Technology Corporation* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 24, 2007, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on January 24, 2007, I have Electronically Mailed the documents to the following:

| | |
|---|---|
| Peter Kontio | A. William Urquhart |
| Patrick J. Flinn | Marshall M. Searcy |
| Gardner S. Culpepper | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Keith E. Broyles | 865 South Figueroa Street, 10th Floor |
| Randall L. Allen | Los Angeles, CA 90017 |
| Lance Lawson | billurquhart@quinnemanuel.com |
| Alston & Bird LLP | marshallsearcy@quinnemanuel.com |
| 1201 West Peachtree Street | |
| Atlanta, GA 30309-3424 | |
| pkontio@alston.com | |
| pflinn@alston.com | |
| gculpepper@alston.com | |
| keith.broyles@alston.com | |
| rallen@alston.com | |
| llawson@alston.com | |

By:  /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

713935