IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 05-16-JJF <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: January 24, 2007
Public Version: January 25, 2007

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants,
InterDigital Communications Corporation
and InterDigital Technology Corporation*

## TABLE OF CONTENTS

1. InterDigital agrees that an extension of the current deadlines is necessary ............. 1

2. The fact discovery period should be extended for longer than the four months requested by Nokia's Motion for Extension ........................................ 1

3. The Court should conduct another Rule 16 scheduling conference ....................... 2

4. Misstatements in Nokia's opposition ........................................................ 2

CONCLUSION ............................................................................................ 5

i

Defendants InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital") file their Response to Plaintiff's Opening Brief in Support of their Motion for Extension of the Discovery Deadline ("Nokia's Motion for Extension") and for same would respectfully show the Court as follows:

1. ***InterDigital agrees that an extension of the current deadlines is necessary.*** InterDigital agrees with the general premise of Nokia's Motion for Extension, i.e. the parties require more time to complete fact discovery and the Court's Scheduling Order must be modified accordingly. InterDigital does not agree, however, that the four (4) month extension requested by Nokia is enough time to complete fact discovery given the current status of discovery as well as the new claims sought to be added by Nokia in its Motion for Leave to File an Amended Complaint. Additionally, InterDigital will shortly file, in accordance with the timing requirements of the Court's December 15, 2006 Order, a motion for leave to amend its answer to add additional affirmative defenses as well as assert counterclaims for affirmative relief against Nokia. As set forth below, InterDigital also does not agree with Nokia's characterization of "why" the discovery extension is necessary.

2. ***The fact discovery period should be extended for longer than the four months requested by Nokia's Motion for Extension.*** Nokia's Motion for Extension requests that all deadlines, including fact discovery, be extended four (4) months. InterDigital respectfully submits that given the current status of the case that four months is likely not enough time to complete fact discovery.

By way of example, despite the December 29, 2006 deadline, paper or electronic documents still need to be produced. There are still many depositions which have been

requested but not taken. Nokia has only recently identified in excess of 190 patents that form the basis of its current claims. There are additional depositions that will need to be requested, retaken and/or concluded. Obviously, once the parties know what additional claims and defenses are allowed to be added, they will be in a better position to formulate what additional discovery is necessary and how long they will need to complete same.

The Court has previously designated the case as "complex" under the Court's Local Rules. The designation has proven accurate as the issues and preparation of the case, have indeed been complex. InterDigital is in agreement that more time is required for discovery but believes that more than the four (4) months requested by Nokia is necessary.

3.   ***The Court should conduct another Rule 16 scheduling conference.*** Fact discovery is currently scheduled to close on February 15, 2007. It is contemplated that the Court will consider InterDigital's soon to be filed Motion for Leave to Amend on March 2, 2007 in accordance with the Court's December 15, 2006 Order. After the Court rules on this motion, the Court and the parties will know the factual and legal issues before the Court.

InterDigital believes judicial economy requires that the Court allow fact discovery to continue past the February 15 deadline. After the March 2 hearing, the parties can conduct another Rule 26(f) scheduling conference in an effort to find new mutually agreeable dates and the Court can schedule another Rule 16 scheduling conference and promptly issue a new scheduling order.

4.   ***Misstatements in Nokia's opposition.*** Nokia's Opening Brief contains many misstatements about InterDigital's conduct in an effort to justify the requested

2

discovery extension. InterDigital will not respond to the great majority of the allegations made by Nokia other than to state that it is confident in its belief that it has acted properly, promptly and professionally in its discovery and trial preparation efforts to date. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

While InterDigital disagrees with Nokia's allegations, there are several statements which require correction and which InterDigital will gladly go into much greater detail if requested to do so by the Court.

- Nokia has stonewalled its discovery obligations and is responsible, in part, for the need for additional time to complete fact discovery.

- Nokia has not completed much of its paper or electronic document production and depositions will admittedly need to be re-convened or re-taken as a result.

- It was not until ordered by the Special Master for the second time that Nokia finally, on December 15, 2006, identified with any specificity the patents made the basis of its Lanham Act claim and articulated (for some) a basis for why it believed the essentiality declarations were false and made in bad faith.

- Not until January 9, 2007 did Nokia request any depositions other than a single corporate representative of InterDigital.

- Nokia has engaged in spoliation.

- Nokia's corporate representative deposition resulted in the imposition of sanctions against Nokia.

3

- Nokia is still producing documents for witnesses who have already been deposed, after the December 29 deadline, and contrary to representations made by it to the Special Master.

- Nokia has generally engaged in discovery conduct which at times has seemed more like a game of delay and hide the ball than a party actively preparing for trial.

InterDigital, on the other hand, has been extremely proactive in attempting to meet the discovery deadlines imposed by the Court. InterDigital met the December 29, 2006 deadline for the production of documents which required a huge commitment of time and manpower.[1] InterDigital has requested ten depositions and has taken four depositions, including three depositions in London.

InterDigital has made every effort to comply with the current deadlines and complete all fact discovery by February 15, 2007.

---

[1] On January 3, 2007, the Special Master entered an order that will result in both Nokia and InterDigital being required to produce additional documents.

4

## CONCLUSION

For the reasons set forth above, InterDigital requests that the Court extend the current February 15 fact discovery deadline, conduct a new Rule 16 scheduling conference, and enter a new scheduling order. InterDigital further requests all other relief to which it may be entitled.

Respectfully submitted,

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: January 24, 2007
Public Version: January 25, 2007
774557 / 28840

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
    Richard L. Horwitz  (#2246)
    David E. Moore  (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants,*
*InterDigital Communications Corporation and*
*InterDigital Technology Corporation*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 25, 2007, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on January 25, 2007, I have Electronically Mailed the documents to the following:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com

A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com