IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and NOKIA INC.,

       Plaintiffs,

       v.

INTERDIGITAL COMMUNICATIONS
CORPORATION and INTERDIGITAL
TECHNOLOGY CORPORATION,

       Defendants.

C.A. No. 05-16-JJF

**REDACTED
PUBLIC VERSION**

## PLAINTIFFS' OPENING BRIEF IN SUPPORT OF
## MOTION FOR LEAVE TO AMEND THEIR COMPLAINT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

Attorneys for NOKIA CORPORATION
and NOKIA INC.

OF COUNSEL:

ALSTON & BIRD LLP
Patrick Flinn
Randall Allen
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

Original Filing Date: January 9, 2007
Redacted Filing Date: January 26, 2007

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS i

TABLE OF CITATIONS ii

I.    NATURE AND STAGE OF THE PROCEEDINGS 1

II.   SUMMARY OF THE ARGUMENT 1

III.  STATEMENT OF FACTS 3

IV.   ARGUMENT 5

    A.   Rule 15(a) Requires That Leave To Amend Nokia's Complaint Should Be Freely Given. 5

    B.   Nokia Has Not Unduly Delayed Seeking Leave To Amend Its Complaint. 5

    C.   InterDigital Will Not Suffer Undue Prejudice By The Amendment. 9

V.    CONCLUSION 10

TABLE OF CITATIONS

                                                                    Page(s)

**Cases**

*Bechtel v. Robinson*
    886 F.2d 644 (3d Cir. 1989)                                      5, 9

*CenterForce Techs., Inc. v. Austin Logistics, Inc.*
    No. 99-243 MMS, 2000 WL 352943  (D. Del. March 10, 2000)         6, 9

*Dole v. Arco Chemical Co.*
    921 F.2d 484 (3d Cir. 1990)                                      5

*E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*
    621 F. Supp. 310 (D. Del. 1985)                                  8

*Foman v. Davis*
    371 U.S. 178, 182 (1962)                                         5

*Micron Technology, Inc. v. Rambus Inc.*
    409 F. Supp. 2d 552 (D. Del. 2006)                               9

**Statutes**

Fed. R. Civ. P. 15(a)                                                1, 5

Fed. R. Civ. P. 30(b)(6)                                             6

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Nokia Corporation and Nokia Inc. (collectively "Nokia") have moved for leave to amend the Complaint (which currently asserts a Lanham Act claim) to plead the Lanham Act with more particularity, and to add claims for (i) violation of the Delaware Deceptive Trade Practices Act; (ii) common law unfair competition (under both Delaware and Pennsylvania law); (iii) intentional interference with prospective business opportunities (under Delaware, Pennsylvania, and Texas law); (iv) injurious falsehood; (v) commercial disparagement (under Texas and Pennsylvania law); and (vi) unjust enrichment (under Delaware, Pennsylvania, and Texas law).    Under the Revised Rule 16 Scheduling Order, motions to amend the pleadings shall be filed by January 15, 2007.

## II.    SUMMARY OF THE ARGUMENT

Under Federal Rule of Civil Procedure 15(a) and Third Circuit precedent, this Court should grant Nokia's Motion unless Nokia unduly delayed in seeking leave to amend, or unless amending Nokia's Complaint would substantially prejudice InterDigital.  Neither exception applies, and thus Nokia's Motion should be granted.

Nokia did not delay in filing this Motion.  The Court has given the parties until January 15, 2007 to amend their pleadings, and thus Nokia's Motion is timely under the Court's Revised Rule 16 Scheduling Order.    Moreover, this Court will not entertain dispositive motions until August 2007, thus giving the parties ample time to conduct additional discovery on Nokia's new claims if necessary.

More importantly, Nokia only recently learned several of the facts that give rise to its newly stated claims.  Among other new facts, Nokia has learned that InterDigital (i)

REDACTED                        (ii) purports to have secretly

withdrawn 34 essentiality declarations to ETSI in 2004 while simultaneously refusing to

alert the public (or ETSI) that it no longer believed them to be essential, contrasting with

its purported express withdrawal of 5 other declarations announced to ETSI in October

2006; (iii) declared patents essential without even comparing claims charts to standards;

(iv)                  REDACTED

                        ; and (v) has made no declarations of

essentiality since April 2004 (even though ETSI requires prompt declaration) despite the

fact that it reviews its portfolio on a quarterly basis. InterDigital committed these acts in

furtherance of a plan to mislead the industry into thinking that InterDigital has a valuable

portfolio of patents for which all in the mobile telephone industry must pay substantial

sums.

