## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., | ) ) ) |
| | ) C. A. No. 05-16-JJF |
| Plaintiffs, | ) ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, | ) **PUBLIC VERSION** ) ) ) |
| | ) |
| Defendants. | ) |

## INTERDIGITAL'S OPENING BRIEF IN SUPPORT
## OF ITS MOTION FOR SANCTIONS

Richard L. Horwitz  (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:  (713) 651-5151

Dan D. Davison
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel:  (214) 855-8000

*Attorneys for Defendants,*
*INTERDIGITAL COMMUNICATIONS*
*CORPORATION and INTERDIGITAL*
*TECHNOLOGY CORPORATION*

Dated:  February 1, 2007
Public Version Dated:  February 2, 2007
776011 / 28840

**TABLE OF CONTENTS**

Page

I.    NATURE AND STAGE OF THE PROCEEDING ................................................. 1

II.   SUMMARY OF THE ARGUMENT ..................................................................... 1

III.  RELEVANT FACTUAL BACKGROUND .......................................................... 2

IV.   ARGUMENT ....................................................................................................... 3

      A.    Standard of Care to Preserve Evidence ..................................................... 3

      B.    Nokia Admits to Spoliation of Evidence ................................................... 3

      C.    Nokia's Misconduct Justifies Sanctions ................................................... 6

            1.    Nokia's Actions Warrant an Evidence Preclusion Order .............. 7

            2.    Nokia's Actions Warrant an Adverse Instruction ........................ 10

V.    CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

## CASES

*Brewer v. Quaker State Oil Refining Corp.,*
72 F.3d 326 (3d Cir. 1995)..................................................................................................10

*Gumbs v. International Harvester, Inc.,*
718 F.2d 88 (3d Cir. 1983)..................................................................................................10

*MOSAID Techs. Inc. v. Samsung Electrics Co.,*
348 F. Supp. 2d 332 (D.N.J. 2004) ............................................................................ *passim*

*Scott v. IBM Corp.,*
196 F.R.D. 233 (D.N.J. 2000)..............................................................................................10

*Tracinda Corp. v. DaimlerChrysler,*
C.A. No. 00-992-JJF, 2003 WL 22951696 (D. Del. Nov. 25, 2003)....................................7

*Veloso v. Western Bedding Supply Co.,*
281 F. Supp. 2d 743 (D.N.J. 2003) .....................................................................................10

*Zubulake v. UBS Warburg LLC,*
220 F.R.D. 212 (S.D.N.Y. 2003) ...........................................................................................3

## FEDERAL STATUTES

Fed. R. Civ. P. 37(b) ...........................................................................................................7

15 U.S.C. § 1125(a). ............................................................................................................1

## I.    NATURE AND STAGE OF THE PROCEEDING

On January 12, 2005, Nokia Corporation and Nokia Inc. (collectively "Nokia")
filed their Original Complaint seeking: (1) a declaratory judgment of non-infringement
and invalidity as to certain patents held by InterDigital; and (2) relief under Section 43 of
the Lanham Act (15 U.S.C. § 1125(a)).   On December 21, 2005, the Court dismissed
Nokia's invalidity and non-infringement claims, but its Lanham Act claim remained.[1]

Special Master Seitz has been appointed to handle various discovery matters.
Pursuant to the April 26, 2006 Rule 16 Scheduling Order, all fact discovery is scheduled
to be completed by February 15, 2007.   Nokia has sought to extend the discovery
deadline and also to amend its Complaint.

## II.    SUMMARY OF THE ARGUMENT

Nokia has admittedly engaged in the spoliation of evidence in clear violation of
its obligations under the law.

In light of this astonishing delay in preserving documents and its admitted
spoliation, Nokia's conduct must be deemed intentional and is demonstrative of bad faith
or gross indifference to its discovery obligations.  Irrespective of whatever excuses Nokia
attempts to offer in response, the only conclusions warranted by these facts are that
Nokia's conduct is inexcusable and justifies sanctions.   As a remedy for Nokia's
discovery misconduct in failing to preserve evidence, InterDigital seeks an order

---

[1] InterDigital has requested leave of Court to file its Motion for Summary Judgment,
which seeks dismissal of Nokia's remaining Lanham Act claim on the ground that the
claim fails as a matter of law. *See* Defendants' Motion for Leave of Court to File Motion
for Summary Judgment at 4-5.

excluding from evidence any documents or testimony relating to Nokia's licensing activities. Specifically, Nokia has repeatedly placed its licensing at issue through its damage allegations, yet now admits that licensing documents were destroyed. Additionally, InterDigital is entitled to an adverse inference instruction relating to evidence that is no longer in existence.

