## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and
NOKIA, INC.,

   Plaintiffs,

   v.

INTERDIGITAL COMMUNICATIONS
CORPORATION and INTERDIGITAL
TECHNOLOGY CORPORATION,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C. A. No. 05-16-JJF

**JURY TRIAL DEMANDED**

**PUBLIC VERSION**

## DEFENDANTS' OPENING BRIEF IN SUPPORT
## OF MOTION FOR LEAVE TO AMEND

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

Dated: February 1, 2007
Public Version Dated: February 7, 2007
776575/28840

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants,*
*INTERDIGITAL COMMUNICATIONS*
*CORPORATION and INTERDIGITAL*
*TECHNOLOGY CORPORATION*

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS .......................................................1

II. SUMMARY OF THE ARGUMENT...........................................................................3

III. STATEMENT OF FACTS ......................................................................................4

IV. ARGUMENT.........................................................................................................5

    A. The Federal Rules And Third Circuit Precedent Require That
        Leave To Amend Be Granted Freely ...........................................................5

    B. Nokia Concedes that InterDigital May File Its Amended
        Answer and Counterclaim..........................................................................6

    C. Nokia Will Not Be Unduly Prejudiced By InterDigital's
        Amended Answer and Counterclaims .......................................................6

    D. InterDigital Has Not Delayed Seeking Leave to Amend...................................7

V. CONCLUSION.......................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Adams v. Gould Inc.*,
   739 F.2d 858 (3d Cir. 1984)..........................................................................................5

*E.I Dupont De Nemours & Co. v. Millennium Chemicals,*
   C.A. No. 97-237-SLR, 1999 WL 615164
   (D. Del. Aug. 2, 1999) ..........................................................................................7, 8

*Fonman v. Davis,*
   371 U.S. 178 (1962)...................................................................................................5

*Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,*
   663 F.2d 419 (3d Cir. 1981)........................................................................................6

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.,*
   50 F.R.D. 415 (D. Del. 1970) ....................................................................................7

*Justofin v. Metropolitan Life Insurance Co.,*
   372 F.3d 517 (3d Cir. 2004)........................................................................................5

*Long v. Wilson,*
   393 F.3d 390 (3d Cir. 2004)........................................................................................5

*Standard Chlorine of Del., Inc. v. Sinibaldi,*
   C.A. No. 91-188-SLR, 1995 WL 562285
   (D. Del. Aug. 24, 1995) .............................................................................................7

## FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ...........................................................................................1, 4, 5, 7

15 U.S.C. § 1125(a)) .......................................................................................................4

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Subject to, and without waiver of the requests for relief set forth in their Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration (D.I. 75-77) and their Motion for Leave to File Motion for Summary Judgment and Motion for Summary Judgment (D. I. 86), and pursuant to Federal Rule of Civil Procedure 15(a) and D. Del. LR 15.1, Defendants InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital") seek leave to file Defendants' First Amended Answer and Original Counterclaim against Plaintiffs Nokia Corporation and Nokia, Inc. ("Nokia").

InterDigital's Motion for Leave to file a Motion for Summary Judgment on Nokia's single remaining claim in this case is currently pending. Nokia's Original Complaint asserted a claim against InterDigital under Section 43 of the Lanham Act and sought a declaration that eighteen (18) InterDigital patents were invalid and not infringed by Nokia's products. On December 21, 2005, the Court dismissed all twenty (20) of Nokia's claims regarding non-infringement and invalidity. Nokia's only remaining claim against InterDigital is under the Lanham Act. InterDigital continues to believe that the underlying proposed motion for summary judgment is proper and that Nokia's claims should be dismissed as a matter of law. In fact, discovery has recently revealed that ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████     To the extent that any counterclaims sought to be added herein by InterDigital are similar to Nokia's claims or inconsistent with the motion for

summary judgment, InterDigital is compelled to assert such claims at this time in accordance with the Court's Scheduling Order.  The assertion of such claims is done subject to the requested motion for summary judgment, the Court's ruling on the legal issues raised therein, and is not a waiver of InterDigital's prior position thereon or its ability to challenge Nokia's requested amendment pursuant to Rule 12 or otherwise.

In an effort to survive InterDigital's case dispositive motion, Nokia subsequently moved for leave to file its First Amended Complaint. (D.I. 138).  Nokia's proffered First Amended Complaint adds new claims for numerous business torts, related to the same conduct made the basis of the current Complaint, asserted under three different states' laws  including: (1) violation of Delaware Deceptive Trade Practices Act; (2) common law  unfair  competition;  (3) intentional  interference  with  prospective  business opportunities; (4) injurious falsehood; (5) commercial disparagement; and (6) unjust enrichment.

