## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOKIA CORPORATION and NOKIA, INC., | ) ) ) | |
| | ) | C. A. No. 05-16-JJF |
| Plaintiffs, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, | ) ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) | |

## DEFENDANTS' REPLY TO PLAINTIFFS' ANSWERING BRIEF IN
## RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

*Attorneys for Defendants,*
*InterDigital Communications Corporation and*
*InterDigital Technology Corporation*

Dated: February 22, 2007
Public Version Dated: February 27, 2007
780013 / 28840

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ...................................................................................................1

ARGUMENT..........................................................................................................2

    I.      Nokia Has Spoliated Discoverable Evidence ..............................................2

           A.     InterDigital's Complaint Concerns What Nokia Destroyed; Not What Nokia Preserved ..............................................................2

           B.     Nokia's Attempt to Shift the Burden to InterDigital Fails..............3

           C.     Nokia's Characterization of the Scope of its Duty to Preserve Is Overly Narrow...........................................................5

           D.     Mr. Muir's Attempted Backtracking Is Ineffective ........................7

           E.     Nokia's Standard Document Retention Policy Is No Substitute for the Required Litigation Hold..................................11

    II.      Nokia's Conduct Justifies Sanctions.........................................................13

    III.     InterDigital Met and Conferred With Nokia Before Filing Its Motion.......................................................................................................14

CONCLUSION......................................................................................................16

i

# TABLE OF CITATIONS

**PAGE(S)**

## CASES

*Brewer v. Quaker State Oil Refining Corp.*
72 F.3d 326 (3d Cir. 1995)......................................................................13, 14

*Fitzpatrick v. National Mobile Television*
364 F. Supp. 2d 483 (M.D. Pa 2005) .....................................................8

*In Re City Corp, Inc.*
448 F.3d 672 (3d Cir. 2006)....................................................................7

*MOSAID Techs. Inc., v. Samsung Electrics Col*
348 F. Supp. 2d 332 (D.N.Y. 2004)................................................ *passim*

*Scott v. IBM Corp.*
196 F.R.D. 233 (D.N.J. 2000)...........................................4, 5, 13, 14

*Schmid v. Milwaukee Elec. Tool Corp.*
13 F.3d 76 (3d Cir. 1994)......................................................................13

*Skretvedt v. E. I. Du Pont De Nemours Co.*
262 F. Supp. 2d 366 (D. Del. 2003) .....................................................8

*Yatzus v. Appoquinimink School District*
458 F. Supp. 2d 235 (D. Del. 2006) ......................................................7

*Zubulake v. UBS Warburg LLC*
220 F.R.D. 212 (S.D.N.Y. 2003) ................................................ *passim*

## STATUTES

Fed. R. Civ. P. 26(b) ..............................................................................5

Fed. R. Civ. P. 30(e) ..............................................................................7

Fed. R. Evid. 602 ...................................................................................7

Defendants InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital"), file their Reply to Plaintiffs' Answering Brief in Opposition to Defendants' Motion for Sanctions Based on Spoliation of Evidence. InterDigital is entitled to all the relief sought in its Motion for Sanctions.

## INTRODUCTION

***Did he or didn't he?*** █████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████ "Knowingly," however, is not the test. It cannot be. If Mr. Muir's declaration were held sufficient, then we might as well not require plaintiffs to preserve evidence that potentially could undermine their claims.

***Why no litigation hold until August 2006?*** It is litigation 101 – parties are required to preserve evidence once litigation is reasonably anticipated. Why then did litigation-experienced Nokia fail to timely institute a litigation hold? Nokia never says. Instead, Nokia attempts to shift the burden to InterDigital to prove that the documents Nokia destroyed are relevant. Nokia's argument proves InterDigital's point. Nokia argues that because InterDigital cannot produce a destroyed document, the Court must presume that Nokia did not destroy any relevant documents. Under the law, the

applicable presumptions inure to InterDigital's benefit, not to Nokia's benefit. The law does not reward those who have not preserved documents.

