1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and      )  C.A. No. 05-16-JJF
NOKIA, INC.                )
                           )
         Plaintiffs,       )     REDACTED –
                           )     PUBLIC VERSION
v.                         )
                           )
INTERDIGITAL               )
COMMUNICATIONS CORPORATION )
and INTERDIGITAL           )
TECHNOLOGY CORPORATION,    )
                           )
         Defendants.       )

                    Friday, March 2, 2007
                    10:47 a.m.
                    Courtroom 4B


                    844 King Street
                    Wilmington, Delaware


BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge


APPEARANCES:


         MORRIS, NICHOLS, ARSHT & TUNNELL
         BY:  JACK B. BLUMENFELD, ESQ.

              -and-

         ALSTON & BIRD, LLP
         BY:  PATRICK J. FLINN, ESQ.
         BY:  RANDALL ALLEN, ESQ.

                    Counsel for Plaintiffs

2

```
 1   APPEARANCES CONTINUED:

 2

 3            POTTER, ANDERSON & CORROON
              BY:  RICHARD HORWITZ, ESQ.
 4
                       -and-
 5
              FULBRIGHT & JAWORSKI, LLP
 6            BY:  LINDA L. ADDISON, ESQ.
              BY:  CLAY ROGERS, ESQ.
 7
                       Counsel for the Defendants
 8

 9

10   Also Present:

11            Mr. Andrew G. Isztwan, Sr. Director
              InterDigital
12

13

14

15

16

17

18

19

20

21

22

23

24
```

1            THE COURT:  Next will be Nokia

2    versus InterDigital.

3            All right.  You want to announce

4    your appearances?

5            MR. BLUMENFELD:  Good morning, Your

6    Honor.  Jack Blumenfeld, again, for Nokia, along

7    with Randall Allen and Patrick Flinn from

8    Alston & Bird in Atlanta.

9            THE COURT:  Good morning.  Welcome.

10           MR. HORWITZ:  Good morning, Your

11   Honor.  Rich Horwitz from Potter, Anderson for

12   InterDigital.  With me today from Fulbright &

13   Jaworski are Linda Addison, Buddy Rogers, and

14   then Andy Isztwan from InterDigital, in-house

15   counsel.

16           THE COURT:  Good morning and

17   welcome.  All right.

18           Let's hear from InterDigital.

19           MS. ADDISON:  May it please the

20   Court, opposing counsel, Your Honor, InterDigital

21   is here today making a serious charge, and it is

22   not one that we make lightly.  I will tell the

23   Court as someone who's been admitted pro hac vice

24   in this court, I have been practicing law, it

4

1    will be 31 years this coming October.  And this

2    is the first time I have prosecuted a motion for

3    spoliation.  We take this very seriously.



5



6



7



8



1    think people lie under oath on witness stands?

2    And we tell them, you know, you have to decide

3    whether it's an intentional falsehood, an

4    innocent mistake or a lapse of memory, that kind

5    of thing.

6              How do I know that it's as bad and

7    intended conduct as this kind of motion would

8    require?

9              MS. ADDISON:  That's a very fair

10   question, Your Honor, and I would very much like

11   to respond in two ways.  One on the facts and one

12   on the law.

13             Assuming that the Court will

14   entertain a little bit more argument, I would

15   like an opportunity to lay out for the Court,

16   because this case is not simply -- this motion is

17   not simply about Mr. Muir.  This motion is about

18   Nokia's failure to preserve documents that are

19   foreseeably discoverable and were foreseeably

20   discoverable.

21             There were two document retention

22   policies in place by Nokia that governed this

23   conduct policy.  Nokia's own document retention

24   procedure changed in June of '05.  The earlier

1    policy is attached to our opening brief.  The

2    subsequent policy currently in effect is attached

3    to our reply brief.

4              There is no way that a reasonable

5    person reading either of those document retention

6    policies could conclude, that absent a litigation

7    hold, reasonably foreseeable documents, documents

8    that would be reasonably discoverable and

9    foreseeable as such would have been preserved.

10   It absolutely cannot and would not happen under

11   either of those Nokia litigation policy retention

12   policies.  It would not have been preserved.

