IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, <br><br> Defendants. | C.A. No. 05-16-JJF |

## PLAINTIFFS' REPLY TO INTERDIGITAL'S ORIGINAL COUNTERCLAIMS

Plaintiffs Nokia Corporation and Nokia Inc. (collectively, "Nokia") hereby answer the allegations of the Original Counterclaim ("Counterclaim") of Defendants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively "InterDigital").

203.    In response to paragraph 203 of the Counterclaim, Nokia states that the statements contained therein are of legal conclusions which require neither admission nor denial. To the extent any response is required, Nokia denies that InterDigital's purported claims have any merit.

204.    In response to paragraph 204 of the Counterclaim, Nokia states that the statements contained therein are of legal conclusions and purported reservations of rights, which require neither admission nor denial.  To the extent any response is required, Nokia denies that InterDigital is entitled to file its Counterclaim "subject to" the inconsistent positions asserted in its motion practice before this Court.

205.    Nokia admits the allegations contained in paragraph 205 of the Counterclaim.

206.    Nokia admits the allegations contained in paragraph 206 of the Counterclaim.

207.    Nokia Corporation admits that it is incorporated under the laws of Finland and has its principal place of business at Keilalahdentie 4 Espoo, Finland, and that it has appeared in this case. Except as expressly admitted, Nokia denies the allegations contained in paragraph 207 of the Counterclaim.

208.    Nokia Inc. admits that it is incorporated under the laws of the State of Delaware and has its principal place of business at 6000 Connection Drive, Irving, Texas, and that it has appeared in this case. Except as expressly admitted, Nokia denies the allegations contained in paragraph 208 of the Counterclaim.

209.    Nokia admits that the Court has subject matter jurisdiction over the Counterclaim, but denies that 28 U.S.C. § 2201 et. seq. supplies an independent basis for subject matter jurisdiction over the Counterclaim.

210.    Nokia admits that venue is proper in this Court.

211.    Nokia admits the allegations contained in paragraph 211 of the Counterclaim.

212.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 of the Counterclaim, and therefore denies them.

213.     Nokia admits that the second generation ("2G") digital wireless standards were developed in the late 1980s and early 1990s, that these standards encompass GSM, US-TDMA, FD/TDMA and IS-95 system technologies, and that these technologies are used widely in modern mobile phones.   Nokia further admits that InterDigital's predecessors may have participated in meetings related to the development of the US-TDMA and IS-95 2G standards. Nokia is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations contained in paragraph 213 of the Counterclaim, and therefore denies them.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 213 of the Counterclaim.

214.     Nokia admits that InterDigital holds itself out as a developer of digital wireless technology and as an owner of intellectual property related to that technology. Nokia further admits that InterDigital has entered into an agreement with Nokia related to the development of a specific digital wireless technology.   Nokia is without knowledge or information sufficient to form a belief as to the truth of InterDigital's allegations concerning its agreements with third parties other than Nokia, and therefore denies them.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 214 of the Counterclaim.

215.     Nokia admits that the Third Generation Partnership Project ("3GPP") was formed in December 1998 by a number of telecommunications standards bodies.  Nokia denies that the sole purpose for the formation of 3GPP was to specify a uniform standard for UMTS. Nokia admits that the UMTS standard includes two modes of operation – Frequency Division Duplex ("FDD") and Time Division Duplex ("TDD").   Except as expressly admitted, Nokia denies the allegations contained in paragraph 215 of the Counterclaim.

216.     Nokia admits that InterDigital participated as a member in 3GPP, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 216, and therefore denies them.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 216 of the Counterclaim.

217.     Nokia admits that it is a world leader in the design, manufacture, and supply of wireless telephone equipment and that it is the plaintiff in this lawsuit.  Nokia further admits that it entered into an agreement with InterDigital for the development of TDD technology.  InterDigital's other allegations in paragraph 217 of the Counterclaim are too vague to permit Nokia to frame a specific response and therefore stand as denied.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 217 of the Counterclaim.

218.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of the Counterclaim, and therefore denies them.

219.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219 of the Counterclaim, and therefore denies them.

220.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of the Counterclaim, and therefore denies them.

221.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 of the Counterclaim, and therefore denies them.

