UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOKIA CORPORATION and,<br>NOKIA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-16-JJF |
| v. | ) | |
| | ) | |
| INTERDIGITAL COMMUNICATIONS<br>CORPORATION and INTERDIGITAL<br>TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

1.    **Definitions**.  As used in this Order:

A.    "Essential" shall have the same meaning as set forth by the European Telecommunications Standards Institute ("ETSI").

B.    "InterDigital" means InterDigital Communications Corporation and InterDigital Technology Corporation, collectively.

C.    "InterDigital Declared Patents" means the list of patents set forth in Attachment A hereto, comprising U.S. Patents assigned to InterDigital that InterDigital has declared to ETSI in connection with the Universal Mobile Telecommunications System ("UMTS") standard.

D.    "InterDigital Exceptional Case Patents" means the list of patents set forth in Attachment B hereto, comprising U.S. Patents assigned to InterDigital that InterDigital has identified in its Statement Pursuant to the Second Discovery Order as falling solely under the following portion of the ETSI IPR Policy's definition of "Essential": "For the avoidance of doubt in exceptional cases where a standard can only be implemented by technical solutions, all of which are infringements of IPR's, all such IPRs shall be considered Essential."

E.    "InterDigital Representative Patent" shall mean each InterDigital patent designated pursuant to the procedures set forth in this Order.

F.    "License Targets" means (i) actual licensees and (ii) prospective licensees (*i.e.*, entities with whom a party has in the past had licensing discussions), though excluding any prospective licensees currently engaged in on-going licensing discussions with a party (*i.e.*, where the party has had Licensing Communications with the prospective licensee within the past 90 days).

G.    "Licensing Communications" means all communications between either InterDigital or Nokia, and a third party, in connection with an executed or prospective license agreement, including the executed agreement and any license demands, proposals, offers, counteroffers, or responses, and presentations in support of such communications, any draft agreements, and correspondence relating to the executed or prospective license agreement.

H.    "March 2007 InterDigital Declared Patents" means the list of patents set forth in Attachment C hereto, comprising U.S. Patents assigned to InterDigital that InterDigital declared to ETSI in March, 2007 in connection with the UMTS standard.

I.    "Nokia" shall mean Nokia Corporation and Nokia, Inc., collectively.

J.    "Nokia Declared Patents" means the list of patents set forth in Attachment D hereto, comprising U.S. Patents assigned to Nokia that Nokia has declared to ETSI in connection with the UMTS standard.

K.    "Nokia Exceptional Case Patents" means the list of patents to be supplied by Nokia, comprising U.S. Patents assigned to Nokia that Nokia identifies in its Statement Pursuant to the Second Discovery Order as falling solely under the following portion of the ETSI IPR Policy's definition of "Essential": "For the avoidance of doubt in exceptional cases where a standard can only be implemented by technical solutions, all of which are infringements of IPR's, all such IPRs shall be considered Essential."

L.    "Nokia Representative Patent" shall mean each Nokia patent designated pursuant to the procedures set forth in this Order.

M.    "Selected License Targets" means License Targets designated pursuant to this Order.

2.    **Definition of Essentiality**.  The parties dispute the ETSI definition of Essentiality that should be applied by the Court to decide the claims and counterclaims raised in this action.  Within ten business days following entry of this Order as an Order of the Court, Nokia and InterDigital shall each exchange a verified response to the following contention interrogatory: "State in detail the ETSI definition of "Essential" that (Nokia/InterDigital) contends should be applied by the Court to determine the claims and counterclaims in this action." Nothing herein precludes the parties from making any argument regarding the requirements, policies, practices, and customs for disclosing IPRs to ETSI, or from making any alternative arguments that depend on the validity of any argument made by the opposing party.

3.    **Selection of Representative InterDigital Patents**.  Five business days following the entry of this Order as an Order of the Court, Nokia and InterDigital shall each select eight Representative Patents from the lists of InterDigital Declared Patents and InterDigital Exceptional Case Patents.

4.    **Selection of Representative Nokia Patents**.  Ten business days following Nokia's submission of its Statement in response to the last of InterDigital's June 14 and June 28, 2007 Statements Pursuant to the Second Discovery Order, Nokia and InterDigital shall each select eight Representative Patents from the lists of Nokia Declared Patents and Nokia Exceptional Case Patents.

