IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION,<br><br>  Defendants. | C.A. No. 05-16-JJF |

**PLAINTIFFS' RESERVATION OF RIGHTS REGARDING
<u>AMENDED CASE MANAGEMENT ORDER</u>**

                                                       MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                       Jack B. Blumenfeld (#1014)
                                                       Julia Heaney (#3052)
                                                       1201 N. Market Street
                                                       Wilmington, DE 19801
                                                      (302) 658-9200
                                                       jheaney@mnat.com
                                                          Attorneys for Plaintiffs

OF COUNSEL:

Peter Kontio
Patrick Flinn
Randall Allen
Lance Lawson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

July 13, 2007

1.

The Special Master submitted to the Court an original Case Management Order on June 29, 2007, and a First Amended Case Management Order on July 9, 2007 (the "Amended Order").  The Amended Order states that "[a]ll exceptions to [the Amended Order] shall be filed with the District Court on or before July 13, 2007."  Plaintiffs Nokia Corp. and Nokia Inc. (collectively "Nokia") therefore submit this Reservation of Rights Regarding Amended Case Management Order.

The Special Master developed the Amended Order after the Parties filed multiple case management proposals and argued for their acceptance.  The Parties' proposals and justifications differed dramatically, and the Amended Order reflects the Special Master's effort to forge a reasonable compromise between the disparate positions.

Although Nokia continues to favor its proposal for the reasons communicated previously to the Special Master, the Amended Order has the potential to adequately manage this case without substantially limiting the Parties' opportunities to present their cases.  As the Amended Order is implemented, however, it is possible that unforeseen problems and issues may arise.  Moreover, it is possible that the Parties may disagree over the proper interpretation of the Amended Order.

Nokia recognizes that the compromise crafted by the Special Master was difficult to develop and was carefully considered, and Nokia hopes to avoid potentially unnecessary disputes regarding the Amended Order.  Accordingly, while Nokia has no objection to entry of the Amended Order, Nokia respectfully reserves the right to address with the Special Master

2.

and/or the Court any issues that may later arise concerning the implementation or construction of the Amended Order.[1]

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Julia Heaney (#3052)*
                _____
                Jack B. Blumenfeld (#1014)
                Julia Heaney (#3052)
                1201 N. Market Street
                Wilmington, DE 19801
                (302) 658-9200
                jheaney@mnat.com
                   Attorneys for Plaintiffs

OF COUNSEL:

Peter Kontio
Patrick Flinn
Randall Allen
Lance Lawson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

July 13, 2007
915306

---

[1] As an example of one such potential issue, the Amended Order observes correctly that Nokia anticipates proving that InterDigital has made false statements regarding approximately 150 InterDigital patents "based largely on the ETSI IPR Policy and not on technical patent analysis" (Amended Order ¶ 8). Because the Representative InterDigital Patents determine the scope of discovery regarding "Technical Issues relating to Essentiality" (Amended Order ¶ 7), a reasonable construction of the Amended Order requires that Representative InterDigital patents not be chosen from those 150 patents (given that such discovery would be substantially meaningless to Nokia). If InterDigital nevertheless selects as "Representative" patents for which Nokia has indicated it will not seek technical discovery, it may be necessary for Nokia to raise the issue with the Special Master at that time.

**CERTIFICATE OF SERVICE**

I, Julia Heaney, hereby certify that on July 13, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horwitz
>Potter Anderson & Corroon LLP

I also certify that copies were caused to be served on July 13, 2007 upon the following in the manner indicated:

**BY HAND AND E-MAIL**

>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE  19801

**BY E-MAIL**

Ron E. Shulman
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

Mark D. Flanagan
Wilmer Cutler Pickering Hale and
    Dorr LLP
1117 California Avenue
Palo Alto, CA  94304

Christopher P. Isaac
Finnegan, Henderson, Farabow,
    Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)