IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION and NOKIA, INC.    :
                                     :
              Plaintiffs,            :
                                     :
    v.                               :    Civil Action No. 05-16-JJF
                                     :
INTERDIGITAL COMMUNICATIONS          :
CORPORATION and INTERDIGITAL         :
TECHNOLOGY CORPORATION,              :
                                     :
              Defendants.            :

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs Nokia Corporation and Nokia, Inc.'s (collectively, "Nokia") Objections To Special Master's August 20, 2007 Decision.  (D.I. 212).  Nokia requested that the Special Master grant a temporary stay of discovery regarding two of the patents at issue in their suit against InterDigital Communications, Corp. and InterDigital Technology Corp. (collectively, "InterDigital").  For the reasons discussed, the Court will overrule the Objections filed by Plaintiffs.

Under the First Amended Case Management Order (D.I. 215), issued by the Special Master on July 9, 2007 and entered by this Court on August 29, 2007, Nokia was to submit contentions pursuant to the Special Master's Second Discovery Order (D.I. 71) regarding the 26 patents InterDigital declared to the European Telecommunications Standards Institute ("ETSI") in March 2007, including U.S. Patent Nos. 7,117,004 ("the '004 patent") and 7,1,90,966 ("the '966 patent") by August 10, 2007.  On August 10, 2007, Nokia requested a temporary stay of discovery on its

obligations to provide contentions for the '004 patent and the '966 patent because InterDigital had initiated two patent infringement actions on August 7, 2007 on those patents: (1) a complaint with the International Trade Commission under 19 U.S.C. § 1337, *In re Certain 3G Mobile Handsets and Components Thereof*, and (2) a parallel district court action, *InterDigital Communications, LLC v. Nokia Corp.*, C.A. No. 07-489 (D.Del) (collectively, "the infringement actions"). Nokia requested that the Special Master temporarily stay discovery regarding the '004 and '966 patents until the proper forum for addressing common issues in dispute could be resolved.

After receiving letter briefs, the Special Master conducted a telephonic conference on August 20, 2007, and issued an oral ruling denying Nokia's request for a stay, but stayed application of his Order pending review by this Court. Nokia filed its objections to the Special Master's decision with this Court on August 24, 2007. (D.I. 212). By its Objection, Nokia contends that the Special Master erred in denying Nokia's request for a temporary stay of discovery by disregarding the prejudice to Nokia resulting from addressing issues common to this dispute and to the infringement actions. Nokia contends that it will be prejudiced by (1) having to address simultaneously the same issues of essentiality, validity and claim construction on multiple fronts; and (2) the risk that InterDigital will use

statements from this case out of context in the infringement actions. (D.I. 219 at 1). Finally, Nokia contends that the stay requested would conserve judicial resources.

Pursuant to Federal Rule of Civil Procedure 53(g), the Court reviews the Special Master's conclusions of law de novo. Fed.R.Civ.P. 53(g)(4). Findings of fact rendered by the Special Master are also reviewed de novo absent the parties' stipulation to the contrary. Fed.R.Civ.P. 53(g)(3). The Special Master's rulings on procedural matters are reviewed under the abuse of discretion standard. Fed.R.Civ.P. 53(g)(5).

When considering the propriety of a stay, the Court evaluates "the possible damage, hardship and inequities to the parties to the lawsuit," and "the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case." United Sweetener USA, Inc. v. Nutrasweet Co., 766 F.Supp. 212, 217 (D. Del. 1991). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). Thus, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis v. North America Co., 299 U.S. 248, 255 (1936).

The Court agrees with the Special Master's decision. Nokia has not established that a temporary stay of discovery is

necessary to prevent undue hardship or injustice. See Micron Tech., Inc. v. Mosel Vitelic, No. Civ. 98-0293-S-LMB, 1999 WL 458168, at *5 (D. Idaho Mar. 31 1999). At issue in this case is whether the alleged patents are indeed essential to 3G mobile telephone technology standards. Although, as Nokia contends, determining essentiality of the patents may implicate issues synonymous to issues raised in the infringement actions, the Court agrees with the Special Master that Nokia's Lanham Act claims are distinct from the claims in the infringement actions, and therefore any potential overlap does not warrant the requested stay. See Micron Tech., 1999 WL at * 3 (refusing to grant stay with respect to patent infringement actions raising "issues that are substantially similar" to patent infringement claims before the ITC, because "those issues are not the same issues as required by [28 U.S.C. §1659(a)].").

Nokia's contentions of prejudice are further undermined by the Amended Case Management Order, which currently prohibits discovery relating to validity, enforceability or infringement of the patents at issue in this case. Further, InterDigital stated its intention to comply with the conditions of the Protective Order during the teleconference with the Special Master. While the Order allows another court to order disclosure, any disclosure of confidential information in the infringement actions would be by court order, not at InterDigital's impetus.

While minimal prejudice to Nokia would result from the Court's refusal to grant a temporary stay of discovery, InterDigital would be prejudiced were the Court to grant the stay requested, as it is entitled to discovery on the '004 and '966 patents. Further, the Court agrees with the Special Master that granting a stay would not conserve judicial resources, but will instead delay the proceedings, and could result in bifurcated proceedings if the Court were to stay discovery "for two of the patents while the litigation proceeds towards the close of discovery and to trial." (August 20, 2007 Hearing Tr. 22).

Accordingly, the Court will overrule Nokia's objections to the Special Master's August 20, 2007 Decision.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiffs Nokia Corporation and Nokia Inc.'s Objections To Special Master's August 20, 2007 Decision (D.I. 212) are **OVERRULED**.

September 26, 2007
     DATE

UNITED STATES DISTRICT JUDGE