# EXHIBIT A

Case 1:05-cv-00016-JJF    Document 233-2    Filed 10/12/2007    Page 1 of 13

Issued by the

# United States District Court

____SOUTHERN____ DISTRICT OF ____NEW YORK____

| | |
|---|---|
| **NOKIA CORPORATION and NOKIA INC.**<br><br>    Plaintiffs,<br><br>v.<br><br>**INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION**<br><br>    Defendants. | **SUBPOENA IN A CIVIL CASE**<br>C.A. No. 05-16-JJF  (D. Del.) |

TO:    **Gary R. Lomp**
       **130 Washington Drive**
       **Centerpoint, New York 11721**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Alston & Bird LLP**<br>**The Atlantic Building**<br>**950 F Street, NW**<br>**Washington, DC 20004** | **9:00 A.M. November 14, 2007** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| **Alston & Bird LLP**<br>**The Atlantic Building**<br>**950 F Street, NW**<br>**Washington, DC 20004** | **9:00 A.M. November 14, 2007** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  (Attorney for Plaintiffs) | **October 12, 2007** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Patrick J. Flinn**
**Alston & Bird LLP**
**1201 West Peachtree Street**
**Atlanta, GA 30030**
**Phone: 404-881-7000**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| **DATE** | **PLACE** |
| October 12, 2007 (mailing date) | Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. 901 New York Avenue, NW Washington, DC 20001-4413 |

**SERVED**

| | |
|---|---|
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** |
| Patrick J. Coyne | UPS overnight delivery |
| **SERVED BY (PRINT NAME)** | **TITLE** |
| Patrick J. Flinn | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:   October 12, 2007
           DATE

SIGNATURE OF SERVER

1201 West Peachtree St., Atlanta, GA 30030
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)  (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
          (i) fails to allow reasonable time for compliance;
          (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
          (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
          (iv) subjects a person to undue burden.
     (B) If a subpoena
          (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
          (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
          (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1)  (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
     (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
     (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
     (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)  (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature

of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

The following definitions apply with respect to each of the following requests for production and each of the terms defined below, when used in any request for production, shall have the meaning given herein:

(1)   "Document" has its broadest meaning under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and includes but is not limited to each and every written, recorded or graphic matter of any kind, type, nature or description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegraphs, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced or reproduced, and also including, but not limited to drafts or copies of any of the foregoing that contain any notes, comments or markings of any kind not found on the original documents or are otherwise not identical to the original documents.

- 2 -

(2) "Person" means a natural person, an individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and all other organizations or entities of any type.

(3) The term "entity" means corporations, companies, businesses, partnerships, or proprietorships.

(4) The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

(5) The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the interrogatory or request for production all responses which might otherwise be construed to be outside the scope.

(6) The term "each" includes the word "every," and "every" includes the word "each." The term "any" includes the word "all," and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the interrogatory or request for production responses that which might otherwise be construed to be outside the scope.

(7) The "Representative InterDigital Patents" shall include U.S. Patent Nos. 5,474,747; 6,027,272; 6,479,791; 6,792,927; 6,875,759; 6,151,516; 6,510,104; 6,364,643; 6,547,473; 6,688,889; 6,357,579; 6,306,063; 7,558,583; RE 38,627.

(8) The term "standard" refers to wireless interoperability standards, including Universal Mobile Telecommunications System (or "UMTS").

(9) A patent is "technically essential" to a standard if it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease,

- 3 -

otherwise dispose of, repair, use or operate products complying with the standard or to perform methods associated with those products or the standard without infringing that patent.

(10)   A patent is an "exceptional case" if a standard can only be implemented by technical solutions all of which are infringements of intellectual property rights, and one of those technical solutions infringes the patent.

(11)   Unless otherwise indicated, each request herein seeks documents of the designated type that have come into being since five years before the earliest of the priority dates for the Representative InterDigital Patents.

**INSTRUCTIONS**

(1)   If you contend that you are entitled on the basis of any claim or privilege to withhold the production of any documents requested herein, provide the following information with respect to each such document:

(a)   the type of document, whether a letter, memorandum, report, etc., or the nature of the information;

(b)   the title or other identifying designation, if any, of the document;

(c)   the date of the document;

(d)   the subject matter of the document or information;

(e)   the identities of all persons who created, sent, received or have ever had possession of the information as of either the original or any copy of the documents;

(f)   the basis of or grounds for the claim of privilege;

- 4 -

    (g)    the person on whose behalf the claim of privileges is being asserted; and

    (h)    the document request or requests to which the document has responsive information.

(2)    Each request for documents seeks production of all documents described therein, along with any attachments, drafts, and non-identical copies, in your possession, custody, or control.

(3)    If a responsive document once existed, but has been destroyed, or cannot be located, please describe the document's contents, author(s) and addressee(s) to the extent possible, and the circumstances of the document's destruction or disappearance.

