IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-16-JJF |

**ORDER DENYING NOKIA'S MOTION FOR MANDATORY STAY
AND GRANTING CONDITIONAL DISCRETIONARY STAY**

This Court, having considered Plaintiffs Nokia Corporation and Nokia Inc.'s Motion for Mandatory Stay Pursuant to 28 U.S.C. § 1659(a), any responses and replies thereto, any exhibits and appendices filed in connection with said pleadings, and any arguments of counsel, orders that Plaintiffs' Motion for Mandatory Stay Pursuant to 28 U.S.C. § 1659(a) is HEREBY DENIED.

It is further ORDERED that the request for a discretionary stay of the above-captioned action is hereby GRANTED, subject to the following provisions:

1. This action is stayed in its entirety pending a full and final resolution of the International Trade Commission investigation, captioned *In re Certain 3G Mobile Handsets and Components Thereof*, Inv. No. 337-TA-613, including any initial and final determinations of the Administrative Law Judge, the International Trade Commission, and any appeals therefrom (the "Stay Period").

2. During the Stay Period, the parties shall not initiate any new actions asserting the same claims or Similar Claims to the claims asserted in the present action.
    a. For purposes of this order, "Similar Claims" includes:
        i. any claims involving the same causes of action (e.g., Lanham Act claims) as are alleged in the present suit, but based on similar but not identical factual allegations (e.g., alleged false or misleading statements of the same nature as those currently at issue in this action); and
        ii. any claims based on the same factual allegations (e.g., the parties' allegedly actionable ETSI declarations), but brought under different legal theories (e.g., unfair competition laws from states other than those included in the parties' claims and counterclaims).
3. During the Stay Period, should either party institute a new action in any forum involving the same or Similar Claims, the other party may (i) seek to stay the new action pursuant to this Court's Order, and/or (ii) seek the automatic dissolution of the stay in this action.

4. During the Stay Period, the parties also agree to stay the prosecution of the International Chamber of Commerce, International Court of Arbitration (Arbitration No.: 14 685/EBS).

5. Following the expiration of the Stay Period, the parties shall confer with the Special Master and the Court for purposes of entry of a revised Scheduling Order and Case Management Order setting forth new dates for all deadlines remaining at the time the stay was entered. With the exception of the dates, the following shall be given the same effect that they had prior to the entry of the stay: (a) all Orders by the Court or the Special Master issued prior to the stay,

including any discovery or case management orders (e.g., the First Amended Case Management Order and the order appointing Special Master Seitz); and (b) the parties' statements and selections made pursuant to any discovery or case management order, including the selections of Representative Patents and Selected License Targets pursuant to the First Amended Case Management Order.

SO ORDERED, this _____ day of _____, 2007.

_____
United States District Judge

828651 / 28840