**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NOKIA CORPORATION and )
NOKIA, INC., )
 )
     Plaintiffs, )
 )    C.A. No. 05-16-JJF
    v. )
 )    **PUBLIC VERSION**
INTERDIGITAL COMMUNICATIONS )
CORPORATION and INTERDIGITAL )
TECHNOLOGY CORPORATION, )
 )
     Defendants. )

**INTERDIGITAL'S OPPOSITION TO NOKIA'S MOTION FOR**
**MANDATORY STAY PURSUANT TO 28 U.S.C. § 1659(a)**

OF COUNSEL:

Mark D. Flanagan
Nathan L. Walker
WILMER CUTLER PICKERING
  HALE & DORR, LLP
Palo Alto, California 94304

Ron E. Shulman
Michael B. Levin
WILSON SONSINI GOODRICH & ROSATI
Palo Alto, CA 94304-1050

Patrick J. Coyne
Houtan K. Esfahani
Rajeev Gupta
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER LLP
Washington, DC 20001-4413

Christopher D. Isaac
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER LLP
Reston, Virginia 20190

Dated: October 30, 2007
Public Version Dated: November 8, 2007
830748/28840

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Roger D. Taylor
R. Bruce Bower
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER LLP
Atlanta, GA 30308-3263

*Attorneys for Defendants Interdigital*
*Communications Corporation and Interdigital*
*Technology Corporation*

## TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

II.   SUMMARY OF ARGUMENT ................................................................................... 2

III.  FACTUAL BACKGROUND ...................................................................................... 4

IV.   ARGUMENT .......................................................................................................... 7

A.    Nokia Is Not Entitled to a Mandatory Stay Under 28 U.S.C. § 1659(a) ................ 7

1.    Nokia's Request for a Mandatory Stay Is Precluded by the Law of the
      Case Doctrine ............................................................................................ 7

2.    Nokia's Lanham Act Claims Are Distinct from the Infringement
      Claims Asserted in the ITC Action ............................................................. 8

B.    Nokia Is Not Entitled to a Discretionary Stay Because Nokia Relies on a Feigned
      Claim of Prejudice ................................................................................................. 14

1.    If Harm Is a Possibility, a Discretionary Stay May only Be Granted
      When the Moving Party Establishes a Case of Hardship and Inequity ..... 14

2.    Nokia's Request for a Discretionary Stay Appears to Based upon a
      Disingenuous Claim of Hardship and Inequity .......................................... 15

C.    Should the Court Grant a Discretionary Stay, It Should Be Granted with
      Conditions to Ensure that the Purpose of the Discretionary Stay Is Met .............. 16

V.    CONCLUSION ........................................................................................................ 18

# TABLE OF AUTHORITIES

Page(s)

*Baisden v. Bourne*, Slip Copy,
    No. 8:06-cv-517, 2006 WL 3497854 (D. Neb. 2006)........................................................14

*Cheng v. Sighting System Instruments, LLC,*
    No. 1:06-cv-2326-WSD, 2007 WL 1341119 (N.D. Georgia May 3, 2007)......................15

*Dohse v. Potter,*
    No. 8:04-cv-355, 2006 WL 1314327 (D. Neb. 2006)........................................................14

*In re Princo Corp.,*
    478 F.3d 1344 (Fed. Cir. 2007)........................................................................................10

*Jersey Dental Labs. v. Dentsply Int'l, Inc.,*
    C. A. No. 01-267-SLR, 2002 WL 2007916 (D. Del. Aug. 27, 2002)..................................8

*Micron Technology, Inc. v. Mosel Vitelic et al.,*
    No. CIV 98-0293-S-LMB, 1999 WL 458168 (D. Idaho Mar. 31, 1999) .............7, 8, 9, 13

*Landis v. North American Co.,*
    299 U.S. 248 (1936)..........................................................................................14, 15, 17

*Lockyer v. Mirant Corp.,*
    398 F.3d 1098 (9th Cir. 2005) ..........................................................................................14

*Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.,*
    123 F.3d 111 (3d Cir. 1997)...............................................................................................8

## STATUTES

19 U.S.C. § 1337...................................................................................................... *passim*

28 U.S.C. § 1659(a) ................................................................................................. *passim*

