IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : C.A. No. 05-16-JJF |
| INTERDIGITAL COMMUNICATIONS | : |
| CORPORATION and INTERDIGITAL | : **REDACTED** |
| TECHNOLOGY CORPORATION, | : **PUBLIC VERSION** |
| | : |
| Defendants. | : |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR
MANDATORY STAY PURSUANT TO 28 U.S.C. § 1659(a)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
   Attorneys for Plaintiffs

OF COUNSEL:

Patrick Flinn
Randall Allen
Lance Lawson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000

Original Filing Date:  November 5, 2007
Redacted Filing Date: November 13, 2007

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................... 2

    I.    InterDigital's Proposed Order Is Overbroad and Inappropriate. ..........................2

    II.   The Statute Mandates a Stay of Claims that Have Issues In Common With An ITC Proceeding. ..............................................................................................4

    III.  Nokia's Motion Has Not Been Decided In Prior Proceedings. ...........................6

CONCLUSION ................................................................................................................. 7

## TABLE OF AUTHORITIES

**CASES**

*Crosley Corp. v. Hazeltine Corp.*,
   122 F.2d 925 (3d Cir. 1941) ....................................................................................... 2

*Jersey Dental Laboratories v. Dentsply Intern., Inc.*,
   C.A. No. 01-267-SLR, 2002 WL 2007916 (D. Del Aug. 27, 2002) ............................... 7

*Johns-Manville Corp. v. U.S.*,
   855 F.2d 1556 (Fed. Cir. 1988) ................................................................................... 3

*Triangle Cable Conduit & Cable Corp. v. Nat'l Elec. Products Corp.*,
   125 F.2d 1008 (3d Cir. 1942) ....................................................................................... 2

*West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985) ....................................................................................... 2

**STATUTES**

28 U.S.C. § 1659(a) ................................................................................................ *passim*

8 U.S.C.A. § 1500 .............................................................................................................. 3

1.

## INTRODUCTION

The parties agree that this action should be stayed. InterDigital concedes in its response (D.I. 236) that a stay is desirable "given that the parties may be in a better position to resolve their disputes following the resolution of the ITC action." *Id*. at 2. The parties are asking the Court to resolve only the terms of the stay.

After InterDigital filed new claims in the ITC, Nokia proposed a simple and straightforward stay of this case.   REDACTED

Having filed an ITC action and amended their ITC complaint twice, once even after the filing of the Motion to Stay in this case, InterDigital now wants to use the stay of this case to restrict Nokia's ability to respond to this or any other litigation InterDigital might bring. The Stay Order should not be used to create an unfair advantage and should be limited to the claims currently before the court in this action and no more.

A stay of this action will stay all pending claims. Any future litigation between the parties will be subject to scrutiny under the first-to-file doctrine. Entering an order beyond that scope, as apparently proposed by InterDigital, is unnecessary and inappropriate. As requested by Nokia in its attached proposed order, the Court should, consistent with 28 U.S.C. § 1659(a), stay proceedings on all claims pending in this action.

2.

## ARGUMENT

**I.      InterDigital's Proposed Order Is Overbroad and Inappropriate.**

REDACTED

Nokia's concern is that InterDigital's proposed order could serve as the basis for an argument, even if unfounded, for a requested injunction by InterDigital against potential future claims that have never been asserted in this case,                    REDACTED

Nokia has no intention of re-filing the same Lanham Act claims in a new action that it would initiate, and such a step would make little sense.  In any event, the operation of law and the first-to-file doctrine will control whether and how the requested stay would affect any future claims asserted by either of the parties.  *See Triangle Cable Conduit & Cable Corp. v. Nat'l Elec. Products Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942) (citing *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir. 1941)) (reversing denial of preliminary injunction and finding that the first-seized court should enter an injunction, after a second suit was filed on the same infringement claim, against the later-filed action because court which first obtains jurisdiction should enjoin the same cases "begun thereafter" in another district court).  In fact, it has been held to be reversible error for a second-filed court to fail to adhere to the rule and to defer to the first court.  *See West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-731 (5th Cir. 1985).  The first-to-file doctrine applies even where the first-filed case is stayed.

