# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC., § § § § Plaintiffs, § § v. § § INTERDIGITAL COMMUNICATIONS § CORPORATION and INTERDIGITAL § TECHNOLOGY CORPORATION, § § Defendants. § | CIVIL ACTION NO. 05-16-JJF<br><br>HONORABLE JOSEPH J. FARNAN, JR. |



SEALED (crossed out)

## ORDER

This Court, having considered Plaintiffs Nokia Corporation and Nokia Inc.'s Motion for Mandatory Stay Pursuant to 28 U.S.C. § 1659(a), any responses and replies thereto, any exhibits and appendices filed in connection with said pleadings, and any arguments of counsel, orders that Plaintiffs' motion for a stay of the above-captioned action is hereby GRANTED, subject to the following provisions:

1. This action is stayed in its entirety pending a full and final resolution of the International Trade Commission investigation, captioned *In re Certain 3G Mobile Handsets and Components Thereof*, Inv. No. 337-TA-613 (the "ITC Action"), including any initial and final determinations of the Administrative Law Judge, the International Trade Commission, and any appeals therefrom (the "Stay Period").

2. During the Stay Period, subject to paragraph 4, the Parties to this action and their Affiliates shall not initiate in any forum (including by requesting that an administrative or regulatory body (e.g. the International Trade Commission)

initiate an investigation or action) any new claims or counterclaims against a Party to this action and/or any of its Affiliates that are the "Same Claims."

    a. For purposes of this Order, "Same Claims" means any claims or counterclaims involving the same causes of action (i.e., the claims set forth in Appendix I attached hereto) as are alleged in the present suit that are based on at least similar, but not necessarily identical, factual allegations (e.g., alleged false or misleading statements of the same nature as those currently at issue in this action).

    b. During the Stay Period, should any Party to this action and/or any of its Affiliates initiate in any forum (including by requesting that an administrative or regulatory body (e.g. the International Trade Commission) initiate an investigation or action) any new claims or counterclaims against any Party to this action and/or any of its Affiliates that are the Same Claims, the other Party and/or its Affiliates may at their sole discretion (i) seek to stay the new claims pursuant to the terms of this Order, (ii) seek to have this Court prevent the Party and/or its Affiliates from pursuing the new claims, and/or (iii) seek the dissolution of the stay in this Court pursuant to the terms of this Order.

3. During the Stay Period, should either Party to this action and/or any of its Affiliates and/or Nokia Siemens Networks initiate or cause to be initiated in any forum (including by requesting that an administrative or regulatory body (e.g. the International Trade Commission) initiate an investigation or action) any new claims, counterclaims, or defenses that are "Similar Claims," the other Party may seek the dissolution of the stay in this Court pursuant to the terms of this Order.

2

    a. For purposes of this Order, "Similar Claims" means any claims that are the Same Claims as defined in Section 2.a above, and any claims, counterclaims or defenses based on the same factual allegations as are alleged in the present suit (e.g., alleged false or misleading statements of the same nature as those currently at issue in this action), but that are brought or initiated under causes of action or legal theories not encompassed in the present suit (including, but not limited to, the laws of states not asserted in this case).

4. Notwithstanding anything to the contrary in this Order, any defense or counterclaim asserted in the ITC Action shall be deemed not to be a Same Claim or Similar Claim, and shall not be grounds for allowing the other Party to seek any relief under this Order. To the extent a claim or defense originally brought in the ITC Action is remanded, or otherwise transferred to a district court, however, such claims, if actually pursued in the district court, may provide grounds for the other party to seek relief pursuant to the terms of this Order.

5. For purposes of this Order and application of any of its provisions, (a) "Party" shall include the named parties to this action; (b) "Affiliate" shall be defined as any entity which, directly or indirectly, controls, is controlled by, or is under common control with, any "Party" to this action; and (c) notwithstanding the definitions above, Nokia Siemens Networks shall not be deemed an Affiliate of any of the Nokia Parties for purposes of this Order.

6. During the Stay Period, the Parties also agree to stay the prosecution of their dispute in the International Chamber of Commerce, International Court of Arbitration, Arbitration No.: 14 685/EBS (the "Arbitration"). However, if Nokia or any of its Affiliates attempts to use any of the Licensing Presentations

that are the subject of the Arbitration in any new action during the Stay Period, InterDigital may restart the Arbitration.

7. Following the expiration or termination of the Stay Period, the Parties shall confer with the Special Master and the Court for purposes of entry of a revised Scheduling Order and Case Management Order setting forth new dates for all deadlines remaining at the time the stay was entered. With the exception of the dates, the following shall be given the same effect that they had prior to the entry of the stay: (a) all Orders by the Court or the Special Master issued prior to the stay, including any discovery or case management orders (e.g., the First Amended Case Management Order and the order appointing Special Master Seitz); and (b) the Parties' statements and selections made pursuant to any discovery or case management order, including the selections of Representative Patents and Selected License Targets pursuant to the First Amended Case Management Order.

SIGNED ON ___December 5___, 2007.

_____
United States District Judge

# Appendix I

Nokia's Claims

COUNT I.
Violation of § 43(a) of the Lanham Act
COUNT II.
Violation of § 43(a) of the Lanham Act
COUNT III.
Violation of Delaware Deceptive Trade Practices Act
COUNT IV.
Common Law Unfair Competition
(Delaware)
COUNT V.
Common Law Unfair Competition
(Pennsylvania)
COUNT VI.
Intentional Interference with Prospective Business Opportunities
(Delaware)
COUNT VII.
Intentional Interference with Prospective Business Relations
(Pennsylvania)
COUNT VIII.
Intentional Interference with Prospective Business Relations
(Texas)
COUNT IX.
Injurious Falsehood
(Delaware)
COUNT X.
Commercial Disparagement
(Pennsylvania)
COUNT XI.
Business Disparagement
(Texas)
COUNT XII.
Unjust Enrichment
(Delaware)
COUNT XIII.
Unjust Enrichment
(Pennsylvania)
COUNT XIV.
Unjust Enrichment
(Texas)

InterDigital's Counterclaims

COUNT I
VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT
COUNT II
VIOLATION OF SECTION 43(A)(1)(B) OF THE LANHAM ACT

1

COUNT III
VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT
COUNT IV
VIOLATION OF DELAWARE DECEPTIVE TRADE PRACTICES ACT
(DELAWARE)
COUNT V
COMMON LAW UNFAIR COMPETITION
(DELAWARE)
COUNT VI
INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS OPPORTUNITIES
(DELAWARE)
COUNT VII
INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS
(PENNSYLVANIA)
COUNT VIII
INJURIOUS FALSEHOOD
(DELAWARE)
COUNT IX
COMMERCIAL DISPARAGEMENT
(PENNSYLVANIA)
COUNT X
UNJUST ENRICHMENT
(DELAWARE)
COUNT XI
UNJUST ENRICHMENT
(PENNSYLVANIA)