        Any argument that Nokia delayed in amending its Complaint is

unavailing. Nokia has, for the last eight months, attempted to obtain basic information

from InterDigital about its essentiality declarations through discovery. Rather than

cooperate, InterDigital obfuscated how and why it declares patents essential to ETSI.

Nokia was unable to discover any information about InterDigital's declaration practices

until it deposed InterDigital's 30(b)(6) witness in this case on August 29, 2006. As

explained below, InterDigital improperly prevented Nokia from learning more details

about its scheme in that deposition, and has yet to provide complete responses to Nokia's

discovery. Indeed, Nokia would be justified in waiting even longer to seek these

amendments, but under no circumstances can there be any accusation of unreasonable delay by Nokia here.

Nor can InterDigital argue that it will be unduly prejudiced by allowing Nokia to amend its Complaint. Although InterDigital's 30(b)(6) admissions were the impetus for Nokia's re-stated claims, there is significant factual overlap between these new claims and the pending single Lanham Act claim. Accordingly, the same basic facts that gave rise to Nokia's Lanham Act claim (*e.g.*, InterDigital's essentiality declarations to ETSI) also give rise to the new claims, including the claims under state law. InterDigital will therefore suffer no prejudice from the amendment because discovery related to Nokia's Lanham Act claim will likely be applicable to its state law claims. In the absence of prejudice and undue delay, Nokia's Motion should be granted.

## III.    STATEMENT OF FACTS

Nokia filed suit against InterDigital on January 12, 2005, asserting a claim under Section 43 of the Lanham Act and seeking a declaration that 18 InterDigital patents were invalid and not infringed by Nokia's products. The Lanham Act claim was based on InterDigital's public misrepresentations about patents related to a third generation ("3G") wireless telephony technology known as Universal Mobile Telephone Standard, or UMTS. Like other mobile communications technology, UMTS is a set of specifications defined by a standards-setting organization (SSO) to allow telecommunications equipment (including handsets and infrastructure) to function interoperably, regardless of manufacturer. In this case, the SSO that promulgated the UMTS standard is the European Telecommunications Standards Institute, known as ETSI.

ETSI's policy, applicable to its members, requires the declaration of patents that are "essential" to the practice of a standard. Nokia and InterDigital are both ETSI members. Essentiality declarations filed with ETSI are published on a searchable online database.

Declaring a patent as essential to a standard like UMTS is significant – it announces to the world, among other things, that the UMTS standard cannot be practiced without infringing the declared patent, that the declarant will comply with its ETSI obligations, and that both the industry and particular sellers of UMTS products (such as Nokia) must pay the patentee royalties.

Nokia's original Lanham Act claim is based, in part, on InterDigital's public declarations to ETSI that their patents are essential to UMTS. Nokia now seeks leave to amend its Complaint to state the Lanham Act claims with more clarity and specificity. Among other details, the revised Lanham Act claim specifically identifies which patents InterDigital declared improperly to ETSI as essential and explains why the declaration of each patent was false. To the extent InterDigital intends to persist in its claims that the patents are, in fact, essential, this Court can resolve the matter with the claim construction proceedings called for in the existing scheduling order.

In addition, Nokia has added claims for (i) violation of the Delaware Deceptive Trade Practices Act; (ii) common law unfair competition (under both Delaware and Pennsylvania law); (iii) intentional interference with prospective business opportunities (under Delaware, Pennsylvania, and Texas law); (iv) injurious falsehood; (v) commercial disparagement (under Texas and Pennsylvania law); and (vi) unjust enrichment (under Delaware, Pennsylvania, and Texas law). These claims all stem from

the same basic facts that underlie Nokia's Lanham Act claim, namely InterDigital's essentiality declarations to ETSI.[1]

## IV.    ARGUMENT

### A.    Rule 15(a) Requires That Leave To Amend Nokia's Complaint Should Be Freely Given.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a Complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) must be interpreted liberally so that claims will be decided on the merits rather than on technicalities. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (courts must apply "strong liberality" in considering whether to grant leave to amend); *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (same). Leave to amend should only be denied where there exists undue delay, bad faith or dilatory motive on the part of the movant, or undue prejudice to the opposing party by virtue of allowance of the amendment. *Dole*, 921 F.2d at 487. As set forth below, none of these factors are present here, and thus this Court should grant Nokia's Motion for leave to amend its Complaint.