### III.    RELEVANT FACTUAL BACKGROUND



Nokia has unequivocally indicated that

Yet InterDigital has recently discovered that

As a result, Nokia documents and/or emails have unquestionably been lost and destroyed.

an issue Nokia has consistently raised in this lawsuit in connection with its damage allegations.[2]

---

[2] In response to InterDigital's interrogatory number 8 inquiring as to how Nokia has been damaged as a result of InterDigital's alleged false statements, Nokia declares that "...InterDigital's false essentiality declarations have inhibited Nokia from licensing its WCDMA portfolio" and "...InterDigital's false essentiality declarations have made it more difficult for Nokia to obtain favorable terms in its WCDMA licenses." *See* Plaintiffs' First Supplemental Objections and Responses to Defendants' First Set of Interrogatories to Plaintiffs at pp. 29-30. The Nokia employee who verified Nokia's interrogatory responses, Henry Muir, is the same witness who

## IV.    ARGUMENT

### A.    STANDARD OF CARE TO PRESERVE EVIDENCE

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (internal citations omitted).  In order to avoid spoliation of evidence, parties have an obligation to suspend their routine document retention/destruction policy and establish a "litigation hold" to ensure the preservation of relevant documents. *Id.* at 338; *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).  The duty to preserve documents attaches "when a party should have known that the evidence may be relevant to future litigation." *See Zubulake*, 220 F.R.D. at 216.  Once the duty to preserve is triggered, it cannot be a defense to a spoliation claim that the party inadvertently failed to place a "litigation hold" or "off switch" on its document retention policy to stop the destruction of that evidence. *MOSAID Techs. Inc.*, 348 F. Supp. 2d at 339.  Instead, the party and its counsel should ensure that (1) all sources of relevant information are discovered, (2) relevant information is retained on a continuing basis, and (3) relevant non-privileged material is produced to the opposing party. *See Zubulake*, 220 F.R.D. at 218; *see also MOSAID Techs. Inc.*, 348 F. Supp. 2d at 339 (explaining that the "duty to preserve potentially relevant evidence is an affirmative obligation that a party may not shirk.")

### B.    NOKIA ADMITS TO SPOLIATION OF EVIDENCE

In this case, there is little doubt as to whether Nokia has engaged in the spoliation of evidence.  Indeed, Nokia has admitted to breaching its duty to preserve documents.  Nokia filed this lawsuit on January 12, 2005.  Obviously Nokia anticipated litigation

3

prior to its commencement of this lawsuit.  Whether it is credible to believe that Nokia ignored its obligations to institute a "litigation hold" in order to prevent the spoliation of evidence *See* Ex. 2 hereto, Aff. of I. Clay Rogers.  As a result, documents were intentionally destroyed both by individual Nokia employees and through Nokia's normal document retention and destruction policy.



In addition to individual Nokia employees destroying documents, it appears that Nokia has also allowed  According to Nokia, it "has **recently** implemented a document management system where files can be electronically archived and stored." Ex. 5 hereto, p. 7, Letter from Nokia Counsel Kevin O'Brien to InterDigital Counsel Clay Rogers (emphasis supplied).

Thus, absent an explicit directive to preserve emails and "standard user data",

5

████████████████████████████ Under Nokia's 1999 Record Retention Policy it is probable that employees routinely destroyed documents related to this litigation until ████████████████████████████████████████ ████████████████████████████ As a result, it is obvious that more than a year's worth of potential evidence was destroyed. ████████████████████████ ████████████████████████████

Of course, InterDigital has no way of gauging the breadth of Nokia's spoliation because the duration of Nokia's misconduct has lasted years according to Nokia's version of when it anticipated litigation. There is, however, no question that relevant evidence was destroyed. The only question is the appropriate sanction that will serve to deter Nokia's misconduct and remedy InterDigital's inability to access the destroyed evidence.

### C.    NOKIA'S MISCONDUCT JUSTIFIES SANCTIONS

Sanctions are appropriate when a party's spoliation of evidence threatens the integrity of the Court. *MOSAID Techs. Inc.*, 348 F. Supp. 2d at 339. Spoliation sanctions serve several important functions – both applicable in this case. First, sanctions resulting from spoliation serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have occupied without spoliation. *Id.* Equally important, however, is that sanctions "serve a punitive function, by punishing the spoliator for its actions, and a deterrent function, by sending a clear message to other potential litigants that this type of behavior will not be tolerated and will be dealt with appropriately if need be." *Id.*

Courts have applied a wide range of sanctions for a party's spoliation of evidence, including dismissal or judgment by default, preclusion of evidence, imposition of an adverse inference, or assessment of attorneys' fees and costs. *See* FED. R. CIV. P. 37(b); *see also MOSAID Techs. Inc.*, 348 F. Supp. 2d at 335, 335 nn. 2-6 (listing remedies and citing cases). Obviously, dismissal and judgment by default are the two most severe sanctions available. Although Nokia's conduct has been egregious, InterDigital does not ask the Court to impose these remedies at this time. Instead, InterDigital requests that Nokia be precluded from offering evidence relating to Nokia's at trial or any hearing. InterDigital submits that this sanction is appropriate given that Nokia's conduct represents the extraordinary circumstances that justify an order precluding evidence. Additionally, InterDigital seeks an adverse inference instruction regarding any specific disputed issues that relate to documents that have been destroyed.