InterDigital filed a response to Nokia's Motion for Leave to Amend Their Complaint advising the Court that it does not oppose Nokia's Motion for Leave to Amend its Complaint *subject to* InterDigital's pending Motion to Compel Arbitration and Stay Litigation Pending Completion of the Arbitration (D.I. 75-77), and InterDigital's Motion for Leave to File Motion for Summary Judgment (D.I. 86), and further *subject to* this Court granting InterDigital's Motion for Leave to file its Amended Answer and Original Counterclaim.  It should be noted that in the event that the Court grants Nokia's motion for leave to amend its Complaint, InterDigital will need to further amend its Answer in response to the additional claims asserted in Nokia's proposed Amended Complaint.

As a result of information learned during discovery, InterDigital now seeks leave to file InterDigital's First Amended Answer to assert the additional affirmative defense of unclean hands to Nokia's current Lanham Act Claim.

InterDigital also seeks leave to file its Original Counterclaim against Nokia asserting claims for violation of the Lanham Act (Sections 43(A)(1)(A) and (A)(1)(B)), violation of the Delaware Deceptive Trade Practices Act, engaging in unfair competition as proscribed by Delaware law, intentional interference with prospective business opportunities as proscribed by Delaware and Pennsylvania law, and publishing false statements about InterDigital in violation of Delaware law prohibiting injurious falsehoods and Pennsylvania law prohibiting commercial disparagement. InterDigital also asserts claims for unjust enrichment under both Delaware and Pennsylvania law and seeks actual, treble and punitive damages and disgorgement of Nokia's unjust enrichment, attorney's fees, and a permanent injunction. Importantly, Nokia concedes that InterDigital may assert new affirmative defenses and counterclaims in this case without seeking leave of court to amend, and Nokia acknowledges that InterDigital's amendments are timely. (D.I. 141).

## II.    SUMMARY OF THE ARGUMENT

*Nokia admits leave should be granted.*    In its Reply in Support of Motion for Extension of Discovery Deadline and Motion for Leave to Amend Complaint, Nokia expressly states that InterDigital has the right to assert new affirmative defenses and file a counterclaim.    D.I. 141, p. 2 n.1.    By conceding leave should be granted, Nokia essentially admits that InterDigital has satisfied the twin requirements for leave – the absence of prejudice to the other party and timeliness.    Nokia has acknowledged that it

3

will not be unduly prejudiced by InterDigital's First Amended Answer and Counterclaim, and that the newly added affirmative defenses and counterclaims are timely. Because the claims asserted are all claims that (1) can be adjudicated by this Court and (2) relate to the same subject matter that forms the basis of Nokia's claims against InterDigital, it would be efficient to have all the claims decided by this Court in the same proceeding. Accordingly, Nokia will have no good faith basis to oppose InterDigital's motion for leave.

In addition, even had Nokia not conceded the obvious, InterDigital would still be entitled to amend its pleadings. Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely. The liberal right to amend pleadings extends to an answer to the complaint, affirmative defenses, and counterclaims. The Third Circuit recognizes the liberal pleading philosophy of the federal rules and allows leave to amend pleadings unless there is an undue delay, bad faith, or prejudice to the nonmovant as a result of the delay.

## III.    STATEMENT OF FACTS

This case was filed by Nokia on January 12, 2005. Nokia originally sought a declaratory judgment that certain of InterDigital's patents were invalid and that Nokia did not infringe certain patents. Complaint, 8-34 (D.I. 1). Nokia also alleged that InterDigital violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). *Id*. at 34-35. On December 21, 2005, the Court dismissed all of Nokia's claims except its Lanham Act claim. *See* Memorandum Opinion at 13 (D.I. 25).

On November 17, 2006, InterDigital filed with this Court a Motion to Compel Arbitration and Stay Litigation Pending Completion of Arbitration (D.I. 75), which

motion is opposed by Nokia (D.I. 92). This motion has not yet been ruled upon by the Court.

On December 1, 2006, InterDigital filed with this Court a Motion for Leave to File Motion for Summary Judgment (D.I. 86), which motion is opposed by Nokia (D.I. 94). This motion has not yet been ruled upon by the Court.

On January 9, 2007, Nokia filed its Motion for Leave to Amend its Complaint (D.I. 120). Nokia seeks to add a virtual laundry list of state law business torts, including common law unfair competition, intentional interference with prospective business opportunities, injurious falsehood, unjust enrichment, violation of state Deceptive Trade Practices Acts, common law fraud, common law unfair competition, and commercial disparagement. InterDigital filed its response on January 24, 2007. This motion has not yet been ruled upon by the Court.

## IV.    ARGUMENT

### A.    The Federal Rules And Third Circuit Precedent Require That Leave To Amend Be Granted Freely

Rule 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." FED. R. CIV. P. 15(a). The plain terms of Rule 15(a) do not discriminate on the basis of type of pleading, and the liberal right to amend pleadings extends to answers, affirmative defenses, and counterclaims. *See e.g., Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004); *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517 (3d Cir. 2004). The Third Circuit recognizes that motions to amend pleadings should be liberally granted unless there has been undue delay, bad faith, or prejudice to the nonmovant as a result of the delay. *Adams v. Gould Inc.*, 739 F.2d 858, 867-68 (3d Cir. 1984). In explaining the liberality of Rule 15(a), the Supreme Court noted that "[i]f the underlying

facts or circumstances relied upon by the [counter-]plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Fonman v. Davis*, 371 U.S. 178, 182 (1962).