*Nokia uses the wrong test.* ████████████████████████████

████████████████████████ This Nokia-defined scope of discovery is narrower than the law provides and conveniently ignores Nokia's obligation to institute a litigation hold. Because Nokia failed to institute a litigation hold policy, neither InterDigital nor the Court will ever know if the documents were "unique" or "substantive." Just as a defendant is not required to accept a plaintiff's word for what is relevant to the issues in a case, a defendant is not required to accept a plaintiff's assertion that destroyed documents would not lead to the discovery of admissible evidence.

Distilled, Nokia's position is that InterDigital's motion is meritless because Nokia did not destroy any important documents, if it did, it didn't mean to, and any documents it destroyed would not be helpful to InterDigital. Nokia is not empowered to make that determination. That Nokia wants the Court to turn a blind eye to Nokia's discovery abuses is no reason for the Court to do so. Consistent with settled precedent, Nokia should be sanctioned.

## ARGUMENT

### I. Nokia Has Spoliated Discoverable Evidence

#### A. InterDigital's Complaint Concerns What Nokia Destroyed; Not What Nokia Preserved

The root of the problem for Mr. Muir and Nokia is Nokia's failure to timely institute a litigation hold, regardless of the documents Mr. Muir has retained and the volume of documents produced from his files. Nokia seemingly misses the point. Once the duty to preserve documents is triggered, it cannot be a defense to a spoliation claim

2

that the party inadvertently failed to place a "litigation hold" or "off switch" on its document retention policy to stop the destruction of that evidence *MOSAID Techs. Inc., v. Samsung Elecs. Col,* 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Instead, litigants and their counsel should ensure through a litigation hold that (1) all sources of relevant information are discovered, (2) relevant information is retained on a continuing basis, and (3) relevant non-privileged material is produced to the opposing party. *See Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 218 (S.D.N.Y. 2003).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████  It is not only the documents Mr. Muir or Nokia believe support Nokia's damage claim that InterDigital seeks; InterDigital is also keenly (and obviously) interested in the documents that demonstrate Nokia's licensing activities have ***not*** been affected by InterDigital's statements or have been affected adversely by other causes. Simply put, InterDigital is interested in (and is entitled to discover) documents that refute Nokia's claims.

**B.    Nokia's Attempt to Shift the Burden to InterDigital Fails**

███████████████████████████████████████████████████

██████████████████████████  How could it? Although in some cases a spoliator might have left a trail of destroyed documents, *i.e.,* by leaving a log or a memo describing the documents, no such list exists here. Certainly InterDigital cannot be punished for not being able to wave the destroyed documents in front of the Court as evidence of

3

spoliation. Nor should Nokia be rewarded for destroying the documents themselves and leaving InterDigital with no means of describing them for the Court.

Nokia's arguments fail under the law. InterDigital need only show generally that Nokia – which did not timely institute a litigation hold – failed to "preserve what it [knew], or reasonably should [have known, would] likely be requested in reasonably foreseeable litigation." *See MOSAID Techs. Inc.*, 348 F. Supp. 2d 332, 336. For example, in *MOSAID Technologies, Incorporated*, a highly technical patent case, the destroyed e-mails were identified only very generally as "technical e-mails." *Id.* at 333. However, because the party had obviously failed to preserve any such technical e-mails, the court ordered a spoliation inference, without requiring the offended party to speculate more specifically about the contents of the deleted documents. *Id.* at 333-334, 338-39. Similarly, in *Zubulake*, the deleted documents were identified by the name of the individuals or "key players" to or from whom the e-mails had been sent or received. *Zubulake*, 220 F.R.D. at 215. The exact content of the e-mails were never known, but the court nonetheless held that the deletion of such e-mails was a breach of the duty to preserve. *See id.* at 215, 219-20. Also, in *Scott v. IBM Corporation*, an employee discrimination case, the destroyed documents were identified by topic as documents relating to the employer's plan for employee reduction. 196 F.R.D. 233, 249 (D.N.J. 2000). The court held that the employer should have foreseen that such documents would become relevant, and therefore a spoliation inference could reasonably have been drawn. *Id.* at 249-50. Here, InterDigital has indicated a specific category of documents that were destroyed as well as a "key player" whose documents were destroyed. InterDigital has done all that it can under the circumstance to prove spoliation.