13             It would not have been preserved

14   absent a litigation hold.  I would be happy, if

15   the Court will indulge us, to walk the Court

16   through those policies, if the Court thinks that

17   would be useful.

18             Secondly, Your Honor, with regard to

19   the questions the Court has asked about

20   culpability, and willfulness, and knowing

21   conduct, I would respectfully submit that there

22   are -- as the Court knows, there are not a lot of

23   post Zubalik opinions.  One of those is Your

24   Honor's case of Daimler Chrysler, which came a

1    mere 30 days after Zubalik and didn't reference

2    Zubalik.

3              This is another case that, we

4    believe, Your Honor, is completely dispositive

5    here.  It's the Mosaid case, Mosaid versus

6    Samsung.  M-O-S-A-I-D. It is cited in our brief.

7              That case is very close to being on

8    all fours in this case.  That case is out of New

9    Jersey.  It's Judge Martini, so it's a District

10   Court in this same circuit.

11             And that Court has found that for an

12   adverse inference, the Courts in this circuit do

13   not require and do not impose a culpability

14   decree.  There's a difference, Your Honor, as I

15   know the Court knows from Daimler and many other

16   cases over which the Court has presided.

17             There are two different tests when

18   one is looking at a death-penalty-type sanction

19   dismissal.  As the Court decided in Daimler or

20   strike pleadings, or things like that then, there

21   are three prongs.  And fault and culpability

22   fault is -- certainly is the first of those three

23   prongs.

24             When the Court is looking at a

1  death-penalty-type sanction or a sanction such as

2  dismissal, even preclusion of evidence, when a

3  Court is looking at an adverse inference.

4  However, in this circuit under the Mosaid case,

5  culpability is not -- is absolutely not a factor.

6  There are four factors.  One is:  Did the party

7  control the documents?

8          Secondly, was there suppression of

9  the evidence?

10          Thirdly, were the documents

11  relevant?

12          And fourthly, were they foreseeably

13  discoverable?

14          Those are the four prongs of a test

15  for an adverse inference, and culpability is not

16  one of them.

17          THE COURT:  See, well, again, I'm

18  not a good communicator, but my questions went to

19  the second and third elements.

20          And whether you call it culpability

21  or suppression, and -- well, let me hear from the

22  other side.

23          MS. ADDISON:  If I could just

24  respond to that last point, Your Honor.

13

1                THE COURT:  Sure.

2                MS. ADDISON:  I would really like to

3     reiterate this.  There is no way under the Nokia

4     document retention policy, the old one, the new

5     one that these documents would have been

6     preserved absent a litigation hold.  And

7     curiously absent from Nokia's papers is a

8     response to why they didn't place a litigation

9     hold.

10               And I understand what is troubling

11    the Court.  I think that that speaks highly of

12    the Court that the Court would be concerned about

13    that.

14               But it is astonishing that under

15    that, Nokia did not place the litigation hold

16    until it did and that the document retention

17    policy, the earlier policy even favors holding

18    documents for a minimal amount of time.

19    ████████████████████████████████

20    █████████████████████████████████████████

21    ██████████████████████████████████████████

22    ████████████████████████████████

23    ██████████████  And I would respectfully submit,

24    Your Honor, that that document retention policy

14

1    coupled with the absence of a litigation hold

2    should hopefully be sufficient to be persuasive

3    with the Court on two and three.

4             Thank you.

5             THE COURT:  All right.  Thank you.

6             Mr. Blumenfeld.

7             MR. BLUMENFELD:  Thank you, Your

8    Honor.  Ms. Addison started out by talking about

9    serious charges and drastic remedies, and she

10   finished up a little by talking about

11   death-penalty-type remedies.

12            The way I read their brief, what

13   they've asked Your Honor to do is exclude Nokia

14   from putting in any evidence, documents or

15   testimony about the licensing activities.  That

16   is a death-penalty-type remedy.  That's what

17   they've asked for.

18            They've also asked for the adverse

19   inference.  They mentioned the Mosaid case from

20   New Jersey.  Nothing at all like this case.

21            The Mosaid case is a patent case

22   where there was not a single technical Email that

23   had been produced.  And there was a record that

24   they had been destroyed during the course of

1   litigation, notwithstanding that they had been

2   requested in document requests.  Nothing at all

3   like this case.