222.    Nokia admits that InterDigital claims that it holds an extensive patent portfolio in the area of wireless technology.  Nokia is without information sufficient to form a belief as to the truth of the allegations regarding the quantity, nature, and timing of issuance of the patents comprising InterDigital's portfolio, and therefore denies them.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 222 of the Counterclaim.

223.    Nokia admits that PA Consulting Group prepared a report entitled "Essential Intellectual Property in 3GPP-FDD" (the "3GPP Report") and that the 3GPP Report may be available at the indicated web address.  The 3GPP Report speaks for itself.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 223 of the Counterclaim.

224.    Nokia is without knowledge or information sufficient to form a belief as to the extent of InterDigital's involvement with the 3GPP Report.  The 3GPP Report speaks for itself.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 224 of the Counterclaim.

225.    Nokia denies the allegations contained in paragraph 225 of the Counterclaim.

226.    Nokia admits that it has at times been forced to resort to legal action against InterDigital, but denies that the assertion of Nokia's legal rights are a "campaign of attack" against InterDigital.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 226 of the Counterclaim.

227.    Nokia admits that it entered into a Patent License Agreement with InterDigital (the "InterDigital PLA").  The InterDigital PLA speaks for itself.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 227 of the Counterclaim.

228.    Nokia admits that it entered into the InterDigital PLA.  The InterDigital PLA speaks for itself.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 228 of the Counterclaim.

229.    Nokia admits that it entered into the InterDigital PLA.  The InterDigital PLA speaks for itself.  Nokia denies that its "Period 2" royalty obligations were triggered by the execution of a license between InterDigital and Sony Ericsson, although it admits that a dispute thereafter arose that led to arbitration concerning Nokia's obligations under the InterDigital PLA. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 229, and therefore denies them.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 229 of the Counterclaim.

230.    Nokia denies that its Period 2 royalty obligations were triggered as alleged in paragraph 230, although it admits that a dispute arose that led to arbitration concerning Nokia's obligations under the InterDigital PLA.  Nokia admits that it initiated the legal proceedings identified in the subparts of this paragraph, but denies that the assertion of Nokia's legal rights were a "campaign" or "onslaught," and expressly denies the allegations of this paragraph to the extent they suggest that Nokia has ever pursued legal action against InterDigital for an improper purpose.

a.    Nokia admits that it initiated an I.C.C. arbitration proceeding concerning its Period 2 royalty obligations.

b.    Nokia admits that it initiated a proceeding in the United Kingdom seeking to revoke certain of InterDigital's UK patents as invalid, as well as a declaration of invalidity and nonessentiality with respect to certain of InterDigital's U.K. patents.

c.    Nokia admits that it filed a motion to intervene in certain prior litigation between Ericsson and InterDigital, but notes that such intervention was necessary in order to ensure Nokia's access to certain documents that were crucial to a determination of the royalties that InterDigital claimed it was due under the InterDigital PLA.

d.    Nokia admits that it initiated two actions pursuant to 28 U.S.C. § 1782 against Ericsson and Sony Ericsson, and that InterDigital filed responses in those actions.

e.    Nokia admits that it filed this lawsuit against InterDigital.

f.    Nokia admits that it initiated a second proceeding against InterDigital in the United Kingdom seeking a declaration of nonessentiality with respect to certain of InterDigital's U.K. patents.

Except as expressly admitted, Nokia denies the allegations contained in paragraph 230 of the Counterclaim.

231.    Nokia admits that the Arbitral Tribunal issued its Final Award in June 2005 (the "Arbitration Award").  The Arbitration Award speaks for itself.  By way of further answer, Nokia states that the Arbitration Award simply provided a mechanism for determining any royalties due under the InterDigital PLA, but did not specify any sum certain as then due and payable by Nokia.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 231 of the Counterclaim.

232.    Nokia admits that a panel of judges for the Federal Circuit issued a decision in August 2005 concerning Nokia's request to intervene in the certain prior litigation between Ericsson and InterDigital (the "Federal Circuit Intervention Decision").  The Federal Circuit Intervention Decision speaks for itself.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 232 of the Counterclaim.

233.    Nokia admits that in December 2005 a Federal District Court Judge in the Southern District of New York entered an order confirming the Arbitration Award (the "Confirmation Order"). The Confirmation Order speaks for itself. Except as expressly admitted, Nokia denies the allegations contained in paragraph 233 of the Counterclaim.