5.    **March 2007 InterDigital Declared Patents**.  In March, 2007, InterDigital declared to ETSI an additional group of U.S. patents according to the UMTS standard.  In complying with the Second Discovery Order with respect to the March 2007 InterDigital Declared Patents, Nokia shall submit its initial statement within 30 days of the date InterDigital first disclosed the identity of the Exhibit C patents to Nokia; InterDigital shall then submit its responsive statement within 30 days of receipt of

Nokia's statement. Following compliance with the Second Discovery Order relating to the March 2007 InterDigital Declared Patents, the parties shall schedule a teleconference with the Special Master to determine the limited number of additional patents to be selected by each party from the March 2007 InterDigital Declared Patents, and the need, if any, for additional limited discovery directed to the selected March 2007 InterDigital Declared Patents. Discovery that is duplicative of existing discovery, or has been reasonably covered by existing discovery, will not be permitted.

6. **Representative Patent Selection Process**. On the dates set for selection herein, Nokia and InterDigital shall each send to the Special Master, without copying the other party, its selection of Representative Patents. The selection of Representative Patents shall be final, and no new or additional designation is permitted in the case of duplicate designations. Upon receipt of the submissions from the parties, the Special Master shall share each submission with the other party. The designations submitted to the Special Master shall constitute the Representative Patents.

7. **Representative Patents Discovery Limitation**. The Representative Patents shall define the scope of patent-related discovery in this action. From the date this Order is entered as an Order of the Court, all patent-related discovery shall be limited to the Technical Issues relating to Essentiality of the Representative Patents. "Technical Issues" relating to Essentiality refers to analyzing Essentiality by comparing or contrasting the scope of a patent's claims to an ETSI standard.

8. **Effect of Designating Representative Patents**. Selection of Representative Patents shall not preclude either party from challenging or supporting, during Markman hearings, summary judgment, or at trial, the Essentiality designation of any Nokia or InterDigital Representative Patent, Declared Patent, Exceptional Case Patent, or March 2007 InterDigital Declared Patent. Provided, however, that Nokia has stated that for approximately 70 InterDigital declared patents, Essentiality is not at issue, and for another approximately 80 declared patents, commercial Essentiality will be

4

challenged based largely on the ETSI IPR policy and not on technical patent analysis. Therefore, following the close of fact discovery, the parties will confer with the Special Master or the Court to determine appropriate case management procedures based on the discovery limitations set forth in paragraph 7, that will result in the efficient and expeditious disposition of this action, and which may include use of limited or representative patents and claims, and other limitations, during Markman hearings, summary judgment proceedings, and trial.

9.    **Discovery on Validity, Enforceability, and Infringement of Representative Patents**. Consistent with the Special Master's Second Discovery Order, and for reasons of judicial economy and case management, fact and expert discovery regarding the validity and enforceability of any Nokia or InterDigital Declared Patent, Exceptional Case Patent, or March 2007 InterDigital Declared Patent is denied. In addition, fact and expert discovery relating to issues of infringement of products (as opposed to the Essentiality of standards) is denied. Following claim construction, either party may apply for relief from this limitation.

10.    **Effect of Statements and Admissions in Discovery Filings**. Nothing in this Order is intended to preclude either party from relying on statements, admissions, and omissions in the other party's discovery responses, including interrogatory responses, document request responses, statements filed pursuant to Discovery Orders, and depositions that have occurred prior to this Order.

11.    **Discovery Regarding Later Declared Patents**. In the event that either Nokia or InterDigital declares additional patents to ETSI after the date of this Order, the parties shall confer with the Special Master to determine whether discovery should be permitted with regard to the later-declared patents.

12.    **Selection and Discovery of License Targets**. To the extent that either party wishes to obtain discovery with regard to Licensing Communications with a License Target of either party, such discovery shall be limited to the Selected License

Targets. Within five days following entry of this Order by the Court, to the extent they have not already done so, the parties shall exchange lists on an outside counsel eyes only basis of their respective (i) 3G licensees, and (ii) 3G License Targets. Within five days thereafter (or, if later, five days following entry of this Order by the Court), the parties shall confer and disclose the names of no more than three License Targets of the other party, which shall constitute the Selected License Targets. Discovery shall be limited to the six Selected License Targets. If either party relies on Licensing Communications beyond the Selected License Targets for purposes of Markman hearings, summary judgment, or trial, the non-relying party who claims prejudice can apply to the Special Master or the Court for permission to conduct discovery relating to the additional licenses or licensing negotiations. Notwithstanding the above, regardless of whether an entity is a Selected License Target, nothing herein shall preclude discovery from or regarding an entity as to issues other than Licensing Communications.

13.    **No Effect on License Negotiations**. This Order shall not limit or affect a party's obligations to license a patent under fair, reasonable, and non-discriminatory terms as may be required by any standard setting organization, including, but not limited to, ETSI.