## REQUESTS FOR PRODUCTION

1.    All documents that reference or discuss whether any Representative InterDigital Patent is essential to UMTS, including whether any Representative InterDigital Patent is technically essential, an exceptional case, or otherwise related to UMTS.

2.    All documents referencing or discussing the enforceability of the Representative InterDigital Patents.

3.    All documents and things that reference or discuss the conception of each of the inventions described or claimed in the Representative InterDigital Patents, including, without limitation, the first disclosure by the alleged inventor to another

- 4 -

person, the first drawing or sketch, and the first written description of these inventions.

4.      All documents and things that reference or discuss the date of invention of the subject matter disclosed or claimed in each of the Representative InterDigital Patents.

5.      All documents and things that reference or discuss the reduction to practice of each of the inventions described or claimed in the Representative InterDigital Patents, including all models, prototypes, or test results.

6.      All documents and things that reference or discuss the due diligence from the time of conception until reduction to practice of the alleged inventions described and/or claimed in each of the Representative InterDigital Patents.

7.      All inventor notebooks, tests, search reports, memoranda, technical articles, manuals, and publications related to the alleged inventions described and/or claimed in the Representative InterDigital Patents.

8.      All documents and things that reference or discuss the first public disclosure or use of each of the inventions described or claimed in the Representative InterDigital Patents.

9.      All documents and things that reference or discuss the first offer for sale of any product covered by or made in accordance with any claim in the Representative InterDigital Patents, including but not limited to documents and things sufficient to identify the name and address of the seller, the name and address of the prospective purchaser, the article(s) that was (were) offered for sale, the quantity that was offered for sale, the date of the offer for sale, and the total dollar amount of the offer for sale.

10.     All documents that reference or discuss each patent, publication, document, sale, offer for sale, use, reference or other document that was in any way known, considered by, cited by, referred to, brought to the attention of, reviewed or studied by you in connection with the prosecution of any patent applications that matured, directly or indirectly, into any of the Representative InterDigital Patents.

11.     All documents and things that reference or discuss the testing, development, or design of any of the inventions described or claimed in the Representative InterDigital Patents.

12.     All documents and things that reference or discuss the inventorship of the subject matter of each of the claims of the Representative InterDigital Patents, including all documents identifying any inventor.

LEGAL02/30560456v1

13. All documents that that reference or discuss the preparation, decision to file, filing, and prosecution of any of the patent applications that matured, directly or indirectly, into any of the Representative InterDigital Patents, including:

    (a) the complete prosecution history;
    (b) all documents referred to or relied upon in preparing the application;
    (c) all documents that refer or relate to communications between you and any patent attorney or agent concerning the application;
    (d) all drafts of the application or of any papers filed during prosecution;
    (e) all drawings prepared in connection with the application; and
    (f) all documents concerning ownership of the application.

14. All studies, reports, opinions, or other documents that reference or discuss the patentability of any of the inventions claimed in the Representative InterDigital Patents, including all patents and other references or things identified, considered, or analyzed in any such studies, reports, opinions, or documents.

15. All documents and things considered prior art or potential prior art with regard to any claim of any Representative InterDigital Patent.

16. All documents and things that reference or discuss any search, study, or analysis of any prior art relating to the subject matter of the Representative InterDigital Patents or any patent application that matured, directly or indirectly, into any of the Representative InterDigital Patents.

17. All documents supporting, evidencing, contradicting, detracting from, in derogation of, or concerning any contention that the inventions disclosed or claimed

LEGAL02/30560456v1

in the Representative InterDigital Patents are nonobvious, including but not limited to documents concerning the commercial success, licensing, copying, initial professional skepticism or praise, or any other secondary indicia of nonobviousness of the inventions claimed or disclosed in the Representative InterDigital Patents.

18. All documents that that reference or discuss any unexpected results, whether successful or not, of the subject matter of any claimed inventions of the Representative InterDigital Patents, including, but not limited to, test results, test result summaries, announcements, presentations, or publications.

19. All documents that reference or discuss whether the subject matter of any invention claimed or described in any of the Representative InterDigital Patents allegedly satisfies a long-felt need in the art to which they pertain.

20. All documents that refer or relate to any copying of the subject matter of any claimed invention in the Representative InterDigital Patents, including but not limited to, documents that refer or relate to reverse engineering.

21. All documents and things considered or evaluated by you regarding, or that reference or discuss, the alleged novelty, unenforceability, or validity of the Representative InterDigital Patents.

22. All documents and things that reference or discuss the best mode contemplated by any inventor of the Representative InterDigital Patents for carrying out the claimed inventions therein, both now and at the time of filing the applications that led to the patents.

23. All documents that reference or discuss any assignments or other changes in ownership of the Representative InterDigital Patents.

24. All documents and things that reference or discuss the interpretation of the claims in each of the Representative InterDigital Patents.

25. All documents and things that reference or discuss the meaning of any of the terms of the claims of the Representative InterDigital Patents.

LEGAL02/30560456v1