## I.    NATURE AND STAGE OF THE PROCEEDINGS

In January 2005, Plaintiffs Nokia Corporation and Nokia Inc. (collectively "Nokia")
initiated this action, alleging that InterDigital Communications, LLC[1] and InterDigital
Technology Corp. (collectively, "InterDigital") violated the Lanham Act by making declarations
to the European Telecommunications Standards Institute ("ETSI"), a third generation ("3G")
wireless standards body, and other public statements, that InterDigital owned patents that may be
essential to the UMTS 3G standard.  InterDigital subsequently filed counterclaims, including
mirror-image claims asserting that Nokia made public statements falsely asserting that it owned
essential 3G patents.  Because the parties' allegations involved the potential for litigation
concerning more than 300 patents, InterDigital moved for a modified case management order to
manage the proceedings.  After weeks of hearings and negotiations, the Special Master issued the
First Amended Case Management Order ("CMO") on July 9, 2007.[2]

On August 10, 2007, the Special Master ordered Nokia to submit its contentions on
certain InterDigital patents declared to ETSI in March 2007, including U.S. Patent Nos.
7,117,004 ("the '004 patent") and 7,190,966 ("the '966 patent") (collectively the "Crossover
Patents").  Instead of submitting its contentions on the Crossover Patents, Nokia requested a stay
of its obligation to provide contentions with respect to these patents under its Lanham Act claim
theory.  As it is arguing here, Nokia then argued that a discovery stay for those patents was
warranted under 28 U.S.C. § 1659(a) because InterDigital had initiated a patent infringement
action before the International Trade Commission on those patents (the "ITC Action") on August
7, 2007.  Finding Nokia's Lanham Act claims to be distinct from the infringement claims in the
ITC Action even as to the two Crossover Patents, both the Special Master and this Court
properly denied Nokia's requested stay.

---

[1] InterDigital Communications, LLC is the successor to InterDigital Communications
Corporation, the originally named co-defendant.

[2] This Court entered the CMO on August 30, 2007.

Despite being denied even a far more limited stay of discovery pursuant to 28 U.S.C. § 1659(a) on the two Crossover Patents, Nokia now has moved to stay this *entire* action on precisely the same grounds.

While InterDigital disagrees that Nokia is entitled to a mandatory stay of this action, InterDigital nonetheless proposed that the parties stipulate to stay not only this action but any future actions involving similar claims, as doing so would conserve resources given that the parties may be in a better position to resolve their disputes following the resolution of the ITC Action. Nokia rejected this proposal. Contradicting its present request for a broad stay of the issues that are allegedly "common" to both this action and the ITC Action, Nokia insisted on limiting any stay to "identical" claims at issue here, while retaining the right to assert in other jurisdictions claims similar to those at issue here. As a result, the parties have been unable to reach an agreement on the stay issue.

InterDigital respectfully submits that this Court should grant a discretionary stay of this action—but conditioned on the parties not initiating any new actions with similar claims for the duration of the stay. If the Court decides not to enter such a conditional stay, InterDigital requests that the Court deny Nokia's request for a stay of the present action where such a stay would allow Nokia to bring the same or similar actions in other jurisdictions. Nokia's requested stay would not accomplish Nokia's purported goal of avoiding litigation of similar issues in multiple forums, but would rather permit Nokia to pursue Lanham Act or similar claims against InterDigital in other forums—but without the benefit of the discovery and case management procedures the parties, the Court and the Special Master have worked so hard to develop over the course of this litigation.

## II.    SUMMARY OF ARGUMENT

Nokia's request for a stay is yet another attempt by Nokia to delay litigating in this forum the case that it instituted. Indeed, Nokia's motion represents the *second* time Nokia has sought a

stay of the proceedings under the mandatory stay provision set forth in 28 U.S.C. § 1659(a). During its first unsuccessful attempt at obtaining a stay, Nokia made the identical argument that it makes here: that this Lanham Act action involves the same issues as the ITC Action. The Court properly denied Nokia's previous request for a stay, holding that "Nokia's Lanham Act claims are distinct from the claims in the infringement actions, and therefore any potential overlap does not warrant the requested stay." *See* Exh. 1 (D.I. 220) (Memorandum Order, Sept. 26, 2007) at 4.

Nokia, however, has refused to take "no" for an answer. Making the same argument that this Court previously rejected—that there are overlapping issues between this action and the ITC Action—Nokia has again sought a stay. Specifically, this Court found that although "determining essentiality of the patents may implicate issues synonymous to issues raised [in the ITC Action]," a mere overlap or even substantial similarity in issues is not enough to warrant a stay under § 1659(a). *See id.* The issues must be the same. As this Court previously recognized, the Lanham Act claims are distinct from the infringement claims alleged in the ITC Action, and thus a mandatory stay under § 1659(a) is not warranted. *See id.*

Nokia also has requested a discretionary stay of this action under what appears to be an argument of alleged hardship resulting from litigating similar claims in separate forums. Nokia's request for a discretionary stay should similarly be denied, as Nokia's actions call into doubt Nokia's alleged hardship stemming from multiple litigations involving similar claims.