3.

*See Johns-Manville Corp. v. U.S.*, 855 F.2d 1556, 1567 (Fed. Cir. 1988) (holding that the plain meaning of "pending" includes cases which have been filed but stayed in case interpreting 8 U.S.C. § 1500's bar of jurisdiction in the Court of Federal Claims for pending cases).

Thus, existing law should control any future claims that can be brought between the parties.                               REDACTED

                               InterDigital's proposed language is simply too broad and too vague, and appears to be designed to hamstring Nokia's ability to defend itself in future litigation that may be brought by InterDigital.

REDACTED

                               InterDigital's Proposed Order is contrary to the terms of 28 U.S.C. § 1659(a), which requires the district court "shall stay … proceedings" for all claims in this action, not that the Court shall stay unknown claims in unknown future actions.  InterDigital's claims of prejudice from Nokia's requested stay are also meritless.          REDACTED

4.

REDACTED

InterDigital's Proposed Order is particularly inappropriate given that InterDigital faces no prejudice from the mandatory stay of 28 U.S.C. § 1659(a). InterDigital filed its ITC complaint knowing that the claims in this action would be subject to the mandatory stay of § 1659(a). Further, InterDigital will suffer no prejudice from a stay of its counterclaims in this action as they are expressly conditioned on Nokia's pending claims. *See* InterDigital's Original Answer to Nokia's First Amended Complaint and Original Counterclaims (D.I. 160) at ¶ 204; REDACTED

## II. The Statute Mandates a Stay of Claims that Have Issues In Common With An ITC Proceeding.

28 U.S.C. § 1659(a) provides that a party such as Nokia which is a respondent in an ITC action may request and "the district court *shall* stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to *any claim* that involves *the same issues* involved in the proceeding" before the ITC. (Emphasis added). In its response, InterDigital ignores the distinction between *claims* and *issues*. Only issues must overlap. For example, InterDigital's heading in its Answering Brief "Nokia's Lanham Act Claims Are Distinct from the Infringement Claims Asserted in the ITC Action," disregards the statute's direction that overlapping issues, not claims, are the key. Similarly, the Court's statement that "Nokia's Lanham Act claims are distinct from the claims in the infringement actions," (D.I. 220) (Memorandum Order, Sept. 26, 2007), cited by InterDigital, is not dispositive of the motion for stay under § 1659(a), because it is the issues, and not claims, that must overlap. As described in Nokia's Opening Brief

5.

(D.I. 228), all claims in this action include at least one overlapping issue with the ITC action. Accordingly all claims should be stayed.

The overlapping issues are even clearer now than when Nokia's Opening Brief was filed, because of Nokia's answer and affirmative defenses in the ITC investigation (attached hereto as Exhibit B). Many of Nokia's ITC affirmative defenses raise precisely the same issues already raised in this action. Specifically, Nokia's Eighth and Tenth Affirmative Defenses (Exhibit B at 17-18) raise as issues that InterDigital did not declare its allegedly-essential patents to ETSI in accordance with ETSI's procedures, failed to provide the information requested by ETSI for the benefit of its members, failed to verify the accuracy and completeness of the information it provided to ETSI, and failed to comply with its obligations including its failure to propose FRAND terms for its claimed patents. Some of these are precisely the same kinds of issues raised in Nokia's Amended Complaint in this action. *See* D.I. 122 at ¶¶ 28-41.[1]

InterDigital takes issue with Nokia's description of the ITC's domestic industry requirement. But InterDigital's ITC Complaint clearly attempts to satisfy the domestic industry requirement with repetitive affirmative assertions of standards, essentiality and licenses. *See* InterDigital's Amended ITC Complaint (Exhibit I to D.I. 228) at ¶¶ 51-52, 62-63, 75 and 80-81. InterDigital has also sought discovery in the ITC specifically focused on the issue of the essentiality of the patents at issue – issues also present in this action. *See* InterDigital's September 11, 2007 First Set of Requests for Admission to Respondents (Exhibit J to D.I. 228), Request Nos. 32-39. InterDigital even noted in its

---

[1] Nokia's Eleventh and Twelfth Affirmative Defenses (Exhibit B at 18) also raise breach of contract and estoppel defenses which relate to ETSI's definition of

6.