### B.    Nokia Has Not Unduly Delayed Seeking Leave To Amend Its Complaint.

Nokia's Motion seeking leave to amend its Complaint is timely. The Court's April 26, 2006 Revised Rule 16 Scheduling Order gives the parties until January 15, 2007 to amend the pleadings. D.I. 51, ¶ 8. Moreover, case-dispositive motions in this

---

[1]    InterDigital intends to provide Nokia with a sworn statement setting forth basic facts about InterDigital's essentiality declarations on January 15, 2007, including which patents it has declared essential and why. Because this information may fundamentally alter the landscape of this case, Nokia hereby reserves the right to amend its Complaint again in the future following InterDigital's disclosure.

6.

case are not due until August 17, 2007, and a trial on the merits will likely not be held until early 2008. *Id.* ¶ 9. Accordingly, Nokia cannot be said to have unduly delayed in seeking to amend its Complaint when it has done so within the period prescribed by the Court and prior to any ruling on the merits of its Lanham Act claim. *See CenterForce Techs., Inc. v. Austin Logistics, Inc.*, No. 99-243 MMS, 2000 WL 352943 at *5 n.4 (D. Del. March 10, 2000) (finding no undue delay where, among other things, "there have been no determinations on the merits").

Second, Nokia has aggressively sought to learn the facts that underlie the Amended Complaint. At the outset of the case, Nokia propounded written discovery asking InterDigital to state which patents it actually believed were essential to UMTS. *See* Ex. A to Nokia's Mot. to Extend Discovery Deadline (D.I. 104). InterDigital stonewalled with two discovery responses that provided little information, and refused to take a position on the essentiality of any but 11 of the nearly 200 patents it had declared to ETSI.

On August 29, 2006, after several delays requested by InterDigital, Nokia took a deposition under Fed. R. Civ. P. 30(b)(6) to learn how InterDigital decided which patents to declare and which patents were, in fact, believed by InterDigital to be essential. Although InterDigital improperly obstructed the deposition (and has been ordered by the Special Master to produce the witness for further questions), Nokia learned critical new details about InterDigital's misconduct with respect to its essentiality declarations. Nokia specifically learned that InterDigital has engaged in the following improper conduct:

REDACTED

- *InterDigital misled the public regarding declarations in 2001.*
  InterDigital made just two declarations to ETSI – one in 2001 and one
  in 2004.   As presented to ETSI, the declarations are patently
  cumulative; that is, the 2004 declaration added new patents to the list
  of purportedly essential InterDigital patents.   Evidently unable to
  defend much of the 2001 filing, however, InterDigital's 30(b)(6)
  witness testified that the 2004 declaration "superseded" the 2001
  declaration, and that the thirty-four patents included in its 2001 but
  excluded in the 2004 declaration are no longer essential to UMTS.
  Boles Tr. at 114:04 – 115:05 (Exhibit "A").   InterDigital did nothing,
  however, to correct the impression left by the sequential declarations,
  and has never asked ETSI to remove or update the essentiality
  declarations for these thirty-four patents from the ETSI database of
  declared patents.   *Id.*   However, InterDigital subsequently asked ETSI
  to remove declarations in relation to several other patents in October
  2006.   InterDigital therefore clearly followed a different procedure
  when it sought to purportedly remove a declaration.

  *InterDigital declared patents essential without even comparing claims
  charts to standards.*

REDACTED

8.

REDACTED

- *InterDigital has made no declarations since April 2004.* Although ETSI requires that declarations of essential patents and applications be made "in a timely fashion," InterDigital instead has also adopted a strategy of ambush. InterDigital has only declared patents and applications to ETSI twice – once in 2001 and once three years later in 2004. Nor has InterDigital made any declarations since April 2004, save for 5 purported withdrawals, even though it evaluates its portfolio on a quarterly basis. Yet InterDigita also claims to have a significant essential 3G portfolio.