### 1.    Nokia's Actions Warrant an Evidence Preclusion Order

Nokia should be precluded from offering or using evidence related to its licensing because it admits to destroying licensing documents. Three key considerations dictate whether this evidentiary preclusion sanction is warranted: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Id.* (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)). The three factors weigh heavily in favor of a preclusion order. *See also Tracinda Corp. v. DaimlerChrysler*, C.A. No. 00-992-JJF, 2003 WL 22951696, at * 1 (D. Del. Nov. 25, 2003) (Ex. 7 hereto).

Regarding the degree of Nokia's fault, InterDigital respectfully suggests that Nokia's conduct speaks for itself. That is, the degree to which Nokia is at fault can only be measured by its sophistication as a litigant and the length of time during which it continued to disregard its obligations under the law. Nokia is no stranger to litigation and, as such, was fully aware of the duty to implement a litigation hold at the point litigation was "reasonably foreseeable . . . ." *MOSAID Techs. Inc.*, 348 F. Supp. 2d at 335. Nokia, of course, has indicated that it anticipated litigation as early as 2002 or 2003. *See* Ex. 1, Honkasalo Depo., p. 172, ll. 9-25 to p. 173, ll. 1-6.

The second factor justifying the imposition of sanctions is also satisfied. In particular, InterDigital has been severely prejudiced by Nokia's spoliation because InterDigital does not have access to thousands of potentially relevant documents and/or emails that have been destroyed. Based on the deposition testimony of Henry Muir, it is clear that

Nokia has based a significant part of its damages theory on the impact of InterDigital's alleged Lanham Act violations on Nokia's licensing efforts and results. *See, e.g.,* Plaintiffs' First Supplemental Objections and Responses to Defendants' First Set of

Interrogatories at p. 30 (contending InterDigital has "made it more difficult for Nokia to obtain favorable terms in its WCDMA licenses"). As such, InterDigital has a right to discover relevant documents pertaining to Nokia's licensing in order to prepare its defense. Unfortunately, many of these documents no longer exist due to Nokia's conduct.

████████████████████████████████████████████████████

████████████████████████████ the subject matter of other documents and/or emails is unknown because InterDigital has not had (and never will have) the opportunity to discover the destroyed material. Yet the intentional destruction of other documents by individual employees, ██████████████████████████████████████ virtually guarantee that relevant or potentially relevant material was destroyed. *See MOSAID Techs. Inc.*, 348 F. Supp. 2d at 338 (imposing sanctions because of breach of "duty to preserve potentially discoverable evidence"). Therefore, InterDigital submits that any response by Nokia containing self-serving and conclusory statements that any destroyed documents were not relevant should summarily be rejected.

Finally, a lesser sanction would result in substantial unfairness to InterDigital and would not deter conduct by others in the future that are guilty of intentional spoliation. Allowing Nokia to use documentary evidence relating to its licensing after it admittedly and improperly destroyed licensing documents effectively rewards Nokia for its flagrant violation of the law. In addition to this reward, Nokia gets the benefit of both shield and sword because InterDigital is precluded from relying on any of the destroyed evidence for its defense. Moreover, Nokia's spoliation misconduct cannot be viewed in a vacuum. Instead, the destruction of evidence by Nokia must be considered within the context of

Nokia's other discovery related misconduct, some of which has been detailed in InterDigital's prior discovery motions. (*See* the Special Master's January 15, 2007 Decision on Defendants' Motion to Compel Testimony and for Sanctions.)   At every turn, Nokia has elevated tactics and gamesmanship over substance and merits.   Now that an even greater breach of its obligations has been exposed, a preclusion order is the appropriate response.