Nokia will not be unduly prejudiced by InterDigital's Amended Answer or its Original Counterclaim. Nor has InterDigital delayed in seeking leave to Amend. Accordingly, the Court should grant InterDigital's Motion for Leave to Amend its Answer by adding new affirmative defenses and file its Original Counterclaim.

### B. Nokia Concedes that InterDigital May File Its Amended Answer and Counterclaim

Nokia concedes that InterDigital may assert new affirmative defenses and counterclaims in this case without seeking leave of court to amend. (D.I. 141). Nokia effectively admits that InterDigital's motion for leave to amend its Answer and Counterclaim is timely and in response to Nokia's motion to Amend its Complaint, and that Nokia will not be unduly prejudiced by InterDigital's Amended Answer and Counterclaim.

### C. Nokia Will Not Be Unduly Prejudiced By InterDigital's Amended Answer and Counterclaims

Nokia cannot show that it would be unduly prejudiced by allowing InterDigital to amend its Answer and file its Original Counterclaim. Because undue prejudice to the nonmovant is the touchstone for the denial of leave to amend, the Court should grant InterDigital's Motion for Leave to Amend its Answer by adding new affirmative defenses and file its Original Counterclaim. *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

Because Nokia's proposed First Amended Complaint dramatically changes to complexion of this case, Nokia asked the Court for an extension to the discovery period.

6

InterDigital has responded that it does not oppose an extension of the fact discovery period and has requested that the Court conduct a new scheduling conference. As a result, Nokia will have considerable opportunity to respond to InterDigital's Counterclaim and new affirmative defense.

Answering and defending InterDigital's claims does not constitute prejudice which courts rely upon when denying motions for leave to amend. Moreover, InterDigital has diligently defended this case. InterDigital successfully moved to dismiss the majority of Nokia's claims. InterDigital has asked and answered multiple sets of written discovery. InterDigital has produced and continues to produce thousands of pages of paper and electronic documents. InterDigital has requested and taken several depositions. InterDigital has been extremely proactive in preparing this matter for trial.

Finally, and as noted above, Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." If the Court were inclined to allow Nokia to now fold in other claims, then InterDigital would respectfully submit that justice similarly requires that the Court preside over InterDigital's additional affirmative defense and counterclaims against Nokia.

### D. InterDigital Has Not Delayed Seeking Leave to Amend

It is well settled that a defendant may include counterclaims in its answer to an amended complaint. *See E.I Dupont De Nemours & Co. v. Millennium Chems.*, C.A. No. 97-237-SLR, 1999 WL 615164, at *4 (D. Del. Aug. 2, 1999) (Ex. 1 hereto) (citing *Standard Chlorine of Del., Inc. v. Sinibaldi*, C.A. No. 91-188-SLR, 1995 WL 562285 (D. Del. Aug. 24, 1995)) (Ex. 2 hereto); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970)). InterDigital has diligently defended this case and has sought to amend its pleadings shortly after learning of the facts giving rise to

7

the additional affirmative defense and counterclaims. Unquestionably, InterDigital's motion for leave to amend its Answer and Counterclaim is timely. *See E.I Dupont De Nemours & Co. v. Millennium Chems.*, 1999 WL 615164, at *4.

## V.    CONCLUSION

For the reasons stated above and subject to its pending motions, InterDigital respectfully asks this Court to grant it leave to amend its Answer and file its Original Counterclaim. InterDigital further requests all other relief to which it is justly entitled.

Respectfully submitted,

OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Linda L. Addison
Richard S. Zembek                          By: */s/ David E. Moore*
Fulbright & Jaworski L.L.P.                      Richard L. Horwitz  (#2246)
1301 McKinney, Suite 5100                       David E. Moore (#3983)
Houston, Texas 77010-3095                       Hercules Plaza, 6th Floor
Tel: (713) 651-5151                             1313 N. Market Street
                                                Wilmington, Delaware 19801
Dan D. Davison                                  Tel: (302) 984-6000
Fulbright & Jaworski L.L.P.                      rhorwitz@potteranderson.com
2200 Ross Avenue, Suite 2800                     dmoore@potteranderson.com
Dallas, Texas 75201-2784
Tel: (214) 855-8000                        *Attorneys for Defendants,*
                                           *INTERDIGITAL COMMUNICATIONS*
                                           *CORPORATION and INTERDIGITAL*
Dated: February 1, 2007                    *TECHNOLOGY CORPORATION*
Public Version Dated: February 7, 2007
776575/28840

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 7, 2007, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on February 7, 2007, I have Electronically Mailed the documents to the following:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com

A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

By:  /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

713935 / 28840