4

**C.    Nokia's Characterization of the Scope of its Duty to Preserve Is Overly Narrow.**

Nokia's claim that it is only required to maintain "unique" documents that support its own claims (*e.g.*, Response at 1) is untenable. Nothing in the Federal Rules of Civil Procedure or the case law limits the scope of discovery as Nokia apparently wishes. Rather, courts require that every party is "under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *MOSAID Techs. Inc.*, 348 F. Supp. 2d at 336 (citing *Scott v. IBM Corp.*, 196 F.R.D. 233, 249 (D.N.J. 2000); *Zubulake,* 220 F.R.D. at 217 (S.D.N.Y. 2003). Regarding *whose* documents must be preserved, "the duty to preserve extends to those employees likely to have relevant information—the 'key players' in the case." *Id.* at 218. *See Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 218 (S.D.N.Y. 2003). Regarding *what* must be retained, "[a] party or anticipated party must retain all relevant documents (but not multiple identical copies) in existence at the time the duty to preserve attaches, and any relevant documents created thereafter." *Id.*

In addition, as the Court well knows, the discovery rules reach well beyond mere "unique" documents that support the claim of one party. Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identify and location of persons having knowledge of any discoverable matter. . .

5

. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Nothing in the Federal Rules limits the scope of discovery to, and thus the need to preserve, "unique" documents.

███████████████████████████████████████████████████████████

Nokia is wrong. By asserting damages to its WCDMA licensing, Nokia not only placed documents that *support* its damage claim at issue, Nokia placed its entire WCDMA licensing activities at issue. *See* Plaintiffs' First Supplemental Objections and Responses to Defendants' First Set of Interrogatories to Plaintiffs at 29-30 (Nokia claiming that "InterDigital's false essentiality declaration has made it more difficult for Nokia to obtain favorable terms in its WCDMA licenses.").

Moreover, if history is a teacher, it is probable that the production of documents regarding all of Nokia's WCDMA licensing activities may reveal evidence that is useful to InterDigital's defense.[1]

---

[1] The prediction that discovery into Nokia's licensing activities could produce helpful, relevant evidence has already been proven true. ████████████████████████
████████████████████████████████████████████████████████████████
██████ This statement directly supports the position taken by InterDigital in its motion for leave to file a summary judgment motion (D.I.86), that ETSI declarations are mere opinions that cannot form the basis of a Lanham Act claim. It is impossible to know how many more such documents have been destroyed by Nokia.

**D.     Mr. Muir's Attempted Backtracking Is Ineffective**

The Court should not linger long over Mr. Muir's declaration[2] ▮▮▮▮▮



▮▮▮ *See* Fed. R. Evid. 602 (barring testimony "unless evidence is introduced

---

[2] Although Muir's sworn declaration is not submitted to manufacture a fact issue in the summary judgment stage, his futile attempt at crafting a response to avoid a direct spoliation confession smacks of the "sham affidavit" doctrine. *See, e.g., Yatzus v. Appoquinimink School District*, 458 F. Supp. 2d 235, 247 (D. Del. 2006) (noting that "sham affidavit" doctrine "refers to the trial courts practice of disregarding an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the affiant's prior deposition testimony.") (quoting *In re City Corp., Inc.*, 448 F.3d 672, 679-80 (3d Cir. 2006)). ▮▮▮▮▮▮

▮▮▮▮▮▮ *See id.* (disregarding plaintiff's affidavit "containing new, *untested*" facts at odds with previous deposition testimony) (emphasis supplied).  As such, courts naturally afford more credence to deposition testimony. *See id.* (explaining that "greater reliability" should be attributed to the deposition").

[3] It is interesting that Mr. Muir did not feel compelled to correct the record when he reviewed, revised and signed his deposition testimony in accordance with Fed. R. Civ. P. 30(e).

[4] ▮▮▮▮▮▮▮▮▮▮▮

sufficient to support a finding that the witness has personal knowledge of the matter"); *Skretvedt v. E. I. Du Pont De Nemours Co.*, 262 F. Supp. 2d 366, 373 n.9 (D. Del. 2003) (refusing to consider affidavits that lacked personal knowledge); *Fitzpatrick v. Nat'l Mobile Television*, 364 F. Supp. 2d 483, 495 (M.D. Pa. 2005) (holding that an affiant's declarations may not be considered on summary judgment unless the record establishes the personal knowledge of the affiant).