4           I'll get to that in a minute.

5           But there is no requirement and they

6   concede this, there's no requirement that every

7   scrap of paper and every email that a company has

8   be preserved in litigation.  What the cases say

9   is that relevant unique documents have to be

10  retained.

11          What the cases also say is that

12  InterDigital has the duty, the burden to

13  demonstrate that there was evidence destroyed

14  that contained relevant information.  That's what

15  the cases say.  Your decision in Tracinda or

16  Daimler Chrysler says their burden is to show "a

17  reasonable probability based on concrete evidence

18  rather than a fertile imagination that access to

19  the lost material would have produced evidence

20  favorable to the case."  That's what the law is.

21          Now, Your Honor asked at the

22  beginning of Ms. Addison's argument, How would I

23  know that relevant documents were destroyed?  And

24  you wouldn't know.







1    And if you look at it, you're going to see that

2    in the columns, that's a U.S. policy.  They

3    have -- Mr. Muir is in the U.K.

4              But that there's a column that has

5    all kinds of different codes in there.  One of

6    them is a P, which means permanent.  And there

7    are a lot of P's there.

8              Even if you look at the document

9    retention policy, they've made absolutely no

10   showing that anything that's relevant to this

11   case has been destroyed.  Now, I haven't been

12   through a lot of spoliation motions.  I've been

13   through one that I can think of.

14             But typically what happens in

15   spoliation motions, at least in the experience

16   that I do have, is that someone comes in and

17   says, Your Honor, look at this.  There's this

18   crucial document that's missing or it's sets of

19   crucial documents that's missing.  You know,

20   where did they go?  When did they get destroyed?

21   How did this happen?  We need those documents.

22             You won't see a word anything like

23   that in any of their papers.  And you won't hear

24   it from Ms. Addison, because they have no

20

1    evidence of anything that's relevant to this

2    case, and that they don't have that has been

3    destroyed.





1

2

3

4

5

6

7            With all due respect, I believe that

8    Mr. Blumenfeld misspoke, because to say that we

9    didn't attempt to tie the destruction of

10   documents to this case is far from the truth.

11   This was a witness who repeatedly said, I don't

12   know.  I'd have to look it up.  I'd have to do

13   further investigation about virtually every

14   single factual question that he was asked.

15            So I respectfully submit, Your

16   Honor, that what confronts the Court is a party

17   that has failed to give a litigation hold.  It's

18   basic litigation 101 ever since Zubulake, if not

19   before.

20            Every party in this country knows

21   you've got to preserve these documents.  Even as

22   Mr. Blumenfeld sits down, we still don't have any

23   words from Nokia about why that didn't happen

24   here.

23



24

1    offered by both sides on the application is

2    equally balanced and I could be persuaded based

3    on both the quality and quantity of the evidence

4    on both sides to rule either to grant or deny the

5    motion.  And since in my view and findings, the

6    evidence is in equal balance, I can't grant the

7    motion.  So I'm going to deny the motion.

8              Certainly, if InterDigital develops

9    further evidence that supports the present

10   application, they're at liberty to refile, and

11   we'll consider it again.

12             But on the record here I'm going to

13   deny the motion.

14             All right.  Thank you.

15             (Hearing before Judge Farnan was

16   concluded at 11:08 a.m.)

17

18

19

20

21

22

23

24

25

```
 1   State of Delaware   )
                         )
 2   New Castle County   )

 3

 4

 5                  CERTIFICATE OF REPORTER

 6

 7          I, Heather M. Triozzi, Registered

 8   Professional Reporter, Certified Shorthand

 9   Reporter, and Notary Public, do hereby certify

10   that the foregoing record, Pages 1 to 25

11   inclusive, is a true and accurate transcript of

12   my stenographic notes taken on March 2, 2007, in

13   the above-captioned matter.

14

15          IN WITNESS WHEREOF, I have hereunto

16   set my hand and seal this 5th day of March, 2007,

17   at Wilmington.

18

19

20

21                  Heather M. Triozzi, RPR, CSR

22

23

24
```