234.    Nokia admits that in April 2006 it entered into two agreements with InterDigital that resolved certain legal disputes between the parties (the "Settlement Agreements"). The Settlement Agreements speak for themselves. Nokia further states that it complied with the terms of the Settlement Agreements. Except as expressly admitted, Nokia denies the allegations contained in paragraph 234 of the Counterclaim.

235.    Nokia denies that it is or ever was engaged in a "campaign of attack" against InterDigital, and further denies that the assertion by Nokia of its legal rights is improper in any respect.

a.    Nokia admits that InterDigital filed an action in the United States Court for the Southern District of New York purporting to seek a temporary restraining order and preliminary injunction against Nokia.

b.    Nokia admits that InterDigital initiated an I.C.C. arbitration proceeding, with the intent of concealing from judicial authorities relevant evidence.

c.    Nokia admits that in December 2006 InterDigital initiated a proceeding against Nokia in the United Kingdom concerning the essentiality of thirty-five of Nokia's European patents with respect to the UMTS standard.

d.    Nokia admits that InterDigital has filed the Counterclaim.

Except as expressly admitted, Nokia denies the allegations contained in paragraph 235 of the Counterclaim.

236.     Nokia admits that this Court entered an order in December 2005 (the "December 2005 Order") granting in part and denying in part InterDigital's motion to dismiss Nokia's Original Complaint in this action.  Nokia expressly denies the allegation that its Lanham Act claim is "defective as a matter of law."   Nokia admits that it continues to pursue InterDigital's violations of the Lanham Act, as well as its violations of other legal duties, as set forth in the First Amended Complaint.   Except as expressly admitted, Nokia denies the allegations contained in paragraph 236 of the Counterclaim.

237.     Nokia admits that ETSI has adopted an Intellectual Property Rights Policy ("ETSI IPR Policy") and a Guide on Intellectual Property Rights ("ETSI IPR Guide").  The ETSI IPR Policy and ETSI IPR Guide speak for themselves.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 237 of the Counterclaim.

238.     The current ETSI IPR Policy speaks for itself.   Except as expressly admitted, Nokia denies the allegations contained in paragraph 238 of the Counterclaim.

239.     Nokia admits that it has made declarations of essential IPRs to standards bodies regarding the UMTS Standard and the cdma2000 Standard (the "Standards Body Declarations").   Nokia's Standards Body Declarations speak for themselves.   Nokia further admits that it has mentioned its IPR holdings in public settings and in licensing negotiations.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 239 of the Counterclaim.

240.     Nokia admits that Drs. David J. Goodman and Robert A. Myers conducted a study relating to the essentiality of certain patents with respect to 3G cellular standards, and that Drs. Goodman and Myers published the results of their study in a report (the "Goodman & Myers Report").   Nokia admits that it provided funding to support the preparation of the

9

Goodman & Myers Report, but denies that such funding was intended to or did influence the report.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 240 of the Counterclaim.

241.    The Goodman & Myers Report speaks for itself.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 241 of the Counterclaim.

242.    Nokia denies the allegations contained in paragraph 242 of the Counterclaim.

243.    Nokia denies the allegations contained in paragraph 243 of the Counterclaim.

244.    Nokia admits that it holds essential IPRs and that it has made public statements regarding its IPR holdings.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 244 of the Counterclaim.

245.    Nokia denies the allegations contained in paragraph 245 of the Counterclaim.

246.    Nokia denies the allegations contained in paragraph 246 of the Counterclaim.

247.    Nokia admits that the Goodman & Myers Report has appeared on Nokia's website, has been mentioned in other public settings, and may have been mentioned in some licensing negotiations.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 247 of the Counterclaim.

248.    Nokia denies the allegations contained in paragraph 248 of the Counterclaim.

249.    The 3GPP Report speaks for itself.  Except as expressly admitted, Nokia denies the allegations contained in paragraph 249 of the Counterclaim.

### COUNT I
### VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT

250.    Nokia realleges and incorporates by reference its responses to paragraphs 203-249 of InterDigital's Counterclaim as if fully set forth herein.