14.    **Limitations on Deposition Testimony**. Each party is entitled to take no more than 180 hours of total deposition testimony, including 30(b)(6) depositions, but excluding expert depositions.

15.    **Summary Judgment Motions**. Following the close of fact and expert discovery, the parties shall confer with the Special Master or the Court regarding the advisability of summary judgment motions.

Dated: June 29, 2007

Special Master

# EXHIBIT A

## U.S. PATENTS INTERDIGITAL HAS DECLARED TO ETSI

**U.S. Patent No.**

5,081,643
5,093,840
5,161,168
5,179,571
5,179,572
5,224,120
5,228,056
5,260,967
5,263,045
5,274,665
5,299,226
5,345,467
5,351,269
5,363,403
5,365,544
5,367,533
5,410,568
5,420,896
5,469,468
5,506,864
5,535,238
5,553,062
5,563,907
5,574,747
5,588,020
5,614,914
5,631,921
5,663,956
5,663,990
5,673,286
5,703,874
5,719,852
5,748,687
5,796,776
5,799,010
5,835,527
5,841,768
5,859,879
5,912,919
5,920,590
5,940,382
5,943,331
5,974,039
5,991,329
5,991,332

## U.S. PATENTS INTERDIGITAL HAS DECLARED TO ETSI

**U.S. Patent No.**

5,995,538
6,005,898
6,011,789
6,014,373
6,049,535
6,075,792
6,115,406
6,141,332
6,157,619
6,175,586
6,181,949
6,212,174
6,215,778
6,226,316
6,229,843
6,252,866
6,256,339
6,259,688
6,272,168
6,278,726
6,330,272
6,366,568
6,373,830
6,373,877
6,381,264
6,389,002
6,396,824
6,404,828
6,456,608
6,463,074
6,490,462
6,493,563
6,507,745
6,519,474
6,560,300
6,571,105
6,574,265
6,574,271
6,577,668
6,577,669
6,577,672
6,577,673
6,577,876
6,584,139
6,587,499

2

**U.S. PATENTS INTERDIGITAL HAS DECLARED TO ETSI**

<u>**U.S. Patent No.**</u>

6,587,697
6,590,927
6,597,723
6,597,724
6,600,773
6,603,797
6,603,798
6,606,343
6,606,345
6,606,503
6,608,838
6,611,548
6,614,776
6,615,054
6,633,600
6,633,602
6,651,883
6,671,308
6,674,788
6,674,791
6,690,711
6,697,350
6,707,805
6,717,927
6,717,930
6,721,301
6,721,350
6,738,368
6,744,809
6,745,045
6,771,632
6,778,515
6,778,840
6,782,040
6,785,251
6,788,662
6,795,417
6,798,759
6,801,516
6,801,517
6,804,207
6,804,315
6,807,192
6,810,029
6,816,473

## U.S. PATENTS INTERDIGITAL HAS DECLARED TO ETSI

**U.S. Patent No.**

6,823,194
6,826,244
6,831,905
6,831,941
6,832,095
6,832,096
6,839,567
6,842,444
6,845,088
6,845,093
6,845,104
6,845,122
6,850,514
6,850,556
6,865,217
6,868,076
6,868,078
6,868,278
6,873,643
6,873,645
6,874,113
6,876,665
6,879,841
6,885,649
6,885,652
6,898,197
6,904,294
6,909,901
6,915,473
6,917,601
6,925,071
6,934,271
6,940,817
6,940,840
6,947,402
6,956,889
6,961,398
6,964,369
6,973,579
6,975,650
6,980,538
6,980,615
6,983,008
6,983,009
6,985,457

4

## U.S. PATENTS INTERDIGITAL HAS DECLARED TO ETSI

**U.S. Patent No.**

6,985,467
6,993,001
6,993,063
6,996,082
7,020,111
7,020,114
7,020,125
7,020,151
7,023,835
7,039,030
7,046,655
7,046,754
7,065,366
7,072,290
7,072,380
7,085,583
7,092,371
7,095,723
7,099,292
7,102,994
7,103,027
7,106,719
7,110,383
7,110,384
7,110,385
7,110,386
7,117,004
7,120,188
7,120,189
7,123,600
7,137,548
7,180,885
7,190,966
7,200,405
7,206,581
7,212,824
7,215,655
7,215,974
RE35,402
RE38,627