███████████████████████████████████████████ Nokia's request for a discretionary stay, therefore, should be denied on the terms it has requested.

Nonetheless, InterDigital proposes that the Court use its discretion to enter a *conditional* stay of this action and actions with similar claims, which stay would dissolve if either party institutes a new action involving similar claims in this or another forum. Doing so will ensure that the purpose behind any discretionary stay be respected by avoiding litigation of "common" issues in separate forums. It will also prevent Nokia from misusing the stay to re-start this litigation in another forum, where Nokia could potentially avoid any of the orders of this Court that it may now view as unfavorable.

## III.    FACTUAL BACKGROUND

On November 14, 2006, the Special Master issued the Second Discovery Order requiring Nokia to "identify on a patent-by-patent basis why InterDigital's ETSI declarations are false and made in bad faith." *See* D.I. 71 (Second Discovery Order) at 4-5. On December 14, 2006, Nokia submitted its contentions pursuant to the Second Discovery Order for 195 of InterDigital's declared patents. In February 2007, InterDigital asserted counterclaims against Nokia, including ones that are mirror images of Nokia's claims against InterDigital.[3] *See* D.I. 160. InterDigital thereafter submitted its contentions pursuant to the Second Discovery Order for 188 of Nokia's declared patents.

In March 2007, InterDigital declared to ETSI an additional group of twenty-six patents (the "March 2007 Declared Patents"). The Special Master ordered Nokia to provide its

---

[3] InterDigital submits that statements of belief made to a standards body such as ETSI cannot be actionable, as a matter of law. (InterDigital filed a motion to dismiss Nokia's Amended Complaint on the grounds that the alleged false statements are not actionable. *See* D.I. 161.) Accordingly, InterDigital's counterclaims concerning Nokia's statements to ETSI are expressly conditioned on the unlikely event that the Court finds InterDigital's corresponding statements to be actionable. *See* D.I. 160, ¶ 204.

contentions concerning these patents so that InterDigital could prepare its defenses. *See* D.I. 203.

On August 7, 2007, InterDigital filed two patent infringement actions against Nokia: (i) a complaint with the International Trade Commission under 19 U.S.C. § 1337, *In re Certain 3G Mobile Handsets and Components Thereof* (the "ITC Action"); and (ii) a parallel district court action, *InterDigital Communications, LLC v. Nokia Corp.*, C. A. 07-489 (D. Del.). These patent infringement actions involve the two Crossover Patents, InterDigital's U.S. Patents Nos. 7,117,004 ("the '004 patent") and 7,190,966 ("the '966 patent"), which are among the twenty-six patents InterDigital declared to ETSI in March 2007. InterDigital has since amended its complaint in both the district court action and the ITC Action to include U.S. Patent No. 6,973,579 ("the '579 patent"). *See* Exhs. 2, 3. Thus, Nokia is accused of infringing three patents in the ITC Action: the '004, '966, and '579 patents (collectively "the ITC Patents").

On August 10, 2007, Nokia submitted its contentions pursuant to the Second Discovery Order for all but the '004 and '966 patents.[4] *See* Exh. 4 (Nokia's Aug. 10 Submission). Nokia requested a stay of discovery as to the '004 and '966 patents arguing—just as it does here—that a stay was mandatory under 28 U.S.C. § 1659(a) because these patents were at issue in the ITC Action.

On August 20, 2007, the Special Master held a hearing on Nokia's stay request. *See* Exh. 5 (Aug. 20, 2007 Hearing Transcript). After hearing from both sides, the Special Master denied Nokia's request. *See id.* at 21:21-23:23. The Special Master recognized that, although the issues in this Lanham Act action may overlap to some degree with the issues in the patent infringement actions, the claims are different and any potential overlap did not warrant a stay. *See id.* at

---

[4] Nokia submitted its contentions with respect to the '579 patent pursuant to the Second Discovery Order on December 14, 2006.

5

21:23-22:14. Nokia, however, insisted on pressing the stay issue and, on August 24, 2007, filed objections to the Special Master's decision with this Court.

The Court affirmed the Special Master's decision, finding that "Nokia's Lanham Act claims are distinct from the claims in the infringement actions, and therefore any potential overlap does not warrant the requested stay." Exh. 1 (D.I. 220) (Memorandum Order, Sept. 26, 2007) at 4. Nokia did not seek reconsideration of this order, or otherwise attempt to appeal it. Nonetheless, undeterred by two rulings finding that it was not entitled to a far narrower stay, Nokia has once again sought a stay pursuant to 28 U.S.C. § 1659(a).[5] The two earlier decisions, in fact, appear to have emboldened Nokia. Recycling many of its losing arguments, Nokia now seeks not only a stay of *discovery* with respect to the Crossover Patents, but a stay of this *entire action*, including InterDigital's counterclaims relating to *Nokia's* patents.