Answering Brief that it "is relying on its own activities in obtaining licenses under the patents at issue," to satisfy the domestic industry requirement. D.I. 236 at 11. The core of Nokia's claims in this action focus on InterDigital activities in connection with negotiating licensing terms to patents.

Section 1659(a) requires a stay for all claims containing issues overlapping with the relevant ITC action. Here, the parties' claims contain numerous overlapping issues with the ITC investigation. Accordingly, this Court should stay all proceedings on the claims in this action.

### III. Nokia's Motion Has Not Been Decided In Prior Proceedings.

InterDigital's assertion that Nokia's Motion is barred by the law of the case doctrine (D.I. 236 at 7) has no support. Nokia previously requested that the Special Master exempt from his Second Discovery Order two InterDigital patents also at issue in the ITC investigation. *See* August 10, 2007 Letter from Jack Blumenfeld to Special Master (attached as Exhibit C). Nokia's request was to be "relieved temporarily of the obligation to respond long enough for [the Special Master], and perhaps Judge Farnan, to consider the consequences of these new filings." Exhibit C at 2. When the Special Master declined Nokia's request, Nokia filed objections to the Special Master's order "in which he refused to temporarily stay discovery proceedings regarding two InterDigital patents (out of the hundreds of patents subject to discovery in this dispute)." Nokia's August 24, 2007 Objection to the August 20, 2007 Decision of the Special Master (D.I. 212) at 2. InterDigital acknowledges, as it must, that Nokia was merely "request[ing] a stay of its obligation to provide contentions with respect to" the overlapping patents in

---

essentiality, an issue also implicated in the present action. *See* Opening Brief (D.I. 228) at 14-15.

7.

the present case and the ITC action. D.I. 236 at 1. The issue was whether the Special Master's Second Discovery Order should temporarily be suspended as related to the then two overlapping patents between this action, the ITC case, and the third lawsuit InterDigital filed in this Court.

This Motion is both factually and legally distinct from the prior request for a temporary stay of a discovery order related to two patents. This Motion seeks a mandatory stay of the entire action pursuant to 28 U.S.C. § 1659(a). Moreover, the facts which have developed since Nokia's earlier request, including Nokia's filing of its Affirmative Defenses in the ITC investigation, demonstrate that the factual bases for the two requests also are different. Accordingly, the facts, the relief sought, and the legal basis for the two requests all differ and this matter was not "resolved earlier in the … litigation." *Jersey Dental Laboratories v. Dentsply Intern., Inc.*, C.A. No. 01-267-SLR, 2002 WL 2007916, at *1 (D. Del Aug. 27, 2002) (finding allegations of direct purchases in an antitrust action were fully considered earlier in the case and that no new theories or factual allegations were presented to the Court to justify reconsideration).

## CONCLUSION

For all of the reasons set forth in Nokia's Opening Brief and herein, this Court should stay all claims in this action. Moreover, the Court should enter the Proposed Order submitted by Nokia.

8.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Julia Heaney (#3052)*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
   Attorneys for Plaintiffs

OF COUNSEL:

Patrick Flinn
Randall Allen
Lance Lawson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000


November 5, 2007

1306732

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on November 13, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> Potter Anderson & Corroon LLP

I also certify that copies were caused to be served on November 13, 2007 upon the following in the manner indicated:

## BY E-MAIL

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

Ron E. Shulman
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

Mark D. Flanagan
Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

Christopher P. Isaac
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

*/s/ Julia Heaney (#3052)*

Julia Heaney (#3052)
jheaney@mnat.com