Because InterDigital went to great lengths to hide this information during written discovery, Nokia could only obtain these admissions by deposing InterDigital's 30(b)(6) witness, but InterDigital postponed that deposition. Thus if there has been any delay at all, it is the minor four month delay (of InterDigital's own making) between Nokia learning about InterDigital's unlawful conduct and the filing of the instant motion – hardly "undue" under Federal Rule 15(a). *See E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 315 (D. Del. 1985) ("a delay of six months. . . cannot be characterized as 'undue'").

Finally, Nokia's Motion is timely in light of the status of discovery in this case. On November 13, 2006, the Special Master ordered InterDigital to provide Nokia with the information Nokia has been seeking since the beginning of discovery in this case: a list of each patent that InterDigital declared essential to ETSI, whether it is in fact essential, and why. *See* Second Discovery Order (D.I. 71) ¶ 9. InterDigital has made clear that it will not respond to the Special Master's Order until January 15, 2007. This information is so basic and so fundamental to Nokia's Lanham Act claim that Nokia's case cannot even begin without it. Accordingly, Nokia has not waited until the close of

discovery, because, as a result of InterDigital's delay tactics, much discovery has yet to begin.

### C.    InterDigital Will Not Suffer Undue Prejudice By The Amendment.

InterDigital cannot show that it will be so unfairly prejudiced so as to deprive it "of the opportunity to present facts or evidence." *Bechtel,* 886 F.2d at 652. Although Nokia brings its new claims as a result of facts it learned during discovery, the core of the pending Lanham Act claim and the new claims is the same. Both turn on InterDigital's essentiality declarations to ETSI, and both effectively contend that InterDigital misled the marketplace regarding (i) the supposed "essentiality" of InterDigital's patent portfolio to 3G mobile telephones and telephone network products; and (ii) InterDigital's right to royalties from the industry on these products. Therefore, if the recent deposition testimony of InterDigital's witness is correct, InterDigital has known about the factual bases of Nokia's allegations since Nokia filed its original Complaint.

Moreover, in light of the factual overlap between the claims, it is unlikely that Nokia's state law claims will call for discovery beyond what is necessary to prove Nokia's Lanham Act claim. Likewise, any discovery that has already been taken or propounded related to Nokia's Lanham Act claim may well be relevant to Nokia's state law claims. Prejudice to a defendant is necessarily reduced where there is significant factual overlap between original claims and amended claims. *See Micron Technology, Inc. v. Rambus Inc.,* 409 F. Supp. 2d 552, 559 (D. Del. 2006) (finding that prejudice to a party will be reduced where there is some overlap between new discovery and discovery already completed); *CenterForce,* *6 (finding that the need for additional discovery

alone does not create undue prejudice, and that any prejudice to the defendant is diminished by the factual overlap between the original claims and amended claims). Accordingly, InterDigital will not be prejudiced by Nokia's Amended Complaint, and Nokia's Motion should therefore be granted.

## V.    CONCLUSION

For the reasons stated above, Nokia respectfully asks this Court to grant it leave to amend its Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

Attorneys for NOKIA CORPORATION
and NOKIA INC.

OF COUNSEL:

ALSTON & BIRD LLP
Patrick Flinn
Randall Allen
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

Original Filing Date:  January 9, 2007

Redacted Filing Date:  January 25, 2007

CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 26, 2007 I electronically filed the

foregoing with the Clerk of the Court using CM/ECF, which will send notification of such

filing(s) to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP

I also certify that copies were caused to be served on January 26, 2007 upon the

following in the manner indicated:

> BY HAND AND E-MAIL
>
> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801
> rhorwitz@potteranderson.com
>
> BY E-MAIL
>
> Dan D. Davison
> Fulbright & Jaworski LLP
> 2200 Ross Avenue
> Suite 2800
> Dallas, TX 75201-2784
> ddavidson@fulbright.com

> */s/ Julia Heaney*
> _____
> Julia Heaney (#3052)