### 2.   Nokia's Actions Warrant an Adverse Instruction

InterDigital also requests an adverse inference instruction as a result of Nokia's spoliation of evidence.   Jury instructions permitting the spoliation inference allow the jury to infer that the "destroyed evidence might or would have been unfavorable to the position of the offending party." *Id.* at 336 (quoting *Scott v. IBM Corp.*, 196 F.R.D. 233, 248 (D.N.J. 2000).   Four factors must be satisfied for the spoliation inference to apply. First, "the evidence in question be within the party's control." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (citing *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983)).   Second, "it must appear that there has been actual suppression or withholding of the evidence." *Id.*   Although a lower level of culpability is not necessary in light of Nokia's intentional misconduct, courts have recognized that negligent destruction of relevant evidence can be sufficient to satisfy this second factor. Third, the evidence destroyed or withheld must be relevant to claims or defenses. *Scott*, 196 F.R.D. at 248; *Veloso v. Western Bedding Supply Co.*, 281 F. Supp. 2d 743, 746 (D.N.J. 2003).   And fourth, it must have been reasonably foreseeable that the evidence would later be discoverable. *Scott*, 196 F.R.D. at 248.

Nokia has no basis upon which to argue that these elements are not satisfied. First, it is plainly evident that the material was within Nokia's control. ████████████████████████████████ ███████████ Nokia can explicitly archive relevant materials for permanent retention. *See* Ex. 5, pp. 7-8, Letter from Nokia counsel Kevin O'Brien to InterDigital counsel Clay Rogers ███████████████████████████████████████ In fact, Nokia states that relevant records under its "legal hold order" are to be "held indefinitely."[3] *Id.* at p. 8. Unfortunately, Nokia's "legal hold order" came far too late. Although tardy, it is obvious that Nokia has control over its own documents--if it actually wants to exercise such control. Second, Nokia has engaged in the actual suppression or withholding of the evidence. As noted above, this element is satisfied even by negligent destruction of relevant evidence, and does not require "that the failure to preserve was intentional, [or] indicates fraud and a desire to suppress the truth." *MOSAID Techs. Inc.*, 348 F. Supp. 2d at 337. Here, Nokia is the plaintiff, and claims to ███████████████████████████████████████████████

Under these circumstances, Nokia's actions can be deemed intentional.

Likewise, the third and forth factors are also satisfied. As InterDigital has already outlined in support of its request for a preclusion order, the testimony of Henry Muir conclusively establishes that ████████████████████████ ███████████████████████████ Although it is apparent thousands of other documents were destroyed as a result of Nokia's routine ████████████████████████

---

[3] Noticeably, Nokia's letter to InterDigital does not reflect a specific date the "legal hold order" was instituted.

InterDigital has no means of assessing the relevance of the destroyed material. However, as one court explained about a party that allows evidence to be destroyed by failing to take reasonable precautions: "common sense dictates that the party is more likely to have been threatened by that evidence." *Id.* at 338. Finally, Nokia cannot argue that discovery of the evidence was not reasonably foreseeable. ██████████████████████████

██████████████████████████ it strains credibility to suggest that discoverability was not foreseeable once the lawsuit was actually filed by Nokia in early 2005. Because the necessary elements are present, InterDigital seeks a spoliation instruction to remedy Nokia's misconduct.[4]

---

[4] InterDigital will, upon request of the Court, submit a proposed instruction.

12

## V.    CONCLUSION

Nokia has ignored its clear obligation under the law to preserve documents. Indeed, Nokia cannot dispute that documents were destroyed as a result of its failure to timely institute a "litigation hold." The only real issue is the consequence for Nokia's flagrant violation of the rule. InterDigital submits that Nokia should be precluded from offering documents relating to Nokia's licensing because Nokia admits

InterDigital also seeks an adverse inference instruction relating to evidence no longer in existence. In sum, Nokia's conduct impugns the integrity of the Court and should not be tolerated.

Respectfully submitted,

OF COUNSEL:                               POTTER ANDERSON & CORROON LLP

D. Dudley Oldham
Linda L. Addison                          By:  /s/ David E. Moore
Richard S. Zembek                              Richard L. Horwitz  (#2246)
Fulbright & Jaworski L.L.P.                     David E. Moore (#3983)
1301 McKinney, Suite 5100                       Hercules Plaza, 6th Floor
Houston, Texas 77010-3095                       1313 N. Market Street
Tel: (713) 651-5151                             Wilmington, Delaware 19801
                                                Tel: (302) 984-6000
Dan D. Davison                                  rhorwitz@potteranderson.com
Fulbright & Jaworski L.L.P.                     dmoore@potteranderson.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784                   Attorneys for Defendants,
Tel: (214) 855-8000                        INTERDIGITAL COMMUNICATIONS
                                           CORPORATION and INTERDIGITAL
Dated:  February 1, 2007                   TECHNOLOGY CORPORATION
Public Version Dated:  February 2, 2007
776011 / 28840

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 2, 2007, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on February 2, 2007, I have Electronically Mailed the documents to the following:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com

A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

By:  /s/ David E. Moore
     Richard L. Horwitz
     David E. Moore
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware 19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

713935 / 28840