████████████████████████████████

████████████████████████████████ This contradictory testimony carries little, if any weight.[5]  Mr. Muir was identified in Nokia's Revised Initial Disclosures as the sole witness having knowledge of the damages Nokia claims in this lawsuit.  *See* Plaintiffs' Revised Initial Disclosures at 3.  Mr. Muir was produced as Nokia's corporate representative for deposition.  Despite this designation, Mr. Muir was so ill prepared for his deposition as Nokia's 30(b)(6) corporate representative that Nokia was sanctioned by Special Master Seitz.  *See* Special Master Seitz Decision on Defendants' Motion to Compel Testimony and for Sanctions on 1/15/07.

Indeed, at Nokia's 30(b)(6) deposition in September 2006, Mr. Muir could not identify facts supporting the elements of Nokia's damage claim.  The following testimony demonstrates that Mr. Muir does not know what is relevant or "at issue in this case":



---

[5] *See* note 2 *supra.*





In addition, Mr. Muir's attempt to salvage his admissions leads to vague and ambiguous statements in his declaration and reveals additional discovery infractions.

Nokia cannot credibly represent to this Court that it has kept copies of all relevant documents. The record is clear that it has not.

10

**E.     Nokia's Standard Document Retention Policy Is No Substitute for the Required Litigation Hold**

███████████████████████████████████████████

████████████████████████     To  the  contrary,  the  duty  to  preserve  documents includes  the  duty  to  issue  a  litigation  hold.    "The  scope  of  a  party's  preservation obligation can be described as follows:  Once a party reasonably anticipates litigation, it must  suspend  its  routine  document  retention/destruction  policy  and  put  in  place  a 'litigation hold' to ensure the preservation of relevant documents."  *Zubulake,* 220 F.R.D. at 218.  Failure to meet this obligation does indeed constitute spoliation.  For example, in *MOSAID  Technologies  Incorporated*,  the  court  found  that,  after  the  inception  of  the litigation,  "Samsung  never  placed  a  'litigation  hold'  or  'off  switch'  on  its  document retention policy concerning e-mail."  348 F. Supp. 2d at 333.  Spoliation sanctions were appropriate because, "[u]nchecked, Samsung's automatic computer e-mail policy allowed e-mails to be deleted, or at least to become inaccessible, on a rolling basis."  *Id.* at 333, 338.

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████



---

[7] Exhibit 6 is attached to InterDigital's Opening Brief in Support Of Its Motion for Sanctions.

12

## II.    Nokia's Conduct Justifies Sanctions

InterDigital seeks both an evidentiary preclusion order and an adverse inference as sanctions for Nokia's spoliation of evidence.    Nokia has failed to rebut the appropriateness of these sanctions.    Three key considerations dictate whether the **evidentiary preclusion** sanction is warranted: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *MOSAID Techs. Inc.,* 348 F. Supp. at 335 (quoting *Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76, 79 (3d Cir. 1994)).  Four factors must be satisfied for the **spoliation inference** to apply:  (1) that the evidence was within the party's control, (2) actual suppression or withholding of the evidence, including the negligent destruction of relevant evidence, (3) that the destroyed evidence was relevant to claims or defenses and (4) it must have been reasonably foreseeable that the evidence would later be discoverable.  *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995); *Scott v. IBM Corp.*, 196 F.R.D. 233, 248 (D.N.J. 2000).



But since Nokia claims in this case that its licensing efforts were damaged by

InterDigital's conduct.  Evidence of Nokia's licensing activities would have been key evidence regarding the veracity of that claim.  It is hard to imagine what other proof of relevance Nokia expects.  Moreover, Muir, Director of Nokia's IPR Licensing, is a "key player" in this case because he was a critical participant in licensing efforts, and therefore his documents and e-mails can be assumed to be relevant.  *See Zubulake*, 220 F.R.D. at 215, 218 (holding that parties have a duty to preserve e-mails to and from "employees likely to have relevant information—the 'key players'"). ███████████████

████████████████████████████████████████

███████████  Therefore, these facts—that relevant categories of documents were destroyed, that documents from "key players" were destroyed, and that Nokia failed to issue a litigation hold *at all* until over a year and half after the suit was filed—all demonstrate that Nokia indeed destroyed relevant documents, and therefore sanctions[8] are warranted.