251.    Nokia denies the allegations contained in paragraph 251 of the Counterclaim.

252.    Nokia denies the allegations contained in paragraph 252 of the Counterclaim.

253.    Nokia denies the allegations contained in paragraph 253 of the Counterclaim.

254.    Nokia denies the allegations contained in paragraph 254 of the Counterclaim.

255.    Nokia denies the allegations contained in paragraph 255 of the Counterclaim.

### COUNT II
### VIOLATION OF SECTION 43(A)(1)(B) OF THE LANHAM ACT

256.    Nokia realleges and incorporates by reference its responses to paragraphs 203-255 of InterDigital's Counterclaim as if fully set forth herein.

257.    Nokia denies the allegations contained in paragraph 257 of the Counterclaim.

258.    Nokia denies the allegations contained in paragraph 258 of the Counterclaim.

259.    Nokia denies the allegations contained in paragraph 259 of the Counterclaim.

260.    Nokia denies the allegations contained in paragraph 260 of the Counterclaim.

261.    Nokia denies the allegations contained in paragraph 261 of the Counterclaim.

**COUNT III**
**VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT**

262.    Nokia realleges and incorporates by reference its responses to paragraphs 203-261 of InterDigital's Counterclaim as if fully set forth herein.

263.    Nokia denies the allegations contained in paragraph 263 of the Counterclaim.

264.    Nokia denies the allegations contained in paragraph 264 of the Counterclaim.

265.    Nokia denies the allegations contained in paragraph 265 of the Counterclaim.

266.    Nokia denies the allegations contained in paragraph 266 of the Counterclaim.

267.    Nokia denies the allegations contained in paragraph 267 of the Counterclaim.

COUNT IV
VIOLATION OF DELAWARE DECEPTIVE TRADE PRACTICES ACT
(DELAWARE)

268.    Nokia realleges and incorporates by reference its responses to paragraphs 203-267 of InterDigital's Counterclaim as if fully set forth herein.

269.    Nokia denies the allegations contained in paragraph 269 of the Counterclaim.

270.    Nokia denies the allegations contained in paragraph 270 of the Counterclaim.

271.    Nokia denies the allegations contained in paragraph 271 of the Counterclaim.

272.    Nokia denies the allegations contained in paragraph 272 of the Counterclaim.

273.    Nokia denies the allegations contained in paragraph 273 of the Counterclaim.

COUNT V
COMMON LAW UNFAIR COMPETITION
(DELAWARE)

274.    Nokia realleges and incorporates by reference its responses to paragraphs 203-273 of InterDigital's Counterclaim as if fully set forth herein.

275.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 275 of the Counterclaim, and therefore denies them.

276.    Nokia denies the allegations contained in paragraph 276 of the Counterclaim.

277.    Nokia denies the allegations contained in paragraph 277 of the Counterclaim.

278.    Nokia denies the allegations contained in paragraph 278 of the Counterclaim.

279.    Nokia denies the allegations contained in paragraph 279 of the Counterclaim.

280.    Nokia denies the allegations contained in paragraph 279 of the Counterclaim.

### COUNT VI
### INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE BUSINESS OPPORTUNITIES
### (DELAWARE)

281.    Nokia realleges and incorporates by reference its responses to paragraphs 203-280 of InterDigital's Counterclaim as if fully set forth herein.

282.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 282 of the Counterclaim, and therefore denies them.

283.    Nokia denies the allegations contained in paragraph 283 of the Counterclaim.

284.    Nokia denies the allegations contained in paragraph 284 of the Counterclaim.

285.    Nokia denies the allegations contained in paragraph 285 of the Counterclaim.

286.    Nokia denies the allegations contained in paragraph 286 of the Counterclaim.

287.    Nokia denies the allegations contained in paragraph 287 of the Counterclaim.

COUNT VII
INTENTIONAL INTERFERENCE WITH
PROSPECTIVE BUSINESS RELATIONS
(PENNSYLVANIA)

288.    Nokia realleges and incorporates by reference its responses to paragraphs 200-287 of InterDigital's Counterclaim as if fully set forth herein.

289.    Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 289 of the Counterclaim, and therefore denies them.