**EXHIBIT B**

**U.S. PATENTS IDENTIFIED BY INTERDIGITAL AS ESSENTIAL SOLELY
UNDER THE SECOND LIMB OF THE ETSI IPR DEFINITION[1]**

**U.S Patent No.**

5,081,643
5,161,168
5,224,120
5,351,269
5,363,403
5,553,062
5,719,852
5,469,468
5,588,020
5,703,874
5,796,776
5,912,919
5,940,382
6,738,368
6,014,373
6,259,688
5,991,329
5,991,332
6,229,843
5,995,538
6,005,898
6,011,789
6,049,535
6,115,406
6,157,619
6,252,866
6,256,339
6,272,168
6,278,726
6,330,272
6,373,877
6,381,264
6,389,002
6,404,828
6,456,608
6,560,300
6,574,265
6,574,271
6,577,672

---

[1] InterDigital reserves the right to argue that any or all of its Limb 1 patents are also essential under Limb 2 of the ETSI IPR definition.

1

**U.S. PATENTS IDENTIFIED BY INTERDIGITAL AS ESSENTIAL SOLELY
UNDER THE SECOND LIMB OF THE ETSI IPR DEFINITION**

<u>**U.S Patent No.**</u>

6,577,673
6,611,548
6,674,788
6,674,791
6,697,350
6,721,301
6,983,009
6,744,809
6,782,040
6,788,662
6,940,840
6,804,315
6,816,473
6,823,194
6,832,095
6,832,096
6,868,278
6,826,244
6,865,217
6,868,076
6,868,078
6,876,665
6,873,645
6,898,197
6,940,817
6,961,398
6,980,615
6,993,001
7,020,111
7,020,125
7,020,151
7,046,754
7,072,290
7,106,719
7,110,383
7,110,384
7,110,385
7,110,386

2

# EXHIBIT C

## U.S. PATENTS INTERDIGITAL DECLARED TO ETSI IN MARCH 2007

**U.S Patent No.**

5,614,914
5,663,990
5,859,879
6,366,568
6,651,883
6,771,632
6,778,515
6,785,251
6,804,207
6,842,444
6,964,369
6,975,650
7,039,030
7,065,366
7,092,371
7,103,027
7,117,004
7,120,189
7,137,548
7,180,885
7,190,966
7,200,405
7,206,581
7,212,824
7,215,655
7,215,974

# EXHIBIT D

# EXHIBIT D

| | |
|---|---|
| 1 | 4,969,192 |
| 2 | 5,444,816 |
| 3 | 5,479,444 |
| 4 | 5,491,718 |
| 5 | 5,564,074 |
| 6 | 5,664,053 |
| 7 | 5,699,482 |
| 8 | 5,701,392 |
| 9 | 5,722,074 |
| 10 | 5,754,976 |
| 11 | 5,802,465 |
| 12 | 5,832,381 |
| 13 | 5,850,607 |
| 14 | 5,859,843 |
| 15 | 5,862,489 |
| 16 | 5,889,770 |
| 17 | 5,930,233 |
| 18 | 5,946,634 |
| 19 | 5,946,651 |
| 20 | 5,960,389 |
| 21 | 5,963,901 |
| 22 | 5,970,059 |
| 23 | 5,991,627 |
| 24 | 6,009,328 |
| 25 | 6,011,971 |
| 26 | 6,029,128 |
| 27 | 6,031,827 |
| 28 | 6,072,787 |
| 29 | 6,091,717 |
| 30 | 6,094,426 |
| 31 | 6,137,789 |
| 32 | 6,137,836 |
| 33 | 6,148,209 |
| 34 | 6,167,248 |
| 35 | 6,178,535 |
| 36 | 6,198,928 |
| 37 | 6,199,035 |
| 38 | 6,243,455 |

| 39 | 6,243,582 |
| 40 | 6,266,321 |
| 41 | 6,266,361 |
| 42 | 6,269,126 |
| 43 | 6,300,887 |
| 44 | 6,359,865 |
| 45 | 6,370,390 |
| 46 | 6,377,817 |
| 47 | 6,385,451 |
| 48 | 6,393,121 |
| 49 | 6,408,063 |
| 50 | 6,415,163 |
| 51 | 6,430,721 |
| 52 | 6,437,711 |
| 53 | 6,438,370 |
| 54 | 6,456,237 |
| 55 | 6,456,826 |
| 56 | 6,470,313 |
| 57 | 6,470,470 |
| 58 | 6,477,151 |
| 59 | 6,487,288 |
| 60 | 6,487,410 |
| 61 | 6,493,564 |
| 62 | 6,501,957 |
| 63 | 6,513,487 |
| 64 | 6,532,226 |
| 65 | 6,539,236 |
| 66 | 6,542,931 |
| 67 | 6,560,460 |
| 68 | 6,570,860 |
| 69 | 6,571,095 |
| 70 | 6,574,473 |
| 71 | 6,584,089 |
| 72 | 6,584,161 |
| 73 | 6,584,314 |
| 74 | 6,594,486 |
| 75 | 6,597,914 |
| 76 | 6,606,593 |
| 77 | 6,611,507 |
| 78 | 6,611,788 |
| 79 | 6,615,169 |