While InterDigital recognizes that Nokia is not entitled to a mandatory stay, to conserve resources, InterDigital proposed that Nokia agree to a stipulation to stay this action on reasonable terms.



---

[5] On the same day, October 5, 2007, Nokia also filed a motion pursuant to 28 U.S.C. § 1659(a) to stay the district court action alleging infringement of the same patents that are at issue in the ITC Action, *InterDigital Communications, LLC v. Nokia Corp.*, C. A. No. 07-489-SLR (D. Del.).

## IV.     ARGUMENT

### A.     Nokia Is Not Entitled to a Mandatory Stay Under 28 U.S.C. § 1659(a)

Nokia is not entitled to a mandatory stay because the present action, in which the parties have made allegations of false or misleading statements under the Lanham Act, does not "involve[] the same issues involved in the proceedings before the [International Trade] Commission." *See* 28 U.S.C. § 1659(a). A mere overlap or even ***substantial similarity*** in issues is ***not*** enough to warrant a stay under 28 U.S.C. § 1659(a); rather, the issues must be the same. *See Micron Technology, Inc. v. Mosel Vitelic et al.*, No. CIV 98-0293-S-LMB, 1999 WL 458168 at *3 (D. Idaho Mar. 31, 1999) (finding that while the patent infringement claims of the seven related patents filed before the district court "raise issues that are substantially similar to the issues that will be raised in the patent infringement claims before the ITC, those issues are not the same issues as required by the statute and a mandatory stay cannot be granted"). Furthermore, because this Court has already recognized that the Lanham Act and state law claims asserted in this action are distinct from the claims in the ITC Action, Nokia's renewed request for a stay is precluded under the law of the case doctrine.

#### 1.     Nokia's Request for a Mandatory Stay Is Precluded by the Law of the Case Doctrine

This Court has already decided the issue presented by Nokia's motion—whether Nokia is entitled to a mandatory stay of this action under 28 U.S.C. § 1659(a). In August 2007, Nokia argued in its Objections to the Special Master's August 20, 2007 Decision ("Nokia's Objections") that it was entitled to a stay of discovery pursuant to § 1659(a) because of common issues of essentiality, validity and claim construction in both this action and in the ITC action. *See* D.I. 212 (Nokia's Objections) at 11-12. The Court rejected Nokia's argument and "agree[d] with the Special Master that Nokia's Lanham Act claims are distinct from the claims in the infringement actions [in the ITC], and therefore any potential overlap does not warrant the requested stay." *See* Exh. 1 (D.I. 220) (Memorandum Order, Sept. 26, 2007) at 4 (recognizing

that even patent infringement actions raising "'issues that are substantially similar'" to patent

infringement claims before the ITC "'are not the same issues as required by 28 U.S.C. §

1659(a).'") (quoting *Micron Tech., Inc. v. Mosel Vitelic*, No. Civ. 98-0293-S-LMB, 1999 WL

458168, at *5 (D. Idaho Mar. 31, 1999)).  Nokia did not move for reconsideration, seek an

interlocutory appeal, or otherwise attempt to set aside this binding opinion of the Court.

    Because the stay issue was previously briefed by the parties and decided by this Court,

the law of the case doctrine precludes Nokia from raising it a second time.  *See, e.g., Jersey*

*Dental Labs. v. Dentsply Int'l, Inc.*, C. A. No. 01-267-SLR, 2002 WL 2007916, at *1 (D. Del.

Aug. 27, 2002) (applying the law of the case doctrine to issues the court "'resolved earlier in the

. . . litigation'") (quoting *Public Interest Research Group of New Jersey, Inc. v. Magnesium*

*Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997).  Nokia has failed to provide any basis for this

Court to re-decide this settled issue, and there is none.

### 2.    Nokia's Lanham Act Claims Are Distinct from the Infringement Claims Asserted in the ITC Action

    Even if this Court were to revisit its prior decision denying a much *narrower* stay on

discovery with respect to the two Crossover Patents, Nokia's argument for *broadly* staying both

sides' Lanham Act claims relating to hundreds of InterDigital and Nokia patents should fail for

the same reasons.

    Nokia argues that this action—involving allegations of false or misleading statements

under the Lanham Act and a number of state law claims—should be stayed because it shares a

few "common" issues with the ITC patent infringement action.  Nokia's argument fails because

(i) this case does not involve the same issues as the ITC Action; and (ii) even if this Lanham Act

case involved *some* of the same issues as the ITC patent infringement action, that still would not

warrant a stay.