## III.    InterDigital Met and Conferred With Nokia Before Filing Its Motion

At a February 16, 2007 hearing before Special Master Seitz, Nokia's local counsel erroneously represented that InterDigital's counsel ***never responded*** to Mr. Flinn's request to meet and confer on this motion.  *See* Ex. D, Transcript from February 16, 2007 hearing.  Mr. Flinn, also present at the hearing, perpetuated this misstatement when he

---

[8] ███████████████████████████████████████████  However, the spoliation inference has been treated as far milder than the evidentiary preclusion, such that the adverse inference instruction may not even be considered a "sanction." *See, e.g., Scott*, 196 F.R.D. at 248. Rather, "[w]hen the contents of a document are relevant to an issue in the case, the spoliation inference is nothing more than the common sense observation that a party who destroys relevant evidence did so out of a well-founded fear that the contents would harm him." *Id.* (citing *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)).

addressed the Special Master. *Id.* Nokia again mischaracterizes InterDigital's efforts to meet and confer regarding InterDigital's Motion for Sanctions. Response at 9–10.

To set the record straight for this Court and for Special Master Seitz, on January 29, 2007, Clay Rogers, counsel for InterDigital, emailed Kevin O'Brien and Patrick Flinn, counsel for Nokia, raising concerns regarding Nokia's spoliation of evidence. *See* Ex. E, e-mails between Clay Rogers and Patrick Flinn. Indeed, Mr. Flinn responded that he intended to meet and confer on this issue. Throughout the day, counsel for InterDigital timely responded to Mr. Flinn's emails inquiring about the evidence that supported InterDigital's spoliation claim and the case law on which InterDigital would rely for the requested relief. *See id.* At Nokia's request, Mr. Rogers provided counsel for Nokia the case law to support InterDigital's position and specific citations to the testimony supporting InterDigital's claim that Nokia's witness had admitted that licensing documents were destroyed. *See id.* In fact, counsel for InterDigital provided counsel for Nokia the bases, both factual and legal, that support its Motion for Sanctions. Counsel for InterDigital also made it clear in this email correspondence that the parties must resolve the issue by close of business Wednesday, January 31, or InterDigital would need to file its Motion for Sanctions *in order to comply with the Court's December 15, 2006 standing order regarding non-dispositive motions.* Nokia never came forward with any explanation for its document destruction, nor did it even reply that it had further questions, or for that matter, that it either agreed or disagreed with InterDigital's position. Nokia simply went silent, leaving InterDigital no option but to file its motion.

Additionally, Nokia is wrong when it claims there was no urgency for filing the Motion for Sanctions. To the contrary, at the time this motion was filed the parties had a

February 15, 2007 discovery cut-off. InterDigital filed its motion only after its good faith effort to meet, confer, and resolve the issues. As demonstrated by Nokia's Response, the parties still disagree about the effects of Nokia's destruction of documents and unquestionably late litigation hold notice. Thus, even a prolonged conference would have been fruitless.

**CONCLUSION**

InterDigital Communications Corporation and InterDigital Technology Corporation request that this Court (1) preclude Nokia from offering documents relating to Nokia's licensing and (2) give an adverse inference instruction relating to evidence no longer in existence.

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

D. Dudley Oldham
Linda L. Addison
Richard S. Zembek
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151

By:  /s/ David E. Moore
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, Delaware 19801
        Tel: (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214) 855-8000

*Attorneys for Defendants,*
*InterDigital Communications Corporation and*
*InterDigital Technology Corporation*

Dated: February 22, 2007
Public Version Dated: February 27, 2007
780013 / 28840

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 27, 2007, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on February 27, 2007, I have Electronically Mailed the documents to the following:

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com

A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

By:   /s/ David E. Moore
        Richard L. Horwitz
        David E. Moore
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, Delaware 19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

713935 / 28840