290.    Nokia denies the allegations contained in paragraph 290 of the Counterclaim.

291.    Nokia denies the allegations contained in paragraph 291 of the Counterclaim.

292.    Nokia denies the allegations contained in paragraph 292 of the Counterclaim.

293.    Nokia denies the allegations contained in paragraph 293 of the Counterclaim.

294.    Nokia denies the allegations contained in paragraph 294 of the Counterclaim.

## COUNT VIII
### INJURIOUS FALSEHOOD
### (DELAWARE)

295.    Nokia realleges and incorporates by reference its responses to paragraphs 203-294 of InterDigital's Counterclaim as if fully set forth herein.

296.    Nokia denies the allegations contained in paragraph 296 of the Counterclaim.

297.    Nokia denies the allegations contained in paragraph 297 of the Counterclaim.

298.    Nokia denies the allegations contained in paragraph 298 of the Counterclaim.

299.    Nokia denies the allegations contained in paragraph 299 of the Counterclaim.

300.    Nokia denies the allegations contained in paragraph 300 of the Counterclaim.

301.    Nokia denies the allegations contained in paragraph 301 of the Counterclaim.

## COUNT IX
### COMMERCIAL DISPARAGEMENT
### (PENNSYLVANIA)

302.    Nokia realleges and incorporates by reference its responses to paragraphs 203-301 of InterDigital's Counterclaim as if fully set forth herein.

16

303.    Nokia denies the allegations contained in paragraph 303 of the Counterclaim.

304.    Nokia denies the allegations contained in paragraph 304 of the Counterclaim.

305.    Nokia denies the allegations contained in paragraph 305 of the Counterclaim.

306.    Nokia denies the allegations contained in paragraph 306 of the Counterclaim.

## COUNT X
### UNJUST ENRICHMENT
### (DELAWARE)

307.    Nokia realleges and incorporates by reference its responses to paragraphs 203-306 of InterDigital's Counterclaim as if fully set forth herein.

308.    Nokia denies the allegations contained in paragraph 308 of the Counterclaim.

309.    Nokia denies the allegations contained in paragraph 309 of the Counterclaim.

310.    Nokia denies the allegations contained in paragraph 310 of the Counterclaim.

311.    Nokia denies the allegations contained in paragraph 311 of the Counterclaim.

312.    Nokia denies the allegations contained in paragraph 312 of the Counterclaim.

313.    Nokia denies the allegations contained in paragraph 313 of the Counterclaim.

314.    Nokia denies the allegations contained in paragraph 314 of the Counterclaim.

### COUNT XI
### UNJUST ENRICHMENT
### (PENNSYLVANIA)

315.    Nokia realleges and incorporates by reference its responses to paragraphs 203-314 of InterDigital's Counterclaim as if fully set forth herein.

316.    Nokia denies the allegations contained in paragraph 316 of the Counterclaim.

317.    Nokia denies the allegations contained in paragraph 317 of the Counterclaim.

318.    Nokia denies the allegations contained in paragraph 318 of the Counterclaim.

319.    Nokia denies the allegations contained in paragraph 319 of the Counterclaim.

320.    Nokia denies the allegations contained in paragraph 320 of the Counterclaim.

321.    Nokia denies the allegations contained in paragraph 321 of the Counterclaim.

Except as expressly admitted, Nokia denies the allegations contained in the Counterclaim.  Nokia further denies that InterDigital has sustained any damage or is entitled to any recovery or relief.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, due to waiver.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, due to estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
Attorneys for Plaintiffs

OF COUNSEL:

ALSTON & BIRD LLP
Patrick Flinn
Randall Allen
Lance Lawson
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000


March 27, 2007

<u>CERTIFICATE OF SERVICE</u>

I, Julia Heaney, hereby certify that on March 27, 2007 I electronically filed the

foregoing with the Clerk of the Court using CM/ECF, which will send notification of such

filing(s) to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP

I also certify that copies were caused to be served on March 27, 2007 upon the

following in the manner indicated:

> <u>BY HAND AND E-MAIL</u>
>
> Richard L. Horwitz
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801
> rhorwitz@potteranderson.com
>
> <u>BY E-MAIL</u>
>
> Dan D. Davison
> Fulbright & Jaworski LLP
> 2200 Ross Avenue
> Suite 2800
> Dallas, TX 75201-2784
> ddavidson@fulbright.com

> */s/ Julia Heaney*
> Julia Heaney (#3052)

779055