- 2 -

| | |
|---|---|
| 80 | 6,643,513 |
| 81 | 6,650,905 |
| 82 | 6,658,064 |
| 83 | 6,661,780 |
| 84 | 6,662,155 |
| 85 | 6,665,309 |
| 86 | 6,671,286 |
| 87 | 6,671,511 |
| 88 | 6,674,860 |
| 89 | 6,678,361 |
| 90 | 6,678,527 |
| 91 | 6,678,531 |
| 92 | 6,680,913 |
| 93 | 6,680,955 |
| 94 | 6,681,099 |
| 95 | 6,691,085 |
| 96 | 6,693,892 |
| 97 | 6,697,347 |
| 98 | 6,701,155 |
| 99 | 6,708,028 |
| 100 | 6,717,928 |
| 101 | 6,721,304 |
| 102 | 6,721,700 |
| 103 | 6,735,180 |
| 104 | 6,738,370 |
| 105 | 6,741,860 |
| 106 | 6,742,091 |
| 107 | 6,751,209 |
| 108 | 6,751,227 |
| 109 | 6,751,460 |
| 110 | 6,754,286 |
| 111 | 6,763,011 |
| 112 | 6,766,159 |
| 113 | 6,771,631 |
| 114 | 6,775,548 |
| 115 | 6,778,521 |
| 116 | 6,782,047 |
| 117 | 6,786,012 |
| 118 | 6,788,959 |
| 119 | 6,791,966 |
| 120 | 6,792,277 |

- 3 -

| | |
|---|---|
| 121 | 6,792,278 |
| 122 | 6,801,786 |
| 123 | 6,807,421 |
| 124 | 6,826,406 |
| 125 | 6,842,445 |
| 126 | 6,847,610 |
| 127 | 6,857,095 |
| 128 | 6,859,651 |
| 129 | 6,868,257 |
| 130 | 6,871,075 |
| 131 | 6,879,566 |
| 132 | 6,882,637 |
| 133 | 6,888,821 |
| 134 | 6,895,439 |
| 135 | 6,898,429 |
| 136 | 6,898,433 |
| 137 | 6,901,046 |
| 138 | 6,904,077 |
| 139 | 6,930,980 |
| 140 | 6,956,832 |
| 141 | 6,957,063 |
| 142 | 6,959,009 |
| 143 | 6,968,190 |
| 144 | 6,968,309 |
| 145 | 6,975,615 |
| 146 | 6,975,850 |
| 147 | 6,975,879 |
| 148 | 6,978,143 |
| 149 | 6,985,446 |
| 150 | 6,987,779 |
| 151 | 6,993,340 |
| 152 | 7,003,290 |
| 153 | 7,009,936 |
| 154 | 7,009,951 |
| 155 | 7,012,905 |
| 156 | 7,016,678 |
| 157 | 7,020,108 |
| 158 | 7,020,124 |
| 159 | 7,023,825 |
| 160 | 7,024,194 |
| 161 | 7,024,688 |

- 4 -

| | |
|---|---|
| 162 | 7,027,417 |
| 163 | 7,027,420 |
| 164 | 7,027,814 |
| 165 | 7,028,101 |
| 166 | 7,031,701 |
| 167 | 7,031,926 |
| 168 | 7,035,234 |
| 169 | 7,035,287 |
| 170 | 7,051,082 |
| 171 | 7,054,657 |
| 172 | 7,054,954 |
| 173 | 7,058,423 |
| 174 | 7,069,038 |
| 175 | 7,072,358 |
| 176 | 7,079,507 |
| 177 | 7,079,510 |
| 178 | 7,085,248 |
| 179 | 7,085,567 |
| 180 | 7,089,008 |
| 181 | 7,089,023 |
| 182 | 7,096,021 |
| 183 | 7,106,694 |
| 184 | 7,116,651 |
| 185 | 7,116,984 |
| 186 | 7,133,382 |
| 187 | 7,133,690 |
| 188 | 7,136,646 |
| 189 | 7,142,875 |
| 190 | 7,162,244 |
| 191 | 7,167,447 |
| 192 | 7,167,475 |
| 193 | 7,180,878 |
| 194 | 7,193,990 |
| 195 | 7,215,955 |

LEGAL02/30430293v1