    InterDigital is aware of no cases staying a Lanham Act claim under 28 U.S.C. § 1659(a),

and Nokia has cited none.  *See* Exh. 5 (Aug. 20, 2007 Hearing Transcript) at 6:22-7:11.  But

even if § 1659(a) were applicable to Lanham Act claims, there is not a sufficient overlap to warrant a stay, as a mere overlap—or even a ***substantial similarity***—in issues is ***not*** enough to warrant a stay under § 1659(a); rather, the issues must be ***the same***. *See Micron Technology, Inc.,* 1999 WL 458168 at *3 (D. Idaho Mar. 31, 1999). The present action involves *Lanham Act* claims concerning the parties' alleged false or misleading public statements and submissions to ETSI. These claims relate in part to the "essentiality" of hundreds of InterDigital's (and Nokia's) patents, at most three of which are also involved in the ITC Action. It does not involve any of the *same* legal issues as the ITC patent infringement action.

One of the issues Nokia has raised in this case is whether the parties' declared patents read on any of the 3G wireless standards and whether such patents are "essential," as that term is defined by ETSI. However, Nokia's claims do not turn on whether or not particular patents are valid or enforceable, or whether or not any particular products infringe any particular patents. In this case, one of the issues is whether particular ***patents*** may or might be essential to the 3G standards. In the ITC Action, while InterDigital will likely rely to some extent on standards in showing how Nokia's products operate, its infringement analysis is based primarily on comparing Nokia's products to the claims of the ITC Patents. Unlike the ITC Action, no ***products*** are at issue in this suit. Thus, the question of whether particular Nokia products infringe those patents—which is a central issue in the infringement actions—will not be resolved in this case. For that reason, the CMO expressly denied discovery on the issues of validity, enforceability and infringement of products.[6] *See* D.I. 204, ¶ 9. Thus, even in the absence of any stay, there will not be ***any*** discovery regarding the validity, enforceability, or infringement of the ITC Patents in the present action.[7]

---

[6] The CMO permits either party to apply for relief from this limitation following claim construction. *See* D.I. 204, ¶ 9.

[7] In fact, there may never be ***any*** discovery permitted in this action regarding two of the three ITC Patents, the '004 or '966 patents. For such discovery to be permitted, two things must first

(continued...)

Moreover, contrary to Nokia's suggestion, there is no law or authority holding that stays under section 1659(a) can extend beyond infringement claims to Lanham Act claims. Nokia relies on *In re Princo Corp.,* 478 F.3d 1344 (Fed. Cir. 2007) in support of its argument that stays under § 1659(a) are "not limited to infringement actions or issues only" (*see* D.I. 228 at 12), despite the fact that *Princo Corp.* actually involved two actions with claims of patent *infringement* of the same patents. *See In re Princo Corp.,* 478 F.3d at 1348. While the district court in *Princo Corp.* only had the issue of patent infringement damages left to adjudicate, those damages were based on the alleged infringement of the same patent being asserted in the concurrent ITC action. Thus, both actions in the *Princo Corp.* decision necessarily involved the same issue of infringement of the same patents. Indeed, Nokia does not cite to any cases that demonstrate a court using § 1659(a) to stay an action not involving issues of patent infringement. InterDigital need not address the cases cited by Nokia or its position that such instances trigger a mandatory stay, as there are no infringement claims at issue here, and Nokia has failed to present any authority that § 1659(a) extends to either Lanham Act claims or similar state law claims.

        **a.**       **Nokia Incorrectly Argues that InterDigital Necessarily Must Prove Essentiality of its Patents in Order to Establish Domestic Industry in the ITC Action**

To further its position that InterDigital must litigate identical issues in both this action and the ITC Action, Nokia creates a straw-man argument by claiming that InterDigital must necessarily prove essentiality of its patents in the ITC Action in order to satisfy the domestic industry requirement under 19 U.S.C. § 1337(a)(3). Nokia is wrong.

At the outset, Nokia's motion makes a number of fundamentally flawed statements about ITC law in general and, more specifically, InterDigital's allegations in the ITC. For example:

---

occur: (a) the Special Master must determine that the parties should select additional Representative Patents from among InterDigital's March 2007 Declared Patents pursuant to the CMO, and (b) one of the parties must select these patents as Representative Patents. *See* D.I. 204, ¶ 5.

- Nokia states that "a complainant in the ITC must plead and prove the existence of 'an industry in the United States' that would be 'destroy[ed] or substantially injure[d]' by the importation of an infringing product," citing 19 U.S.C. § 1337(a)(1)(A)(i). D.I. 228 at 9. That is incorrect. The section Nokia cites does not apply to unfair import claims based on patent infringement, which is the basis for InterDigital's ITC complaint. Patent infringement claims in the ITC are covered by a different section of the statute—19 U.S.C. § 1337(a)(1)(B)(i)—and for such claims a complainant need not demonstrate injury to the domestic industry. Because Nokia is wrong about the requirement of showing injury to the domestic industry, most of its subsequent comments about what InterDigital must show in order to satisfy the domestic industry requirement are also wrong, particularly its comments about the need to show that some products practice a claim of the asserted patents.

- Nokia states that "InterDigital claims the benefit of a domestic industry based on its activities in standard setting and the alleged practice of its inventions by its *licensees*." D.I. 228 at 10 (emphasis in original). Again, Nokia is wrong, because it apparently does not understand the difference between a domestic industry based on activities of the complainants' licensees and a domestic industry based on the complainants' own activities in seeking and obtaining licenses under its patents. InterDigital is not basing its domestic industry case on production related activities of its many licensees, which would presumably require InterDigital to prove that the licensees' products were covered by the patents at issue. Instead, InterDigital is relying on its own activities in obtaining licenses under the patents at issue.

11

- Nokia states that "the two ways InterDigital could try to meet its burden of proving that a domestic industry practices these inventions are: to prove (a) specific practice of the patents through technical information provided by a licensee somehow willing to help InterDigital; or (b) that the patents are essential to UMTS." D.I. 228 at 10. Again, Nokia is wrong. InterDigital need not show that its licensees are practicing the technology in the patents at issue. Rather, to show that it has a licensing industry, InterDigital need only focus on its efforts to license its patent portfolio, which includes the patents at issue in the ITC Action.

Those incorrect statements form the basis of Nokia's argument that the issues in the ITC Action and this action are similar, and once they are corrected it becomes clear that there is little substantive overlap between InterDigital's ITC allegations and the issues in this case.

In its Amended ITC complaint, InterDigital states that a domestic industry exists under 19 U.S.C. § 1337(a)(3)(C). *See* Exh. 3 (Amended ITC Complaint) at 18-19. Under § 1337(a)(3)(C), domestic industry of a patent is established when a party shows that there is substantial investment in the patented technology's exploitation, including engineering, research and development *or* licensing of the technology. *See* 19 U.S.C. § 1337(a)(3). As to investments in research and development and engineering, InterDigital explains that it has made substantial investments in personnel, facilities, and equipment in the United States used for the research and development and engineering of technology covered by InterDigital's asserted patents. *See* Exh. 3 at 18-19 (Amended ITC Complaint). As for investments in licensing, InterDigital explains that it has made substantial investment in personnel and resources associated with licensing the asserted patents. *See id.* at 19-20. There is no mention of establishing domestic industry by proving that the asserted patents are "essential" to the UMTS standard, and proving that InterDigital has a licensing industry does not require proof that the asserted patents are practiced

by any and all of InterDigital's licensees because the patents are "essential," which appears to be what Nokia incorrectly assumes InterDigital is arguing.

The absence of a single reference to essentiality in the domestic industry section is not surprising, since InterDigital can establish domestic industry under § 1337(a)(3)(C) without having to prove that its patents are essential to a particular standard. Bold (and baseless) predictions as to the future strategies to be employed by InterDigital cannot serve as evidence worthy of granting a mandatory stay under 28 U.S.C. § 1659(a).

### b.    No Other Common Issues Exist

Nokia also attempts to justify its request for a stay by further arguing that the same issues of claim construction and validity are supposedly present both in this action as well as in the patent infringement actions. *See* D.I. 228 at 15. Again, Nokia is wrong.

On the issue of validity, Nokia's Amended Complaint does not even fairly raise that issue—as witnessed by the fact that Nokia has been unable to point to any actionable statement by InterDigital regarding the validity of the patents it disclosed to ETSI. But even if validity were at issue, under the Case Management Order discovery relating to the validity of all the patents—including the ITC Patents—is currently prohibited.

With regard to claim construction, there is no guarantee that the claims of the '004 and '966 patents will be construed in this action ███████████████████████████████████ ██████ *See* discussion *supra* note 7. However, even if a similar issue of claim construction might exist in the ITC patent infringement action and this Lanham Act action, these similarities do not involve the "same" issues, as per the *Micron Tech* decision, and therefore cannot justify a mandatory stay. Indeed, InterDigital is aware of no cases where a Court has stayed an action pursuant to § 1659(a) solely due to overlapping issues of claim construction, absent overlapping claims of patent infringement. Furthermore, any overlap with respect to claim construction

---

████████████████████████████████████████████████

13

would, at most, involve only three of the dozens of patents selected as representative patents from among the hundreds of patents at issue in this action. Thus, a mandatory stay should be denied.[9]

**B.      Nokia Is Not Entitled to a Discretionary Stay Because Nokia Relies on a Feigned Claim of Prejudice**

**1.      If Harm Is a Possibility, a Discretionary Stay May only Be Granted When the Moving Party Establishes a Case of Hardship and Inequity**

District courts have the power to stay proceedings pending the resolution of other suits. *See, e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). Before exercising that power the court should require that the moving party "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255; *accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Dohse v. Potter*, No. 8:04-cv-355, 2006 WL 1314327 (D. Neb. 2006); *Baisden v. Bourne*, Slip Copy, No. 8:06-cv-517, 2006 WL 3497854, at *2 (D. Neb. 2006).

**a.      InterDigital Will Suffer Harm from the Stay on the Terms Proposed by Nokia**

A stay on the terms requested by Nokia pending resolution of the ITC Action would harm InterDigital in various ways. Federal Courts have found a plaintiff's request for a discretionary stay to be harmful for defendants where they would suffer from the uncertainty caused by a stay of an indeterminate length of time. *See Baisden v. Bourne*, No.8:06CV517, 2006 WL 3497854, at *3 (D. Neb. Dec. 5, 2006) (denying plaintiff's request for a stay because of the fair possibility of harm to the defendants existed if the stay were to be granted, as the Defendants would not be able to have the serious claims heard against them for an unknown period of time). Here, a stay pending resolution of the ITC Action could similarly harm InterDigital by allowing Nokia's

---

[9] If claim construction on the ITC Patents were to become an issue, a far more limited stay— as originally requested by Nokia (and properly rejected by the Court)—would be the broadest relief that would be appropriate under the circumstances, not a stay of the *entire* action (including InterDigital's counterclaims relating to Nokia's patents).

baseless claims to indefinitely hang over InterDigital and its patents, potentially harming InterDigital's licensing business. Such potential harm to InterDigital's business is sufficient grounds to deny a request for a discretionary stay. *See Cheng v. Sighting System Instruments, LLC*, No. 1:06-cv-2326-WSD, 2007 WL 1341119, at *2 (N.D. Georgia May 3, 2007) (denying plaintiff's request for a stay because the undue prejudice the defendant faced from the uncertainty of the stay could impose harm to defendants' ability to price and sell his goods that were the subject of the litigation).

InterDigital could also be harmed by a stay on the terms Nokia proposes because InterDigital's counterclaims would be stayed for an extended period of time, and InterDigital would be unable to obtain any injunctive relief against Nokia's false and misleading statements. For example, Nokia continues to make false and misleading statements regarding the Goodman & Myers study and article, as alleged in InterDigital's counterclaims. *See* D.I. 160, ¶¶ 251, 263 (InterDigital's Original Answer to Nokia's First Amended Complaint and Original Counterclaims). These statements have damaged and will continue to damage InterDigital, *see id.*, ¶¶ 254, 267, and a stay of these proceedings could lead to further harm. While Nokia has attempted to justify its proposed stay of InterDigital's counterclaims on the ground that they are conditioned on the Court accepting some of Nokia's theories, it has not even attempted to justify staying those InterDigital counterclaims that are not mirror images of Nokia's claims. A stay on such claims would similarly harm InterDigital.

### 2. Nokia's Request for a Discretionary Stay Appears to Based upon a Disingenuous Claim of Hardship and Inequity

Nokia's request for a discretionary stay hinges upon the fact that the Court should protect Nokia from the hardship and inequity of having to litigate similar issues in multiple forums. *See Landis v. North American, Co.,* at 255.



**C.    Should the Court Grant a Discretionary Stay, It Should Be Granted with Conditions to Ensure that the Purpose of the Discretionary Stay Is Met**

Should this Court grant a discretionary stay of this action, such a stay should include conditions that will give effect to the purposes behind discretionary stays—to avoid the undue burden of multiple litigations of similar issues.  Nokia's proposal for a narrow stay covering only *identical claims* is both inefficient and unfair.  For instance, under Nokia's proposal, nothing would prevent Nokia from instituting a new action with *identical allegations* (*e.g.* that InterDigital made false or misleading statements regarding the essentiality of its patents to 3G standards bodies), but based on similar (but not precisely identical) claims for relief.  Indeed, Nokia might have this exact scenario in mind.  Nokia may hope to stay this action so that it can then reassert its allegations against InterDigital in a new forum, free of any adverse decisions, the

limitations imposed by the CMO, or the binding nature of its selections made pursuant to the CMO. Nokia should not be given the opportunity to play such games.

The discretionary stay, therefore, would need to protect against both Nokia's alleged undue hardship and inequity of having to litigate similar claims in multiple forums, and the unfairness that would result if Nokia were allowed to effectively restart this litigation in another forum. *See Landis*, 299 U.S. at 255. To accomplish this, InterDigital respectfully submits that any stay should apply both to the present Lanham Act action[10] as well as to any future actions involving the same or similar claims. Consistent with the purposes of a discretionary stay, the stay should further provide that, in the event either party institutes in any forum a new action involving similar claims, the other party should have the option to (a) seek to stay the new action pursuant to this Court's Order, and/or (b) seek the automatic dissolution of the stay in this action.[11]

---

[10] Nokia seeks to stay InterDigital's counterclaims, contending that they are all conditioned on Nokia prevailing on some aspect of its claims. *See* D.I. 228 at 4. Not so. Portions of InterDigital's counterclaims are not conditioned on any theory of Nokia being accepted (*see, e.g.*, D.I. 160, ¶¶ 247-249 ). Nonetheless, in the interests of judicial economy, InterDigital will agree to stay all of its counterclaims in the event a stay of Nokia's claims is granted with the conditions discussed above.

[11] InterDigital respectfully submits that the stay should also be conditioned on staying the related arbitration in the International Chamber of Commerce, International Court of Arbitration (Arbitration No.: 14 685/EBS) regarding Nokia's attempted use of two alleged confidential licensing presentations (the "ICC Arbitration"). Nokia previously agreed to such a condition during the parties' negotiations, and presumably agrees that it is inefficient to proceed with the arbitration in the event that the Delaware proceeding is stayed.

## V.    CONCLUSION

For the foregoing reasons, Nokia's motion for a mandatory stay pursuant to 28 U.S.C. § 1659(a) should be denied.  Nokia's request for a discretionary stay on the terms proposed by Nokia also should be denied.  However, should the Court find a discretionary stay to be appropriate, InterDigital respectfully requests that the stay provide the following:

- The stay of this action would last for the entire duration of the ITC Action, including any appeals;

- The stay would apply both to the claims brought in this action as well as to the same claims or "Similar Claims" brought in any forum;

  - For purposes of the requested stay order, "Similar Claims" would include:

    - Claims involving the same causes of action (e.g., Lanham Act claims) based on similar factual allegations (e.g., alleged false statements of the same nature as those currently at issue in this action); and

    - Claims based on the same factual allegations, but brought under different legal theories (e.g., state unfair competition laws other than those included in the parties' claims and counterclaims).

- In the event that a party brings a new claim in violation of the stay order, the other party would be permitted to (a) move to stay the new action on the grounds that it is barred by this Order, and/or (b) seek the automatic dissolution of the stay; and

- The stay would also apply to the pending related ICC arbitration between the parties.

A form of InterDigital's proposed stay order is submitted herewith.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Mark D. Flanagan
Nathan L. Walker
WILMER CUTLER PICKERING
  HALE & DORR, LLP
1117 California Avenue
Palo Alto, California 94304
Tel:  (650) 858-6000

Ron E. Shulman
Michael B. Levin
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel:  (650) 493-9300

Patrick J. Coyne
Houtan K. Esfahani
Rajeev Gupta
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel:  (202) 408-4000

Dated:  October 30, 2007
Public Version Dated:  November 8, 2007
830748/28840

By:  */s/ David E. Moore*_____
       Richard L. Horwitz  (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, Delaware 19801
       Tel:  (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

OF COUNSEL:

Christopher D. Isaac
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drieb
Reston, Virginia 20190
Tel:  (571) 203-2700

Roger D. Taylor
R. Bruce Bower
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3263
Tel:  (404) 653-6400

*Attorneys for Defendants Interdigital
Communications Corporation and Interdigital
Technology Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 8, 2007, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on November 8, 2007, I have Electronically Mailed the document to

the following person(s):

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
jheaney@mnat.com


A. William Urquhart
Marshall M. Searcy
Quinn Emanuel Urquhart
      Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
billurquhart@quinnemanuel.com
marshallsearcy@quinnemanuel.com

Peter Kontio
Patrick J. Flinn
Gardner S. Culpepper
Keith E. Broyles
Randall L. Allen
Lance Lawson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
pkontio@alston.com
pflinn@alston.com
gculpepper@alston.com
keith.broyles@alston.com
rallen@alston.com
llawson@alston.com


By:  _/s/ David E. Moore_____
       Richard L. Horwitz
       David E. Moore
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, Delaware 19899-0951
       (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

713935 / 28840